

Paid Amt $ 405.00 Date NOV 20 2024
Receipt # 3-0730 Initials DS

__Filed __Received __Entered __Served On
Counsel/Parties of Record
NOV 20 2024
Clerk US District Court
District of Nevada
By:_______________ Deputy

Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com
Pro Se

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**NORTHERN DIVISION**

| | |
|---|---|
| DREW RIBAR, PLAINTIFF,<br>Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE #1; JENNIFER COLE; DEPUTY C. ROTHKIN (BADGE #4696); DEPUTY R. SAPIDA (BADGE #4663); SGT. GEORGE GOMEZ (BADGE #4066); AND JOHN/JANE DOES 1-10,,<br><br>Defendant | Case No.: 3:24-cv-00526<br><br>**COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983, NEVADA CONSTITUTION, NRS 379.040, AND RELATED CLAIMS)** |

**INTRODUCTION**

1. Plaintiff, an independent journalist, brings this action under 42 U.S.C. § 1983 and Nevada state law to redress violations of his constitutional rights, including the First, Fourth, and Fourteenth Amendments to the United States Constitution and the Nevada Constitution.

2. Defendants unlawfully restricted Plaintiff's access to public library spaces, retaliated against him for engaging in protected First Amendment activities, imposed

unconstitutional restrictions, improperly demanded his identification without reasonable suspicion, and failed to provide procedural safeguards, resulting in harm.

3. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs under 42 U.S.C. § 1988.

---

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a)(3). Supplemental jurisdiction over state-law claims is proper under 28 U.S.C. § 1367.

5. Venue is proper in the Northern Division of the District of Nevada under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Washoe County, Nevada.

---

## PARTIES

### Plaintiff

6. **Drew Ribar:** A resident of Washoe County, Nevada, and an independent journalist.

### Defendants

7. Defendants include Washoe County, the Washoe County Library System, and individuals as detailed below:

- **Washoe County:** Responsible for the actions of its employees, including the Washoe County Library System staff and deputies of the Washoe County Sheriff's Office.
- **Washoe County Library System:** Operates public libraries and is responsible for policies impacting public access and free speech rights.
- **Build Our Center, Inc.:** A Nevada nonprofit organization that collaborated with the Library System to organize events and acted in joint participation with state actors under **Lugar v. Edmondson Oil Co.**, 457 U.S. 922 (1982).
- **Jeff Scott (Library Director):**
  - Directed and approved unconstitutional practices, including blocking Plaintiff on the Library's Facebook page under **Davison v. Randall**, 912 F.3d 666 (4th Cir. 2019), denying Plaintiff access to library spaces in violation of **Kreimer v. Bureau of Police**, 958 F.2d 1242 (3d Cir. 1992), and physically assaulting Plaintiff.
- **Stacy McKenzie (Assistant Library Director):**
  - Assisted in enforcing policies excluding Plaintiff from public library spaces.
  - Denied Plaintiff's appeal of a one-year restriction imposed after the June 15, 2024, North Valleys Library incident.
- **Jonnica Bowen (Library Manager):**
  - Supported the one-year restriction against Plaintiff, misrepresenting his conduct in violation of his due process rights under **Armstrong v. D.C. Public Library**, 154 F. Supp. 2d 67 (D.D.C. 2001).

- **Library Employee Doe #1:**
  - Repeatedly slammed a door against Plaintiff's foot on June 15, 2024, causing harm in violation of **NRS 200.481**, and made a false report to law enforcement that Plaintiff had injured her, jeopardizing Plaintiff's Fourth Amendment rights under **Franks v. Delaware**, 438 U.S. 154 (1978).
- **Jennifer Cole (Library Employee):**
  - Called law enforcement on November 12, 2024, alleging Plaintiff was trespassing, despite the absence of imminent danger or legal justification, violating **Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County**, 542 U.S. 177 (2004).
- **Deputy C. Rothkin (Badge #4696), Deputy R. Sapida (Badge #4663), Sgt. George Gomez (Badge #4066):**
  - Demanded Plaintiff's identification without reasonable suspicion of criminal activity, violating **Terry v. Ohio**, 392 U.S. 1 (1968), and **Hiibel**, 542 U.S. 177.

---

## FACTUAL BACKGROUND

### Access Denial and Retaliation

8. On June 15, 2023, Plaintiff attempted to document Drag Queen Story Hour at the Downtown Reno Library. Library staff denied Plaintiff access to the reading room because he did not have a child with him, despite permitting access to other media

representatives. The denial violated Plaintiff's First Amendment rights to access public forums under **Kreimer v. Bureau of Police**, 958 F.2d 1242, and Nevada's library access law (**NRS 379.040**).

**Assault and Social Media Blocking**

9. On July 15, 2023, at the Sparks Library, Plaintiff was assaulted by Library Director Jeff Scott, who pushed Plaintiff in an attempt to remove him from the premises. This physical contact constituted a battery under **NRS 200.481**.
10. On the same day, Scott admitted to blocking Plaintiff from the Library's Facebook page, in violation of **Davison v. Randall**, which established that government-operated social media pages are designated public forums.

**False Allegations and Procedural Violations**

11. On June 15, 2024, at the North Valleys Library, Library Employee Doe #1 repeatedly slammed a door against Plaintiff's foot, injuring him, and later contacted law enforcement to report that Plaintiff had injured her. This false report jeopardized Plaintiff's liberty and violated the Fourth Amendment under **Franks v. Delaware**, which prohibits false information leading to government action.
12. Plaintiff was subsequently barred from accessing library services for one year without notice or an opportunity to contest the restriction, violating his due process rights under **Armstrong v. D.C. Public Library**.

**Improper Demand for Identification**

13. On November 12, 2024, Library Employee Jennifer Cole called the Sheriff's Office, alleging Plaintiff was trespassing without providing articulable facts of a crime. Deputies Rothkin, Sapida, and Gomez demanded Plaintiff provide identification under **NRS 171.123**, despite lacking reasonable suspicion that Plaintiff was engaged in criminal activity.

14. The deputies' actions violated **Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County**, which requires reasonable suspicion to justify such a demand, and **Terry v. Ohio**, which protects against unreasonable seizures.

---

**CAUSES OF ACTION**

**COUNT I: VIOLATION OF 42 U.S.C. § 1983 (FIRST AMENDMENT)**

Defendants violated Plaintiff's First Amendment rights by:

- Blocking him from public discourse on the Library's Facebook page (**Davison v. Randall**).
- Denying him access to public library spaces during public events (**Kreimer v. Bureau of Police**).

---

**COUNT II: VIOLATION OF 42 U.S.C. § 1983 (FOURTH AMENDMENT)**

Defendants violated Plaintiff's Fourth Amendment rights by:

- Demanding identification without reasonable suspicion (**Hiibel, Terry**).
- Physically assaulting Plaintiff under color of law (**NRS 200.481**).
- Making false reports to law enforcement (**Franks v. Delaware**).

---

**COUNT III: VIOLATION OF 42 U.S.C. § 1983 (FOURTEENTH AMENDMENT – DUE PROCESS)**

Defendants imposed a one-year restriction on Plaintiff without notice or an opportunity to contest (**Armstrong v. D.C. Public Library**).

---

**COUNT IV: MONELL LIABILITY**

Washoe County and the Library System are liable for the constitutional violations resulting from:

- Official policies blocking individuals on social media (**Monell v. Department of Social Services**, 436 U.S. 658 (1978)).
- Practices excluding the public from library spaces without legal authority.

---

**COUNT V: VIOLATION OF NEVADA CONSTITUTION**

Defendants violated Plaintiff's rights under Article 1, Section 18 of the Nevada Constitution, as recognized in **Mack v. Williams**, 138 Nev. Adv. Op. 86 (2022).

---

## COUNT VI: NEGLIGENCE AND ASSAULT

Defendants Jeff Scott and Library Employee Doe #1 committed battery against Plaintiff. Defendant Jennifer Cole negligently involved law enforcement without imminent danger.

---

## PRAYER FOR RELIEF

Plaintiff requests:

1. A declaratory judgment that Defendants violated his constitutional rights.
2. Injunctive relief preventing future constitutional violations.
3. Compensatory damages in an amount to be determined at trial.
4. Punitive damages against individual Defendants for willful and malicious conduct.
5. Attorneys' fees and costs under 42 U.S.C. § 1988.
6. Any other relief the Court deems just and proper.

---

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** November 18, 2024

Respectfully submitted,

Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com
Pro Se

Dated this 18th of November, 2024.

Drew J. Ribar, Pro Se