MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
One South Sierra Street
Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700

ATTORNEY FOR WASHOE COUNTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DREW RIBAR,

    Plaintiff,

vs.

WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE #1; JENNIFER COLE; DEPUTY C. ROTHKIN (BADGE #5696); DEPUTY R. SAPIDA (BADGE #4663; SGT. GEORGE GOMEZ (BADGE #4066); AND JOHN/JANE DOES 1+10,

    Defendants.
_____/

Case No. 3:24-CV-00526-ART-CLB

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW Defendants Washoe County, Washoe County Library System, Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy Rothkin, Deputy Sapida, Sgt. Gomez, by and through counsel, in answer to Plaintiff's Complaint, hereby admit, deny, and allege as follows:

1. Defendants are without information to admit or deny the allegations in Paragraph 1 and therefore deny.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

//

3. Defendants are without information to admit or deny the allegations in Paragraph 3 and therefore deny.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants are without information to admit or deny the allegations in Paragraph 6 and therefore deny.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

**Causes of Action**

1. Defendants deny the allegations in Count I of the Complaint.

2. Defendants deny the allegation in Count II of the Complaint.

3. Defendants deny the allegations in Count III of the Complaint.

4. Defendants deny the allegations in Count IV of the Complaint.

5. Defendants deny the allegation in Count V of the Complaint.

6. Defendants deny the allegations in Count VI of the Complaint.

**Prayer for Relief**

Defendants deny the allegations in Paragraphs 1-6 of the Prayer for Relief.

//

//

//

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state facts sufficient to state a claim for relief against County Defendant.

## SECOND AFFIRMATIVE DEFENSE

The damages, if any, incurred by Plaintiff are not attributable to any act, conduct, or omission on the part of the County Defendants upon which liability may be based; County Defendants deny any actionable conduct with respect to the matter set forth in Plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

Without admitting Plaintiff's civil rights were violated, County Defendants aver that they are shielded from liability for civil damages on the basis of qualified immunity because the alleged conduct did not violate clearly established statutory and/or constitutional rights of which a reasonable officer or employee would have known.

## FOURTH AFFIRMATIVE DEFENSE

The County Defendants' alleged actions or omissions were taken with due care in the execution of statutes and regulations, and therefore, the County Defendants are statutorily immune from this action pursuant to NRS Chapter 41 and Nevada law.

## FIFTH AFFIRMATIVE DEFENSE

The County Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and therefore the County Defendants are statutorily immune from this action.

## SIXTH AFFIRMATIVE DEFENSE

Washoe County is not liable for the acts of county employees or subordinates by virtue of the provisions of *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

//

## SEVENTH AFFIRMATIVE DEFENSE

At all times and places relevant hereto, the County Defendants acted in good faith with justification and without malice or deliberate indifference towards Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to reduce or mitigate his damages. Plaintiff's damages, if any, should be reduced because Plaintiff took insufficient or no action to avoid or reduce damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are the result of his own acts or conduct; and therefore, Plaintiff is precluded from relief because of her own actions and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, which damages are denied, were caused by intervening causes so as to negate any proximate cause resulting from any act or omission of County Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

County Defendants lacked sufficient personal involvement in the alleged constitutional deprivations to be liable under 42 U.S.C. § 1983.

## TWELTH AFFIRMATIVE DEFENSE

There is no policy, practice, or custom sufficient to establish liability against Washoe County pursuant to 42 U.S.C. §1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

An award of punitive damages against Washoe County would violate the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and the due process clause of the Nevada Constitution, Art. I, §8.

## FOURTEENTH AFFIRMATIVE DEFENSE

The County Defendants are entitled to sovereign immunity for failure to file a claim pursuant to NRS 41.036.

### FIFTEENTH AFFIRMATIVE DEFENSE

All actions taken by the Defendant were reasonable, proper and justified, and therefore cannot form a basis for liability.

### SIXTEENTH AFFIRMATIVE DEFENSE

No punitive damages are recoverable against Washoe County pursuant to 42 U.S.C. §1988, and any award of punitive damages would be an excessive fine violative of the Nevada Constitution, Art. I, §7 and Plaintiff cannot establish that Defendants conducted themselves in an aggravated or outrageous manner.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Washoe County Library System is not a suable entity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants' actions were done in self-defense or the defense of others.

### NINETEENTH AFFIRMATIVE DEFENSE

All actions taken by the Defendant were reasonable, proper and justified, and therefore cannot form a basis for liability.

Defendants reserves the right to amend this pleading to include any additional or further affirmative defenses and/or counterclaims as their bases become known and relevant.

Dated this 11th day of December, 2024.

CHRISTOPHER J. HICKS
District Attorney

By  /s/ Michael W. Large
    MICHAEL W. LARGE
    Deputy District Attorney
    One South Sierra Street
    Reno, NV  89501
    mlarge@da.washoecounty.gov
    (775) 337-5700

ATTORNEYS FOR WASHOE COUNTY

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

Dated this 11th day of December, 2024.

                                                /s/ C. Theumer
                                                C. Theumer