Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, Nevada 89519
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT
[NORTHERN] DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br><br>                      Plaintiff,<br><br>v.<br><br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;<br><br>                      Defendants. | Case No. 3:24-cv-00526<br><br>**DEFENDANT<br>BUILD OUR CENTER'S<br>MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Build Our Center Inc. respectfully requests the Court dismiss Plaintiff Drew Ribar's ("Mr. Ribar") Complaint for failure to state a claim upon which relief can be granted.

This motion is made and based upon all records and pleadings on file herein, the Declaration of Stacy Spain, together with every exhibit attached hereto (each of which is incorporated herein by this reference), as well as the points and authorities set forth directly below.

In support of this Motion, Build Our Center states as follows:

**PRELIMINARY STATEMENT**

Build Our Center is a Nevada nonprofit corporation that provides a safe, empowering, and supportive center for the Northern Nevada LGBTQ+ community by proving community building, arts and culture programming, and inclusive activities. *See* Declaration of Stacey Spain ¶3, attached hereto as "**Exhibit 1**."

Build Our Center is not, however, Washoe County, the City of Reno, the State of Nevada, the Washoe County Library (the "Library"), or a local government agency. *Id.* at ¶4. Whatever complaints Mr. Ribar has against the other named Defendants are not attributable to Build Our Center.

Further, Mr. Ribar's Complaint is solely directed at the other named Defendants. Indeed, there are no factual allegations that Build Our Center, in any capacity, denied Mr. Ribar access to Drag Queen Story hour, assaulted him, or blocked his access to the Library's Facebook page. Candidly, Build Our Center is at a total loss as to what alleged misconduct it has engaged in that would create any liability for Mr. Ribar to seek legal action.

Mr. Ribar's Complaint should be dismissed in its entirety against Build Our Center. Additionally, Build Our Center respectfully requests an award of reasonable attorneys' fees and costs incurred by Build Our Center with bringing this Motion against Mr. Ribar.

**BRIEF FACTUAL BACKGROUND**

**1. Build Our Center is a Nevada Nonprofit Organization Not a Government Entity.**

Build Our Center, a small Nevada Nonprofit, was founded in 2009 when locals started fundraising to establish a LGBTQIA+ community center in Reno, Nevada. Ex. 1 ¶ 5. After several years of active fundraising, Build Our Center opened a community center to support a variety of programs for LGBTQIA+ locals. *Id.* at ¶ 6. Build Our Center hosts the yearly Northern Nevada Pride Festival, and the center offers a full calendar of community meetings and events. *Id.* at ¶ 7. Additionally, the center also offers drug and alcohol prevention, recovery, and mental health services. *Id.* at ¶ 8. Build Our Center hosts a variety of programs and events such as Senior Coffee Time, Out and Sober AA meetings, Women Encouraging Women (Al-Anon), Queer Student Union, Knit Happens, and a book and writing club. *Id.* at ¶ 9.

Build Our Center was not hired by the City of Reno, Washoe County, or the State of Nevada (collectively referred to herein as the "Government") to host the Washoe County Library's Drag Queen Story Hour. *Id.* at ¶ 10. Build Our Center was not hired by the Government to police any government events or Drag Queen Story Hour. *Id.* at ¶ 11. Build Our Center was not hired or given authority by the Government to ensure participants' safety at Drag Queen Story Hour. *Id.* at ¶ 12. Build Our Center does not hold elections, govern any aspect of the Government, or control a company town. *Id.* at ¶ 13. Build Our Center does not have authority to determine who may have access to Library events. *Id.* at ¶ 14. Build Our Center does not have authority to ban citizens from any Government property or buildings. *Id.* at ¶ 15. Build Our Center does not have authority to remove citizens from any Government property or buildings. *Id.* at ¶ 16. Build Our Center does not have authority to demand the identification of citizens at Government events. *Id.* at ¶ 17. Build Our Center does not have authority to impose restrictions on citizens on Government property or in Government buildings. *Id.* at ¶ 18. Build Our Center has no authority to determine who is blocked from the Library's social media. *Id.* at ¶ 19. In short, and at all relevant times herein, the Government did not delegate any authority to Build Our Center. *Id.* at ¶ 20.

Furthermore, Build Our Center did not assault Mr. Ribar. *Id.* at ¶ 21. Build Our Center did not restrict Mr. Ribar from any Library or other Government events. *Id.* at ¶ 22. Build Our Center did not ban or remove Mr. Ribar from the Library or any other government property or buildings. *Id.* at ¶ 23. Build Our Center did not demand to see Mr. Ribar's identification. *Id.* at ¶ 24. Build Our Center did not impose any restrictions on Mr. Ribar at any government events. *Id.* at ¶ 25. Build Our Center did not block Mr. Ribar from the Library's social media. *Id.* at ¶ 26. At all relevant times herein, Build Our Center did not assert authority as an arm of the Government over Mr. Ribar. *Id.* at ¶ 27.

### 2. Mr. Ribar's Complaint Contains One Conclusory Statement as to Build Our Center.

Mr. Ribar's Complaint alleges he is an "independent journalist" to "redress violations of his constitutional rights, including the First, Fourth, and Fourteenth Amendments." Complaint at 1:22-24. Allegedly, "Defendants unlawfully restricted Plaintiff's access to public library spaces, retaliated against him for engaging in First Amendment activities, imposed unconstitutional restrictions, improperly demanded his identification without reasonable suspicion, and failed to provide procedural safeguards, resulting in harm." *Id.* at 1:25-2:3. Purportedly, over the course of a year or so, Mr. Ribar was, among other things, denied access to the Library's Drag Queen Story Hour, assaulted by a Library employee, blocked from the Library's social media page, and "barred from accessing library services for one year without notice or an opportunity to contest the restriction." *Id.* at 4-6.

According to Mr. Ribar, Build Our Center "collaborated with the Library System to organize events and acted in joint participation with state actors." *Id.* at 3:7-9. However, taking all well-pled facts as true, *how* Build Our Center acted in joint participation with the other named Defendants—other than purportedly "collaborating" to organize events is unclear—this one statement is conclusory. Indeed, the remainder of the Complaint is devoid of any factual allegations as to Build Our Center's alleged participation in Mr. Ribar's purported Constitutional deprivations.

### **LEGAL STANDARD**

Fed. R. Civ. P. Rule 8(a)(2) requires a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." A court may dismiss a complaint if it fails to state a claim upon which relief can be granted. FRCP Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient facts which, if accepted as true, will state a claim of relief

that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when its factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kelsey K. v. NFL Enterprises, LLC*, 254 F. Supp. 3d 1140, 1143 (N.D. Cal. 2017), *aff'd*, 757 Fed. Appx. 524 (9th Cir. 2018) (citing *Ashcroft* at 678, 1937, 868). "While all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief. *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).

## MEMORANDUM OF LAW

### 1. Mr. Ribar's Complaint Contains *No* Facts to Support a Cognizable Legal Theory Against Build Our Center.

Although the pleading standard under Rule 8 is generous, it nonetheless requires a complaint to plead *some* facts that would entitle the plaintiff to relief. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: either a lack of a cognizable legal theory, or insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

Here, Mr. Ribar's Complaint is conclusory and fails to set forth even the slightest recitation of the basic events and circumstances of Build Our Center's alleged misconduct. That Build Our Center purportedly "collaborated with the

Library System to organize events and acted in joint participation with state actors" does not satisfy the applicable pleading standard. Mr. Ribar's Complaint is severely deficient as to his claims against Build Our Center and should be dismissed.

## 2. Mr. Ribar's Complaint is Devoid of Factual Allegations that Build Our Center is a State Actor.

To sustain an action under 42 U.S.C. § 1983, Mr. Ribar must set forth factual allegations that "(1) the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri*, 901 F.2d at 699. "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Lee v. Katz,* 276 F.3d 550, 554 (9th Cir. 2002) (internal quotation marks and alterations omitted); *see also Lugar v. Edmondson Oil Co., Inc.,* 102 S. Ct. 2744, 2753-54 (1982) (To qualify as acting under the color of state law "the deprivation must be caused by the exercise of some right or privilege created by the State … or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor.")

Here, there are no factual allegations that Build Our Center is a state actor. Build Our Center is a nonprofit organization and not a government entity. The Center's primary purpose is to provide a safe, empowering, and supportive center for the Northern Nevada LGBTQ+ community by proving community building, arts and culture programming, and inclusive activities, activities which are not traditionally or exclusively governmental. *See Children's Health Def. v. Meta Platforms, Inc.,* 112 F.4th 742, 754 (9th Cir. 2024); *Manhattan Cmty. Access Corp. v. Halleck,* 139 S. Ct. 1921, 1928 (2019) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)); Ex. 1 ¶3-

28. Build Our Center's activities are separate and distinct from the Government. It hosts events at its community center unrelated to any legislation or Government mandates. Ex. 1 ¶3-28; *Tsao v. Desert Palace*, 698 F.3d 1128, 1140 (9th Cir. 2012) (a private party may be a state actor where the "state has so far insinuated itself into a position of interdependence with the private entity that the private entity must be recognized as a joint participant in the challenged activity."). Additionally, the Government did not grant governmental authority to Build Our Center, nor did it compel or encourage Build Our Center to perform any of the alleged misconduct against Mr. Ribar. Ex.1 ¶10-28; *Children's Health Def.*, 112 F.4th at 754 ("A private party may be considered a state actor if it has acted because the government coerced or compelled it to do so."); *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 842 (9th Cir. 2017) (whether a close nexus exists depends on whether there is overt state encouragement, endorsement, and participation of the private action); *see also O'Handley v. Padilla,* 579 F.Supp.3d 1163 (2022).

Ultimately, there are **no facts** alleging Build Our Center caused the alleged misconduct against Mr. Ribar. Therefore, the Complaint must be dismissed against Build Our Center for failure to state a claim on which relief can be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

Simply stated, Mr. Ribar's Complaint is utterly devoid of any factual allegations to survive a motion to dismiss. He has failed (and will not be able) to set forth any factual allegations that Build Our Center was acting under the color of state law. Therefore, Build Our Center respectfully requests the Court dismiss his Complaint in its entirety as to Build Our Center. Build Our Center also respectfully requests an award of reasonable attorneys' fees and costs incurred by Build Our Center in connection with bringing this Motion against Mr. Ribar.

A Proposed Order Granting Build Our Center's Motion to Dismiss is attached hereto as "**Exhibit 2**".

DATED December 30, 2024.    SIERRA CREST BUSINESS LAW GROUP

By: *Alison Kertis*
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
Alison R. Kertis, Esq. (NSB 38???)
akertis@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system (which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Michael W. Large, Esq.**
DEPUTY DISTRICT ATTORNEY
One South Sierra Street Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez*

DATED: December 30, 2024.

_____
*July Wright*
an employee of the
SIERRA CREST BUSINESS LAW GROUP

**INDEX OF EXHIBITS**

to

DEFENDANT BUILD OUR CENTER'S
MOTION TO DISMISS

re

*Ribar vs. Washoe County, et alia*
*(Case No. 3:24-cv-00526)*

| Exhibit No. | Exhibit Description | Pages (+ Cover) |
|---|---|---|
| 1. | Declaration of Stacey Spain | 1 |
| 2. | Proposed Order | 3 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |