MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
One South Sierra Street
Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700

ATTORNEY FOR WASHOE COUNTY
DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DREW RIBAR,

    Plaintiff,

vs.

WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE #1; JENNIFER COLE; DEPUTY C. ROTHKIN (BADGE #5696); DEPUTY R. SAPIDA (BADGE #4663; SGT. GEORGE GOMEZ (BADGE #4066); AND JOHN/JANE DOES 1+10,

    Defendants.
_____/

Case No. 3:24-CV-00526-ART-CSD

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION**

    Defendants Washoe County, Washoe County Library System, Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy Rothkin, Deputy Sapida, and Sgt. Gomez, by and through counsel hereby responds to Plaintiff's Motion for Clarification Regarding Communications Between Defendant Washoe County and Counsel for Build Our Center, Inc. (ECF No. 39). This response is based on the following Memorandum of Points and Authorities.

//

//

-1-

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Drew Ribar has filed "Motion For Clarification Regarding Communication Between Defendant Washoe County and Counsel for Build Our Center." ECF No. 39. Therein, Ribar accuses counsel for Washoe County and counsel for Build Our Center of engaging in discussions regarding the lawsuit prior to Defendant Build Our Center's first appearance. *Id.* at 2. Ribar bases his motion on an email sent by the undersigned to Ms. Kertis on December 27, 2024 informing her of Plaintiff's Motion for Entry of Clerk's Default. Ribar asserts that this was improper under FRCP 11 and "ethical standards to avoid improper communication or conduct that prejudices procedural fairness." ECF No. 39 at 3. Ribar's motion has no basis in law or fact, and is brought without a good faith basis.

Court must prevent parties from misusing motion for sanctions as "instruments of harassment or delay." *Rebel Communications, LLC v. Virgin Valley Water Dist.*, 2011 WL 677308, at *5 (D. Nev. 2011) citing *IN–N–OUT Burger v. In & Out Tire & Auto, Inc.*, 2008 WL 2937294 *3 (D.Nev.2008). The moving party bears the burden of establishing an ethical violation or other factual predicate upon which the motion depends. *See United States v. Walker River Irr. Dist.*, 2006 WL 618823(D. Nev. 2006). Courts assume that an attorney will observe his responsibilities to the legal system, as well as to his client. *United States v. Walker River Irr. Dist.*, 2006 WL 618823, at *5 (D. Nev. Mar. 10, 2006) (internal citations and quotations omitted).

Neither the Federal Rules of Civil Procedure, nor the Nevada Rules of Professional Conduct prohibit attorneys for independently named Defendants from speaking about litigation, coordinating activities, discussing legal strategy, or sharing information. FRCP 11 imposes a duty on attorneys or an unrepresented party to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 110 S. Ct. 2447, 2454 (1990). An attorney or unrepresented party who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." *Id*. Ribar does not identify

1  any paper filed with the court by Defendants Washoe County or Defendant Build Our Center
2  that is the basis for his motion and therefore FRCP 11 is inapplicable to his present accusations.
3        Likewise, Ribar fails to point to any provision of the Nevada Rules of Professional
4  Conduct that impose an ethical obligation on the undersigned to inform Ribar of
5  communications between counsel for co-defendants.  And he cannot, because no such rules exist.
6  *See* Nevada Rule of Professional Conduct 3.4 (fairness to opposing counsel); see also Nevada
7  Rules of Professional Conduct 4.1-4.4 (addressing transactions with persons other than client).
8        Nevada Rule of Professional Conduct 3.5A specifically provides that "[w]hen a lawyer
9  knows or reasonably should know the identity of a lawyer representing an opposing party, he or
10 she should not take advantage of the lawyer by causing any default or dismissal to be entered
11 without first inquiring about the opposing lawyer's intention to proceed."  The alleged improper
12 communication fits squarely within the spirit and context of the rule in preventing default to be
13 entered against Defendant Build Our Center by informing Ms. Kertis of Ribar's intent to take
14 default.
15       At its core, Ribar's motion lacks any basis in law or fact, and should be summarily denied.
16 Pro se litigants, like Ribar, "remain obligated to follow the same rules as represented parties."
17 *McCart-Pollak v. Saevitzon*, 2024 WL 4279339, at *1 (D. Nev. 2024) citing *Ghazali v. Moran*, 46 F.3d
18 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants
19 are bound by the rules of procedure.") (per curiam); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)
20 ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Self-
21 representation is not an excuse for non-compliance with the court's rules and orders. *See Swimmer
22 v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute
23 //
24 //
25 //
26 //

excusable neglect, even if the litigant appears pro se.") (citation omitted).  In bringing this motion without a good faith basis, Ribar is wasting the time and resources of not only opposing counsel but also this Court.

Dated this 6th day of January 2025.

                                              CHRISTOPHER J. HICKS
                                              District Attorney

                                              By     /s/ Michael W. Large
                                              MICHAEL W. LARGE
                                              Deputy District Attorney
                                              One South Sierra Street
                                              Reno, NV  89501
                                              mlarge@da.washoecounty.gov
                                              (775) 337-5700

                                              ATTORNEYS FOR WASHOE COUNTY
                                              DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

Pursuant to FRCP 5, I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court.  Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON GANSERT KERTIS, ESQUIRE

Dated this 6th day of January 2025.

            /s/ C. Theumer
            C. Theumer