Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **DREW J. RIBAR**, **PRO SE PLAINTIFF**<br><br>V.<br><br>**BUILD OUR CENTER, INC., ET AL.,**<br><br>**DEFENDANTS.** | Case No.: 3:24-cv-00526-ART-CLB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff, **Drew J. Ribar**, acting pro se, submits this Opposition to Defendant Build Our Center, Inc.'s ("BOC") Motion to Dismiss. Defendant's motion lacks merit as Plaintiff has sufficiently alleged viable claims under federal law, supported by extensive documentary evidence. Moreover, Defendant's procedural improprieties and untimely filing have prejudiced Plaintiff, warranting denial of the Motion to Dismiss.

## II. BACKGROUND

**Procedural History:**

1. Plaintiff filed this action on November 20, 2024.

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 1

2. Defendant BOC was served on November 27, 2024, as evidenced by the Affidavit of Service (Document 18).

3. Defendant failed to file a responsive pleading within the 21-day limit under Rule 12(a)(1)(A).

**Defendant's Untimely Actions:**

1. Plaintiff sought a Clerk's Entry of Default on December 27, 2024.
2. Hours later, Defendant appeared through counsel, despite having prior notice of the action.
3. Plaintiff subsequently withdrew the default request as a professional courtesy to accommodate Defendant's late response.

**Nature of Claims:**

Plaintiff alleges violations of civil rights under 42 U.S.C. § 1983, predicated on Defendant's collaboration with Washoe County Library System and resultant state action. Plaintiff also asserts negligence and related claims based on Defendant's actions during publicly sponsored events.

## III. LEGAL ARGUMENT

**A. Defendant's Procedural Violations Preclude Dismissal**

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 2

Under Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file a response by December 18, 2024. The failure to comply prejudiced Plaintiff by delaying this litigation. Procedural fairness, enshrined in FRCP 1, requires the Court to deny dismissal where procedural defects harm a litigant's rights.

The record also indicates improper pre-litigation coordination between BOC and Washoe County counsel, violating ethical standards and exacerbating prejudice (Exhibit 4).

**B. Plaintiff's Complaint States Valid Claims Under § 1983**

**Nexus Between BOC and State Action:**

1. Social media posts, emails, and media reports establish a collaborative relationship between BOC and Washoe County Library System. This partnership included financial remuneration, joint event planning, and promotional activities (Exhibits 1–3).
2. Under **Johnson v. Knowles**, 113 F.3d 1114 (9th Cir. 1997), a private actor may be liable under § 1983 if there is a sufficiently close nexus between the private actor's conduct and the state such that the private conduct may be treated as state action.
3. Unlike **Johnson**, where the court found no nexus, the collaboration between BOC and Washoe County Library—including shared resources, co-sponsorship of events, and delegation of responsibilities—demonstrates entwinement sufficient to attribute BOC's conduct to the state. This satisfies the state-action test established by **Brentwood Academy v. Tennessee Secondary School Athletic Assn.**, 531 U.S. 288 (2001).

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 3

**Sufficient Allegations of Misconduct:**

Plaintiff alleges that BOC actively participated in discriminatory practices, including event access restrictions and retaliatory actions. These claims align with precedent allowing § 1983 actions against private actors functioning as state agents.

### C. Claims Are Supported by Factual Allegations

Plaintiff's allegations are supported by detailed exhibits, including:

1. Correspondence evidencing BOC's central role in event operations (Exhibit 2).
2. Media reports confirming the partnership and mutual accountability between BOC and Washoe County (Exhibit 3).

Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), these facts "plausibly suggest" entitlement to relief.

### D. Procedural Fairness Demands Denial of the Motion

The Court must consider the substantial prejudice to Plaintiff resulting from Defendant's procedural delays and potential collusion with other defendants. Defendant's motion, filed after considerable delay, undermines judicial efficiency and fairness.

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 4

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. In the alternative, Plaintiff seeks leave to amend the complaint to cure any perceived deficiencies.

**Respectfully Submitted,**

**/s/ Drew J. Ribar**

3480 Pershing Ln.

Washoe Valley, NV 89704

const2audit@gmail.com

**Pro Se Plaintiff**

# INDEX OF EXHIBITS

**Exhibit 1**
**Title:** Social Media Posts and Press Releases
**Description:** Posts and press releases from "Our Center" detailing collaboration with the Washoe County Library System, including announcements of events such as Drag Story Hour and evidence of financial support for library staff.
**Relevant Information:** Demonstrates joint activity and financial connections between Build Our Center, Inc. and the Washoe County Library System.
**Source:** Exhibit 1 Opposition to Dismiss

**Exhibit 2**
**Title:** Washoe County Incident Reports and Internal Communications
**Description:** Internal emails and reports from Washoe County Library employees regarding event planning and incident debriefings for Drag Story Hour and RainbowFest.
**Relevant Information:** Highlights BOC's coordination with library staff, event logistics, and direct involvement in programming.
**Source:** Exhibit 2 Opposition to Dismiss

**Exhibit 3**
**Title:** Media Reports
**Description:** Articles from Reno News & Review, Our Town Reno, and KUNR discussing the partnership between Washoe County Libraries and BOC.
**Relevant Information:** Independent confirmation of the collaborative relationship between BOC and Washoe County Libraries, including evidence of financial contributions and program implementation.
**Source:** Exhibit 3 Opposition to Dismiss

**Exhibit 4**
**Title:** Procedural Violations and Communications
**Description:** Documents showing communications between BOC's counsel and Washoe County legal representatives before formal notice of appearance and during default filing periods.
**Relevant Information:** Highlights procedural improprieties, delays in filing responses, and potential collusion that prejudiced Plaintiff's litigation efforts.
**Source:** Exhibit 4 Opposition to Dismiss