**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**Case No.:** 3:24-cv-00526-ART-CLB

---

**EXHIBIT 4**
**Motions filed with Court and clawed back as "professional courtesy" prior to motion for dismissal.**

Submitted by:
**Plaintiff:** Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley, NV 89704
Phone: 775-223-7899
Email: const2audit@gmail.com

Date: January 7, 2025

---

This document is submitted as part of Plaintiff's filing in opposition to Defendant Build Our Center, Inc.'s Motion to Dismiss. It is marked as **Exhibit 4** to support Plaintiff's argument regarding the collaboration between Build Our Center, Inc., and the Washoe County Library System.

**Relevant Information: Process Violations by defense consulting prior to notice of appearance and apparent collusion to delay process. Defense for Build Our Center had communications with defense for Washoe County about this case prior to notice of appearance and not filing a response within the time limits.**

---

**CERTIFICATION**
I, Drew J. Ribar, certify that this exhibit is a true and accurate representation of the document referenced.

Respectfully submitted,
/S/Drew J. Ribar
**Drew J. Ribar**
Pro Se Plaintiff

Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| **DREW RIBAR**, | Case No.: 3:24-cv-00526-ART-CLB |
| Plaintiff, | |
| vs. | **REQUEST FOR CLERK'S ENTRY OF DEFAULT** |
| **BUILD OUR CENTER, INC., DEFENDANT.**, | |
| Defendant | |

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**

Plaintiff **Drew J. Ribar**, proceeding pro se, hereby requests that the Clerk of the Court enter default against Defendant **Build Our Center, Inc. ("BOC")**, pursuant to Federal Rule of Civil Procedure 55(a).

1. Plaintiff filed the Complaint in this matter on **November 20, 2024**.

2. Defendant BOC was properly served with the Summons and Complaint on **November 27, 2024**, as evidenced by the Affidavit of Service filed with this Court (Document 18).

3. Under Rule 12(a)(1)(A), Defendant's deadline to file a responsive pleading expired on **December 18, 2024**.

4. As of the date of this filing, Defendant BOC has not filed an answer, motion, or otherwise appeared in this action.

REQUEST FOR CLERK'S ENTRY OF DEFAULT - 1

Pursuant to Rule 55(a), Plaintiff respectfully requests that the Clerk enter default against Defendant Build Our Center, Inc.

DATED: December 27, 2024

**Respectfully submitted,**

/S/ Drew J. Ribar

**Drew J. Ribar**

Pro Se Plaintiff

3480 Pershing Ln

Washoe Valley, NV 89704

775-223-7899 | const2audit@gmail.com

**Exhibits Attached**:

1. Affidavit of Service for Build Our Center, Inc. (Document 18).

2. Declaration of Non-Response.

REQUEST FOR CLERK'S ENTRY OF DEFAULT - 2

__Filed __Received __Entered __Served On
Counsel/Parties of Record

NOV 2 7 2024

Clerk US District Court
District of Nevada
By_____ Deputy

## IN THE US DISTRICT COURT OF THE STATE OF NEVADA
## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| Drew Ribar, Plaintiff<br>PLAINTIFF | ) Dated: 11/22/2024 |
| | ) |
| Vs | ) Civil File Number:  24009333 |
| | ) |
| Washoe County, Nevada; Washoe County Library | ) CASE No.:  324CV00526 |
| System; Build Our Center, Inc.; Jeff Scott; Stacy | ) |
| McKenzie; Jonnica Bowen; Library Employee DOE | |
| #1; Jennifer Cole; Deputy C. Rothkin (Badge | |
| #4696); Deputy R. Sapida (Badge #4663); Sgt. | |
| George Gomez (Badge #4066); and John/Jane DOES | |
| 1-10 | |
| DEFENDANT | |

## <u>DECLARATION OF SERVICE</u>

STATE OF NEVADA    }
                        } ss:
COUNTY OF WASHOE   }

      **Denise Matt, W5355,** being first duly sworn, deposes and says:  That affiant is a citizen of the United States, over 18 years of age, not a party to the within entered action, and that in the County of Washoe, State of Nevada, personally served the described documents upon:

| | |
|---|---|
| **Sub-served:** | **Build Our Center, Inc. by serving Stacey Spain, Executive Director** |
| **Location:** | **c/o President 1745 S Wells Avenue Reno, NV 89502** |
| **Date:** | **11/21/2024**    **Time:**   **11:54 AM** |

The document(s) served were:  SUMMONS IN A CIVIL ACTION; COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS

I declare under penalty of perjury under the law provided of the State of Nevada that the foregoing is true and correct. No notary is required per NRS 53.045.

**DARIN BALAAM, SHERIFF**

By: /s/ Denise Matt – W5355
      Sheriff's Authorized Agent

Drew Ribar
3480 Pershing Lane
Washoe Valley, NV 89704

**911 PARR BOULEVARD, RENO, NV  89512-1000  (775) 328-3310**

Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**DREW RIBAR**,

      Plaintiff,

vs.

**BUILD OUR CENTER, INC.,
DEFENDANT.**,

      Defendant

Case No.: 3:24-cv-00526-ART-CLB

**DECLARATION OF NON-RESPONSE**

**DECLARATION OF NON-RESPONSE**

I, **Drew J. Ribar**, declare as follows:

1. **Personal Knowledge**: I am the Plaintiff in the above-captioned matter, proceeding pro se. I make this declaration based on my personal knowledge and belief, and I am competent to testify to the matters stated herein.

2. **Filing of Complaint**: I filed the Complaint in this action on **November 20, 2024**.

3. **Service on Defendant Build Our Center, Inc.**: On **November 27, 2024**, Defendant **Build Our Center, Inc. ("BOC")** was duly served with the Summons and Complaint through its registered agent, **Stacey Spain**, as evidenced by the Affidavit of Service filed with this Court on **November 27, 2024** (Document 18).

4. **Deadline to Respond**: Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant BOC was required to serve an answer or otherwise respond to the Complaint within 21 days of service, making the deadline for response **December 18, 2024**.

DECLARATION OF NON-RESPONSE - 1

5. **Failure to Respond**: As of the date of this declaration, Defendant BOC has not filed an answer, motion, or other responsive pleading, nor has it sought an extension of time to respond.

6. **Efforts to Confirm Non-Response**: I have reviewed the Court's docket and records, and I have not received any correspondence, communication, or filing from Defendant BOC or its representatives indicating an intention to defend this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on December 27, 2024**, at Washoe Valley, Nevada.

/S/ Drew J. Ribar

**Drew J. Ribar**

Pro Se Plaintiff

3480 Pershing Ln

Washoe Valley, NV 89704

775-223-7899 | const2audit@gmail.com

DECLARATION OF NON-RESPONSE - 2

Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

**DREW RIBAR**,

      Plaintiff,

vs.

**BUILD OUR CENTER, INC.,**
**DEFENDANT.,**

      Defendant

Case No.: 3:24-cv-00526-ART-CLB

**NOTICE OF SERVICE**

**NOTICE OF SERVICE**

I, **Drew J. Ribar**, hereby certify that on December 27, 2024, I served the following documents

upon Defendant **Build Our Center, Inc.**, and other parties of record in this matter:

1. **Request for Clerk's Entry of Default**;

2. **Declaration of Non-Response**;

3. Supporting Exhibits, including:

      o   Affidavit of Service for Build Our Center, Inc.

These documents were served via the following methods:

1. **Defendant Build Our Center, Inc.**

NOTICE OF SERVICE - 1

- o **Method of Service**: Sent by [Certified Mail/Personal Delivery] to the last known address of Defendant's registered agent, **Stacey Spain**, at:

  **1745 S. Wells Avenue Reno, NV 89502**

- o Emailed to stacey@ourcenterreno.org

- o Emailed to center@ourcenterreno.org

2. **Other Named Defendants**:

- o Attorney for Washoe County defendants Michael Large emailed at mlarge@da.washoecounty.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DATED**: December 27, 2024

/S/ Drew J. Ribar

**Drew J. Ribar**

Pro Se Plaintiff

3480 Pershing Ln

Washoe Valley, NV 89704

775-223-7899 | const2audit@gmail.com

NOTICE OF SERVICE - 2

Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
Alison R. Kertis, Esq. (NSB 138???)
akertis@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, Nevada 89519
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT
[NORTHERN] DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br><br>        Plaintiff,<br><br> v.<br><br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;<br><br>        Defendants. | Case No. 3:24-cv-00526<br><br>**NOTICE OF<br>APPEARANCE OF<br>COUNSEL FOR DEFENDANT<br>BUILD OUR CENTER** |

SIERRA CREST BUSINESS LAW GROUP, by and through JERRY C. CARTER, ESQ. and ALISON R. KERTIS, ESQ., hereby gives notice of its appearance in the above-entitled action on behalf of Defendant BUILD OUR CENTER, INC., and also requests that all notices and all papers served or required to be served in this case be given to and served upon it at the following address:

Jerry C. Carter, Esq. and/or Alison R. Kertis, Esq.
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd, First Floor, Reno, NV 89509
jcarter@sierracrestlaw.com; akertis@sierracrestlaw.com

DATED December 27, 2024.   SIERRA CREST BUSINESS LAW GROUP

           /s/ *Alison R. Kertis*
By: _____
     Jerry C. Carter, Esq. (NSB 5905)
     jcarter@sierracrestlaw.com
     Alison R. Kertis, Esq. (NSB 38???)
     akertis@sierracrestlaw.com
     6770 S. McCarran Blvd., Reno, NV 89509
     (775) 448-6070, Facsimile: (775) 473-8292
     *Counsel for Defendant BUILD OUR CENTER*

### CERTIFICATE OF SERVICE

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system (which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Michael W. Large, Esq.**
DEPUTY DISTRICT ATTORNEY
One South Sierra Street Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez*

DATED: December 27, 2024.

/s/ *M.B. McCue*

_____
an employee of the
SIERRA CREST BUSINESS LAW GROUP

Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **DREW J. RIBAR**, **PRO SE PLAINTIFF** | Case No.: 3:24-cv-00526-ART-CLB |
| V. | |
| **WASHOE COUNTY, ET AL.,** | **PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COMMUNICATIONS BETWEEN DEFENDANT WASHOE COUNTY AND COUNSEL FOR BUILD OUR CENTER, INC.** |
| **DEFENDANTS.** | |

**TO THE HONORABLE COURT:**

Plaintiff **Drew J. Ribar**, acting pro se, respectfully submits this Motion for Clarification and Related Relief regarding the communications between Defendant Washoe County, represented by Michael Large, and counsel for Defendant Build Our Center, Inc. (BOC), **Alison R. Kertis**. This motion seeks to ensure transparency and procedural fairness in the present litigation and prevent undue prejudice to Plaintiff.

# BACKGROUND

PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COMMUNICATIONS BETWEEN
DEFENDANT WASHOE COUNTY AND COUNSEL FOR BUILD OUR CENTER, INC. - 1

1. On **December 27, 2024**, Plaintiff filed a **Request for Clerk's Entry of Default** against Defendant Build Our Center, Inc., for its failure to timely respond to the Complaint within the period prescribed by the Federal Rules of Civil Procedure.

2. Approximately **14 minutes after Plaintiff filed the Request for Default**, Defendant Washoe County's counsel, **Michael Large**, forwarded Plaintiff's filing to attorney **Alison R. Kertis** via email at 2:51 PM.

3. **Fourteen minutes thereafter, at 3:05 PM**, Ms. Kertis reached out to Plaintiff, asserting that she had been retained as counsel for Build Our Center, Inc. on December 27, 2024, the same day the Request for Default was filed.

4. The timing of these events raises concerns about potential pre-coordination or prior discussions between Mr. Large and Ms. Kertis regarding Build Our Center's response to the lawsuit. If such coordination occurred, it may have delayed procedural actions and prejudiced Plaintiff's ability to secure timely relief through default judgment.

## ISSUE FOR CLARIFICATION

Plaintiff respectfully requests clarification regarding whether there was communication or coordination between Mr. Large (counsel for Washoe County) and Ms. Kertis (counsel for Build Our Center, Inc.) prior to the filing of the Request for Clerk's Entry of Default. Specifically:

1. Did Mr. Large have prior knowledge of Ms. Kertis's retention as counsel for Build Our Center, Inc.?

PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COMMUNICATIONS BETWEEN DEFENDANT WASHOE COUNTY AND COUNSEL FOR BUILD OUR CENTER, INC. - 2

2. Were there communications or agreements between Mr. Large and Ms. Kertis regarding Build Our Center's failure to timely respond to the Complaint?

3. Did Mr. Large advise or suggest legal strategy to Build Our Center, Inc., despite their roles as separately represented parties?

4. Was the delay in Build Our Center's response a premeditated strategy involving Washoe County's counsel?

## LEGAL BASIS FOR INQUIRY

1. **FRCP 11 and Ethical Obligations**: Attorneys are bound by the Federal Rules of Civil Procedure and ethical standards to avoid improper communication or conduct that prejudices procedural fairness.

2. **Procedural Fairness and Due Process**: Litigants have a right to expect that opposing parties and their counsel act independently unless participating in a disclosed joint defense agreement.

3. **Disclosure of Coordination**: If any coordination or agreements existed between Washoe County and Build Our Center, Inc., such arrangements must be disclosed to prevent undue prejudice and ensure compliance with applicable rules.

## IMPLICATIONS FOR PROCEDURAL FAIRNESS

PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COMMUNICATIONS BETWEEN
DEFENDANT WASHOE COUNTY AND COUNSEL FOR BUILD OUR CENTER, INC. - 3

If improper pre-coordination occurred, it may have:

1. Prejudiced Plaintiff's ability to secure default judgment against Build Our Center, Inc.

2. Created an appearance of impropriety, undermining public confidence in the judicial process.

3. Violated ethical obligations governing independent representation of separately named defendants.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Direct counsel for Washoe County (Michael Large) and Build Our Center, Inc. (Alison Kertis) to provide sworn declarations detailing:

    o The timing and nature of any communications regarding this litigation.

    o The decision to retain Ms. Kertis and any role played by Mr. Large in that decision.

2. Require disclosure of any joint defense agreements or other arrangements between Defendants Washoe County and Build Our Center, Inc.

3. Strike any late Answer filed by Build Our Center, Inc., if improper coordination or delay tactics are discovered.

PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COMMUNICATIONS BETWEEN
DEFENDANT WASHOE COUNTY AND COUNSEL FOR BUILD OUR CENTER, INC. - 4

4. Award Plaintiff costs associated with preparing and filing this motion and the request for Clerks Entry of Default if the Court finds that coordination delayed Plaintiff's procedural rights.

5. Compel expedited compliance with discovery obligations, including initial disclosures and document production, to address any delays caused by potential coordination.

6. Issue a protective order barring undisclosed or improper communication between separately represented defendants in this case.

7. Consider imposing sanctions under Rule 11 or other appropriate rules if the Court finds that procedural fairness was compromised.

8. Grant any other relief the Court deems just and proper to ensure transparency and procedural integrity.

## CONCLUSION

Plaintiff submits this motion in good faith to clarify the timeline of events, ensure transparency, and avoid any undue prejudice to Plaintiff's case. This inquiry is not intended to allege misconduct but to preserve the fairness and integrity of these proceedings.

**Respectfully submitted,**

/S/Drew J. Ribar

**Drew J. Ribar**

Pro Se Plaintiff

PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COMMUNICATIONS BETWEEN DEFENDANT WASHOE COUNTY AND COUNSEL FOR BUILD OUR CENTER, INC. - 5

3480 Pershing Ln

Washoe Valley, NV 89704

775-223-7899

const2audit@gmail.com

**DATED:** December 30, 2024

Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **DREW J. RIBAR**, **PRO SE PLAINTIFF** | Case No.: 3:24-cv-00526-ART-CLB |
| V. | |
| **WASHOE COUNTY, ET AL.,** | **NOTICE OF SERVICE** |
| **DEFENDANTS.** | |

**TO THE COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE that on December 30, 2024, Plaintiff **Drew J. Ribar**, acting pro se,

served the following document on all counsel of record in this matter:

1. **Plaintiff's Motion for Clarification and Related Relief Regarding Communications
   Between Defendant Washoe County and Counsel for Build Our Center, Inc.**

The document was served via the following methods:

1. **Via Email**:

   o   **Michael Large, Esq.**

   **Email:** mlarge@da.washoecounty.gov

   Counsel for Defendants Washoe County, Washoe County Library System, and

   associated individual defendants

NOTICE OF SERVICE - 1

   o **Alison R. Kertis, Esq.**

    **Email:** akertis@sierracrestlaw.com

    Counsel for Defendant Build Our Center, Inc.

2. **Via Mail** or **In-Person Delivery**: A copy of the document was also sent via U.S. First-Class Mail or personally delivered to the following addresses:

   o **Michael Large, Esq.**

    Washoe County District Attorney's Office

    One South Sierra Street

    Reno, NV 89501

   o **Alison R. Kertis, Esq.**

    Sierra Crest Law

    6770 South McCarran Blvd.

    First Floor

    Reno, NV 89509

## CERTIFICATION

I hereby certify that the foregoing document was served on the above-listed recipients in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Respectfully submitted,**

NOTICE OF SERVICE - 2

/S/Drew J. Ribar

**Drew J. Ribar**

Pro Se Plaintiff

3480 Pershing Ln

Washoe Valley, NV 89704

775-223-7899

const2audit@gmail.com

**DATED:** December  30, 2024

NOTICE OF SERVICE - 3

MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
One South Sierra Street
Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700

ATTORNEY FOR WASHOE COUNTY
DEFENDANTS

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### * * *

DREW RIBAR,

      Plaintiff,

    vs.

WASHOE COUNTY, NEVADA; WASHOE
COUNTY LIBRARY SYSTEM; BUILD OUR
CENTER, INC.; JEFF SCOTT; STACY
MCKENZIE; JONNICA BOWEN; LIBRARY
EMPLOYEE DOE #1; JENNIFER COLE;
DEPUTY C. ROTHKIN (BADGE #5696);
DEPUTY R. SAPIDA (BADGE #4663; SGT.
GEORGE GOMEZ (BADGE #4066); AND
JOHN/JANE DOES 1+10,

      Defendants.

_____/

Case No.  3:24-CV-00526-ART-CSD

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR**
**CLARIFICATION**

       Defendants Washoe County, Washoe County Library System, Jeff Scott, Stacy

McKenzie, Jonnica Bowen, Jennifer Cole, Deputy Rothkin, Deputy Sapida, and Sgt. Gomez, by

and through counsel hereby responds to Plaintiff's Motion for Clarification Regarding

Communications Between Defendant Washoe County and Counsel for Build Our Center, Inc.

(ECF No. 39).  This response is based on the following Memorandum of Points and Authorities.

//

//

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Drew Ribar has filed "Motion For Clarification Regarding Communication Between Defendant Washoe County and Counsel for Build Our Center." ECF No. 39. Therein, Ribar accuses counsel for Washoe County and counsel for Build Our Center of engaging in discussions regarding the lawsuit prior to Defendant Build Our Center's first appearance. *Id.* at 2. Ribar bases his motion on an email sent by the undersigned to Ms. Kertis on December 27, 2024 informing her of Plaintiff's Motion for Entry of Clerk's Default. Ribar asserts that this was improper under FRCP 11 and "ethical standards to avoid improper communication or conduct that prejudices procedural fairness." ECF No. 39 at 3. Ribar's motion has no basis in law or fact, and is brought without a good faith basis.

Court must prevent parties from misusing motion for sanctions as "instruments of harassment or delay." *Rebel Communications, LLC v. Virgin Valley Water Dist.*, 2011 WL 677308, at *5 (D. Nev. 2011) citing *IN–N–OUT Burger v. In & Out Tire & Auto, Inc.*, 2008 WL 2937294 *3 (D.Nev.2008). The moving party bears the burden of establishing an ethical violation or other factual predicate upon which the motion depends. *See United States v. Walker River Irr. Dist.*, 2006 WL 618823(D. Nev. 2006). Courts assume that an attorney will observe his responsibilities to the legal system, as well as to his client. *United States v. Walker River Irr. Dist.*, 2006 WL 618823, at *5 (D. Nev. Mar. 10, 2006) (internal citations and quotations omitted).

Neither the Federal Rules of Civil Procedure, nor the Nevada Rules of Professional Conduct prohibit attorneys for independently named Defendants from speaking about litigation, coordinating activities, discussing legal strategy, or sharing information. FRCP 11 imposes a duty on attorneys or an unrepresented party to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 110 S. Ct. 2447, 2454 (1990). An attorney or unrepresented party who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." *Id.* Ribar does not identify

any paper filed with the court by Defendants Washoe County or Defendant Build Our Center that is the basis for his motion and therefore FRCP 11 is inapplicable to his present accusations.

Likewise, Ribar fails to point to any provision of the Nevada Rules of Professional Conduct that impose an ethical obligation on the undersigned to inform Ribar of communications between counsel for co-defendants. And he cannot, because no such rules exist. *See* Nevada Rule of Professional Conduct 3.4 (fairness to opposing counsel); see also Nevada Rules of Professional Conduct 4.1-4.4 (addressing transactions with persons other than client).

Nevada Rule of Professional Conduct 3.5A specifically provides that "[w]hen a lawyer knows or reasonably should know the identity of a lawyer representing an opposing party, he or she should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed." The alleged improper communication fits squarely within the spirit and context of the rule in preventing default to be entered against Defendant Build Our Center by informing Ms. Kertis of Ribar's intent to take default.

At its core, Ribar's motion lacks any basis in law or fact, and should be summarily denied. Pro se litigants, like Ribar, "remain obligated to follow the same rules as represented parties." *McCart-Pollak v. Saevitzon*, 2024 WL 4279339, at *1 (D. Nev. 2024) citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Self-representation is not an excuse for non-compliance with the court's rules and orders. *See Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute

//

//

//

//

1  excusable neglect, even if the litigant appears pro se.") (citation omitted).  In bringing this

2  motion without a good faith basis, Ribar is wasting the time and resources of not only opposing

3  counsel but also this Court.

4        Dated this 6th day of January 2025.

5                    CHRISTOPHER J. HICKS
                  District Attorney

6

7                    By     /s/ Michael W. Large

8                    MICHAEL W. LARGE
                  Deputy District Attorney

9                    One South Sierra Street
                  Reno, NV  89501
                  mlarge@da.washoecounty.gov

10                    (775) 337-5700

11                    ATTORNEYS FOR WASHOE COUNTY
                  DEFENDANTS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5, I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

Pursuant to FRCP 5, I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON GANSERT KERTIS, ESQUIRE

Dated this 6th day of January 2025.

/s/ C. Theumer
C. Theumer