Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, Nevada 89519
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT
[NORTHERN] DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;<br><br>　　　　　　Defendants. | Case No. 3:24-cv-00526<br><br>**DEFENDANT<br>BUILD OUR CENTER'S<br>REPLY IN SUPPORT OF<br>MOTION TO DISMISS** |

　　　　Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Build Our Center Inc. respectfully requests the Court dismiss Plaintiff Drew Ribar's ("Mr. Ribar") Complaint for failure to state a claim upon which relief can be granted.

　　　　This *Reply in Support of Build Our Center's Motion to Dismiss* (the "Reply") is made and based upon all records and pleadings on file herein together with every exhibit attached hereto (each of which is incorporated herein by this reference), as well as the points and authorities set forth directly below.

　　　　In support of this Reply, Build Our Center states as follows:

**PRELIMINARY STATEMENT**

　　　　Mr. *Ribar's Opposition to Defendant Build Our Center, Inc.'s Motion to Dismiss* (the "Opposition") fails to cure the fatal deficiencies in his Complaint. Mr. Ribar still cannot state a claim upon which relief can be granted as to Build Our Center. For this reason, Build Our Center respectfully requests the Court

grant its *Motion to Dismiss* and award it attorneys' fees and costs for defending against Mr. Ribar's Complaint according to proof.

## POINTS AND AUTHORITIES

### I. The Court Should Not Treat Build Our Center's Motion to Dismiss as a Motion for Summary Judgment.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FRCP 12(d).

Mr. Ribar's Opposition contains statements and exhibits that were not included in his Complaint. (ECF 43, pages 3-4.) Additionally, Mr. Ribar attached four (4) exhibits that purport, among other things, to document Build Our Center's social media posts and emails from the Washoe County Library. However, these matters and exhibits should not be considered by the Court in determining Build Our Center's *Motion to Dismiss* as these are matters outside of the pleadings. Build Our Center respectfully requests the Court not convert the filings to a Motion for Summary Judgment, and rather, scrutinize Mr. Ribar's Complaint under a FRCP 12(b)(6) motion to dismiss standard.

### II. Mr. Ribar's Complaint Fails to State a Claim for Relief Against Build Our Center.

Despite claiming he has "sufficiently alleged viable claims under federal law," Mr. Ribar has failed to articulate how his Complaint contains any factual allegations to support a cognizable legal theory as to Build Our Center. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Mr. Ribar has failed to specify how his one conclusory statement against Build Our Center – that it purportedly "collaborated with the Library System to organize events and acted

in joint participation with state actors" – is sufficient to overcome the Motion to Dismiss. Mr. Ribar's Complaint contains no factual allegations as to how Build Our Center allegedly participated in any misconduct against Mr. Ribar. Although Mr. Ribar attempts to articulate a "nexus" between Build Our Center and the named government Defendants, these statements fail to establish even the basic underlying requirement that Mr. Ribar state how Build Our Center engaged in the purported misconduct.

While the Federal pleading standard under Rule 8 is generous, there are circumstances where it is appropriate to dismiss a Complaint for failure to state a claim for which relief can be granted. The rules required Mr. Ribar to plead *some* facts that would entitle him to relief. He has not done so, nor has he sufficiently explained why his Complaint is fatally flawed. Therefore, dismissing his Complaint as to Build Our Center is warranted.

## CONCLUSION

Simply stated, Mr. Ribar's Complaint is utterly devoid of any factual allegations to survive a motion to dismiss. Furthermore, his Opposition fails to point to any factual allegations to support a cognizable legal theory against Build Our Center.

Therefore, Build Our Center respectfully requests the Court dismiss Mr. Ribar's Complaint in its entirety as to Build Our Center. Build Our Center also respectfully requests an award of reasonable attorneys' fees and costs incurred by Build Our Center in connection with bringing this Motion and Reply against Mr. Ribar.

DATED January 9, 2025.   SIERRA CREST BUSINESS LAW GROUP

By: _____
Alison R. Kertis, Esq. (NSB 38???)
akertis@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system (which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Michael W. Large, Esq.**
DEPUTY DISTRICT ATTORNEY
One South Sierra Street Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez*

DATED: January 9, 2025.

_____
an employee of the
SIERRA CREST BUSINESS LAW GROUP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INDEX OF EXHIBITS**

to

DEFENDANT BUILD OUR CENTER'S
REPLY IN SUPPORT OF MOTION TO DISMISS

re

*Ribar vs. Washoe County, et alia*
*(Case No. 3:24-cv-00526)*

| Exhibit No. | Exhibit Description | Pages (+ Cover) |
|---|---|---|
|  |  |  |
|  | None. |  |
|  | Not applicable. |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |