Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, Nevada 89519
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT
[NORTHERN] DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br><br>                              Plaintiff,<br><br>        v.<br><br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;<br><br>                              Defendants. | Case No. 3:24-cv-00526<br><br><br>**DEFENDANT<br><u>BUILD OUR CENTER'S<br>MOTION FOR LIMITED<br>PROTECTIVE ORDER TO STAY<br>DISCOVERY AS TO BUILD OUR<br>CENTER</u>** |

Defendant BUILD OUR CENTER INC., by and through its undersigned counsel, respectfully requests the Court impose a limited stay of discovery in this proceeding pending disposition of its *Motion to Dismiss* (the "Motion to Dismiss") (filed herein on December 30, 2025), incorporated in its entirety herein.

This *Motion for Limited Protective Order to Stay Discovery as to Build Our Center* ("Motion to Stay") is made and based upon all pleadings and records on file herein, the Declaration of Stacy Spain which is attached hereto as **Exhibit 1** and the Declaration of Alison R. Kertis, Esq. which is attached hereto as **Exhibit 2** together with every exhibit attached hereto (each of which is incorporated herein by this reference), as well as the points and authorities set forth directly below.

/ / /

1

## **PRELIMINARY STATEMENT**

2   Build Our Center does not have the financial resources to litigate a lawsuit
3   or defend itself in an onslaught of discovery that will, most certainly, be
4   propounded by Plaintiff Drew Ribar. Declaration of Stacey Spain ("Dec-SS"),
5   attached hereto as Exhibit 1, at ¶ 7; Declaration of Alison R. Kertis ("Dec-ARK")
6   attached hereto as Exhibit 2, at ¶ 5) Additionally, because Mr. Ribar's *Complaint*
7   is wholly deficient as to its factual allegations against Build Our Center and
8   contains **<u>no</u>** claims upon which relief may be granted, Mr. Ribar cannot, as a
9   matter of law, propound discovery under FRCP 26, which requires discovery
10  requests to be relevant and proportional to the needs of the case. Nothing is
11  relevant or proportional to the needs of Mr. Ribar's case because he has failed to
12  articulate any causes of action against Build Our Center. Respectfully, therefore,
13  Build Our Center requests the Court enter a limited protective order granting a
14  stay of discovery as to Build Our Center pending the Court's adjudication of
15  Build Our Center's Motion to Dismiss.

16

## **PROCEDURAL AND FACTUAL BACKGROUND**

17  Build Our Center is a small Nevada nonprofit that was founded in 2009
18  when locals started fundraising to establish a LGBTQIA+ community center in
19  Reno, Nevada, to support a variety of programs for LGBTQIA+ locals. (Dec-SS at
20  ¶ 5.) Currently, in addition to maintaining the community center, it provides a
21  full calendar of community meetings and events, offers drug and alcohol
22  prevention, recovery, and mental health services, and hosts the yearly Northern
23  Nevada Pride Festival as well as a variety of other programs and events (such as
24  Senior Coffee Time, Out and Sober AA meetings, Women Encouraging Women
25  (Al-Anon), Queer Student Union, Knit Happens, and a book and writing club).
26  (Dec-SS at ¶ 6.) Consequently, most of its financial resources are earmarked
27  from grants to fund its mental health and dependency programs. (Dec-SS at ¶
28  8.) At present, counsel for Build Our Center is representing Build Our Center on

a reduced rate/pro-bono basis. (Dec-ARK at ¶ 6.) But, even with the reduced rate/pro-bono representation, resources for attorneys' time and costs of suit cannot compete with the very likely onslaught of heavy motion practice that will be lodged by Mr. Ribar, especially when he has failed to articulate any claims for relief against Build Our Center. (Dec-SS at ¶ 10; Dec-ARK at ¶ 7.)

Mr. Ribar filed a Complaint against Build Our Center and Washoe County, Nevada, Washoe County Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole, Deputy C. Rothkin, Deputy Sapida, and Sgt. Goerge Gomez (the "Government Defendants") on November 20, 2024. (ECF 2.) In it, Mr. Ribar asserts that he is an "independent journalist" filing to "redress violations of his constitutional rights, including the First, Fourth, and Fourteenth Amendments." (ECF 2, Complaint at 1:22-24.) Allegedly, "Defendants unlawfully restricted Plaintiff's access to public library spaces, retaliated against him for engaging in First Amendment activities, imposed unconstitutional restrictions, improperly demanded his identification without reasonable suspicion, and failed to provide procedural safeguards, resulting in harm." *Id.* at 1:25-2:3. Purportedly, over the course of a year or so, Mr. Ribar was allegedly, among other things, denied access to the Library's Drag Queen Story Hour, assaulted by a Library employee, blocked from the Library's social media page, "barred from accessing library services for one year without notice or an opportunity to contest the restriction," and required to show identification. *Id.* at 4:25-6:10.

How exactly Build Our Center acted in joint participation with the other named Defendants is unclear. Equally unclear is why – despite having no valid claims against Build Our Center – Mr. Ribar believes he is entitled to any damages from Build Our Center (he is not) or why he believes Build Our Center is a state actor (it is not). Therefore, on December 30, 2024, Build Our Center filed its Motion to Dismiss (ECF 37) arguing: (1) Mr. Ribar's Complaint should be dismissed for failure to state a claim upon which relief can be granted; and (2)

Mr. Ribar's Complaint fails to allege facts that Build Our Center is a state actor to substantiate his claims against it under 42 U.S.C. § 1983. Mr. Ribar filed his *Opposition to Motion to Dismiss* (ECF 43) on January 8, 2025. Build Our Center filed its *Reply in Support of Motion to Dismiss* on January 9, 2025, arguing that Mr. Ribar's Complaint has failed to cure the fatal defects of his purported causes of action against Build Our Center. Mr. Ribar can point to no specific facts to support a cognizable legal theory against Build Our Center. *Balistreri v. Pacifica Polic Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Prior to Build Our Center's appearance in this matter, Mr. Ribar and the Government Defendants jointly agreed to a discovery schedule. (ECF 31.) The Government Defendants served their initial disclosures on December 30, 2024, and supplemental disclosures on January 3, 2025. Build Our Center agreed with Mr. Ribar to serve initial disclosures on January 12, 2025. Build Our Center served its initial disclosures on January 10, 2025. As of the filing of this motion, Mr. Ribar has not served his initial disclosures.

Counsel for Build Our Center conducted a Zoom Meet and Confer with Mr. Ribar on January 9, 2025, but the two were unable to come to agreement on a limited stay of discovery. (Dec-ARK at ¶ 8.)

## POINTS AND AUTHORITIES

### I.   LEGAL STANDARD

Although the "Federal Rules of Civil Procedure do not provide for automatic blanket stays of discovery when a potentially dispositive motion is pending," a district court "may enter a protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court 'is convinced that the plaintiff will be unable to state a claim for relief.'" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)(quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981) (*per curiam* )); *see also* FRCP 26(c)(1)(A) and (B) (which permit a court to enter a protective order

to protect any party or person from "annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery" or "specifying the terms, including time and place or the allocation of expenses, for the disclosure of discovery.")

A court may "stay discovery pending resolution of a potentially dispositive motion … when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief.'" *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citing *Tradebay LLC*, 278 F.R.D. at 601-03). "Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants." *Tradebay*, 278 F.R.D. at 600.

## II.    **LEGAL ARGUMENT**

Under the circumstances, justice requires a stay of discovery until the Court adjudicates Build Our Center's Motion to Dismiss. A protective order granting a stay of discovery as to Build Our Center is necessary to effectuate an efficient discovery process instead of permitting Plaintiff to engage in a fishing expedition and conduct discovery with no boundaries or limitations. Simply put, it is improper for Mr. Ribar to put the cart before the horse and engage in discovery before he has factually articulated any claims for relief against Build Our Center.

### a.    **There is No Question Build Our Center's Motion to Dismiss is Dispositive**

Build Our Center filed its Motion to Dismiss pursuant to FRCP 12(b)(6) on December 30, 2024, as to all claims brought against it by Mr. Ribar which, if granted, will dispose of all claims against Build Our Center. *Kor Media Group*

*LLC*, 294 F.R.D. at 581. The Government Defendants have confirmed they will not oppose this Motion to Stay as this lawsuit solely concerns Mr. Ribar's complaints against the Government Defendants. *See* January 7, 2025, email from Michael Large confirming that the Government Defendants will not oppose the motion, a true and correct copy of which is attached hereto as **Exhibit 3**. Build Our Center's Motion under FRCP 12(b)(6) is dispositive as to all causes of action against Build Our Center. Therefore, the first factor articulated by the court in *Kor Media Group* is met.

      **b. <u>Build Our Center's Motion to Dismiss Can Be Decided Without Additional Discovery</u>**

Mr. Ribar's Complaint is facially deficient and there is no need to conduct discovery. Even a cursory review of his Complaint shows that he has not stated a viable cause of action against Build Our Center. There is no need to conduct discovery to determine that Mr. Ribar's Complaint is fatally flawed. "In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings." *Tracy v. United States*, 243 F.R.D. 662, 664 (D.Nev.2007); (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001)). Build Our Center's Motion to Dismiss is based on an analysis of the face of Mr. Ribar's Complaint. It is not necessary to conduct discovery for the Court to determine that Mr. Ribar's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

      **c. <u>If the Court Takes a Preliminary "Peek" at Build Our Center's Motion to Dismiss, it Will See Mr. Ribar's Complaint is Fatally Flawed.</u>**

"A stay of all discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at

603. Upon review of Plaintiff's Complaint and the briefing as to Build Our Center's Motion to Dismiss, the Court will be convinced that Mr. Ribar's Complaint is fatally flawed and should be dismissed as to Build Our Center. There is no question that Build Our Center will prevail in its Motion to Dismiss; "discovery is a waste of effort." *Kor Media Group*, 294 F.R.D. at 583. A stay is appropriate, as is the case here, when a "complaint [is] utterly frivolous, or filed merely for settlement value." *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev.1997).

Mr. Ribar's Complaint fails on its face and contains no "short and plain statement of the claim showing that the pleader is entitled to relief," nor does it contain "sufficient facts which, if accepted as true, will state a claim of relief that is plausible on its face." FRCP 8(a)(2); FRCP 12(b)(6). As set forth in Build Our Center's Motion to Dismiss, Mr. Ribar's Complaint is conclusory and fails to set forth any facts as to the basic circumstances of how Build Our Center allegedly harmed Mr. Ribar. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994) (A court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.) There is no question that Mr. Ribar's Complaint does not meet even the most basic requirements under FRCP 8(a)(2) to survive a FRCP 12(b)(6) motion.

   d. **Any Discovery Mr. Ribar Propounds Will Not Be Relevant or Proportional to the Needs of the Case Under FRCP 26(b) as Mr. Ribar Has Not Stated Facts to Support a Cognizable Legal Theory**

Mr. Ribar's complaint contains no facts to establish any cognizable legal theory against Build Our Center. Build Our Center needs some factual scaffolding to meaningfully participate in discovery. At present, Build Our Center cannot determine from the face of the Complaint how it purportedly denied him

access to the Library's Drag Queen Story Hour, assaulted him (Mr. Ribar's Complaint alleges this was done by a Library employee), blocked him from the Library's social media page, or "barred from accessing library services for one year without notice or an opportunity to contest the restriction." These allegations are directed at the Government Defendants. FRCP 26(b) states parties may obtain discovery "that is relevant to any party's claim or defense and proportional to the needs of the case" – but to be relevant and proportional to the needs of the case, Mr. Ribar is required to first articulate the factual allegations to state a cause of action against Build Our Center. At this point, because the Complaint has **no** factual allegations to state a claim for relief against Build Our Center, it would be not only inefficient but wholly prejudicial to Build Our Center to expect it to participate in discovery.

### a. <u>Build Our Center is Nonprofit and Counsel is Representing it on a Reduced/Pro-Bono Rate</u>

Justice requires entry of a protective order to stay discovery because engaging in a free-for all discovery with no boundaries or limitations would significantly prejudice Build Our Center and its financial resources. Build Our Center obtains most of its finances through grants, which are specifically ear-marked to provide its mental health and dependency programs. (Dec-SS at ¶¶ 8-9.) Build Our Center has little to no resources with which to fund a meritless litigation. It would be unjust and prejudicial to require Build Our Center to expend its limited financial resources to defend against Plaintiff's limitless fishing expedition. (Dec-SS at ¶¶ 7, 10.) Further, although counsel is representing Build Our Center pro bono, and her support staff at a reduced rate, counsel's own time and resources are not unlimited. (Dec-ARK at ¶¶ 9.)

Responding to any discovery by Plaintiff would be an utter waste of the limited financial resources Build Our Center has and would permit Plaintiff to / / /

engage in an unsubstantiated and unnecessary fishing expedition against Build Our Center.

## CONCLUSION

Therefore, because Build Our Center is unable to defend itself against claims made by a Plaintiff who is unable to articulate his claims for relief, Build Our Center respectfully requests that the Court enter a limited protective order staying discovery as to Build Our Center pending the Court's adjudication of Build Our Center's Motion to Dismiss (ECF 37) filed herein on December 30, 2024.

A Proposed Order Granting Build Our Center's Motion for Limited Protective Order to Stay Discovery as to Build Our Center is attached hereto as **Exhibit 4**.

## CERTIFICATION

Build Our Center hereby certifies that the movant has in good faith attempted to confer with Plaintiff Drew Ribar to resolve this dispute without court action. FRCP 26. In addition to emails, Counsel for Build Our Center conducted a Meet-and-Confer with Mr. Ribar via Zoom on January 9, 2025, but the two were unable to come to agreement on a limited stay of discovery. (Dec-ARK at ¶ 8.)

DATED January 10, 2025.    SIERRA CREST BUSINESS LAW GROUP

By: _____
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
Alison R. Kertis, Esq. (NSB 38???)
akertis@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Michael W. Large, Esq.**
DEPUTY DISTRICT ATTORNEY
One South Sierra Street Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library*
*System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen,*
*Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida,*
*and Sgt. George Gomez*

DATED: January 10, 2025.

_____
an employee of the
SIERRA CREST BUSINESS LAW GROUP

## INDEX OF EXHIBITS

to

DEFENDANT BUILD OUR CENTER'S
MOTION FOR LIMITED PROTECTIVE ORDER TO
STAY DISCOVERY AS TO BUILD OUR CENTER

re

*Ribar vs. Washoe County, et alia*
*(Case No. 3:24-cv-00526)*

| Exhibit No. | Exhibit Description | Pages (+ Cover) |
|---|---|---|
| 1. | Declaration of Stacey Spain | 4 |
| 2. | Declaration of Alison R. Kertis, Esq. | 3 |
| 3. | Email from Michael Large | 3 |
| 4. | Proposed Order | ? |
| | | |
| | | |
| | | |
| | | |
| | | |