# EXHIBIT 4

to

# DEFENDANT BUILD OUR CENTER'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY AS TO BUILD OUR CENTER

In

*Ribar vs. Washoe County, et alia*
*(Case No. 3:24-cv-00526)*

Proposed Order

# EXHIBIT 4

|   |   |
|---|---|
|   | UNITED STATES DISTRICT COURT<br>[NORTHERN] DISTRICT OF NEVADA |

DREW RIBAR,

                Plaintiff,

v.

WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;

                Defendants.

Case No. 3:24-cv-00526

[PROPOSED]
**ORDER GRANTING LIMITED PROTECTIVE ORDER TO STAY DISCOVERY AS TO BUILD OUR CENTER**

This matter having come before the Court on *Defendant Build Our Center's Motion For Limited Protective Order to Stay Discovery as to Build Our Center* filed herein on January 10, 2025 (the "Motion"); the Court, having reviewed the Motion together with the response and reply, if any, as well as such other pleadings and records on file as it thought necessary of desirable; the Court deeming itself fully advised in the premises, and finding good cause therefore, concludes that the Motion should be granted.

## I.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

---

[PROPOSED]
ORDER GRANTING LIMITED PO TO STAY DISCOVERY AS TO BUILD OUR CENTER ………………PAGE **1** OF **3**

*See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Group*, 294 F.R.D. at 581.

The Court HEREBY FINDS Build Our Center's Motion to Dismiss filed December 30, 2024 is a dispositive motion in that it seeks to dispose of all causes of action alleged by Plaintiff Mr. Ribar against Build Our Center.

The Court HEREBY FURTHER FINDS Build Our Center's Motion to Dismiss can be decided without the need for additional discovery.

The Court HEREBY FURTHER FINDS that upon a "preliminary peek" at Build Our Center's Motion to Dismiss and Mr. Ribar's Complaint, the Court is convinced that Mr. Ribar is unable to state a claim for relief against Build Our

Center.

WHEREFORE, AND FOR GOOD CAUSE APPEARING, the Court HERBY GRANTS Build Our Center's Motion for Limited Protective Order to Stay Discovery.

IT IS HEREBY FURTHER ORDERED a Limited Protective Order shall become effective upon entry of this Order and shall remain in place until the Limited Protective Order is lifted by the Court's determination of Build Our Center's Motion to Dismiss.

IT IS HEREBY FURTHER ORDERED that no Parties to the action herein shall propound discovery on Build Our Center, nor shall Build Our Center propound any discovery on any of the other Parties until the Limited Protective Order herein is lifted.

IT IS HEREBY FURTHER ORDERED that Mr. Ribar and the Government Defendants shall continue to participate in discovery pursuant to the Stipulated Discovery Plan and Scheduling Order (ECF 31).

IT IS SO ORDERED this _____ day of _____, 202___.

_____
UNITED STATES JUDGE

Respectfully Submitted By:

SIERRA CREST BUSINESS LAW GROUP

_____
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*