Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **DREW J. RIBAR**, **PRO SE PLAINTIFF** <br><br> V. <br><br> **BUILD OUR CENTER, INC., ET AL.,** <br><br> **DEFENDANTS.** | Case No.: 3:24-cv-00526-ART-CLB <br><br> **RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION** |

**I. Introduction**

Plaintiff, pro se, submits this reply to address the responses filed by Washoe County and Build Our Center, Inc. ("BOC"). Plaintiff's Motion for Clarification seeks transparency regarding pre-notice communications between defense counsel, which raise legitimate procedural concerns regarding fairness and compliance with professional and ethical rules. Defendants' responses fail to substantively address these concerns and mischaracterize the motion as procedurally improper.

**II. Arguments**

**A. Procedural Fairness and Transparency Are Paramount**

1. **Timelines Demonstrate Prejudice**:

RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION - 1

- Plaintiff filed a motion for default against BOC, which was appropriate under the Federal Rules of Civil Procedure due to their failure to respond timely.
- Mr. Large's email to Ms. Kertis (dated 14 minutes after Plaintiff's motion filing) and Ms. Kertis' subsequent communication demonstrate a coordinated effort to delay proceedings and prejudice Plaintiff's rights.

2. **Caselaw Supports Fairness in Procedural Conduct**:
   - The Ninth Circuit has long held that litigants, including pro se plaintiffs, are entitled to a fair and impartial process. **Mathews v. Eldridge, 424 U.S. 319, 335 (1976)** highlights due process protections in civil litigation.
   - Courts also emphasize that the conduct of counsel should not interfere with judicial integrity or undermine confidence in the legal system. See **In re Snyder, 472 U.S. 634, 645 (1985)** (requiring professional conduct to preserve confidence in the judiciary).

**B. Ethical Violations and Unequal Treatment of Pro Se Litigants**

1. **Potential Violations of Professional Rules of Conduct**:
   - The Nevada Rules of Professional Conduct prohibit an attorney from engaging in conduct prejudicial to the administration of justice (Rule 8.4(d)).
   - By engaging with opposing counsel before formal notice of appearance and during default motion proceedings, Mr. Large and Ms. Kertis potentially acted in a manner inconsistent with these obligations.
   - This behavior creates an appearance of bias against the pro se Plaintiff and a lack of adherence to procedural safeguards.

RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION - 2

2. **Disparate Treatment of Pro Se Litigants**:

    o The Ninth Circuit recognizes the challenges pro se litigants face and has repeatedly cautioned courts and opposing counsel against taking advantage of procedural knowledge gaps. See **Haines v. Kerner, 404 U.S. 519, 520-21 (1972)** (pro se pleadings held to less stringent standards).

    o The coordinated actions between defense attorneys undermine Plaintiff's ability to pursue claims on equal footing, raising serious concerns about equity in litigation.

### III. The Motion for Clarification Is Proper and Necessary

1. **Clarification Ensures Procedural Integrity**:

    o Plaintiff does not seek privileged information or to interfere with defense strategy meetings. Instead, Plaintiff seeks transparency regarding the timeline and nature of communications that impacted procedural fairness.

2. **No Rules Preclude a Motion for Clarification**:

    o Defendants argue that the motion is improper, yet fail to cite any Federal Rule or Local Rule barring a party from seeking clarification on procedural irregularities.

    o The motion is consistent with **Rule 1 of the Federal Rules of Civil Procedure**, which mandates that rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION - 3

### IV. Plaintiff's Requested Relief

1. **Transparency on Pre-Notice Communications**:
    - Plaintiff respectfully requests the court compel defendants to provide a detailed explanation of communications between Mr. Large and Ms. Kertis prior to BOC's notice of appearance.

2. **Attorney Conduct Scrutiny**:
    - Plaintiff reserves the right to file a complaint with the Nevada State Bar if these communications are found to violate professional conduct rules.

3. **Procedural Safeguards**:
    - Plaintiff asks the court to implement procedural safeguards ensuring fairness and equity in future filings, including timely notice of all actions by opposing counsel.

### V. Conclusion

Plaintiff's motion serves the legitimate purpose of addressing procedural irregularities that prejudice the Plaintiff as a pro se litigant. The responses by Washoe County and BOC fail to adequately address these concerns and instead rely on procedural technicalities to evade scrutiny. Plaintiff respectfully requests that the court grant the relief sought and hold defendants accountable for their actions.

RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION - 4

/S/Drew J. Ribar

**Respectfully Submitted,**

**Drew J. Ribar**

Pro Se Plaintiff

3480 Pershing Ln

Washoe Valley, NV 89704

775-223-7899

const2audit@gmail.com

---

**Key Caselaw Cited**

1. **Mathews v. Eldridge, 424 U.S. 319 (1976)** – Due process protections in civil proceedings.
2. **In re Snyder, 472 U.S. 634 (1985)** – Professional conduct in litigation.
3. **Haines v. Kerner, 404 U.S. 519 (1972)** – Pro se litigants held to less stringent standards.

RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION - 5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Case No.: 3:24-cv-00526

DREW J. RIBAR,

Plaintiff,

v.

WASHOE COUNTY, et al.,

Defendants.

**NOTICE OF SERVICE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on this 11th day of January 2025, Plaintiff, **Drew J. Ribar**, pro se, served the following document upon Defendants in the above-captioned matter via email and U.S. Mail, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules of the District of Nevada:

- **"Plaintiff's Response to Defendants' Responses to Plaintiff's Motion for Clarification"**

These documents were served on the following parties:

- **Michael W. Large**

    Deputy District Attorney (Civil)

    Washoe County District Attorney's Office

    One South Sierra Street

    Reno, NV 89501

    Email: **mlarge@da.washoecounty.gov**

- **Alison R. Kertis, Esq.**

    Sierra Crest Law

    6770 South McCarran Blvd.

    First Floor

RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION - 6

Reno, Nevada 89509

Email: **akertis@sierracrestlaw.com**

**CERTIFICATE OF SERVICE**

I certify that on January 11, 2025, I served the above-mentioned document via email and U.S. Mail to the parties listed above.

Respectfully submitted,

**Dated:** January 11, 2025

**/S/Drew J. Ribar**

**Drew J. Ribar**

Pro Se Plaintiff

3480 Pershing Ln

Washoe Valley, NV 89704

775-223-7899

const2audit@gmail.com

RESPONSE TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CLARIFICATION - 7