Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **DREW J. RIBAR**, **PRO SE PLAINTIFF** | Case No.: 3:24-cv-00526-ART-CLB |
| V. | |
| **BUILD OUR CENTER, INC., ET AL.,** | **PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY** |
| **DEFENDANTS.** | |

## INTRODUCTION

Plaintiff Drew J. Ribar respectfully submits this Opposition to Defendant Build Our Center, Inc.'s ("BOC") Motion for Limited Protective Order to Stay Discovery. Defendant BOC has entered this litigation late, only after a Request for Clerk's Entry of Default had been filed, and has since employed tactics to slow the litigation process. By seeking a stay of discovery, Defendant continues its pattern of delay, prejudicing Plaintiff's ability to fairly prosecute this case.

BOC's motion to stay discovery is part of a broader effort to frustrate Plaintiff, who is litigating this matter pro se. Courts have consistently held that delay tactics are impermissible and contrary to the efficient resolution of cases. See *Fed. R. Civ. P. 1* (requiring that the Federal Rules be administered to secure the "just, speedy, and inexpensive determination of every action"). The Court should reject this motion and allow discovery to proceed uninterrupted.

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY - 1

**ARGUMENT**

**I. The Standard for Protective Orders Requires a Strong Showing**

Under Federal Rule of Civil Procedure 26(c), the moving party bears the burden of demonstrating "good cause" for a protective order. The Ninth Circuit has emphasized that such orders should not be granted lightly, as discovery is a critical component of the judicial process. See *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Moreover, where a protective order would prejudice the opposing party, courts are particularly cautious in granting relief.

BOC's motion does not satisfy the "good cause" standard. Plaintiff seeks discovery regarding BOC's collaboration with Washoe County, including evidence of joint training and decision-making, which is central to the issue of whether BOC acted under the color of state law. A stay of discovery would unfairly shield Defendant from producing key evidence and undermine Plaintiff's case.

**II. BOC's Late Entry and Delay Tactics Prejudice Plaintiff**

BOC's pattern of delay began with its failure to timely respond to the Complaint, necessitating Plaintiff's Request for Clerk's Entry of Default. Only after this filing did BOC appear and begin asserting defenses. Courts have consistently disapproved of such dilatory behavior. See *In re*

*Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (noting that "late filings that unnecessarily delay litigation are disfavored and may warrant sanctions").

BOC's recent motion to stay discovery is yet another attempt to hinder the litigation process. As a pro se litigant, Plaintiff has limited resources, and further delays would unfairly exacerbate the imbalance between the parties.

**III. Evidence Demonstrates BOC's Collaboration with Washoe County**

Contrary to BOC's assertion of independence, the evidence reveals significant collaboration with Washoe County, supporting Plaintiff's claims:

1. **Exhibit 1:**

    An email involving Washoe County staff references training hosted at BOC's facilities, stating:

    > "[M]any of you attended the training we hosted at Our Center." (*2023-06-09 Email Exchange, Attachment Re RainbowFest DSH Meeting*).
    > **Relevance:** This demonstrates BOC's active role in training and preparing participants for Drag Story Hour events, underscoring its collaboration with state actors.

2. **Exhibit 2:**

    A Facebook post from BOC highlights collaboration, stating:

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY - 3

"Our Partners at Washoe County Library have been so busy preparing for Drag Story Hour!" (*2023-06-14 Facebook Post*).

**Relevance:** This refutes BOC's claim of independence, showcasing its active partnership with Washoe County.

3. **Exhibit 3:**

A press release by BOC expressed disappointment over Drag Story Hour cancellations, emphasizing:

"Our Center is deeply disheartened to see our partnership with Washoe County Libraries undermined." (*2024-07-25 Press Release*).

**Relevance:** The explicit acknowledgment of a partnership highlights joint decision-making and mutual reliance.

4. **Exhibit 4:**

An email from Jeff Scott, Library Director, states:

"Library staff are working on partnerships with OUR Center." (*2024-08-06 Email Exchange*).

**Relevance:** Ongoing partnerships extend beyond individual events, demonstrating a sustained collaborative relationship.

**IV. BOC's Counsel Violated Professional and Ethical Rules**

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY - 4

Plaintiff, as a pro se litigant, is entitled to fair treatment under the Federal Rules and ethical standards. Nevada Rule of Professional Conduct 3.5(a) prohibits attorneys from engaging in conduct intended to disrupt a tribunal. BOC's counsel has acted contrary to these rules by engaging in improper communications and attempting to delay litigation through unwarranted motions. Such conduct undermines the integrity of the judicial process and warrants scrutiny.

**V. Public Interest Favors Transparency and Fair Litigation**

The public interest in transparent judicial proceedings and the timely resolution of disputes strongly weighs against granting BOC's motion. Courts have repeatedly recognized the importance of allowing discovery to proceed, particularly where delay tactics would prejudice the opposing party. See *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant Build Our Center's Motion for Limited Protective Order to Stay Discovery.

**EXHIBIT LIST**

1. **Exhibit 1:** Email chain referencing training at BOC facilities.

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY - 5

2. **Exhibit 2:** Facebook post highlighting collaboration with Washoe County Library.

3. **Exhibit 3:** BOC press release acknowledging partnership with Washoe County Libraries.

4. **Exhibit 4:** Email from Library Director confirming ongoing partnerships with BOC.

**NOTICE OF SERVICE**

I hereby certify that on January 11, 2025, I served a true and correct copy of the foregoing Opposition and supporting exhibits via email to all counsel of record in compliance with local rules.

DATED: January 11, 2025.

Respectfully Submitted,

/s/ Drew J. Ribar

3480 Pershing Lane

Washoe Valley, NV 89704

const2audit@gmail.com

PLAINTIFF'S OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY - 6

**PROPOSED ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**Case No.: 3:24-cv-00526-ART-CSD**

**ORDER DENYING DEFENDANT'S MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY**

**BEFORE THE COURT** is Defendant Build Our Center, Inc.'s ("Defendant") Motion for Limited Protective Order to Stay Discovery. Upon consideration of the parties' submissions and the record in this matter, the Court finds as follows:

1. Defendant has failed to demonstrate good cause under Federal Rule of Civil Procedure 26(c) for the issuance of a protective order to stay discovery.
2. Discovery is necessary for the resolution of critical issues in this case, including Defendant's alleged collaboration with Washoe County, which forms the basis for Plaintiff's claims.
3. The Court finds that delaying discovery would unfairly prejudice Plaintiff, particularly as Plaintiff is proceeding pro se and has limited resources.
4. Public interest favors transparency and the timely resolution of disputes.

The Court has reviewed the relevant pleadings, exhibits, and applicable law and concludes that Defendant's motion lacks merit.

**IT IS HEREBY ORDERED** that Defendant's Motion for Limited Protective Order to Stay Discovery is **DENIED**.

IT IS FURTHER ORDERED that discovery in this case shall proceed without delay.

DATED this ___ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE