Drew J. Ribar (Pro Se)
3480 Pershing Ln.
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| **DREW J. RIBAR**, PRO SE PLAINTIFF<br><br>V.<br><br>**BUILD OUR CENTER, INC.,** ET AL.,<br><br>DEFENDANTS. | Case No.: 3:24-cv-00526-ART-CLB<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS** |
|---|---|

## I. INTRODUCTION

Plaintiff submits this supplemental brief to provide additional evidence supporting his opposition to Defendant Build Our Center, Inc.'s (BOC) motion to dismiss. Newly discovered documents demonstrate significant collaboration between BOC and the Washoe County Library System (WCLS) in organizing public events, including Drag Story Hour (DSH) and RainbowFest. These facts establish a sufficient nexus between BOC and state actors under 42 U.S.C. § 1983, justifying denial of BOC's motion.

## II. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege facts that, if true, establish a plausible claim for relief. This includes demonstrating that the defendant acted

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 1

under the color of state law for claims under § 1983 (Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

## III. ARGUMENT

**A. Evidence Demonstrates a Close Nexus Between BOC and State Actors**

BOC's argument hinges on its assertion that it operates independently from WCLS. However, Plaintiff provides substantial evidence showing that BOC collaborated extensively with WCLS in planning and executing public events, including Drag Story Hour and RainbowFest. This collaboration satisfies the "close nexus" requirement for state action under § 1983.

1. **Joint Planning and Coordination**
   - Exhibit 1 demonstrates that WCLS staff and BOC representatives met on February 1, 2023, to discuss a partnership for hosting Drag Story Hours and other events. Key statements, such as "Plans for DQST will have an all-day event when a library hosts to ensure high attendance, music, and fun," show integrated planning efforts.
   - Exhibit 2 includes emails discussing WCLS's invitation to BOC to host a table at a library-sponsored block party. These discussions reflect BOC's active participation in WCLS initiatives.
2. **Resource Sharing and Mutual Responsibilities**

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 2

- Exhibit 4 details shared responsibilities for RainbowFest, including event management, security arrangements, and funding for Drag Story Hour performances via state grants.
- BOC's involvement in event security and public messaging further evidences its role as a joint participant in WCLS-sponsored events.

3. **Scheduling Alignment and Strategic Collaboration**
    - Exhibit 3 contains email correspondence regarding scheduling Drag Story Hour events to align with BOC's availability. Statements such as "Stand by for possible dates around Our Center's availability that don't conflict with ALA" indicate coordinated efforts.

**B. BOC's Activities Constitute State Action Under § 1983**

Under established precedent, a private entity acts under color of state law if it performs functions traditionally reserved for the state or if there is significant state involvement in the private entity's actions (Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 296 (2001)). Here, the evidence demonstrates:

- **Delegation of Governmental Functions**: BOC played a key role in planning and executing public events, including allocating state-grant funds for Drag Story Hour performances.

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 3

- **Interdependence with State Actors**: The close coordination and resource sharing between BOC and WCLS demonstrate that BOC's activities are intertwined with government functions.

**C. Dismissal Is Premature in Light of New Evidence**

BOC's motion improperly seeks dismissal without allowing for discovery into the extent of its collaboration with WCLS. The newly provided exhibits warrant further factual development to fully assess BOC's role as a state actor. Courts routinely deny Rule 12(b)(6) motions in cases where additional discovery is necessary to clarify the facts (Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008)).

**IV. CONCLUSION**

For the reasons stated above and in Plaintiff's initial opposition, the Court should deny Defendant Build Our Center, Inc.'s motion to dismiss. In the alternative, Plaintiff requests leave to amend the complaint to incorporate the additional evidence.

**DATED:** January 20, 2025.

**RESPECTFULLY SUBMITTED,**

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 4

/s/ Drew Ribar

**Drew Ribar**

*Plaintiff, Pro Se*

3480 Pershing Lane

Washoe Valley, NV 89704

(775) 223-7899

const2audit@gmail.com

**INDEX OF EXHIBITS**

**Exhibit 1**:

**Title**: Meeting with Washoe County Library System Regarding Partnership with Our Center

**Description**: Email correspondence documenting a meeting on February 1, 2023, between WCLS staff and BOC representatives. The meeting covered planning public events, including Drag Story Hour and RainbowFest, and demonstrated joint action.

**Relevance**: Establishes coordination and shared goals between WCLS and BOC.

**Source**: 2025-01-20 Exhibit 1 Supplemental Opposition Exhibits to Dismiss.

**Exhibit 2**:

**Title**: Follow-Up Email Regarding Event Participation by Our Center

**Description**: Email from Beate Weinert of WCLS to Jeff Scott discussing the invitation

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 5

extended to BOC to host a table at an SRC kickoff/block party.

**Relevance**: Highlights direct collaboration between WCLS and BOC, undermining claims of independence.

**Source**: 2025-01-20 Exhibit 2 Supplemental Opposition Exhibits to Dismiss.

**Exhibit 3**:

**Title**: Email Communication Regarding Drag Story Hour Planning

**Description**: Correspondence showing event planning coordination between WCLS and BOC. Statements include references to scheduling around BOC's availability and alignment of priorities.

**Relevance**: Demonstrates a close nexus between WCLS and BOC, supporting claims of joint action under §1983.

**Source**: 2025-01-20 Exhibit 3 Supplemental Opposition Exhibits to Dismiss.

**Exhibit 4**:

**Title**: RainbowFest 2023 Event Coordination Documents

**Description**: Detailed plans for RainbowFest 2023, including responsibilities shared between WCLS and BOC for event management, security, and use of state-grant funds for Drag Story Hour performances.

**Relevance**: Establishes mutual responsibilities and collaboration, further supporting the claim

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 6

that BOC acted under the color of state law.

**Source**: 2025-01-20 Exhibit 4 Supplemental Opposition Exhibits to Dismiss.

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS - 7