Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, Nevada 89509
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT
[NORTHERN] DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br>　　　　　　Plaintiff,<br>　　v.<br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;<br>　　　　　　Defendants. | Case No. 3:24-cv-00526<br><br>**DEFENDANT<br>BUILD OUR CENTER'S REPLY<br>RE MOTION FOR LIMITED<br>PROTECTIVE ORDER TO STAY<br>DISCOVERY AS TO BUILD OUR<br>CENTER** |

　　　　Defendant BUILD OUR CENTER INC., by and through its undersigned counsel, herein makes it reply to *Plaintiff's Opposition to Defendant Build Our Center, Inc.'s Motion for Limited Protective Order to Stay Discovery* (ECF 51) filed in this proceeding on January 13, 2025 ("Opposition").

　　　　This *Reply in Support of Motion for Limited Protective Order to Stay Discovery as to Build Our Center* ("Reply") is made and based upon all records and pleadings on file – including the *Motion for Limited Protective Order to Stay Discovery as to Build Our Center* (ECF 49) filed in this proceeding on January 20, 2025 ("Motion to Stay"), which is incorporated in its entirety herein by this reference – and the points and authorities set forth below.

/ / /

/ / /

**INTRODUCTION**

While Plaintiff Drew Ribar's ("Mr. Ribar") *Opposition* raises unfounded claims that Defendant Build Our Center ("Build Our Center) is allegedly conspiring to "frustrate Plaintiff," these claims are a mere distraction from the central issue raised in Build Our Center's Motion to Dismiss and Motion to Stay: Mr. Ribar failed to state a claim upon which relief can be granted as to Build Our Center and, because of this, discovery is not only premature, but would be wholly improper as it would allow Mr. Ribar to conduct an unrestrained fishing expedition. Because Mr. Ribar cannot articulate a cognizable legal theory against Build Our Center or even provide the slightest facts that would suggest Build Our Center is liable for the purported conduct in his Complaint, it is proper to grant a limited protective order to stay discovery as to Build Our Center.

**POINTS AND AUTHORITIES**

**I.  LEGAL ARGUMENT**

Mr. Ribar did not dispute any of Build Our Center's legal argument that: (1) Build Our Center's Motion to Dismiss is dispositive; (2) Build Our Center's Motion to Dismiss can be decided without additional discovery; (3) if the Court takes a preliminary "peek" at Mr. Ribar's Complaint and Build Our Center's Motion to Dismiss, it will determine that the Complaint fails to state a claim for which relief can be granted as to Build Our Center. " *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citing *Tradebay LLC*, 278 F.R.D. 597, 601-03 (D. Nev. 2011). For this reason, the Court should construe his non-opposition as an admission to their merits.

First, Mr. Ribar does not dispute the Motion to Dismiss is Dispositive; the request for relief seeks to dismiss all Mr. Ribar's claims against Build Our Center. There is no question whether the Motion to Dismiss is dispositive. Second, Mr. Ribar does not dispute that the Motion to Dismiss can be decided without the need for additional discovery. Build Our Center's Motion to Dismiss focuses on

the facial flaws of Mr. Ribar's Complaint that requires no scrutiny of any underlying evidence. Third, Mr. Ribar does not dispute that if the Court takes a preliminary "peek" at Mr. Ribar's Complaint and the Motion to Dismiss, it will be convinced that Mr. Ribar will be unable to state a claim for relief. *Tradebay*, 278 F.R.D. at 600. Critically, Mr. Ribar's Complaint contains no facts that give rise to a cognizable legal theory against Build Our Center – that Build Our Center allegedly "collaborated with the Library System to organize events and acted in joint participation with state actors" is insufficient. As set forth in Build Our Center's Motion to Dismiss, Mr. Ribar's Complaint is conclusory and fails to set forth any facts as to the basic circumstances of how Build Our Center allegedly harmed Mr. Ribar. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994) (A court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.) Mr. Ribar's assertion that he has "evidence" of purported "collaboration with Washoe County" is likewise insufficient to survive the Motion to Dismiss; Mr. Ribar's Complaint itself must contain facts that show Build Our Center engaged in misconduct (it did not). Mr. Ribar's Complaint is not only fatally flawed, but he has not and will not be able to allege any facts to support a cognizable legal theory against Build Our Center.

It would be wholly improper to permit Mr. Ribar to propound discovery on Build Our Center without any boundaries or scaffolding. FRCP 26 requires discovery requests to be relevant and proportional – but where there are no articulable facts or cognizable legal theory, no discovery could be relevant or proportional.

/ / /
/ / /
/ / /
/ / /

Δ BUILD OUR CENTER'S REPLY RE MOTION FOR LIMITED PO TO STAY DISCOVERY.............. PAGE **3** OF **6**

**CONCLUSION**

For these reasons, and for those set forth in the Motion to Dismiss and the Motion to Stay, Build Our Center respectfully requests the Court enter a limited protective order and stay discovery as to Build Our Center pending disposition of the Motion to Dismiss.

DATED January 21, 2025.   SIERRA CREST BUSINESS LAW GROUP

By: *[signature: alison]*
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Michael W. Large, Esq.**
DEPUTY DISTRICT ATTORNEY
One South Sierra Street Reno, NV 89501
mlarge@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez*

DATED: January 21, 2025.

/s/ Mayra Ibarra
_____
an employee of the
SIERRA CREST BUSINESS LAW GROUP

# INDEX OF EXHIBITS

to

DEFENDANT BUILD OUR CENTER'S REPLY RE MOTION FOR LIMITED PROTECTIVE ORDER TO STAY DISCOVERY AS TO BUILD OUR CENTER

re

*Ribar vs. Washoe County, et alia*
*(Case No. 3:24-cv-00526)*

| Exhibit No. | Exhibit Description | Pages (+ Cover) |
|---|---|---|
| | | |
| | None | |
| | Not Applicable | |
| | | |
| | | |
| | | |
| | | |