Motion for Judicial Notice of Video Evidence

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DREW J. RIBAR,
**Plaintiff, Pro Se,**
v.
WASHOE COUNTY, et al.,
Defendants.

Case No.: 3:24-cv-00526-ART-CSD

_Filed _Received _Entered _Served On
Counsel/Parties of Record

FEB 2 7 2025

Clerk US District Court
District of Nevada
By:_____ Deputy

## PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF VIDEO EVIDENCE

TO: The Honorable Court and All Counsel of Record

Plaintiff **Drew J. Ribar**, appearing **pro se**, respectfully moves this Court to **take judicial notice of video evidence** filed as **Exhibit A (USB Memory Stick)**, submitted in connection with Plaintiff's **Motion to Lift Stay on Discovery Against Defendant Build Our Center, Inc. ("BOC")**. This request is made pursuant to **Federal Rule of Evidence 201,** which permits courts to take judicial notice of facts that **can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

## I. INTRODUCTION

Plaintiff has filed a **video recording dated July 15, 2023**, as Exhibit A, which documents the **interaction between Plaintiff, Build Our Center (BOC) volunteers, and Washoe County Library staff** at a public event. This video is **directly relevant** to Plaintiff's claims and demonstrates **BOC's active involvement in restricting public access to a government**

PLEADING TITLE - 1

1  **facility and engaging in confrontational conduct that resulted in Plaintiff's removal from**

2  **the premises**.

3

4  This motion requests that the Court **review the video evidence when considering BOC's**

5  **pending Motion to Dismiss and the Motion to Lift Stay on Discovery**.

6
                                                                                              .
7

8

9  **II. LEGAL STANDARD**

10

11  Under **Federal Rule of Evidence 201(b)**, a court may take **judicial notice of a fact that is not**

12  **subject to reasonable dispute because it:**

13

14      1. **Is generally known within the court's territorial jurisdiction, or**

15      2. **Can be accurately and readily determined from sources whose accuracy cannot**

16          **reasonably be questioned.**

17

18  Courts routinely take judicial notice of **public records, video footage, and undisputed**

19  **evidence relevant to a case** (Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir.

20  2010)). Judicial notice is particularly appropriate when the evidence is **central to the claims at**

21  **issue and provides direct proof of the disputed facts** (Khoja v. Orexigen Therapeutics, Inc.,

22  899 F.3d 988, 999 (9th Cir. 2018)).

23

24  In cases involving **public access, First Amendment claims, and government coordination**

25  **with private entities**, courts have taken judicial notice of **recorded events, video evidence, and**

26

27

28  PLEADING TITLE - 2

1  **transcripts that establish factual context** (Cline v. City of Boulder, 2023 WL 3214940 (D.
2  Colo. 2023)).
3
4
5
6  **III. ARGUMENT**
7
8  **A. The Video Evidence Is Highly Relevant to Plaintiff's Claims**
9
10  The video evidence provides **direct visual documentation** of BOC's conduct and its
11  entwinement with Washoe County officials, establishing that:
12
13      1. **BOC volunteers were stationed inside a public library, actively regulating access to**
14         **public areas.**
15      2. **A BOC volunteer engaged in a confrontational act against Plaintiff, which led to**
16         **Plaintiff's removal.**
17      3. **BOC's actions directly impacted Plaintiff's ability to remain in a government-**
18         **controlled facility, demonstrating their involvement in policy enforcement.**
19
20  Since BOC disputes its role in Plaintiff's exclusion from the library event, the Court's **review of**
21  **the video is essential in determining whether BOC's involvement meets the legal standard**
22  **for state action under 42 U.S.C. § 1983.**
23
24
25
26  **B. The Court May Take Judicial Notice of Video Evidence Without Converting the Motion**
27  **to Dismiss Into Summary Judgment**
28
PLEADING TITLE - 3

Judicial notice is appropriate where **evidence is not subject to reasonable dispute** and its authenticity is confirmed. Courts have accepted **publicly recorded video footage and internal surveillance recordings as judicially noticeable evidence** when relevant to a party's claims (Sanders v. Brown, 504 F.3d 903, 911 (9th Cir. 2007)).

Since the **video recording accurately reflects an event that occurred in a public facility and involves key actors in this case, it is proper for the Court to take judicial notice of its contents without converting the Motion to Dismiss into a Motion for Summary Judgment.**

---

**C. Judicial Notice Is Necessary to Ensure a Fair Review of the Facts**

BOC's **Motion to Dismiss argues that it had no governmental role and was not involved in Plaintiff's removal.** However, the **video evidence directly contradicts these assertions,** making it necessary for the Court to consider it **before ruling on BOC's dismissal request or the Motion to Lift Stay on Discovery.**

The Court's **review of the video is crucial to determining whether BOC meets the nexus test for state action,** as Plaintiff has alleged that:

- **BOC coordinated with Washoe County officials to regulate access to a public forum.**
- **BOC took an active role in security and enforcement decisions affecting public access.**
- **Plaintiff's exclusion from the event was facilitated by BOC, demonstrating its participation in government action.**

PLEADING TITLE - 4

Judicial notice is warranted because **BOC cannot credibly dispute the authenticity of the video**, and its content is **directly relevant to the legal issues at hand**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff **respectfully requests that the Court take judicial notice of the video evidence (Exhibit A – Memory Stick) in evaluating BOC's Motion to Dismiss and Plaintiff's Motion to Lift Stay on Discovery**.

**Respectfully submitted,**

**Dated:** February 27, 2025

**/s/ Drew J. Ribar**
Plaintiff, Pro Se
3480 Pershing Ln.
Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com

PLEADING TITLE - 5