**PLAINTIFF'S MOTION TO LIFT STAY ON DISCOVERY AGAINST DEFENDANT BUILD OUR CENTER, INC.**

*(Incorporating Video as Exhibit)*

```
_Filed  _Received  _Entered  _Served On
        Counsel/Parties of Record

        FEB 2 7 2025

        Clerk US District Court
           District of Nevada
By:_____ Deputy
```

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DREW J. RIBAR,
Plaintiff, Pro Se
v.
WASHOE COUNTY, et al.,
Defendants.

Case No.: 3:24-cv-00526-ART-CSD

**PLAINTIFF'S MOTION TO LIFT STAY ON DISCOVERY AGAINST DEFENDANT BUILD OUR CENTER, INC.**

**TO: The Honorable Court and All Counsel of Record**

Plaintiff **Drew J. Ribar**, appearing **pro se**, respectfully moves this Court to **lift the stay on discovery against Defendant Build Our Center, Inc. ("BOC")** and states as follows:

## I. INTRODUCTION

On January 23, 2025, the Court granted BOC's Motion to Stay Discovery, preventing Plaintiff from obtaining crucial evidence. However, **video evidence (attached as Exhibit A) demonstrate BOC's direct role in public event administration, security decisions, and Plaintiff's removal from a public library event**.

This evidence establishes:

PLEADING TITLE - 1

1. BOC was operating as a government agent at the library event, directing and controlling access to a public facility.
2. BOC volunteers engaged in physical confrontation leading to Plaintiff's removal from the premises, demonstrating their authority over public spaces.
3. Plaintiff's ability to oppose BOC's Motion to Dismiss is hindered without discovery into BOC's communications, policies, and role at the library.

As such, **Plaintiff respectfully requests that this Court lift the stay and allow discovery to proceed against BOC**.

## II. RELEVANT FACTS

- **BOC collaborated with the Washoe County Library to organize and facilitate events.**
- **BOC volunteers were stationed inside and outside the public library and had control over access to public areas.** (Exhibit A timestamp 03:23)
- **BOC volunteers directly engaged in interactions that led to Plaintiff's trespassing, including physical interference and instigation of Plaintiff's removal.**

The attached **video (Exhibit A)** demonstrates BOC's active role in public event enforcement, including:

- **BOC volunteers blocking Plaintiff's movement inside and outside the library,** limiting his access to public spaces. (Exhibit A timestamp 09:41)

PLEADING TITLE - 2

- **BOC volunteer initiating physical contact, constituting battery under Nevada law** (Exhibit A timestamp 27:27).
- **Plaintiff being trespassed following an altercation with a BOC volunteer, not library staff or police.** (Exhibit A timestamp 28:36)

The **nexus test for state action** is met because **BOC exercised power typically reserved for government authorities** in restricting Plaintiff's movement inside and outside a public building.

## III. LEGAL ARGUMENT

**A. The Stay on Discovery Prevents Plaintiff from Obtaining Essential Evidence**

Courts have consistently held that **stays of discovery should only be granted in rare circumstances where a dispositive motion would fully resolve the case** (Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011)).

Here, however, BOC's **Motion to Dismiss is based on a factual dispute about its role as a state actor**, which **requires discovery to resolve**. The **video evidence directly contradicts BOC's claim that it had no governmental function** at the event.

A stay of discovery is **only appropriate when a pending motion would dispose of the case entirely**, and even then, the party seeking the stay **must show good cause** (Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989)). **BOC has failed to meet this burden, and the stay should be lifted.**

PLEADING TITLE - 3

### B. The Video Evidence Proves BOC Acted as a State Actor

A **private entity may be held liable under § 1983 if it engages in joint action with the state** (Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001)).

The **nexus test is met** here because:

1. **BOC exercised control over a public facility (the library).**
2. **BOC volunteers restricted access and directed security measures.**
3. **BOC's actions directly led to Plaintiff's removal from the premises.**

**Without discovery, Plaintiff is unable to obtain BOC's communications with Washoe County, policies regarding event security, or directives regarding Plaintiff's removal.**

### C. BOC's Role in Security & Policy Enforcement Requires Further Investigation

BOC's **role in determining who could access the library and who was trespassed** raises serious constitutional concerns. The video evidence **proves that BOC was actively involved in enforcing public access restrictions**, making discovery into their communications and policies essential.

Plaintiff must be able to request:

- **BOC's internal policies regarding public event administration.**
- **Emails, text messages, and meeting notes between BOC and Washoe County officials.**
- **Incident reports regarding Plaintiff's removal from the event.**

PLEADING TITLE - 4

## IV. CONCLUSION

For the foregoing reasons, Plaintiff **respectfully requests that this Court lift the stay on discovery against BOC** and allow Plaintiff to obtain the evidence necessary to litigate this case fairly.

**Respectfully submitted,**

**Dated:** February 27, 2025

/s/ Drew J. Ribar
Plaintiff, Pro Se
3480 Pershing Ln.
Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com