PLAINTIFF'S REPLY TO DEFENDANT BUILD OUR CENTER, INC.'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DREW J. RIBAR,
Plaintiff, Pro Se,
v.
WASHOE COUNTY, et al.,
Defendants.

Case No.: 3:24-cv-00526-ART-CSD

PLAINTIFF'S REPLY TO DEFENDANT BUILD OUR CENTER, INC.'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

TO: The Honorable Court and All Counsel of Record

Plaintiff **Drew J. Ribar**, appearing **pro se**, submits this **Reply to Defendant Build Our Center, Inc.'s ("BOC") Limited Opposition to Plaintiff's Motion for Leave to File Supplemental Brief**, and states as follows:

# I. INTRODUCTION

BOC's **Limited Opposition** is based on three primary arguments:

1. Plaintiff's Supplemental Brief improperly introduces new evidence and arguments that should not be considered in ruling on a Motion to Dismiss.

PLEADING TITLE - 1

2. **BOC's Motion to Dismiss is a facial attack** on Plaintiff's Complaint, and therefore additional evidence should not be considered.

3. **BOC is a private entity and cannot be found liable under § 1983**, making any supplemental briefing futile.

However, BOC's arguments fail because:

- **The Supplemental Brief does not introduce new claims but rather supports existing allegations** with additional evidence demonstrating BOC's involvement in public event security and Plaintiff's exclusion.
- **A motion to dismiss should not be used to prevent factual development** when discovery is necessary to determine whether BOC was acting under color of state law.
- **The nexus test for state action is a factual issue that requires additional briefing** and cannot be resolved on a facial attack alone.

For these reasons, Plaintiff **respectfully requests that the Court grant leave to file the Supplemental Brief** and consider the additional evidence.

## II. ARGUMENT

### A. The Supplemental Brief Supports Plaintiff's Existing Claims, Not New Allegations

BOC mischaracterizes the purpose of Plaintiff's Supplemental Brief by claiming that it introduces new legal theories. In reality, the **brief provides additional support for Plaintiff's**

PLEADING TITLE - 2

already pled allegations regarding BOC's role in event security, coordination with Washoe County, and enforcement of public policies.

- ◆ **The newly presented video evidence (Exhibit A) confirm:**

  - BOC volunteers were inside and outside the public library, actively involved in public event administration.
  - BOC personnel took an enforcement role by restricting access and directly engaging in confrontational conduct with Plaintiff.
  - Plaintiff's exclusion from the public event was facilitated by BOC's actions, demonstrating its role in government policy enforcement.

Thus, **the supplemental brief does not create new claims but reinforces existing claims with further proof that BOC was acting under color of law**.

---

**B. BOC's Motion to Dismiss Cannot Be Decided Without Addressing Key Factual Issues**

BOC argues that because its **Motion to Dismiss is a "facial attack" on the Complaint, additional evidence should not be considered.** However, **this argument is misleading and ignores established legal precedent.**

A **facial attack** only tests whether a complaint states a plausible claim **on its face**. However, when a **defendant's role in public policy enforcement is disputed, courts allow factual development** before ruling on dismissal.

PLEADING TITLE - 3

✦ **Key Case Law:**

- In **Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001)**, the Supreme Court held that **state actor status is a fact-intensive inquiry** that cannot be resolved without considering the defendant's conduct.
- In **Lee v. Katz, 276 F.3d 550, 554 (9th Cir. 2002)**, the Ninth Circuit found that **private entities operating in public spaces may be deemed state actors if they control access to public forums**.

Since **BOC controlled public access at a government facility and played a role in Plaintiff's removal**, its state actor status **cannot be decided on a Motion to Dismiss without factual inquiry**.

**C. The Nexus Test Requires Further Briefing and Cannot Be Resolved Without Additional Evidence**

BOC's primary argument for dismissal is that **it is a private entity with no government entanglement**. However, **this is a question of fact, not law**, and requires additional briefing.

The **nexus test for state action** examines whether a private entity is **so entangled with government functions** that its actions may be fairly attributed to the state (Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

PLEADING TITLE - 4

✦ **Here, the video evidence directly contradict BOC's argument and support Plaintiff's need for additional briefing because:**

- BOC volunteers coordinated with Washoe County Library staff in controlling access to a public event.
- BOC initiated confrontational conduct that led to Plaintiff's exclusion from the public space.
- Without discovery into BOC's internal policies and communications with Washoe County, the extent of its government entanglement remains unclear.

Thus, **BOC's argument that Plaintiff's Complaint is "fatally flawed" is premature and unsupported by the factual record.**

## III. CONCLUSION

For the foregoing reasons, Plaintiff **respectfully requests that the Court grant Plaintiff's Motion for Leave to File Supplemental Brief** in opposition to BOC's Motion to Dismiss.

**Respectfully submitted,**

**Dated:** February 27, 2025

/s/ Drew J. Ribar
Plaintiff, Pro Se
3480 Pershing Ln.
Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com

PLEADING TITLE - 5