Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT
[NORTHERN] DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br>                    Plaintiff,<br>   v.<br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;<br>                    Defendants. | Case No. 3:24-cv-00526<br><br>**DEFENDANT BUILD OUR CENTER'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY ON DISCOVERY AGAINST BUILD OUR CENTER, INC.** |

Defendant BUILD OUR CENTER INC., by and through its undersigned counsel, hereby files its opposition to *Plaintiff's Motion for to Lift Stay on Discovery Against Defendant Build Our Center, Inc.* (the "Motion") filed herein on February 27, 2025 [ECF 61].

This opposition is made and based upon all the pleadings and records on file herein and the Points and Authorities set forth directly hereinbelow.

**POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Mr. Ribar's request that this Court lift the discovery stay as to Build Our Center is untimely and does not comply with the correct legal standard for this Court to reconsider its prior Order. The Court should deny Mr. Ribar's Motion.

/ / /

## II. LEGAL STANDARD

A motion for reconsideration must be brought under FRCP 59(e) and LR 59-1. "Motions for reconsideration are disfavored and 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1163 (N.D. Cal. 2019) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). Moreover, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## III. LEGAL ARGUMENT

First, Mr. Ribar's Motion is untimely. Pursuant to LR 59-1, a motion for reconsideration must be brought within a "reasonable time." Under FRCP 59, "A motion to alter or amend a judgment must be filed no later than twenty-eight (28) days after entry of the judgment." All reasonable time to file a motion for reconsideration has passed and Mr. Ribar's Motion should have been filed no later than February 20, 2025 (within twenty-eight (28) days after entry of the Court's Order granting the stay).

Second, although Mr. Ribar introduces "video evidence" that purports to "demonstrate BOC's direct role in public event administration" his alleged "evidence" overlooks the crux of the underlying issue: his Complaint contains fatal flaws and fails to state a claim upon which relief can be granted. **Mr. Ribar continues to ignore that his Complaint needs to contain specific facts to support a cognizable legal theory against Build Our Center**. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). Although Mr. Ribar claims to have evidence supporting a theory that Build Our Center was allegedly

a "government agent," the face of his Complaint is devoid of any facts that Build Our Center, in any capacity, denied Mr. Ribar access to Drag Queen Story hour, assaulted him, or blocked his access to the Washoe County Library's Facebook page. Mr. Ribar's Complaint, on its face, remains flawed and no amount of alleged evidence that Build Our Center is purportedly a government actor will change the underlying circumstances and facts. Mr. Ribar ***still*** has not and will not be able to set forth factual allegations to support a cognizable legal theory under which Build Our Center could be found liable for any wrongdoing or damage as to Mr. Ribar.

### IV. CONCLUSION

Ultimately, the Court should deny Mr. Ribar's Motion. It is not only untimely, but there are no unusual circumstances here for the Court to grant it: Mr. Ribar has not presented any (relevant) new evidence, Mr. Ribar has not demonstrated the Court committed clear error, nor has there been any intervening change in controlling law.

DATED: March 6, 2025.        SIERRA CREST BUSINESS LAW GROUP

By: _____
Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system (which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Lindsay L. Liddell** (SBN 14079)
**Andrew Cobi Burnett** (SBN 16505)
DEPUTY DISTRICT ATTORNEYS
One South Sierra Street Reno, NV 89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez*

DATED: March 6, 2025.

/s/ Mayra Ibarra
_____
an employee of the
SIERRA CREST BUSINESS LAW GROUP

**INDEX OF EXHIBITS**

to

DEFENDANT BUILD OUR CENTER'S OPPOSITION TO
PLAINTIFF'S MOTION TO LIFT STAY ON DISCOVERY
AGAINST BUILD OUR CENTER, INC.

re

*Ribar vs. Washoe County, et alia*
*(Case No. 3:24-cv-00526)*

| Exhibit No. | Exhibit Description | Pages (+ Cover) |
|---|---|---|
| | None | |
| | Not applicable | |
| | | |
| | | |
| | | |
| | | |
| | | |