# EXHIBIT 3

# EXHIBIT 3

| | |
|---|---|
| **From:** | Const2Audit |
| **To:** | Liddell, Lindsay L |
| **Cc:** | Larkin, Stephanie; Burnett, Andrew Cobi; Alison Kertis |
| **Subject:** | Re: Meet and confer re video depositions- protective order |
| **Date:** | Wednesday, March 12, 2025 7:34:38 AM |
| **Attachments:** | 2025-03-10 Index of Exhibits Amended Complaint.pdf |

**This Message Is From an External Sender**
This message came from outside of Washoe County -- DO NOT CLICK on links or open attachments unless you are sure the content is safe.

**Report Suspicious**

Dear Ms. Liddell,

I have reviewed your latest responses, and it is clear that the **Defendants' refusal to allow meet and confer discussions to be recorded or formally documented is an admission that they fear public scrutiny and accountability.** This case is fundamentally about **First Amendment rights, free press, and government transparency**—yet your office actively seeks to suppress public records, block access to information, and now obstruct transparency in litigation.

## 1. Your Clients' Fear of Being Recorded is Telling

Your statement that you do not wish to be recorded because of potential "harassment" is a clear acknowledgment that **your clients fear the public knowing the truth about their conduct**. The Founding Fathers envisioned a **free press to hold public officials accountable**—whether they are police officers, elected officials, or librarians engaging in misconduct.

You claim that **your clients have suffered harm from public exposure, but you fail to acknowledge that they are the ones who initiated false accusations against me**—including **libelous claims spread by mainstream media outlets like KUNR, This is Reno, RGJ, and the ACLU.** These lies have caused substantial **financial harm to my business, my reputation, and my livelihood.**

If your clients truly stand by their actions, they should have no issue being held accountable in the **court of law and the court of public opinion.** Their refusal to be recorded proves they know they have engaged in wrongdoing and fear the **public outcry and personal embarrassment that transparency will bring.**

## 2. Meet and Confer Transparency is Essential

Your assertion that **there is no legal authority requiring the recording of meet and confer discussions** is irrelevant—there is also **no law prohibiting it**. Transparency in legal proceedings is always favored, and this refusal only further justifies my **forthcoming motion to require documentation of all meet and confers.**

- **Federal Rules of Civil Procedure 26(f) and 30(b)(3)** allow for transparency in discovery proceedings, and nothing prohibits recording procedural negotiations.
- Your refusal to engage in recorded discussions **undermines due process** and suggests an intent to **misrepresent** or **manipulate the content of these conversations later.**
- I will be **filing my motion to the Court** requesting judicial intervention to ensure meet and confer discussions are **recorded or at a minimum, documented in writing to prevent misrepresentation.**

## 3. Defendants' Liability and the Need for Resolution

Let's be clear—this case is already shaping up to be a **multi-million-dollar liability for Washoe County**.

- The Library System operates on a **$17 million annual budget**, yet your clients have spent nearly three years engaging in **viewpoint discrimination, false accusations, and censorship of protected speech**.
- **Your own clients have documented their intent to manipulate public access and suppress viewpoints they disagree with**—clear violations of **42 U.S.C. § 1983** and **well-established First Amendment protections**.
- The County has actively enabled libelous media campaigns against me, falsely accusing me of injuring a librarian, while also fabricating public meeting minutes to misrepresent my statements.

Given the overwhelming evidence of **Defendants' misconduct**, I am confident that a jury would find in my favor, and a **$17 million damage award is not unreasonable** based on precedent in similar **§ 1983 cases**.

## 4. Upcoming Amended Complaint Expands the Case

I am finalizing my **Amended Complaint**, which will include **new defendants, additional causes of action (15 in total), and substantial new evidence** obtained through a records request that was handled by Luke Busby for Val Fiannaca that **further exposes the pattern and practice of exclusion, viewpoint suppression, and coordinated security efforts by Defendants.**

- **New Defendants to be Added:**
    - **Library Doe Thanh Nguyen**
    - **Beate Weinert**
    - **Stacey Spain of Our Center**
    - **Christopher Daniels**
    - **Angeline Peterson of Our Center**
- **Index of Exhibits (1,500+ Pages):**
    - Internal communications showing long-term targeting of specific groups.
    - Partnership documents proving collaboration between Washoe County and Build Our Center.
    - Evidence of joint training and security efforts to **control public narratives and exclude certain individuals**.
    - Emails proving that Defendants **manipulated public meeting minutes** to distort what I actually said.

Since I assume **Defendants will not voluntarily agree to my amendment**, I will be **filing a Motion for Leave to Amend** by the end of this week. This will significantly **expand the scope of this case, increase the number of depositions, and require additional discovery.**

I have attached **the Index of Exhibits** I have compiled, which details the **extensive evidence** supporting my case. **This evidence confirms a long-standing pattern of viewpoint-based exclusion, selective enforcement, and unconstitutional collaboration between Washoe County Library and private organizations.**

## 5. Settlement Offer

To avoid a **lengthy, expensive, and highly publicized trial**, I am willing to **settle this case under the following conditions**:

1. **$3 million settlement to compensate for damages**, including the **financial harm to my business** caused by the County's defamatory statements and misconduct.
2. **A formal public apology** acknowledging that Defendants spread false information that damaged my reputation.
3. **Immediate unblocking of my accounts from all Washoe County social media platforms** and the implementation of a **new countywide social media policy** that prevents future viewpoint-based censorship.

If these conditions are met, I will agree to **dismiss the lawsuit and release all claims**. Otherwise, I will **move forward with litigation, file my motion for meet and confer transparency, and ensure that every aspect of this case is fully exposed to the public and the Court.**

## 6. Deadline for Response

If Defendants wish to settle this case, you must provide a **written response by March 14, 2025.** Failure to engage in settlement discussions will result in **the full force of litigation, including my upcoming motion regarding meet and confer transparency and my motion for leave to amend.**

If Defendants continue to obstruct transparency and accountability, I will make sure that the **full details of this case are exposed to the public, the media, and most importantly, a jury.**

I look forward to your prompt response.

**Sincerely,**

**Drew Ribar**

*775-223-7899*

*Auditing Reno 911*

On Tue, Mar 11, 2025 at 5:30 PM Liddell, Lindsay L <lliddell@da.washoecounty.gov> wrote:
> My prior response inadvertently sent before I was able to finish responding to the remainder

of your email. Below is my response to the remainder.

I am not aware of any legal authority that requires or permits recording meet and confer or other communications between parties to resolve litigation issues. Recording such communications is highly unusual and inappropriate.
Moreover, after seeing the harassment my clients faced as a result of your videos, I do not wish to subject myself to similar harassment assuming you publish recordings of me online.

While we are in the discovery phase, we need to be able to meet and confer with frank discussions of discovery issues. Your position that you are entitled to record these conversations is both not supported by law and interferes with productive conference on pending issues.

If you would like to have a non-recorded meet and confer on either Defendants' proposed protective order or your proposed motion sent earlier today, please let me know. Otherwise, feel free to file your motion.

Sincerely,
Lindsay Liddell

Lindsay L. Liddell, Esq.
Deputy District Attorney
One South Sierra Street
Reno, Nevada 89501
Tel. 775-337-5714
Fax 775-337-5718



**CONFIDENTIAL AND PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND WORK PRODUCT:** This communication, including attachments, is for the exclusive use of the addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication, and destroy all copies and attachments.

---

**From:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Sent:** Tuesday, March 11, 2025 5:21:33 PM
**To:** Const2Audit <const2audit@gmail.com>
**Cc:** Larkin, Stephanie <slarkin@da.washoecounty.gov>; Burnett, Andrew Cobi <CBurnett@da.washoecounty.gov>; Alison Kertis <akertis@sierracrestlaw.com>
**Subject:** Re: Meet and confer re video depositions- protective order

Hi Mr. Ribar,

i haven't had a chance to draft a proposed protective order. However, the protective order that I proposed in my below email would prohibit any use or sharing of compelled discovery

(including deposition recordings) for any purpose other than to litigate the instant case. I was seeking to meet and confer, and to obtain your position on the concept of such an order.

Lindsay L. Liddell, Esq.
Deputy District Attorney
One South Sierra Street
Reno, Nevada 89501
Tel. 775-337-5714
Fax 775-337-5718



**CONFIDENTIAL AND PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND WORK PRODUCT:** This communication, including attachments, is for the exclusive use of the addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication, and destroy all copies and attachments.

---

**From:** Const2Audit <const2audit@gmail.com>
**Sent:** Tuesday, March 11, 2025 2:46:54 PM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Larkin, Stephanie <slarkin@da.washoecounty.gov>; Burnett, Andrew Cobi <CBurnett@da.washoecounty.gov>; Alison Kertis <akertis@sierracrestlaw.com>
**Subject:** Re: Meet and confer re video depositions- protective order

**Dear Ms. Liddell,**

I acknowledge your email summarizing our phone conversation. However, I must clarify and correct certain points:

## 1. Request for the Alleged Proposed Protective Order

You stated that I could provide my position on the "proposed protective order" via email. However, **you did not attach any proposed protective order** to your message.

- Before I can provide a substantive response, I **formally request that you send the proposed protective order immediately**.

## 2. Meet and Confer Documentation & Recording

This entire lawsuit is about **government transparency, free speech, and press rights**, yet you continue to obstruct transparency in our legal discussions.

- Meet and confer discussions **must be documented** to ensure fairness and prevent misrepresentation.

- You claim that the rules **require a meet and confer by telephone or in person**, but **no rule prohibits documentation or recording** of such discussions.
- Given your refusal to allow any **record of these discussions**, I will **seek judicial intervention to ensure future meet and confers are recorded or documented**.

## 3. Objection to Any Attempt to Restrict My Ability to Record and Publish Depositions

Your attempt to **suppress video depositions of public employees in a public lawsuit raises serious First Amendment concerns**.

- Public employees testifying about their **official duties lack an expectation of privacy** (*Glik v. Cunniffe*, 1st Cir. 2011; *Fields v. City of Philadelphia*, 3d Cir. 2017).
- **Fed. R. Civ. P. 30(b)(3)** allows deposition recordings **unless restricted by a court-issued protective order**—which **has not been granted**.
- If Defendants intend to seek such an order, **they bear the burden under Fed. R. Civ. P. 26(c) to establish good cause**, which you **have not provided**.

## 4. Notice of Intent to File a Motion

Due to your **ongoing refusal to allow transparency in meet and confer discussions**, I intend to file a **motion with the Court to require all meet and confers to be recorded or formally documented in writing.** This motion will request:

1. **That all future meet and confer discussions be recorded or documented** to ensure an accurate record.
2. **That any party refusing to document or record these discussions be barred from misrepresenting them in future motions or filings.**
3. **That the Court admonish Defendants' counsel for obstructing procedural fairness in discovery negotiations.**

If you continue to oppose this request, you must **provide a clear legal basis by March 14, 2025** for why transparency should be denied in this case, which directly concerns **government accountability and public access to information**.

I expect your **timely response with the proposed protective order** and a **written legal basis** for any restrictions you intend to impose.

**Sincerely,**

**Drew Ribar**

*Auditing Reno 911*

**775-223-7899**