# EXHIBIT 4

# EXHIBIT 4

| | |
|---|---|
| From: | Const2Audit |
| To: | Liddell, Lindsay L |
| Cc: | Burnett, Andrew Cobi; jcarter@sierracrestlaw.com; akertis@sierracrestlaw.com |
| Subject: | Re: Depositions |
| Date: | Thursday, March 13, 2025 7:27:28 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

**This Message Is From an External Sender**
This message came from outside of Washoe County -- DO NOT CLICK on links or open attachments unless you are sure the content is safe.

Report Suspicious

Dear Ms. Liddell,

I appreciate your continued coordination on the scheduling of depositions and receipt of the deposition notices. I will await your confirmation regarding Assistant Director McKenzie's availability for **March 31, 2025, from 1:00 PM–4:00 PM**.

Regarding your inquiry about a protective order prohibiting the use or publication of deposition recordings, I want to make my position unequivocally clear:

## First Amendment Protections & Government Transparency

As part of my **journalistic auditing mission**, I fully intend to record and publicly disseminate the deposition videos of public officials testifying about **official government actions**. The First Amendment guarantees my right to do so, as reinforced by modern legal precedents. The U.S. Supreme Court has consistently affirmed that the **press and the public have a right to access government proceedings**, particularly when public officials are acting in their official capacity (*Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986)).

Additionally, *Glik v. Cunniffe* (655 F.3d 78, 1st Cir. 2011) and *Fields v. City of Philadelphia* (862 F.3d 353, 3d Cir. 2017) establish that the **public has the right to record public officials performing their official duties**. Given that these depositions concern **the actions of government officials and their conduct in relation to public policy**, there is a **strong public interest in ensuring transparency**.

## Historical Tradition and the Bruen Test

Under the Supreme Court's constitutional interpretation standard set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), a constitutional right may only be restricted if there is a **historical tradition of such restrictions** at the time of the **ratification of the First Amendment (1791)** or the **ratification of the Nevada Constitution (1864)**.

While depositions were not widely published in newspapers during these periods, the

**foundational principles of government transparency, public trial access, and press freedoms** were well established. Newspapers routinely reported on **court proceedings, trials, and government investigations** (see *Zenger v. Cosby*, 1735; *Gazette of the United States*, 1789).

In today's digital age, platforms like **YouTube and other social media outlets serve the same function as the 18th-century printing press—informing the public about government actions**. Under the **Bruen framework**, any attempt to suppress the publication of deposition videos **must be historically justified**. To date, no such precedent exists, meaning the **default presumption is in favor of publication**.

## Protective Order Objection – No Good Cause Shown

Your request for a **protective order** restricting deposition recordings **lacks a valid legal basis**. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), establishes that **a protective order can only be granted for "good cause" if specific harm is demonstrated**. Courts have repeatedly ruled that **mere embarrassment or concern about public perception is not sufficient to warrant a protective order**.

Unless the County can provide a **specific, compelling, and legally justified reason** for such a restriction, I will **oppose any protective order** and file a motion challenging any attempt to suppress public access to these depositions. If the County believes there is **actual harm** that justifies a restriction, I expect a detailed written legal justification **by March 17, 2025**.

## My Intentions and Next Steps

I will proceed as follows:

1. **All depositions will be recorded in full compliance with FRCP 30(c)(1)**, utilizing a **certified legal videographer** under a court reporter's supervision.
2. **I will disseminate these deposition videos publicly**, including via YouTube, in the interest of **government accountability, transparency, and press rights**.
3. **If the County files a motion for a protective order**, I will file a formal objection and invoke *Seattle Times v. Rhinehart* to ensure that **no unconstitutional restrictions are imposed**.
4. If **no valid legal justification is provided by March 17, 2025**, I will assume that no restriction is warranted, and I will **proceed with full public dissemination of all recorded depositions**.

This case concerns **serious First Amendment and government accountability issues**, and the public has the right to **see and hear firsthand how government officials conduct themselves in these depositions**. Transparency serves **justice and the public interest**, and I will not allow this process to be hidden behind unnecessary secrecy.

Please confirm McKenzie's availability and whether the County will provide a valid legal justification for a protective order.

Best regards,
**Drew J. Ribar**
**Plaintiff, Pro Se**

3480 Pershing Ln.
Washoe Valley, NV 89704
(775) 223-7899
**const2audit@gmail.com**

On Wed, Mar 12, 2025 at 5:15 PM Liddell, Lindsay L <lliddell@da.washoecounty.gov> wrote:

> Hi Mr. Ribar,
>
> I am in receipt of the deposition notices. I will confirm the date with Assistant Director McKenzie. As I explained in a previous email, we may need to reschedule the depositions if we cannot resolve the protective order issue beforehand. Based on your email correspondence, I assume you are not in agreement. However, I have not yet received a formal position from you on the concept of a protective order prohibiting use or publication of compelled discovery, including deposition video. I received your position on recording meet and confer discussions, but I don't think I received a direct response regarding the proposed protective order. I also received your draft motion on that issue, but have not seen it filed. Nonetheless, do you intend to publish deposition video on youtube or other social media?
>
> Please let me know your position on the protective order at your earliest convenience.
>
> Sincerely,
>
> Lindsay Liddell
>
> 
>
> **Lindsay L. Liddell**
>
> **Deputy District Attorney**
>
> **District Attorney's Office**
>
> lliddell@da.washoecounty.gov | O: 775-337-5714
>
> One South Sierra Street, Reno, NV 89501
>
> 

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

**From:** Const2Audit <const2audit@gmail.com>
**Sent:** Wednesday, March 12, 2025 2:25 PM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Burnett, Andrew Cobi <CBurnett@da.washoecounty.gov>; jcarter@sierracrestlaw.com; akertis@sierracrestlaw.com
**Subject:** Re: Depositions

Dear Ms. Liddell,

Thank you for providing the availability for Assistant Director McKenzie. Based on the proposed dates, I have reserved the Washoe County Law Library conference room for **Monday, March 31, 2025, from 1:00 PM to 4:00 PM** to accommodate her deposition.

I will be issuing formal deposition notices in accordance with **FRCP 30** and will serve them upon all parties. Please confirm whether this date works for Assistant Director McKenzie, or if any adjustments are necessary.

As previously confirmed, all depositions will be recorded, in compliance with **FRCP 30(c)(1)**.

I appreciate your coordination, and please let me know if any further details need to be addressed.

Best regards,
**Drew J. Ribar**
Plaintiff, Pro Se
3480 Pershing Ln.
Washoe Valley, NV 89704
(775) 223-7899

On Mon, Mar 3, 2025 at 9:53 AM Liddell, Lindsay L <lliddell@da.washoecounty.gov>

wrote:

Hi Mr. Ribar,

Thank you for confirming those dates. I will keep an eye out for the formal notices.

Assistant Director McKenzie is available on the following dates:

Friday March 28

Monday March 31

Friday April 11

Monday April 14

Friday April 18



**Lindsay L. Liddell**

**Deputy District Attorney**

**District Attorney's Office**

lliddell@da.washoecounty.gov | O: 775-337-5714

One South Sierra Street, Reno, NV 89501



**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed.  This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine.  The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited.  If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

**From:** Const2Audit <const2audit@gmail.com>
**Sent:** Friday, February 28, 2025 11:10 AM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Burnett, Andrew Cobi <CBurnett@da.washoecounty.gov>; jcarter@sierracrestlaw.com; akertis@sierracrestlaw.com
**Subject:** Re: Depositions

**Dear Ms. Liddell,**

Thank you for your response and for coordinating deposition availability for Director Scott and Ms. Bowen. Based on the availability provided and to ensure an efficient deposition schedule, I have reserved the **Washoe County Law Library conference room** on the following dates:

- **Monday, March 24, 2025, from 1:00 PM to 4:00 PM** – Reserved for Ms. Bowen.
- **Friday, April 4, 2025, from 8:00 AM to 11:00 AM** – Reserved for Director Scott.

Additionally, I am still awaiting proposed dates for **Assistant Director McKenzie** and will coordinate accordingly once those are provided.

Regarding **videorecording**, I understand your position and confirm that depositions will be recorded **by a certified legal videographer under the direction of a court reporter**, in compliance with **FRCP 30(c)(1)**.

To finalize the depositions, I will issue **formal deposition notices** in accordance with **FRCP 30** and serve them upon all parties. Please confirm whether the above dates work for the witnesses, or if any adjustments need to be made.

I look forward to your confirmation and will proceed with court reporter arrangements upon receipt.

**Best regards,**
**Drew J. Ribar**
Plaintiff, Pro Se
3480 Pershing Ln.
Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com

On Wed, Feb 26, 2025 at 4:55 PM Liddell, Lindsay L <lliddell@da.washoecounty.gov> wrote:

Hi Mr. Ribar,

Thank you for your patience. Our Center's counsel are CC'd here because they have a right to attend the depositions as a party to the case.

I was able to coordinate with Director Scott and Ms. Bowen to provide you proposed dates for their depositions below. I'm still waiting to get some dates from Assistant Direct McKenzie, and I will send you a follow up message with dates for her once I have them. These dates are not reserved in anyone's calendar, so please let us know when you would like to schedule the depositions as soon as possible. This will avoid unnecessary back-and-forth if one of the witnesses has calendar changes that affect their below availability.

I anticipate that it will take some time to coordinate reserving a room in the law library as well as hiring a court reporter for each. Please let me know if/when a room and court reporter are confirmed for each deposition, and send deposition notices for each in compliance with FRCP 30. For your convenience, FRCP 30 can be reviewed here: [Rule 30. Depositions by Oral Examination | Federal Rules of Civil Procedure | US Law | LII / Legal Information Institute](#)

Regarding videotaping the depositions, all we ask is that it is done by a legal videographer under a court reporter's direction in compliance with FRCP 30(c)(1). The below parties object to any videorecording that does not comply with FRCP 30, including recording by a party using their personal devices. *See Alcorn v. City of Chicago*, 336 F.R.D. 440, 443 (N.D. Ill. 2020)(prohibiting use of Zoom recorded deposition footage, and noting that non-certified iPhone videos of a deposition would not comply with Rule 30); *see also Carvalho v. Reid*, 193 F.R.D. 149, 153 (S.D.N.Y. 2000)(upholding Magistrate Judge's Order that a *pro se* plaintiff "would not be permitted to self-videotape the deposition"); *C.G. v. Winslow Twp. Bd. of Educ.,* No. CIV. 13-6278 RBK/KMW, 2015 WL 3794578, at *3 (D.N.J. June 17, 2015)(barring plaintiff's attorney "from videotaping the deposition himself on his laptop computer because he was not a 'officer' within the meaning of the [Federal Rules of Civil Procedure]").

<u>Director Scott</u>:

Thursday April 3

Friday April 4

Thursday April 10

Friday April 11

Thursday April 17

Friday April 18

<u>Ms. Bowen</u>:

Monday March 24th – morning or afternoon

*Ms. Bowen is a WCLS Branch Manager, and as such she must schedule supervisor coverage at the branch for any absence. If this date does not work, please provide other proposed dates so that she can determine whether someone is available to cover supervisory duties for those dates.



**Lindsay L. Liddell**

**Deputy District Attorney**

**District Attorney's Office**

lliddell@da.washoecounty.gov | O: 775-337-5714

One South Sierra Street, Reno, NV 89501



**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed.  This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine.  The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited.  If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

**From:** Const2Audit <const2audit@gmail.com>
**Sent:** Friday, February 21, 2025 12:25 PM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Large, Michael <mlarge@da.washoecounty.gov>; Burnett, Andrew Cobi <CBurnett@da.washoecounty.gov>
**Subject:** Re: Depositions

**Dear Ms. Liddell,**

Thank you for reaching out and for informing me about the transition of counsel. I appreciate your prompt attention to scheduling the depositions of **Director Scott, Assistant Director McKenzie, and Ms. Bowen**.

I am **flexible** with scheduling and open to conducting the depositions **on the same day or separately**, depending on what works best for all parties involved. Based on the scope of questioning, I anticipate each deposition may last **approximately 2-3 hours**, but I am willing to adjust as needed.

Additionally, I would like the **depositions to be video recorded** to ensure an accurate and complete record. I will make arrangements for a **court reporter and videographer** from [insert chosen service, e.g., "Bonanza Litigation Services"]. If you or the deponents have any specific preferences regarding the videographer setup, please let me know so we can coordinate accordingly.

Regarding the venue, reserving a **conference room at the law library** sounds suitable. Please provide the **available dates for the deponents**, and I will confirm arrangements on my end.

Looking forward to your response.

Best regards,
**Drew J. Ribar**
3480 Pershing Ln.
Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com

On Fri, Feb 21, 2025 at 11:18 AM Liddell, Lindsay L <lliddell@da.washoecounty.gov> wrote:

Hi Mr. Ribar,

I'm going to be taking over this case from DDA Mike Large, along with DDA Cobi Burnett. I will touch base with the clients below and get you some dates. Do you want them to go on the same day?

How long do you anticipate each deposition to last? This will help me coordinate proposed times with them. For example, if you expect half day depositions for each I can have them gather available dates for mornings or afternoons as opposed to their more limited availability for full days.

I think the law library has some conference rooms that can be reserved for depositions, but we will need to coordinate once we have some proposed times. I think Bonanza and Sunshine Litigation Services have court reporters who will come to a neutral location but feel free to pay for the court reporter of your choosing.

Thank you,

Lindsay



**Lindsay L. Liddell**

**Deputy District Attorney**

**District Attorney's Office**

lliddell@da.washoecounty.gov | O: 775-337-5714

One South Sierra Street, Reno, NV 89501



**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed.  This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine.  The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited.  If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

**From:** Const2Audit <const2audit@gmail.com>
**Sent:** Thursday, February 20, 2025 8:51 AM
**To:** Large, Michael <mlarge@da.washoecounty.gov>
**Subject:** Depositions

Mr. Large,

I would like to schedule depositions for Director Scott, Asst. Director McKenzie and Jonica Bowen.  I would like to get this done as soon as possible.  Let me know what works.

You should listen to the recording of librarians that interrupted me during my public comment... They talked about my being demonetized and videos removed.

I am working on amending my complaint and will include a new cause regarding the public comment I made on April 17, 2024  https://youtu.be/O002UTkVHiA

Compare the actual words I used to what the librarians and the board approved for the minutes (see attached minutes #23) are polar opposites adding libel to my cause.

Respectfully,

Drew Ribar

Auditing Reno 911

775-223-7899