

EXHIBIT B

Clean Copy of Proposed First Amended Complaint

Case No.: 3:24-cv-00526-ART-CSD

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA – NORTHERN DIVISION

DREW RIBAR,

Plaintiff,

v.

WASHOE COUNTY; BUILD OUR CENTER, INC.; et al.,

Defendants.

Submitted in Support of:

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Date: March 24, 2025

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DREW J. RIBAR,

Plaintiff, Pro Se

3480 Pershing Ln

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com

v.

WASHOE COUNTY, WASHOE COUNTY LIBRARY SYSTEM, JEFF SCOTT, THANH NGUYEN, JAMIE HEMINGWAY, BEATE WEINERT, STACY MCKENZIE, JONNICA BOWEN, BEN WEST, BUILD OUR CENTER, INC., STACEY SPAIN, ANGELINE PETERSON, CHRISTOPHER DANIELS, DEPUTIES ROTHKIN, SAPIDA, GOMEZ, KRISTEN RYAN, JENNIFER COLE, and JOHN/JANE DOES 1-10,

Defendants.

Case No.: 3:24-cv-00526-ART-CLB

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS AND STATE LAW**

PLEADING TITLE - 1

JURY TRIAL DEMANDED

INTRODUCTION

1. Plaintiff, Drew J. Ribar, an independent journalist operating "Auditing Reno 911," brings this action under 42 U.S.C. §§ 1983, 1985(3), the Nevada Constitution, and state law against Defendants for systematic violations of his First, Fourth, and Fourteenth Amendment rights while documenting Washoe County Library System (WCLS) events.

2. Defendants censored Plaintiff's speech, blocked him from social media, assaulted him, detained him without suspicion, imposed baseless suspensions, and defamed him, as evidenced by 32 exhibits (EXH001-EXH317).

3. Plaintiff seeks $17,000,000 in damages ($5,000,000 compensatory, $12,000,000 punitive), nominal damages, injunctive relief to restore social media access and reform WCLS policies, and attorney fees to deter future misconduct.

JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343(a)(3) (civil rights), and supplemental jurisdiction over state claims under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b) as all events occurred in Washoe County, Nevada, within this judicial district.

PARTIES

6. Plaintiff: Drew J. Ribar, a resident of Washoe Valley, Nevada, operates "Auditing Reno 911," a YouTube channel documenting government activities.

PLEADING TITLE - 2

7. **Defendants:**
    - Washoe County: A political subdivision of Nevada, employer of WCLS and sheriff deputies.
    - Washoe County Library System (WCLS): A public entity under Washoe County, managing library facilities.
    - Jeff Scott: WCLS Library Director, personally involved in assaults and suspensions.
    - Thanh Nguyen: WCLS Librarian, assaulted Plaintiff.
    - Jamie Hemingway: WCLS Public Information Officer, restricted media access.
    - Beate Weinert: WCLS employee, involved in event coordination.
    - Stacy McKenzie: WCLS Assistant Director, enforced unlawful restrictions.
    - Jonnica Bowen: WCLS Library Manager, issued trespass orders.
    - Ben West: Washoe County Security Administrator, supported access restrictions.
    - Build Our Center, Inc. (BOC): A private entity acting under color of law with WCLS.
    - Stacey Spain: BOC Director, coordinated access restrictions.
    - Angeline Peterson: BOC member, involved in event enforcement.
    - Christopher Daniels: BOC member, involved in event enforcement.
    - Deputies Rothkin, Sapida, Gomez: Washoe County Sheriff's deputies, detained Plaintiff.
    - Kristen Ryan: WCLS employee, imposed suspensions.

PLEADING TITLE - 3

- Jennifer Cole: WCLS employee, involved in supervision failures.
- John/Jane Does 1-10: Unknown agents of Defendants, liable for violations.

FACTUAL ALLEGATIONS

8. On May 12, 2022, WCLS officials coordinated staffing for Drag Queen Story Hour (DQSH) events, prioritizing Build Our Center (BOC) involvement (Exhibit 1, EXH001-EXH005).

9. On June 14, 2022, WCLS and BOC planned security for DQSH, restricting public access (Exhibit 2, EXH006-EXH010).

10. On June 24, 2022, Jamie Hemingway granted KUNR media access while excluding Plaintiff, evidencing viewpoint discrimination (Exhibit 3, EXH011-EXH012).

11. On June 28, 2022, WCLS increased security due to protests, further limiting public access (Exhibit 4, EXH013-EXH017).

12. From June 24 to July 2, 2022, WCLS and BOC coordinated Pride events, favoring specific groups (Exhibit 5, EXH018-EXH022).

13. From November 14-18, 2022, WCLS and BOC organized DQSH, showing preferential treatment (Exhibit 6, EXH023-EXH026).

14. On January 12, 2023, WCLS discussed handling Plaintiff's recordings, indicating intent to suppress (Exhibit 7, EXH027-EXH032).

15. From January 20 to February 1, 2023, WCLS and BOC planned DQSH logistics, reinforcing exclusionary policies (Exhibit 8, EXH033-EXH039).

16. On February 28, 2023, WCLS responded to media inquiries, deflecting censorship claims (Exhibit 9, EXH040-EXH044).

PLEADING TITLE - 4

17. From February 27 to March 22, 2023, WCLS planned RainbowFest, excluding public dissenters (Exhibit 10, EXH045-EXH061).

18. On April 26, 2023, WCLS and BOC coordinated volunteers for Pride and DQSH, restricting access (Exhibit 11, EXH062-EXH063).

19. On May 5, 2023, WCLS and BOC discussed volunteer roles, further limiting public participation (Exhibit 12, EXH064-EXH069).

20. On May 10, 2023, WCLS and Friends of the Library addressed public concerns, maintaining exclusionary policies (Exhibit 13, EXH070-EXH071).

21. On June 7, 2023, WCLS planned DQSH security at Reno Library, prioritizing BOC (Exhibit 14, EXH072-EXH074).

22. On June 15, 2023, at Reno Library DQSH, Jeff Scott and BOC blocked Plaintiff's recording, confirming BOC as a state actor (Exhibit 27, Video 1).

23. On July 15, 2023, at Sparks Library DQSH, Scott assaulted Plaintiff (T/S 1:22:34) and trespassed him, while BOC enforced selective access (Exhibit 28, Video 2).

24. On July 6, 2023, Plaintiff requested public records on library policies, met with resistance (Exhibit 15, EXH075-EXH083).

25. On April 17, 2024, Plaintiff's LBOT comments were falsified in minutes, misrepresenting his stance (Exhibits 16-17, EXH084, EXH085-EXH092).

26. On June 15, 2024, at North Valleys Library DQSH, Thanh Nguyen assaulted Plaintiff (T/S 1:09:11), and staff trespassed him from public areas (Exhibit 29, Video 3).

PLEADING TITLE - 5

27. On June 20, 2024, at Reno Library, Kristen Ryan imposed a 365-day suspension without notice, with Ann Silver confirming Scott's prior assault (Exhibit 30, Video 4).

28. On August 14-16, 2024, Plaintiff appealed his suspension, met with procedural irregularities and evidence denial (Exhibits 19-23, EXH143-EXH178).

29. On August 21, 2024, LBOT upheld Plaintiff's suspension with false claims, denying due process (Exhibit 31, Video 5; Exhibit 24, EXH190-EXH277).

30. On November 12, 2024, at South Valleys Library, deputies Rothkin, Sapida, and Gomez detained Plaintiff without suspicion, enforcing a baseless trespass claim (Exhibit 32, Video 6; Exhibit 26, EXH279-EXH311).

CAUSES OF ACTION

Count I: 42 U.S.C. § 1983 - First Amendment (All Defendants) 31. Defendants censored Plaintiff's speech (Exhibits 3, 27-30), blocked him from WCLS social media (Packingham v. North Carolina, 582 U.S. 98 (2017); Knight First Amendment Inst. v. Trump, 928 F.3d 226 (2d Cir. 2019)), and excluded him from libraries (Kreimer v. Bureau of Police, 958 F.2d 1242 (3d Cir. 1992)).

Count II: 42 U.S.C. § 1983 - Fourth Amendment (Scott, Nguyen, Rothkin, Sapida, Gomez) 32. Defendants assaulted Plaintiff (Exhibits 28, T/S 1:22:34; 29, T/S 1:09:11) and detained him without suspicion (Exhibit 32), violating Terry v. Ohio, 392 U.S. 1 (1968); Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177 (2004); Florida v. Royer, 460 U.S. 491 (1983).

Count III: 42 U.S.C. § 1983 - Fourteenth Amendment Due Process (WCLS, Scott, McKenzie, Bowen, Ryan) 33. Defendants imposed suspensions without notice or

PLEADING TITLE - 6

hearing (Exhibits 19-24, 30-31) and falsified records (Exhibit 17), violating Armstrong v. D.C. Pub. Library, 154 F. Supp. 2d 67 (D.D.C. 2001); Mathews v. Eldridge, 424 U.S. 319 (1976).

Count IV: 42 U.S.C. § 1983 - Fourteenth Amendment Equal Protection (All Defendants) 34. Defendants selectively enforced policies against Plaintiff while favoring DQSH supporters (Exhibits 1-14, 27-30), violating Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

Count V: 42 U.S.C. § 1983 - Monell Liability (Washoe County, WCLS) 35. Defendants maintained policies of censorship and exclusion (Exhibits 1-32), establishing liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Count VI: 42 U.S.C. § 1983 - Conspiracy (All Defendants) 36. Defendants conspired to violate Plaintiff's rights through coordinated actions (Exhibits 1-3, 27-32), meeting Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

Count VII: 42 U.S.C. § 1985(3) - Conspiracy to Violate Civil Rights (All Defendants) 37. Defendants conspired to deprive Plaintiff of rights due to his viewpoint (Exhibits 27-30), violating 42 U.S.C. § 1985(3).

Count VIII: Nevada Constitution, Art. 1, §§ 9, 10 (All Defendants) 38. Defendants violated Plaintiff's speech and petition rights (Exhibits 1-32), per Mack v. Williams, 138 Nev. Adv. Op. 86 (2022).

Count IX: NRS 379.040 - Public Library Access (WCLS, Scott, McKenzie, Bowen, Nguyen, Hemingway, Weinert, West) 39. Defendants denied Plaintiff library access (Exhibits 27-30), violating NRS 379.040.

PLEADING TITLE - 7

Count X: Assault and Battery (Scott, Nguyen) 40. Defendants assaulted Plaintiff (Exhibits 28, T/S 1:22:34; 29, T/S 1:09:11), violating NRS 200.481.

Count XI: Intentional Infliction of Emotional Distress (All Defendants) 41. Defendants' extreme conduct (Exhibits 27-32) caused severe emotional distress.

Count XII: Defamation (All Defendants) 42. Defendants falsely accused Plaintiff of misconduct (Exhibit 24), harming his reputation.

Count XIII: Negligence/Negligent Supervision (Washoe County, WCLS, Cole) 43. Defendants negligently supervised staff, leading to false reporting (Exhibit 32).

Count XIV: NRS 241.035 - Open Meeting Law (WCLS) 44. Defendants falsified LBOT minutes (Exhibit 24), violating NRS 241.035.

## PRAYER FOR RELIEF

45. Declaratory judgment that Defendants violated Plaintiff's rights under the U.S. and Nevada Constitutions and state law.

46. Permanent injunction ordering Defendants to unblock Plaintiff from WCLS social media and reform exclusionary policies.

47. Damages:

- **Compensatory:** $5,000,000 ($1,000,000 for physical injury, Exhibits 28-29; $2,000,000 for emotional distress, Exhibits 27-32; $1,500,000 for lost income, Exhibit 32; $500,000 for reputational harm, Exhibit 24).
- **Punitive:** $12,000,000 for willful violations (Exhibits 1-32).
- **Nominal:** $1 per violation.

48. Costs and attorney fees under 42 U.S.C. § 1988.

49. Such other relief as the Court deems just.

PLEADING TITLE - 8

Dated: March 24, 2025

/s/ Drew J. Ribar

Drew J. Ribar, Pro Se

3480 Pershing Ln.

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com (mailto:Const2Audit@gmail.com)

Attachments: Exhibit Index (EXH001-EXH317)

---

### **Exhibit Index**

UNITED STATES DISTRICT COURT DISTRICT OF NEVADA - NORTHERN DIVISION

DREW J. RIBAR v. WASHOE COUNTY, NEVADA, et al. Case No.: 3:24-cv-00526-ART-CLB

EXHIBIT INDEX FOR FIRST AMENDED COMPLAINT

| Exhibit No. | Bates Range | Description |
|---|---|---|
| 1 | EXH001-EXH005 | Emails (5/12/22): Internal WCLS communications on DQSH staffing coordination. |

PLEADING TITLE - 9

| | | | |
|---|---|---|---|
| 2 | EXH006-EXH010 | | Emails (6/14/22): Security coordination for DQSH events between Washoe County officials and BOC. |
| 3 | EXH011-EXH012 | | Emails (6/24/22): Public Information Officer Jamie Hemingway discussing KUNR media access while restricting Plaintiff. |
| 4 | EXH013-EXH017 | | Emails (6/28/22): Reports on Proud Boys presence and increased security at library events. |
| 5 | EXH018-EXH022 | | Emails (6/24/22 - 7/2/22): Internal discussions about Pride event coordination with Build Our Center. |
| 6 | EXH023-EXH026 | | Emails (11/14/22 - 11/18/22): DQSH event organization showing preferential treatment for BOC. |
| 7 | EXH027-EXH032 | | Emails (1/12/23): Internal library meeting notes discussing handling of Plaintiff's recordings. |
| 8 | EXH033-EXH039 | | Emails (1/20/23 - 2/1/23): Communications between WCLS and BOC regarding DQSH event logistics. |

PLEADING TITLE - 10

| | | | |
|---|---|---|---|
| 9 | EXH040-<br>EXH044 | | Emails (2/28/23): WCLS response to media inquiries about DQSH and censorship claims. |
| 10 | EXH045-<br>EXH061 | | Emails (2/27/23 - 3/22/23): RainbowFest event planning and public exclusion policies. |
| 11 | EXH062-<br>EXH063 | | Meeting minutes (4/26/23): Volunteer coordination meeting for Pride and DQSH events. |
| 12 | EXH064-<br>EXH069 | | Notes (5/5/23): RainbowFest volunteer discussions about restricting access. |
| 13 | EXH070-<br>EXH071 | | Emails (5/10/23): Internal discussions among Friends of the Library regarding public concerns. |
| 14 | EXH072-<br>EXH074 | | Emails (6/7/23): Reno Library DQSH event planning notes. |
| 15 | EXH075-<br>EXH083 | | Public records request (7/6/23): Documents related to library policies on access restrictions. |

PLEADING TITLE - 11

| | | | |
|---|---|---|---|
| 16 | | EXH084 | Transcript (4/17/24): Plaintiff's public comments at LBOT meeting. |
| 17 | EXH092 | EXH085- | Minutes (4/17/24): Falsified LBOT meeting minutes misrepresenting Plaintiff's statements. |
| 18 | EXH142 | EXH093- | Transcript (6/15/24): AI-generated transcription of North Valleys Library event. |
| 19 | EXH149 | EXH143- | Email (8/14/24): Plaintiff's Notice of Appeal regarding suspension. |
| 20 | EXH156 | EXH150- | Email (8/14/24): Response from LBOT confirming suspension despite lack of due process. |
| 21 | EXH164 | EXH157- | Emails (8/15/24): Additional correspondence on suspension appeal and evidence requests. |
| 22 | EXH178 | EXH165- | Emails (8/16/24): Public records requests and due process concerns for LBOT hearing. |

PLEADING TITLE - 12

| 23 | EXH179-EXH189 | | Email (8/16/24): Herbert Kaplan's response to Plaintiff's appeal notice. |
|---|---|---|---|
| 24 | EXH190-EXH277 | | Transcript (8/21/24): LBOT meeting where Plaintiff's suspension was upheld. |
| 25 | | EXH278 | Email (8/24/24): YouTube privacy complaint against Plaintiff's video. |
| 26 | EXH279-EXH311 | | Transcript (11/12/24): South Valleys Library incident where Plaintiff was detained. |
| 27 | | EXH312 | Video (6/15/23): Reno Library DQSH - Plaintiff's attempts to document event. |
| 28 | | EXH313 | Video (7/15/23): Sparks Library DQSH - Jeff Scott blocking and assaulting Plaintiff. |
| 29 | | EXH314 | Video (6/15/24): North Valleys Library DQSH - Thanh Nguyen assaulting Plaintiff. |

PLEADING TITLE - 13

| | | | |
|---|---|---|---|
| 30 | | EXH315 | Video (6/20/24): Reno Library suspension notice served to Plaintiff. |
| 31 | | EXH316 | Video (8/21/24): LBOT meeting upholding Plaintiff's suspension. |
| 32 | | EXH317 | Video (11/12/24): South Valleys Library - Plaintiff unlawfully detained by deputies. |

Note: Video files (Exhibits 27-32) are submitted separately per Northern District of Nevada electronic filing procedures.

PLEADING TITLE - 14