Filed ___ Received ___ Entered ___ Served On
Counsel/Parties of Record

MAR 2 4 2025

Clerk US District Court
District of Nevada

By:_____ Deputy

# EXHIBIT A

Redlined Comparison of Original Complaint and Proposed First Amended Complaint

Case No.: 3:24-cv-00526-ART-CSD

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA – NORTHERN DIVISION

DREW RIBAR,

Plaintiff,

v.

WASHOE COUNTY; BUILD OUR CENTER, INC.; et al.,

Defendants.

Submitted in Support of:

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Date: March 24, 2025

 Draftable

# Draftable Comparison Export

This document is an exported comparison with limited functionality, generated by Draftable Desktop. To access full functionality, use Draftable's powerful comparison viewer in any of our products.

**Left document:**    2024-11-20 Filed Complaint 3 24-cv-00526.pdf

**Right document:**    2025-03-23 Amended Complaint.pdf

## What is this document?

This is a comparison of two documents. The two documents are interleaved such that the left document is displayed on even pages and the right document is displayed on odd pages.

## Is there a specific way I should view this file?

This document is intended to be viewed in Two Page Continuous mode (or sometimes called 'Two Page Scrolling'). It should open in this mode by default when using Adobe Acrobat and most popular PDF readers.

If the document opens in a different view, you can often change this in the settings. In Adobe Acrobat, go to **View > Page Display > Two Page Scrolling**.

## Why are there blank pages?

Blank pages are inserted to keep both documents as aligned as much as possible.

## How do I read the changes?

Text deleted from the left document and, hence, not in right document is highlighted red. Text added to the right document and, hence, not in left document is highlighted green.

## Tip for printing

When printing this document, we recommend printing double-sided and include this first page. This will result in the matching text being displayed on different pages and easily readable, much like a book.

## For more information

Draftable offers powerful document comparison solutions for all use-cases. To view our products, please visit our website: draftable.com.

... and Amt $ 405.00  Date    NOV 2 0 2024

Receipt # 2-0730  Initials: DK

Filed __Received __Entered __Served On
Counsel/Parties of Record

NOV 2 0 2024

Clerk US District Court
District of Nevada
By:_____ Deputy

Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV 89704
775-223-7899
Const2Audit@gmail.com
Pro Se

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

## NORTHERN DIVISION

DREW RIBAR, PLAINTIFF,

     Plaintiff,

vs.

WASHOE COUNTY, NEVADA; WASHOE
COUNTY LIBRARY SYSTEM; BUILD OUR
CENTER, INC.; JEFF SCOTT; STACY
MCKENZIE; JONNICA BOWEN; LIBRARY
EMPLOYEE DOE #1; JENNIFER COLE;
DEPUTY C. ROTHKIN (BADGE #4696);
DEPUTY R. SAPIDA (BADGE #4663); SGT.
GEORGE GOMEZ (BADGE #4066); AND
JOHN/JANE DOES 1-10,,

     Defendant

Case No.:  3:24-cv-00526

**COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS
(42 U.S.C. § 1983, NEVADA
CONSTITUTION, NRS 379.040, AND
RELATED CLAIMS)**

## INTRODUCTION

1. Plaintiff, an independent journalist, brings this action under 42 U.S.C. § 1983 and Nevada

   state law to redress violations of his constitutional rights, including the First, Fourth, and

   Fourteenth Amendments to the United States Constitution and the Nevada Constitution.

2. Defendants unlawfully restricted Plaintiff's access to public library spaces, retaliated

   against him for engaging in protected First Amendment activities, imposed

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA


DREW J. RIBAR,

Plaintiff, Pro Se

3480 Pershing Ln

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com


v.


WASHOE COUNTY, WASHOE COUNTY LIBRARY SYSTEM, JEFF SCOTT, THANH NGUYEN, JAMIE HEMINGWAY, BEATE WEINERT, STACY MCKENZIE, JONNICA BOWEN, BEN WEST, BUILD OUR CENTER, INC., STACEY SPAIN, ANGELINE PETERSON, CHRISTOPHER DANIELS, DEPUTIES ROTHKIN, SAPIDA, GOMEZ, KRISTEN RYAN, JENNIFER COLE, and JOHN/JANE DOES 1-10,

Defendants.


Case No.: 3:24-cv-00526-ART-CLB


AMENDED COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS AND STATE LAW

PLEADING TITLE - 1

unconstitutional restrictions, improperly demanded his identification without reasonable suspicion, and failed to provide procedural safeguards, resulting in harm.

3. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs under 42 U.S.C. § 1988.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a)(3). Supplemental jurisdiction over state-law claims is proper under 28 U.S.C. § 1367.

5. Venue is proper in the Northern Division of the District of Nevada under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Washoe County, Nevada.

**PARTIES**

**Plaintiff**

6. **Drew Ribar:** A resident of Washoe County, Nevada, and an independent journalist.

**Defendants**

7. Defendants include Washoe County, the Washoe County Library System, and individuals as detailed below:

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 2

JURY TRIAL DEMANDED

### INTRODUCTION

1. Plaintiff, Drew J. Ribar, an independent journalist operating "Auditing Reno 911," brings this action under 42 U.S.C. §§ 1983, 1985(3), the Nevada Constitution, and state law against Defendants for systematic violations of his First, Fourth, and Fourteenth Amendment rights while documenting Washoe County Library System (WCLS) events.

2. Defendants censored Plaintiff's speech, blocked him from social media, assaulted him, detained him without suspicion, imposed baseless suspensions, and defamed him, as evidenced by 32 exhibits (EXH001-EXH317).

3. Plaintiff seeks $17,000,000 in damages ($5,000,000 compensatory, $12,000,000 punitive), nominal damages, injunctive relief to restore social media access and reform WCLS policies, and attorney fees to deter future misconduct.

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343(a)(3) (civil rights), and supplemental jurisdiction over state claims under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b) as all events occurred in Washoe County, Nevada, within this judicial district.

### PARTIES

6. Plaintiff: Drew J. Ribar, a resident of Washoe Valley, Nevada, operates "Auditing Reno 911," a YouTube channel documenting government activities.

PLEADING TITLE - 2

o **Washoe County:** Responsible for the actions of its employees, including the Washoe County Library System staff and deputies of the Washoe County Sheriff's Office.

o **Washoe County Library System:** Operates public libraries and is responsible for policies impacting public access and free speech rights.

o **Build Our Center, Inc.:** A Nevada nonprofit organization that collaborated with the Library System to organize events and acted in joint participation with state actors under **Lugar v. Edmondson Oil Co.**, 457 U.S. 922 (1982).

o **Jeff Scott (Library Director):**

   ▪ Directed and approved unconstitutional practices, including blocking Plaintiff on the Library's Facebook page under **Davison v. Randall**, 912 F.3d 666 (4th Cir. 2019), denying Plaintiff access to library spaces in violation of **Kreimer v. Bureau of Police**, 958 F.2d 1242 (3d Cir. 1992), and physically assaulting Plaintiff.

o **Stacy McKenzie (Assistant Library Director):**

   ▪ Assisted in enforcing policies excluding Plaintiff from public library spaces.

   ▪ Denied Plaintiff's appeal of a one-year restriction imposed after the June 15, 2024, North Valleys Library incident.

o **Jonnica Bowen (Library Manager):**

   ▪ Supported the one-year restriction against Plaintiff, misrepresenting his conduct in violation of his due process rights under **Armstrong v. D.C. Public Library**, 154 F. Supp. 2d 67 (D.D.C. 2001).

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 3

7. Defendants:

- Washoe County: A political subdivision of Nevada, employer of WCLS and sheriff deputies.
- Washoe County Library System (WCLS): A public entity under Washoe County, managing library facilities.
- Jeff Scott: WCLS Library Director, personally involved in assaults and suspensions.
- Thanh Nguyen: WCLS Librarian, assaulted Plaintiff.
- Jamie Hemingway: WCLS Public Information Officer, restricted media access.
- Beate Weinert: WCLS employee, involved in event coordination.
- Stacy McKenzie: WCLS Assistant Director, enforced unlawful restrictions.
- Jonnica Bowen: WCLS Library Manager, issued trespass orders.
- Ben West: Washoe County Security Administrator, supported access restrictions.
- Build Our Center, Inc. (BOC): A private entity acting under color of law with WCLS.
- Stacey Spain: BOC Director, coordinated access restrictions.
- Angeline Peterson: BOC member, involved in event enforcement.
- Christopher Daniels: BOC member, involved in event enforcement.
- Deputies Rothkin, Sapida, Gomez: Washoe County Sheriff's deputies, detained Plaintiff.
- Kristen Ryan: WCLS employee, imposed suspensions.

PLEADING TITLE - 3

- o **Library Employee Doe #1:**
  - Repeatedly slammed a door against Plaintiff's foot on June 15, 2024, causing harm in violation of **NRS 200.481**, and made a false report to law enforcement that Plaintiff had injured her, jeopardizing Plaintiff's Fourth Amendment rights under **Franks v. Delaware**, 438 U.S. 154 (1978).
- o **Jennifer Cole (Library Employee):**
  - Called law enforcement on November 12, 2024, alleging Plaintiff was trespassing, despite the absence of imminent danger or legal justification, violating **Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County**, 542 U.S. 177 (2004).
- o **Deputy C. Rothkin (Badge #4696), Deputy R. Sapida (Badge #4663), Sgt. George Gomez (Badge #4066):**
  - Demanded Plaintiff's identification without reasonable suspicion of criminal activity, violating **Terry v. Ohio**, 392 U.S. 1 (1968), and **Hiibel**, 542 U.S. 177.

**FACTUAL BACKGROUND**

**Access Denial and Retaliation**

8. On June 15, 2023, Plaintiff attempted to document Drag Queen Story Hour at the Downtown Reno Library. Library staff denied Plaintiff access to the reading room because he did not have a child with him, despite permitting access to other media

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 4

  o  Jennifer Cole: WCLS employee, involved in supervision failures.

  o  John/Jane Does 1-10: Unknown agents of Defendants, liable for violations.

  **FACTUAL ALLEGATIONS**

8. On May 12, 2022, WCLS officials coordinated staffing for Drag Queen Story Hour (DQSH) events, prioritizing Build Our Center (BOC) involvement (Exhibit 1, EXH001-EXH005).

9. On June 14, 2022, WCLS and BOC planned security for DQSH, restricting public access (Exhibit 2, EXH006-EXH010).

10. On June 24, 2022, Jamie Hemingway granted KUNR media access while excluding Plaintiff, evidencing viewpoint discrimination (Exhibit 3, EXH011-EXH012).

11. On June 28, 2022, WCLS increased security due to protests, further limiting public access (Exhibit 4, EXH013-EXH017).

12. From June 24 to July 2, 2022, WCLS and BOC coordinated Pride events, favoring specific groups (Exhibit 5, EXH018-EXH022).

13. From November 14-18, 2022, WCLS and BOC organized DQSH, showing preferential treatment (Exhibit 6, EXH023-EXH026).

14. On January 12, 2023, WCLS discussed handling Plaintiff's recordings, indicating intent to suppress (Exhibit 7, EXH027-EXH032).

15. From January 20 to February 1, 2023, WCLS and BOC planned DQSH logistics, reinforcing exclusionary policies (Exhibit 8, EXH033-EXH039).

16. On February 28, 2023, WCLS responded to media inquiries, deflecting censorship claims (Exhibit 9, EXH040-EXH044).

PLEADING TITLE - 4

representatives. The denial violated Plaintiff's First Amendment rights to access public forums under **Kreimer v. Bureau of Police**, 958 F.2d 1242, and Nevada's library access law (**NRS 379.040**).

**Assault and Social Media Blocking**

9.  On July 15, 2023, at the Sparks Library, Plaintiff was assaulted by Library Director Jeff Scott, who pushed Plaintiff in an attempt to remove him from the premises. This physical contact constituted a battery under **NRS 200.481**.

10. On the same day, Scott admitted to blocking Plaintiff from the Library's Facebook page, in violation of **Davison v. Randall**, which established that government-operated social media pages are designated public forums.

**False Allegations and Procedural Violations**

11. On June 15, 2024, at the North Valleys Library, Library Employee Doe #1 repeatedly slammed a door against Plaintiff's foot, injuring him, and later contacted law enforcement to report that Plaintiff had injured her. This false report jeopardized Plaintiff's liberty and violated the Fourth Amendment under **Franks v. Delaware**, which prohibits false information leading to government action.

12. Plaintiff was subsequently barred from accessing library services for one year without notice or an opportunity to contest the restriction, violating his due process rights under **Armstrong v. D.C. Public Library**.

**Improper Demand for Identification**

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 5

17. From February 27 to March 22, 2023, WCLS planned RainbowFest, excluding public dissenters (Exhibit 10, EXH045-EXH061).

18. On April 26, 2023, WCLS and BOC coordinated volunteers for Pride and DQSH, restricting access (Exhibit 11, EXH062-EXH063).

19. On May 5, 2023, WCLS and BOC discussed volunteer roles, further limiting public participation (Exhibit 12, EXH064-EXH069).

20. On May 10, 2023, WCLS and Friends of the Library addressed public concerns, maintaining exclusionary policies (Exhibit 13, EXH070-EXH071).

21. On June 7, 2023, WCLS planned DQSH security at Reno Library, prioritizing BOC (Exhibit 14, EXH072-EXH074).

22. On June 15, 2023, at Reno Library DQSH, Jeff Scott and BOC blocked Plaintiff's recording, confirming BOC as a state actor (Exhibit 27, Video 1).

23. On July 15, 2023, at Sparks Library DQSH, Scott assaulted Plaintiff (T/S 1:22:34) and trespassed him, while BOC enforced selective access (Exhibit 28, Video 2).

24. On July 6, 2023, Plaintiff requested public records on library policies, met with resistance (Exhibit 15, EXH075-EXH083).

25. On April 17, 2024, Plaintiff's LBOT comments were falsified in minutes, misrepresenting his stance (Exhibits 16-17, EXH084, EXH085-EXH092).

26. On June 15, 2024, at North Valleys Library DQSH, Thanh Nguyen assaulted Plaintiff (T/S 1:09:11), and staff trespassed him from public areas (Exhibit 29, Video 3).

PLEADING TITLE - 5

13. On November 12, 2024, Library Employee Jennifer Cole called the Sheriff's Office, alleging Plaintiff was trespassing without providing articulable facts of a crime. Deputies Rothkin, Sapida, and Gomez demanded Plaintiff provide identification under **NRS 171.123**, despite lacking reasonable suspicion that Plaintiff was engaged in criminal activity.

14. The deputies' actions violated **Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County**, which requires reasonable suspicion to justify such a demand, and **Terry v. Ohio**, which protects against unreasonable seizures.

**CAUSES OF ACTION**

**COUNT I: VIOLATION OF 42 U.S.C. § 1983 (FIRST AMENDMENT)**

Defendants violated Plaintiff's First Amendment rights by:

- Blocking him from public discourse on the Library's Facebook page (**Davison v. Randall**).
- Denying him access to public library spaces during public events (**Kreimer v. Bureau of Police**).

**COUNT II: VIOLATION OF 42 U.S.C. § 1983 (FOURTH AMENDMENT)**

Defendants violated Plaintiff's Fourth Amendment rights by:

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 6

27. On June 20, 2024, at Reno Library, Kristen Ryan imposed a 365-day suspension without notice, with Ann Silver confirming Scott's prior assault (Exhibit 30, Video 4).

28. On August 14-16, 2024, Plaintiff appealed his suspension, met with procedural irregularities and evidence denial (Exhibits 19-23, EXH143-EXH178).

29. On August 21, 2024, LBOT upheld Plaintiff's suspension with false claims, denying due process (Exhibit 31, Video 5; Exhibit 24, EXH190-EXH277).

30. On November 12, 2024, at South Valleys Library, deputies Rothkin, Sapida, and Gomez detained Plaintiff without suspicion, enforcing a baseless trespass claim (Exhibit 32, Video 6; Exhibit 26, EXH279-EXH311).

CAUSES OF ACTION

Count I: 42 U.S.C. § 1983 - First Amendment (All Defendants) 31. Defendants censored Plaintiff's speech (Exhibits 3, 27-30), blocked him from WCLS social media (Packingham v. North Carolina, 582 U.S. 98 (2017); Knight First Amendment Inst. v. Trump, 928 F.3d 226 (2d Cir. 2019)), and excluded him from libraries (Kreimer v. Bureau of Police, 958 F.2d 1242 (3d Cir. 1992)).

Count II: 42 U.S.C. § 1983 - Fourth Amendment (Scott, Nguyen, Rothkin, Sapida, Gomez) 32. Defendants assaulted Plaintiff (Exhibits 28, T/S 1:22:34; 29, T/S 1:09:11) and detained him without suspicion (Exhibit 32), violating Terry v. Ohio, 392 U.S. 1 (1968); Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177 (2004); Florida v. Royer, 460 U.S. 491 (1983).

Count III: 42 U.S.C. § 1983 - Fourteenth Amendment Due Process (WCLS, Scott, McKenzie, Bowen, Ryan) 33. Defendants imposed suspensions without notice or

PLEADING TITLE - 6

- Demanding identification without reasonable suspicion (**Hiibel, Terry**).

- Physically assaulting Plaintiff under color of law (**NRS 200.481**).

- Making false reports to law enforcement (**Franks v. Delaware**).

## COUNT III: VIOLATION OF 42 U.S.C. § 1983 (FOURTEENTH AMENDMENT – DUE PROCESS)

Defendants imposed a one-year restriction on Plaintiff without notice or an opportunity to contest (**Armstrong v. D.C. Public Library**).

## COUNT IV: MONELL LIABILITY

Washoe County and the Library System are liable for the constitutional violations resulting from:

- Official policies blocking individuals on social media (**Monell v. Department of Social Services**, 436 U.S. 658 (1978)).

- Practices excluding the public from library spaces without legal authority.

## COUNT V: VIOLATION OF NEVADA CONSTITUTION

Defendants violated Plaintiff's rights under Article 1, Section 18 of the Nevada Constitution, as recognized in **Mack v. Williams**, 138 Nev. Adv. Op. 86 (2022).

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 7

hearing (Exhibits 19-24, 30-31) and falsified records (Exhibit 17), violating Armstrong v. D.C. Pub. Library, 154 F. Supp. 2d 67 (D.D.C. 2001); Mathews v. Eldridge, 424 U.S. 319 (1976).

Count IV: 42 U.S.C. § 1983 - Fourteenth Amendment Equal Protection (All Defendants) 34. Defendants selectively enforced policies against Plaintiff while favoring DQSH supporters (Exhibits 1-14, 27-30), violating Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

Count V: 42 U.S.C. § 1983 - Monell Liability (Washoe County, WCLS) 35. Defendants maintained policies of censorship and exclusion (Exhibits 1-32), establishing liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Count VI: 42 U.S.C. § 1983 - Conspiracy (All Defendants) 36. Defendants conspired to violate Plaintiff's rights through coordinated actions (Exhibits 1-3, 27-32), meeting Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

Count VII: 42 U.S.C. § 1985(3) - Conspiracy to Violate Civil Rights (All Defendants) 37. Defendants conspired to deprive Plaintiff of rights due to his viewpoint (Exhibits 27-30), violating 42 U.S.C. § 1985(3).

Count VIII: Nevada Constitution, Art. 1, §§ 9, 10 (All Defendants) 38. Defendants violated Plaintiff's speech and petition rights (Exhibits 1-32), per Mack v. Williams, 138 Nev. Adv. Op. 86 (2022).

Count IX: NRS 379.040 - Public Library Access (WCLS, Scott, McKenzie, Bowen, Nguyen, Hemingway, Weinert, West) 39. Defendants denied Plaintiff library access (Exhibits 27-30), violating NRS 379.040.

PLEADING TITLE - 7

**COUNT VI: NEGLIGENCE AND ASSAULT**

Defendants Jeff Scott and Library Employee Doe #1 committed battery against Plaintiff.

Defendant Jennifer Cole negligently involved law enforcement without imminent danger.

**PRAYER FOR RELIEF**

Plaintiff requests:

1. A declaratory judgment that Defendants violated his constitutional rights.

2. Injunctive relief preventing future constitutional violations.

3. Compensatory damages in an amount to be determined at trial.

4. Punitive damages against individual Defendants for willful and malicious conduct.

5. Attorneys' fees and costs under 42 U.S.C. § 1988.

6. Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** November 18, 2024

Respectfully submitted,

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA
CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 8

**Count X: Assault and Battery (Scott, Nguyen) 40.** Defendants assaulted Plaintiff (Exhibits 28, T/S 1:22:34; 29, T/S 1:09:11), violating NRS 200.481.

**Count XI: Intentional Infliction of Emotional Distress (All Defendants) 41.** Defendants' extreme conduct (Exhibits 27-32) caused severe emotional distress.

**Count XII: Defamation (All Defendants) 42.** Defendants falsely accused Plaintiff of misconduct (Exhibit 24), harming his reputation.

**Count XIII: Negligence/Negligent Supervision (Washoe County, WCLS, Cole) 43.** Defendants negligently supervised staff, leading to false reporting (Exhibit 32).

**Count XIV: NRS 241.035 - Open Meeting Law (WCLS) 44.** Defendants falsified LBOT minutes (Exhibit 24), violating NRS 241.035.

**PRAYER FOR RELIEF**

45. Declaratory judgment that Defendants violated Plaintiff's rights under the U.S. and Nevada Constitutions and state law.

46. Permanent injunction ordering Defendants to unblock Plaintiff from WCLS social media and reform exclusionary policies.

47. Damages:

- Compensatory: $5,000,000 ($1,000,000 for physical injury, Exhibits 28-29; $2,000,000 for emotional distress, Exhibits 27-32; $1,500,000 for lost income, Exhibit 32; $500,000 for reputational harm, Exhibit 24).

- Punitive: $12,000,000 for willful violations (Exhibits 1-32).

- Nominal: $1 per violation.

48. Costs and attorney fees under 42 U.S.C. § 1988.

49. Such other relief as the Court deems just.

PLEADING TITLE - 8

1

2

Drew J. Ribar
3480 Pershing Ln
Washoe Valley NV  89704
775-223-7899
Const2Audit@gmail.com
Pro Se

3

4

5

6

Dated this 18th of November, 2024.

7

8

Drew J. Ribar, Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS(42 U.S.C. § 1983, NEVADA
CONSTITUTION, NRS 379.040, AND RELATED CLAIMS) - 9

Dated: March 25, 2025

/s/ Drew J. Ribar

Drew J. Ribar, Pro Se

3480 Pershing Ln.

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com (mailto:Const2Audit@gmail.com)

Attachments: Exhibit Index (EXH001-EXH317)

---

### **Exhibit Index**

UNITED STATES DISTRICT COURT DISTRICT OF NEVADA - NORTHERN

DIVISION

DREW J. RIBAR v. WASHOE COUNTY, NEVADA, et al. Case No.: 3:24-cv-00526-ART-

CLB

EXHIBIT INDEX FOR FIRST AMENDED COMPLAINT

| Exhibit No. | Bates Range | Description |
|---|---|---|
| 1 | EXH001-EXH005 | Emails (5/12/22): Internal WCLS communications on DQSH staffing coordination. |

PLEADING TITLE - 9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

# CIVIL COVER SHEET

```
__Filed __ Received __ Entered __ Served On
         Counsel/Parties of Record

            NOV 2 0 2024

         Clerk US District Court
          District of Nevada
By:_____ Deputy
```

## I. PLAINTIFFS
Name: **Drew J. Ribar**
Address: **3480 Pershing Ln**
City/State/Zip: **Washoe Valley, NV 89704**
Telephone: **775-223-7899**
Email: **Const2Audit@gmail.com**

3:24-cv-00526

## II. DEFENDANTS

- Washoe County, Nevada
- Washoe County Library System
- Build Our Center, Inc.
- Jeff Scott
- Stacy McKenzie
- Jonnica Bowen
- Library Employee Doe #1
- Jennifer Cole
- Deputy C. Rothkin (Badge #4696)
- Deputy R. Sapida (Badge #4663)
- Sgt. George Gomez (Badge #4066)
- John/Jane Does 1-10

## III. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
Washoe County, Nevada

## IV. COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
Washoe County, Nevada

## V. BASIS OF JURISDICTION

☒ 3. Federal Question (U.S. Government Not a Party)

| | | | |
|---|---|---|---|
| 2 | **EXH010** | **EXH006-** | **Emails (6/14/22): Security coordination for DQSH events between Washoe County officials and BOC.** |
| 3 | **EXH012** | **EXH011-** | **Emails (6/24/22): Public Information Officer Jamie Hemingway discussing KUNR media access while restricting Plaintiff.** |
| 4 | **EXH017** | **EXH013-** | **Emails (6/28/22): Reports on Proud Boys presence and increased security at library events.** |
| 5 | **EXH022** | **EXH018-** | **Emails (6/24/22 - 7/2/22): Internal discussions about Pride event coordination with Build Our Center.** |
| 6 | **EXH026** | **EXH023-** | **Emails (11/14/22 - 11/18/22): DQSH event organization showing preferential treatment for BOC.** |
| 7 | **EXH032** | **EXH027-** | **Emails (1/12/23): Internal library meeting notes discussing handling of Plaintiff's recordings.** |
| 8 | **EXH039** | **EXH033-** | **Emails (1/20/23 - 2/1/23): Communications between WCLS and BOC regarding DQSH event logistics.** |

PLEADING TITLE - 10

## VI. NATURE OF SUIT

☒ 440. Civil Rights (Other)

## VII. ORIGIN (Place an "X" in one box only)

☒ 1. Original Proceeding

## VIII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND: To be determined
JURY DEMAND: ☒ Yes

## IX. RELATED CASE(S) IF ANY
None

## X. ATTORNEYS

**For Plaintiff**:
Name: **Drew J. Ribar (Pro Se)**
Address: **3480 Pershing Ln**
City/State/Zip: **Washoe Valley, NV 89704**
Telephone: **775-223-7899**
Email: **Const2Audit@gmail.com**

**For Defendants**:
Unknown

## SIGNATURE:

Dated: November 19, 2024

Signature of Plaintiff: _____
Name: Drew J. Ribar

| 9 | EXH040-EXH044 | Emails (2/28/23): WCLS response to media inquiries about DQSH and censorship claims. |
|---|---|---|
| 10 | EXH045-EXH061 | Emails (2/27/23 - 3/22/23): RainbowFest event planning and public exclusion policies. |
| 11 | EXH062-EXH063 | Meeting minutes (4/26/23): Volunteer coordination meeting for Pride and DQSH events. |
| 12 | EXH064-EXH069 | Notes (5/5/23): RainbowFest volunteer discussions about restricting access. |
| 13 | EXH070-EXH071 | Emails (5/10/23): Internal discussions among Friends of the Library regarding public concerns. |
| 14 | EXH072-EXH074 | Emails (6/7/23): Reno Library DQSH event planning notes. |
| 15 | EXH075-EXH083 | Public records request (7/6/23): Documents related to library policies on access restrictions. |

PLEADING TITLE - 11

| 16 | EXH084 | Transcript (4/17/24): Plaintiff's public comments at LBOT meeting. |
| 17 | EXH085-EXH092 | Minutes (4/17/24): Falsified LBOT meeting minutes misrepresenting Plaintiff's statements. |
| 18 | EXH093-EXH142 | Transcript (6/15/24): AI-generated transcription of North Valleys Library event. |
| 19 | EXH143-EXH149 | Email (8/14/24): Plaintiff's Notice of Appeal regarding suspension. |
| 20 | EXH150-EXH156 | Email (8/14/24): Response from LBOT confirming suspension despite lack of due process. |
| 21 | EXH157-EXH164 | Emails (8/15/24): Additional correspondence on suspension appeal and evidence requests. |
| 22 | EXH165-EXH178 | Emails (8/16/24): Public records requests and due process concerns for LBOT hearing. |

PLEADING TITLE - 12

| | | | |
|---|---|---|---|
| 23 | EXH179-EXH189 | | Email (8/16/24): Herbert Kaplan's response to Plaintiff's appeal notice. |
| 24 | EXH190-EXH277 | | Transcript (8/21/24): LBOT meeting where Plaintiff's suspension was upheld. |
| 25 | EXH278 | | Email (8/24/24): YouTube privacy complaint against Plaintiff's video. |
| 26 | EXH279-EXH311 | | Transcript (11/12/24): South Valleys Library incident where Plaintiff was detained. |
| 27 | EXH312 | | Video (6/15/23): Reno Library DQSH - Plaintiff's attempts to document event. |
| 28 | EXH313 | | Video (7/15/23): Sparks Library DQSH - Jeff Scott blocking and assaulting Plaintiff. |
| 29 | EXH314 | | Video (6/15/24): North Valleys Library DQSH - Thanh Nguyen assaulting Plaintiff. |

PLEADING TITLE - 13

| | | |
|---|---|---|
| 30 | EXH315 | Video (6/20/24): Reno Library suspension notice served to Plaintiff. |
| 31 | EXH316 | Video (8/21/24): LBOT meeting upholding Plaintiff's suspension. |
| 32 | EXH317 | Video (11/12/24): South Valleys Library - Plaintiff unlawfully detained by deputies. |

Note: Video files (Exhibits 27-32) are submitted separately per Northern District of Nevada electronic filing procedures.

PLEADING TITLE - 14