# EXHIBIT 21

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DREW J. RIBAR, Pro Se Plaintiff
3480 Pershing Ln
Washoe Valley, NV 89704
(775) 223-7899
Const2Audit@gmail.com

vs.

WASHOE COUNTY, et al.

Defendants.

Case No.: 3:24-cv-00526-ART-CLB

---

# EXHIBIT 21

Title: Additional Correspondence Regarding Library Suspension Appeal – Due Process & Evidence Requests

Date: August 15, 2024

Source: Email Communications Between Plaintiff Drew Ribar, Deputy District Attorney Herbert Kaplan, and Washoe County Officials

Bates Number Range: EXH157-EXH164

PLEADING TITLE - 1

Description:

This exhibit contains **email correspondence from August 15, 2024, between Plaintiff Drew Ribar, Deputy District Attorney Herbert Kaplan, Washoe County Library Board of Trustees members, and additional Washoe County officials**, regarding Plaintiff's appeal of his suspension from Washoe County Libraries.

Key details from the email exchange include:

1. **Plaintiff Requests Access to Video Evidence That Allegedly Justifies His Suspension**
    - Plaintiff **demands to review video evidence** that Washoe County Library staff claims supports their allegations against him.
    - Plaintiff **provided videos proving that he did NOT engage with patrons**, but only with library staff after being approached by them.
    - Plaintiff requests that his **own video evidence be distributed to all relevant** parties before the Library Board hearing.
2. **Washoe County Officials Do Not Confirm Whether Video Evidence Exists**
    - Despite multiple requests, **Deputy District Attorney Kaplan does not confirm** whether the County has any surveillance or security footage supporting their claims against Plaintiff.
    - **Plaintiff asserts that the lack of transparency further proves that the suspension is retaliatory and not based on actual misconduct.**
3. **Plaintiff Raises First Amendment Retaliation Concerns**

PLEADING TITLE - 2

- Plaintiff argues that **Washoe County's suspension of his library access is a direct act of retaliation for his role in documenting and exposing government misconduct.**
- Plaintiff cites **Nieves v. Bartlett, 587 U.S. 391 (2019)** to support his argument that the County must prove that the same action would have been taken **absent a retaliatory motive.**
- Plaintiff states:
  - *"The only 'retaliatory motive' for restricting my access is because I document and disseminate. The County's motive was to stop me from exercising my rights, and they injured me in the process when they shut the door on my foot and trespassed me."*
  - *"Now I am restricted for a year because government employees do not want their actions published."*

4. **Plaintiff Demands Restoration of Access to Public Library & Social Media Accounts**
   - Plaintiff argues that his suspension has **"chilled his speech and ability to follow up on a news story relevant to the community."**
   - Plaintiff states that **he is a recognized member of the media** and references **Judge Derek Dreiling's ruling that granted him access to record courtroom proceedings.**
   - Plaintiff requests:
     - **Immediate reinstatement of his right to enter Washoe County libraries.**

PLEADING TITLE - 3

- Reinstatement of his ability to post on the Washoe County Library System's public Facebook page.

Relevance to Case:

- Supports First and Fourteenth Amendment Claims – Retaliatory Suspension & Due Process Violations
    - Confirms that Plaintiff was denied access to the public library and social media platforms in retaliation for his journalistic activities, violating the First Amendment.
    - Establishes that Washoe County failed to provide sufficient notice, an evidentiary hearing, or access to the evidence used against Plaintiff, violating due process under the Fourteenth Amendment.
    - Demonstrates that Plaintiff's suspension was issued without legitimate cause and was based on suppressing public criticism.
- Refutes BOC's Motion to Dismiss – Establishes Government Retaliation
    - Provides documentary proof that Washoe County and WCLS collaborated to suppress Plaintiff's ability to report on government activities.
    - Confirms that Plaintiff's removal from public forums and library spaces was directly tied to his documentation and publication of government misconduct.
- Relevant to Monell Liability – Systematic Suppression of Public Speech
    - Shows that Washoe County officials knowingly participated in restricting access to public spaces based on viewpoint discrimination.

PLEADING TITLE - 4

- Demonstrates that Washoe County's policies resulted in the systematic suppression of dissenting voices, making Washoe County liable under Monell v. Dept. of Social Services, 436 U.S. 658 (1978).
- Confirms that WCLS leadership, including Director Jeff Scott, knowingly engaged in unconstitutional censorship practices.

Prepared by:
Drew J. Ribar, Pro Se Plaintiff
3480 Pershing Ln
Washoe Valley, NV 89704
(775) 223-7899
Const2Audit@gmail.com

Dated: March 17, 2025

PLEADING TITLE - 5

| | |
|---|---|
| From: | sanshelly1@charter.net |
| Sent: | 15 August 2024 20:31 |
| To: | Const2Audit; Kaplan, Herbert |
| Cc: | Solaro, David; Herman, Jeanne; Clark, Michael; Hill, Alexis; Garcia, Mariluz C.; Clara Andriola; Brown, Eric P.; Silver, Ann (Board member); Ruf, Tami (Trustee); Jacks, Gianna (Board Member); Moser, Lea (Trustee); Bob Conrad This Is Reno; reno misconduct; mrobison@rgj.com; Jhart@mynews4.com; bmargiott@mynews4.com; Nevada Signal; Nevada Liberty; Scott Neuffer; fredrmyer@gmail.com; V W; VWMEYER@gmail.com; Audit the Audit; Robert Beadles; contact@thenvindy.com; editor@nevadaappeal.com; Alexis.Hansen@asm.state.nv.us; Ken.Gray@asm.state.nv.us; NV_Media ACLUNV; megan@thenevadaglobe.com; PK.Oneill@asm.state.nv.us; Al Rogers (Trustee); sanshelly1@charter.net; rich@mlreno.com; JYoung@reno.gannett.com |
| Subject: | RE: Re: RE: Notice of Appeal - Library Board of Trustees - August 21, 2024 |

---

**This Message Is From an External Sender**
This message came from outside of Washoe County – DO NOT CLICK on links or open attachments unless you are sure the content is safe.

https://us-phishalarm-ewt.proofpoint.com/EWT/v1/KDQzAAmjlQ!7q4cNMFR2hVywXqm
ZUxuvK4Byd-pCshnHfNbjWr0fPZUsEzpjuPV1-KHBcGEWJLDM7oxt2mhBywjsZls5S4kFtc8
d48-RVFYFqVM6kTej79q9A$

Report Suspicious </Div></A>

---

Hello Mr. Kaplan,

Is there any video evidence that substantiates the allegations being made against me by the library staff? If so, I would like to be able to preview those videos prior to the library board meeting.

I provided you, the entire library board, and Mr. Solaro my videos which show I did NOT engage with any patrons who attended the event and only spoke to library staff after being spoken to during the event. It is only fair that I am provided the same courtesy. Please share my videos with anyone you feel pertinent to this appeal.

I too am more than willing to resolve this issue expeditiously by waiving notice as long as I can review and have the information to defend myself and restore my rights to access the public library when I want too.

Thank you,
Sandee Tibbett
775-354-6640

--------------------

From: "Const2Audit" &lt;const2audit@gmail.com&gt;
To: "Kaplan, Herbert" &lt;HKaplan@da.washoecounty.gov&gt;
Cc: "Solaro, David" &lt;DSolaro@washoecounty.gov&gt;, &lt;jherman@washoecounty.gov&gt;, &lt;meclark@washoecounty.gov&gt;, &lt;ahill@washoecounty.gov&gt;, &lt;mcgarcia@washoecounty.gov&gt;,

EXH 157

&lt;candriola@washoecounty.gov&gt;, &lt;epricebrown@washoecounty.gov&gt;, &lt;ASilver@washoecounty.gov&gt;, &lt;TRuf@washoecounty.gov&gt;, &lt;GJacks@washoecounty.gov&gt;, &lt;LMoser@washoecounty.gov&gt;, "Bob Conrad This Is Reno" &lt;bob@thisisreno.com&gt;, "reno misconduct" &lt;renomisconduct@gmail.com&gt;, &lt;mrobison@rgj.com&gt;, &lt;Jhart@mynews4.com&gt;, &lt;bmargiott@mynews4.com&gt;, "Nevada Signal" &lt;nevadasignal@gmail.com&gt;, "Nevada Liberty" &lt;freedom@nevadaliberty.org&gt;, "Scott Neuffer" &lt;sneuffer@nevadaappeal.com&gt;, &lt;fredrmyer@gmail.com&gt;, "V W" &lt;valeriealerie@gmail.com&gt;, &lt;VWMEYER@gmail.com&gt;, "Audit the Audit" &lt;audittheaudit@gmail.com&gt;, "Robert Beadles" &lt;RobertBeadles@protonmail.com&gt;, &lt;contact@thenvindy.com&gt;, &lt;editor@nevadaappeal.com&gt;, &lt;Alexis.Hansen@asm.state.nv.us&gt;, &lt;Ken.Gray@asm.state.nv.us&gt;, "NV_Media ACLUNV" &lt;media@aclunv.org&gt;, &lt;megan@thenevadaglobe.com&gt;, &lt;PK.Oneill@asm.state.nv.us&gt;, "Al Rogers (Trustee)" &lt;Arogers@washoecounty.gov&gt;, &lt;sanshelly1@charter.net&gt;, &lt;rich@mlreno.com&gt;
Sent: August 15, 2024 at 9:34 AM PDT
Subject: Re: RE: Notice of Appeal - Library Board of Trustees - August 21, 2024

Greetings!!

This fine Thursday August 15, 2024

Following up on The Twilight Zone Violent Librarians Transexuals locking CHILDREN in libraries and keeping the public out saga...

Mr. Kaplan,

Will you be able to get me the records in a timely manner so that I can review them prior to the August 21 Library Board meeting??

I am more than willing to resolve this issue expeditiously by waiving notice as long as I can review and have the information to defend myself and restore my Right to access the public library to do the only thing I have done in the library over the last 25 years... record, document and disseminate as a member of media exercising my 1st Amendment God given Right as a member of the free press.

I do not have a library card. Have not checked out a book. The only time I spend in the library is recording government employees doing their jobs. This restriction has chilled my speech and ability to follow up on a news story that is relevant to our community.

Did you know that Judge Derek Dreiling ruled I am a member of the media and allowed me to record his court?
Check this video out (if you don't want to watch Deputy Bueno whine, the order is issued about 49:00 into the video).
https://youtu.be/OY5DhTJvgio?si=VTyp1xKa4G8hf1W2&lt;/A&gt;

Please provide the records as soon as possible so you can get this item on the agenda and we can

EXH 158

resolve this portion of the process.

The actions taken against me by Washoe County are First Amendment Retaliation. Nieves v Bartlett, 587 U.S. 391 "To prevail on such a claim, a plaintiff must establish a causal connection between the government defendant&rsquo;s retaliatory animus and the plaintiff&rsquo;s subsequent injury. It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured - the motive must cause the injury. Specifically, it must be a &ldquo;but-for&rdquo; cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."

The only "retaliatory motive" to be restricted is because I document and disseminate. I use the library for no other purpose. The motive of Washoe County and its employees was to stop me from exercising my Rights and they injured me in the process when they shut the door on my foot, when Jeff Scott laid hands on me and trespassed me because my recording was upsetting people.  Now I am restricted for a year because government employees do not want their actions published... causing further damages.

When will I be able to access the public forum on Washoe County Library Facebook again??
When will the information I requested be provided?


Respectfully,

Drew Ribar
Auditing Reno 911
775-223-7899

On Wed, Aug 14, 2024 at 10:31 AM Const2Audit &lt;const2audit@gmail.com&lt;/A&gt;&gt; wrote:
Good morning!

Re: Twilight Zone Violent Librarians and Transexuals Locking **CHILDREN** In a Library keeping the public out...

NRS 379.120  Library to be free and accessible to public; regulations of governing authority.  The library and reading room shall forever be and remain free and accessible to the people of the city, subject to such reasonable rules and regulations as the governing authority may adopt.

Mr. Kaplan,

I requested my attorney Rich Salvatore be cc'd in our conversation.  Please do that in the future cc to  rich@mlreno.com&lt;/A&gt;

When will you be able to get the records I requested and the name of the person that falsely accused me of injuring them?

EXH159

I appreciate you clarifying the process in front of the Board.

Will the Board have viewed all of my videos regarding Washoe County Library I have posted over the last few years? I would like to enter all of those onto the public record for any hearings.

To ensure my intentions regarding this issue are clear, Washoe County and its employees are involved in 1st Amendment retaliation. I plan on bringing an action against all involved.

Washoe County Library Facebook page has me blocked. When will I be permitted back on the Washoe County Library Facebook public forum?? I want to make some statements regarding the upcoming library taxation ballot and am unable to speak. Will this issue also be on the next agenda?

Here is a short 1 minute video, no consequences for Government employees or LGBTQ in Washoe County. Why is that Mr. Kaplan? Does Washoe DA ignore these crimes, yet punish others??

https://youtu.be/4PY5mLpmQCk</A>

Respectfully,

Drew Ribar
Auditing Reno 911
775-223-7899


On Tue, Aug 13, 2024 at 11:03 AM Const2Audit &lt;const2audit@gmail.com</A>&gt; wrote:
Greetings Mr. Solaro,

Regarding the parody that Washoe County government has become... Violent Librarians, their Transexual friends hand in glove locking children in libraries and keeping the public and press outside....

Prior to waiving my rights... I do not waive at this time.

Please provide the procedural rules for the hearing.

What is the discovery process?
Provide the name of the library employee stating I harmed them.
Provide a list of people that will be giving testimony evidence on behalf of the library.
Provide all records regarding shutting down libraries and closing reading rooms to the public for

EXH 160

Drag Queen Story time.
Provide all correspondence between the county and Our Center or any person involved with Drag Queen Story time.
Provide all exhibits the County may/will use in this case.
What will the process be to present exhibits?
Who and how will the case be presented to the board in what order will the parties present their arguments?

Can the issue of Washoe County government blocking me on social media from the library's facebook also be put on the agenda?? Library Director Scott has blocked myself and numerous other people from government operated social media/public forums. This is unconstitutional see the recent Supreme Court decision in Lindke v Freed. Recently Bonner County Idaho paid out $125,000 for blocking a man on social media and previously Woodland Colorada got to pay $65,000 for blocking social media... here's a little video https://youtu.be/PJpOkeGB0xw</A>

My attorney Rich Salvatore will be helping me with this matter, please ensure he is cc'd in our future correspondence.

This is a discovery request for this hearing as well as a public records request under NRS 239.

Please let me know.

Respectfully,

Drew Ribar
Auditing Reno 911
https://www.youtube.com/@auditingreno911</A>
775-223-7899


On Tue, Aug 13, 2024 at 9:06 AM &lt;sanshelly1@charter.net</A>&gt; wrote:
CC: Commissioners, County Manager, and Library Board

I forgot to add, I am being falsely accused as well. The video evidence you are possession of clearly shows I spoke with NO patrons during DQSH and I only spoke to library staff after being approached and harassed by them.

BROKEN (NRS) 200.510 A libel is a malicious defamation, expressed by printing, writing, signs, pictures or the like, tending to blacken the memory of the dead, or to impeach the honesty, integrity, virtue, or reputation, or to publish the natural defects of a living person or persons, or community of persons, or association of persons, and thereby to expose them to public hatred, contempt or ridicule

BROKEN (NRS) 200.550 Every person who shall willfully state, deliver or transmit by any

EXH 161

means whatever to any manager, editor, publisher, reporter or other employee of a publisher of any newspaper, magazine, publication, periodical or serial any statement concerning any person or corporation which, if published therein, would be a libel shall be guilty of a misdemeanor.

---------------------

From: &lt;sanshelly1@charter.net&lt;/A&gt;&gt;
To: "Solaro, David" &lt;DSolaro@washoecounty.gov&lt;/A&gt;&gt;
Cc: "Kaplan, Herbert" &lt;HKaplan@da.washoecounty.gov&lt;/A&gt;&gt;
Sent: August 13, 2024 at 8:02 AM PDT
Subject: RE: Notice of Appeal - Library Board of Trustees - August 21, 2024

Good morning Mr. Solaro,

I appreciate your email. Thank you.

I have questions before I answer your email, please.

I don't understand why we have these NRS codes when nobody with our library system is able to abide by them. Why is the library director, staff, board and DA exempt from following the NRS codes?

BROKEN (NRS) 379.120 Library to be free and accessible to public; regulations of governing authority.

BROKEN (NRS) 200.460 False imprisonment is an unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority.

BROKEN (NRS) 200.571 Harassment

BROKEN (NRS) 233.010 It is hereby declared to be the public policy of the State of Nevada to protect the welfare, prosperity, health and peace of all the people of the State, and to foster the right of all persons reasonably to seek and be granted services in places of public accommodation without discrimination, distinction or restriction because of race, religious creed, color, age, sex, disability, sexual orientation, national origin, ancestry or gender identity or expression.

BROKEN (NRS) 241.033 to the extent that the Library Board of Trustees may &ldquo;consider your character, alleged misconduct, professional competence, or physical or mental health,&rdquo;.

Where is the accountability? Why aren't they held to a better standard?

Thank you,

EXH 162

Sandee Tibbett

--------------------

From: "Solaro, David" &lt;DSolaro@washoecounty.gov&lt;/A&gt;&gt;
To: &lt;sanshelly1@charter.net&lt;/A&gt;&gt;
Cc: "Kaplan, Herbert" &lt;HKaplan@da.washoecounty.gov&lt;/A&gt;&gt;
Sent: August 12, 2024 at 5:34 PM PDT
Subject: Notice of Appeal - Library Board of Trustees - August 21, 2024

Ms. Tibbett,

I have seen correspondence related to a potential request to appeal a decision of the Library System in Washoe County before the Library Board of Trustees.

Pursuant to Nevada Revised Statutes (NRS) 241.033, to the extent that the Library Board of Trustees may &ldquo;consider your character, alleged misconduct, professional competence, or physical or mental health,&rdquo; you are entitled to receive notice of such meeting by certified mail at least 14 days prior to the meeting. Considering the compressed time frame, notice by certified mail is not possible. Accordingly, it is requested that you reply to this e-mail whether you would like to waive the notice requirement via certified mail and consider your return e-mail as a waiver that you understand your statutory right and that you waive the otherwise applicable notice requirement set forth in NRS 241.033. This will allow the Board to fully consider your appeal at the upcoming August 21, 2024 meeting.

**Please respond to this e-mail and state whether you waive your notice requirements, or whether you would rather have notice as outlined in NRS 341.033.**

Thank you in advance for your consideration.

David M. Solaro

Assistant County Manager | Community Services

dsolaro@washoecounty.gov&lt;/A&gt;| Office: 775.328.3624

EXH 163

1001 E. Ninth Street, Building A, Reno, NV 89512

&lt;/A&gt;    &lt;/A&gt;    &lt;/A&gt;    &lt;/A&gt;

EXH164