**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**DREW J. RIBAR**,

Plaintiff,

v.

**WASHOE COUNTY, et al.**,

Defendants.

Case No.: 3:24-cv-00526-ART-CSD

---

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**Date:** March 31, 2025

---

## I. INTRODUCTION

Plaintiff Drew J. Ribar, pro se, opposes Defendants' Motion for Protective Order (ECF No. 64, filed March 19, 2025), which seeks to indefinitely bar dissemination of discovery materials and recording of counsel communications. This is not a routine stipulated order but a contested attempt to preemptively restrict a civil rights plaintiff's constitutional rights. Plaintiff, an independent journalist (FAC, ECF No. 65, ¶ 1), has received discovery (e.g., law enforcement

videos, documents) but has not published it and will not until this case resolves (Ribar Decl., ¶¶ 3–4). Defendants' request lacks good cause under FRCP 26(c), mischaracterizes Plaintiff's public-interest litigation (FAC, Counts I–XIV), and imposes an unconstitutional prior restraint. The Court should deny it, or narrowly tailor relief with findings, rejecting fees, to preserve appeal.

---

## II. LEGAL STANDARD

FRCP 26(c)(1) requires "good cause" via "particular facts" of specific, imminent harm (Liu v. City of Reno, No. 3:22-cv-00551-CLB, 2023 WL 5304490, at *5 (D. Nev. Aug. 17, 2023)). Protective orders must be narrowly tailored (Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992)), balancing discovery's non-public status (Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)) with First Amendment rights (Public Citizen v. Liggett Group, 858 F.2d 775, 789 (1st Cir. 1988); Glik v. Cunniffe, 655 F.3d 78, 82 (1st Cir. 2011)).

---

## III. ARGUMENT

### A. No Discovery Misuse Exists or is Planned Despite Receipt

Discovery is underway, and Plaintiff has received materials (e.g., videos, documents). No depositions have been conducted, further negating any immediate threat from video dissemination (Motion, page 14). None have been disseminated, and Plaintiff commits to

confidentiality until resolution (Ribar Decl., ¶¶ 3–4). Unlike Liu (2023 WL 5304490, at *6—mid-case posting) or Katz v. Steyn (No. 2:18-cv-00997-JAD-GWF, 2019 WL 13211070, at *6 (D. Nev. Mar. 25, 2019)—"clear threat" required), Defendants' "actual threat" claim (ECF No. 64 at 15) is speculative. Restraint despite possession refutes misuse.

**B. Harassment Evidence is Pre-Discovery and Unrelated**

Defendants' Exhibits 5, 8 (emails), and 7, 9, 10 (declarations) show harassment from pre-discovery public videos (e.g., FAC, ECF No. 70, Exhibit 31—August 2024 LBOT meeting) (Motion, pages 9–13). Protective orders under FRCP 26(c) apply only to discovery materials, not public or independently acquired content (Seattle Times, 467 U.S. at 33). Defendants present no evidence Plaintiff directed or encouraged third-party actions, a prerequisite for imputing harm (Ashcroft v. Free Speech Coalition, 535 U.S. 234, 245 (2002); Glik, 655 F.3d at 82—public filming protected).

**C. Intent Reflects Post-Litigation Transparency, Not Abuse**

Defendants misread Plaintiff's emails (ECF No. 64, Exhibits 3–4) as mid-case threats (Motion, page 14). Plaintiff clarifies these contemplate post-resolution transparency (Ribar Decl., ¶ 5), permissible under Liu (2023 WL 5304490, at *6). The "court of public opinion" label (Motion, page 15) ignores Plaintiff's FAC's legal purpose (FAC, ¶¶ 31–44), unlike Serv. Emps. Int'l Union v. Rosselli (No. C 09-00404-WHA, 2009 WL 2581320, at *1 (N.D. Cal. Aug. 20, 2009)—no litigation goal).

**D. FAC Shows Legitimate Public-Interest Litigation**

The FAC (ECF No. 65, Exhibits 68–71, filed March 24, 2025) alleges systemic violations (e.g., Count I—censorship; Count XIV—NRS 241.035 falsified minutes) with pre-discovery evidence (FAC, Exhibits 27–32—public videos). While discovery is received, the FAC relies on independent materials, refuting Defendants' "YouTube content" (Motion, page 9) and "commercial gain" claims (Motion, page 6)—monetization is incidental to journalism (FAC, ¶ 1; Public Citizen, 858 F.2d at 789). New FAC defendants (e.g., Nguyen, Build Our Center) exceed the Motion's scope (Motion, page 1), undermining its necessity.

**E. Indefinite Ban is an Unconstitutional Prior Restraint**

An indefinite ban (Motion, page 16) lacks specificity—Defendants fail to identify any discovery material warranting protection, rendering it vague (Liu, 2023 WL 5304490, at *5). It chills Plaintiff's post-case reporting (FAC, ¶ 31—social media blocks). The spirit of FRCP 26(c) and Seattle Times (467 U.S. at 32) demand narrow tailoring; Near v. Minnesota, 283 U.S. 697, 713 (1931), bars prior restraints absent extraordinary need. Plaintiff proposes a limited order (no dissemination during litigation, case-by-case confidentiality if justified), preserving appeal on overbreadth and specificity.

**F. Recording Ban Lacks Evidence**

Defendants' request to bar recording (Motion, page 3) lacks proof of misuse. Nevada's one-party consent (NRS 200.620) permits Plaintiff's recording; written confirmations suffice (Ribar Decl., ¶ 6). No good cause exists.

**G. Attorney Fees Are Unjustified**

Defendants' fee request (Motion, page 16) fails FRCP 37(a)(5)'s bad-faith test. Plaintiff's pro se FAC (e.g., Count V—Monell liability) and restraint show good faith (Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). Imposing fees would chill civil rights claims, undermining access to justice.

---

## IV. APPEAL PRESERVATION

If relief is granted, Plaintiff requests explicit findings under FRCP 26(c) on harm, scope, and alternatives, preserving review (Mohawk Industries v. Carpenter, 558 U.S. 100, 109 (2009)).

---

## V. CONCLUSION

Defendants fail to show good cause. Plaintiff's restraint despite discovery, FAC's public evidence, and First Amendment rights compel denial. Granting an indefinite ban risks chilling citizen journalists from exposing government misconduct, undermining accountability. If granted, a narrow, time-limited order with findings is required, and fees denied. Plaintiff requests oral argument under Local Rule 78-1 if relief is considered.

---

**/s/ Drew J. Ribar**

Drew J. Ribar, Pro Se

3480 Pershing Ln, Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com

---

**DECLARATION OF DREW J. RIBAR**

I am the Plaintiff in Case No. 3:24-cv-00526-ART-CSD.

I submit this under penalty of perjury:

- I have received discovery materials (e.g., law enforcement videos, documents) but have not published them.
- I will not publish such materials until this case resolves.
- My emails (ECF No. 64, Exhibits 3–4) reflect post-litigation transparency, not misuse.
- I agree to written confirmations if recording counsel talks is barred.

**Signed:** /s/ Drew J. Ribar

**Dated:** March 31, 2025

---

# 📑 PROPOSED ORDER DENYING MOTION FOR PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**DREW J. RIBAR**,

Plaintiff,

v.

**WASHOE COUNTY, et al.**,

Defendants.

Case No.: 3:24-cv-00526-ART-CSD

---

## [PROPOSED] ORDER

The Court has reviewed Defendants' Motion for Protective Order (ECF No. 64), Plaintiff's Opposition (ECF No. __), and the supporting materials. For the reasons stated in Plaintiff's Opposition and good cause appearing, the Court finds that Defendants have failed to meet the burden under Federal Rule of Civil Procedure 26(c) to demonstrate specific, imminent harm justifying an indefinite or overly broad restriction on the dissemination of discovery.

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion for Protective Order (ECF No. 64) is **DENIED** in full.
2. No protective order will be entered at this time.

**DATED:** ______________________

**UNITED STATES MAGISTRATE JUDGE**

---

# 📋 EXHIBIT INDEX FOR ECF NOS. 68–71

**Exhibit Index in Support of Motion for Leave to File First Amended Complaint Filed by Drew J. Ribar (ECF No. 65)**

| ECF No. | Description |
|---|---|
| 68 | Exhibits 2–10 (Emails, communications, supporting materials) |
| 69 | Exhibits 12–20 (Public records, documents, meeting materials) |
| 70 | Exhibits 22–30 (Videos, public event documentation, policy materials) |
| 71 | Exhibit 32 (Video from Library Board Meeting – August 2024) |

All exhibits are in support of Plaintiff's First Amended Complaint, ECF No. 65.

---

# 📨 CERTIFICATE OF SERVICE

I certify that on **March 31, 2025**, I served the following documents via email and hand-delivery:

- Plaintiff's Opposition to Defendants' Motion for Protective Order
- Declaration of Drew J. Ribar
- Proposed Order Denying Motion
- Exhibit Index

**Via email** to:

- Lindsay L. Liddell (lliddell@da.washoecounty.gov)
- Andrew Cobi Burnett (cburnett@da.washoecounty.gov)

**Via hand-delivery** to:

Office of the Washoe County District Attorney

Civil Division

1 South Sierra Street, 3rd Floor

Reno, Nevada 89501

**Counsel for Build Our Center, Inc.**

Jerry C. Carter, Esq.

Alison R. Kertis, Esq.

Sierra Crest Business Law Group 6770 S. McCarran Blvd., Reno, NV 89519

Email: jcarter@sierracrestlaw.com

Email: akertis@sierracrestlaw.com

**/s/ Drew J. Ribar**

Drew J. Ribar, Pro Se

3480 Pershing Ln

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com