Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, Nevada 89509
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT
[NORTHERN] DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br><br>               Plaintiff,<br>v.<br><br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE # 1; JENNIFER COLE; DEPUTY C. ROTHKIN (Badge No. 4696); DEPUTY R. SAPIDA (Badge No. 4663); SGT. GEORGE GOMEZ (Badge No. 4066); and JOHN/JANE DOES 1-10;<br><br>               Defendants. | Case No. 3:24-cv-00526<br><br>**DEFENDANT<br>BUILD OUR CENTER'S<br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR LEAVE TO FILE<br>FIRST AMENDED COMPLAINT** |

Defendant BUILD OUR CENTER INC., by and through its undersigned counsel, hereby files its Opposition to *Plaintiff's Motion for Leave to File First Amended Complaint* [ECF No. 65]. This *Opposition* is made and based upon the following memorandum of points and authorities, the pleadings and records on file herein, and such other information the Court may wish to consider.

DATED April 2, 2025.         SIERRA CREST BUSINESS LAW GROUP

By: _____
Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, Drew Ribar ("Mr. Ribar"), a self-appointed "journalist" and "First Amendment auditor" of Washoe County, who also describes himself as "very litigious" (*see* Exhibit 31, recording of the Library Board of Trustees August 21, 2024, Meeting, at 23:25 [ECF No. 71]), has requested – without showing good cause or excusable neglect – leave from the Court to file an amended complaint. Mr. Ribar requests to amend his complaint despite having knowledge of the underlying facts prior to initiating this action. Indeed, Mr. Ribar has been uploading videos to his YouTube Channel, Auditing Reno 911, with the same information he includes in his proposed First Amended Complaint, since at least September 1, 2024. Regardless, Mr. Ribar's motions filed with this Court demonstrate he had the alleged facts to amend his complaint as early as January 2025. Yet, he has waited over three (3) months and wholly ignored this Court's Scheduling Order that set a deadline for amending pleadings by no later than March 11, 2025.

As such, the Court should deny Plaintiff Drew Ribar's ("Mr. Ribar") *Motion for Leave to File First Amended Complaint* [ECF 65]. This *Opposition* also joins and incorporates herein the Washoe County Defendants' *Opposition to Plaintiff's Motion for Leave to File First Amended Complaint* upon its filing.

### I. **LEGAL STANDARD**

Because a scheduling order has been entered, whether a court will grant a party leave to file an amended complaint is governed by FRCP 16(b), and not FRCP 15. "Federal Rule of Civil Procedure 16(b) governs a party's attempts to amend its pleadings once the district court's deadline for amending pleadings has passed." *United States Equal Employment Opportunity Comm'n v. Bay Club Fairbanks Ranch, LLC*, 475 F. Supp. 3d 1099, 1101 (S.D. Cal. 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).

The scheduling order "controls the course of the action unless the court modifies it." FRCP 16(d).

A party must first show good cause as to why a scheduling order should be modified before requesting leave to file an amended complaint. FRCP 16(b) ("A schedule shall not be modified except by leave of … [the district court] upon a showing of good cause.") A motion for leave to amend or add parties filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017).

Only upon satisfying FRCP 16's requirement will leave to amend be "freely given as justice so requires" under FRCP 15(a). *United States Equal Employment Opportunity Comm'n*, 475 F. Supp. 3d at 1102. However, if a party was not diligent in attempting to meet the scheduling order's deadlines, the court's inquiry ends and it will not consider an amendment under FRCP 15(a).

## II. LEGAL ARGUMENT

Mr. Ribar does not meet the initial threshold for this Court to grant him leave to amend his Complaint as he has not established good cause or excusable neglect as to why he did not request leave prior to March 11, 2025.

### a. The Time to Amend the Complaint and Add Parties Has Passed.

First, Mr. Ribar has wholly ignored the deadlines set forth in the *Stipulated Discovery Plan and Scheduling Order Submitted in Compliance With LR 26-1(b)* [ECF 31], which states that the deadline for filing a motion to amend pleadings or add parties is March 11, 2025. Mr. Ribar did not file his *Motion* until March 24, 2025, thirteen (13) days after the Scheduling Order's deadline. Mr. Ribar failed to comply with the deadline he stipulated to, and thus the Court should deny his *Motion*.

/ / /

### b. **Mr. Ribar Fails to Establish Good Cause to Amend the Scheduling Order**

A party must first show good cause as to why a scheduling order should be modified before requesting leave to file an amended complaint. FRCP 16(b) ("A schedule shall not be modified except by leave of … [the district court] upon a showing of good cause.") "… Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment," *Johnson*, 1992 WL 220247 (9th Cir. 1992). Good cause is "determined by examining the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading." *United States Equal Employment Opportunity Comm'n,* 475 F. Supp. 3d at 1102; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). [T]he focus of a court's inquiry is upon the moving party's reasons for seeking modification." *Johnson,* 1992 WL 220247 (9th Cir. 1992).

As a primary matter, Mr. Ribar applies an incorrect legal standard and fails to establish any good cause to amend the Scheduling Order. Regardless, Mr. Ribar has not been diligent in seeking an amended complaint as he has had within his possession the facts necessary to amend his complaint as early as January 2025, if not earlier.

Mr. Ribar's proposed First Amended Complaint includes: (1) two new parties he alleges (without any support or basis) are members of Build Our Center, Angeline Peterson and Christopher Daniels (*see* ECF 65-2 at p. 8 ¶22-24);[1] (2) various allegations against Build Our Center including, but not limited

---

[1] Other than the fact that Mr. Daniels was the drag queen (Giner Devine) who read stories at the time of Mr. Ribar's allegations, it is unclear from the First Amended Complaint and its exhibits as to why Mr. Ribar has named Mr. Daniels. Mr. Daniels has no apparent connection to Mr. Ribar's causes of action or alleged damages. Of note, Mr. Daniels, at all times herein, has never been a board member or employee of Build Our Center; he is not a proper party to this action.

to, that Build Our Center allegedly coordinated with the Washoe County Defendants to plan security, restrict access, "reinforce exclusionary policies," and for "limiting public participation" (*see* Exhibit 2 to the Motion [ECF No. 65-2] at pages 10-12); and (3) new causes of action against Build Our Center, including intentional infliction of emotional distress (*see* Exhibit to the Motion [ECF No. 65-2] at Page 18 ¶¶ 3-5.)

The allegations and "new" parties Mr. Ribar includes in his proposed First Amended Complaint are not new facts (or new parties). Knowledge of and information about the facts and parties were readily available to him at least as early as the time he filed his Complaint, and most certainly by the time he filed *Plaintiff's Opposition to Defendant Build Our Center, Inc.'s Motion to Dismiss* [ECF 43, the "Dismiss Opposition"] filed on January 8, 2025.[2] In his Dismiss Opposition [ECF No. 43], Mr. Ribar includes allegations that Build Our Center, through "social media posts, emails, and media reports" established a "collaborative relationship" with the Washoe County Defendants and "actively participated in discriminatory practices, including event access restrictions and retaliatory actions." *See* the Dismiss Opposition [ECF No. 43] at Pages 3-4.

In this same *Dismiss Opposition*, a couple of his exhibits show that Mr. Ribar had knowledge of Mr. Daniel's alleged participation prior to the Scheduling Order deadline. For example, he attaches email correspondence [ECF No. 43-2] wherein Christopher Daniels (also known as Ginger Devine) is named with a link to YouTube for a promotional video, Mr. Daniels is listed as a reader, and he is listed on the email communications. See Dismiss Opposition [ECF 43-2] at Pages 1-15. He also attaches a *Reno News and Review* Article [ECF 43-3] detailing Mr. Daniel's involvement as a reader.

/ / /

---

[2] Mr. Ribar did not request leave to amend the Complaint in his Dismiss Opposition [ECF No. 43].

Then, in *Plaintiff's Opposition to Defendant Build Our Center Inc.'s Motion for Limited Protective Order to Stay Discovery* [ECF No. 51, the "Stay Opposition"], Mr. Ribar includes a section entitled, "Evidence Demonstrates BOC's Collaboration with Washoe County," wherein he claims he has evidence that Washoe County hosted training at Build Our Center's office and "demonstrates BOC's active role in training and preparing participants for Drag Story Hour events, underscoring its collaboration with state actors." See the Stay Opposition [ECF No. 51] at Page 3.

Then, on January 21, 2025, instead of requesting leave to amend his Complaint (and having full knowledge of the "new" facts he adds to his First Amended Complaint), Mr. Ribar merely filed a *Motion for Leave to File Supplemental Brief in Opposition to Defendant Build Our Center's Motion to Dismiss* [ECF No. 54, the "Supplemental Brief Motion"] where he claims he has "[n]ewly discovered documents [that] demonstrate significant collaboration between BOC and the Washoe County Library System (WCLS) in organizing public events, including Drag Story Hour (DSH) and RainbowFest." Supplemental Brief Motion [ECF 54] at Page 1. He states his new documents show "joint planning and coordination," "event management, security arrangements, and funding for Drag Story Hour performances …" These are the same "new" allegations he includes in his proposed First Amended Complaint. The exhibits he attaches include emails exchanged between Angeline Peterson and the Washoe County Defendants. *See* Emails [ECF 54-2] at Pages 5-8.

In short, Mr. Ribar has waited over three (3) months to request leave to amend his complaint, despite having all of the alleged facts available to him in early January 2025. Mr. Ribar has not been diligent in seeking an amendment and the Court should not reward his dilatory behavior. "If [a] party [is] not diligent, the inquiry should end." *Johnson,* 1992 WL 220247 (9th Cir. 1992).

/ / /

### c. Mr. Ribar has Failed to Show Excusable Neglect

Pursuant to LR 26-3, if a request to extend a deadline is made "after the expiration of the subject deadline," the movant must also demonstrate "that the failure to act was the result of excusable neglect." "Whether neglect is excusable … depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

Mr. Ribar's failure to request leave to amend his Complaint prior to the March 11, 2025, deadline should not be excused. He has provided no valid reason as to why he waited over three (3) months to amend his Complaint, despite having the information to do so as early as January 2025. Furthermore, Mr. Ribar's claim that he acts "in good faith" is a claim that holds little weight; it is a claim that he uses as an excuse to hide the objective facts as to his true motives in litigating. Mr. Ribar is on a fishing expedition. If the Court permits him to amend his Complaint, this will open the door to Mr. Ribar requesting the Court re-open discovery as to Build Our Center, which will cause him to engage in vexatious discovery practices. The Court should not reward Mr. Ribar by providing him with more fuel for his litigious fire. Instead of focusing his efforts to "hold the government accountable" through the legislative process, Mr. Ribar instead focuses his efforts on harassment and hate by filing frivolous lawsuits and promoting his conspiracy theories about the government through his YouTube channel (he, of course, will call his vexatious litigation "good faith" and part of his duty as an American citizen). Mr. Ribar's neglect to amend his complaint is not excusable.

/ / /

/ / /

### d. Even if this Court applies FRCP 15(a), Mr. Ribar's Amended Complaint Remains Futile

FRCP 15(a) does not apply. However, if this Court does apply FRCP 15(a), the Court should still deny Mr. Ribar's *Motion for Leave to File First Amended Complaint* [ECF No. 65] based on futility. "Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir.2010). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (internal quotations omitted). Mr. Ribar's Complaint still fails to state a claim for relief against Build Our Center; in other words, that Build Our Center, in any capacity, denied him access to Drag Queen Story hour, assaulted him, or blocked his access to the Library's Facebook page. In short, the proposed amendments add nothing to cure the underlying deficiencies of his original complaint.

### e. Build Our Center Requests Attorneys' Fees and Costs for Defending this Motion

Mr. Ribar's delay in seeking amendment is dilatory and inexcusable. Therefore, Build Our Center respectfully requests that, in addition to denying Mr. Ribar's Motion, the Court also grant Build Our Center an award of reasonable attorneys' fees and costs in preparing this Opposition and attending any hearing related thereto. *See Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)("[W]here there are lawyers or organizations that will take a … case without compensation, that fact does not bar the award of a reasonable fee."); *Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014) ("Attorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services.")

### III. CONCLUSION

Ultimately, Mr. Ribar has failed to show good cause or excusable neglect as to why, despite having the "new" facts within his purview as early as January 2025, he failed to request leave to amend his Complaint by March 11, 2025. The Court should not reward his dilatory behavior.

As such and based on the above, Build Our Center respectfully requests the Court deny Mr. Ribar's *Motion for Leave to File First Amended Complaint* [ECF 65].

DATED: April 2, 2025.     SIERRA CREST BUSINESS LAW GROUP

By: _____
Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Lindsay L. Liddell** (SBN 14079)
**Andrew Cobi Burnett** (SBN 16505)
DEPUTY DISTRICT ATTORNEYS
One South Sierra Street Reno, NV 89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez*

DATED: April 2, 2025.

/s/ Mayra Ibarra
_____
an employee of the
SIERRA CREST BUSINESS LAW GROUP