1   LINDSAY LIDDELL
    Deputy District Attorney
2   Nevada State Bar Number 14079
    ANDREW COBI BURNETT
3   Deputy District Attorney
    Nevada State Bar Number 16505
4   One South Sierra Street
    Reno, NV  89501
5   lliddell@da.washoecounty.gov
    cburnett@da.washoecounty.gov
6   (775) 337-5700

7   ATTORNEYS FOR WASHOE COUNTY
    DEFENDANTS
8

9                   **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11                                * * *

12  DREW RIBAR,

13          Plaintiff,                    Case No.  3:24-CV-00526-ART-CLB

14      vs.
                                          **OPPOSITION TO PLAINTIFF'S**
15  WASHOE COUNTY, NEVADA;                **MOTION FOR LEAVE TO FILE**
    WASHOE COUNTY LIBRARY                 **FIRST AMENDED COMPLAINT**
16  SYSTEM; BUILD OUR CENTER, INC.;
    JEFF SCOTT; STACY MCKENZIE;           **(ECF No. 65)**
17  JONNICA BOWEN; LIBRARY
    EMPLOYEE DOE #1; JENNIFER COLE;
18  DEPUTY C. ROTHKIN (BADGE #5696);
    DEPUTY R. SAPIDA (BADGE #4663;
19  SGT. GEORGE GOMEZ (BADGE
    #4066); AND JOHN/JANE DOES 1+10,
20
            Defendants.\
21  _____/

22

23          Washoe  County,  Washoe  County  Library  System,  Jeff  Scott,  Stacy  McKenzie,

24  Jonnica Bowen, Jennifer Cole, Deputy Rothkin, Deputy Sapida, and Sgt. Gomez ("Washoe

25  County Defendants") through counsel, Lindsay L. Liddell, Deputy District Attorney, hereby

26  file their Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (ECF

                                        -1-

No. 65) ("Opposition"). This Opposition is based on the following Memorandum of Points and Authorities, the pleadings and papers on file, FRCP 16(b), and LR 26-3.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Drew Ribar ("Plaintiff") untimely filed his Motion for Leave to File First Amended Complaint ("Motion"). (ECF No. 65). The deadline to amend pleadings passed on March 11, 2025. (ECF No. 31 at p. 3). Plaintiff filed the Motion on March 24, 2025. (ECF No. 65). He now seeks to add claims against library employees Thanh Ngyuen, Jamie Hemingway, Kristen Ryan, and Washoe County Security Administrator Ben West. (ECF No. 65-1 at p. 4). He also seeks to add nine new claims not previously plead against existing defendants.

Plaintiff was not diligent in seeking an amendment. Plaintiff had the information or "material" that forms the bases of his amendment as recently as January 2025, if not earlier. He was not diligent in seeking an amendment, does not provide any excuse for the delay, prejudiced County Defendants by waiting until after the deadline to file the Motion, and presumably lacks good faith in seeking to amend his claims. Good cause and excusable neglect do not exist to permit the amendment, and therefore the Motion should be denied.

### II.    LEGAL ANALYSIS

#### A.    THE MOTION SHOULD BE DENIED BASED ON LACK OF GOOD CAUSE AND EXCUSABLE NEGLECT

"When the deadline for amending pleadings under a scheduling order has passed, the Court's analysis must start with Rule 16(b)," whether there is good cause. *Miles v. Johnson*, No. 2:23-cv-00087-GMN-DJA, 2025 WL 785328, at *1 (D. Nev. Mar. 11, 2025). In addition, "[a]ny motion filed beyond the deadline [to amend or join parties] must demonstrate excusable neglect" in the District of Nevada. *Hodges v. Baker*, No. 3:20-cv-00489-RFB-CSD, 2022 WL 21781633, at *3 (D. Nev. Feb. 28, 2022); *see also* LR 26-3. A party's *pro se* status

1    "does not relieve him of the duty to follow procedural rules and deadlines," and the *pro se*'s

2    untimely motion to amend should be denied absent good cause for the delay. *Pattison v.*

3    *Sandoval*, No. 3:20-cv-00287-MMD-CSD, 2022 WL 1506412, at *3 (D. Nev. May 12, 2022)

4    (overruling objection to Magistrate Judge's denial of untimely motion for leave to amend).

5            **i.       Ribar Was Not Diligent, and Thus There is No Good Cause.**

6

7            "Unlike Rule 15(a)'s 'liberal amendment policy[,]… Rule 16(b)'s 'good cause'

8    standard primarily considers the diligence of the party seeking the amendment… [i]f that

9    party was not diligent, the inquiry should end." *Miles*, 2025 WL 785328, at *1 (quoting *In re*

10   *W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom*).

11   Courts review "whether the deadline set in the scheduling order cannot reasonably be met

12   despite the diligence of the party seeking the amendment." *D.S. v. Clark Cnty. Sch. Dist.*, No.

13   2:22-cv-00246-JCM-NJK, 2023 WL 5748720, at *2 (D. Nev. May 22, 2023) (quotations and

14   citations omitted). "[C]ourts examine the time between the moving party's discovery of new

15   facts and its asking leave of the court to file an amended pleading." *Blandino v. Las Vegas*

16   *Metro. Police Dep't*, No. 2:22-cv-00562-GMN-EJY, 2024 WL 5056178, at *4 (D. Nev. Dec. 9,

17   2024).

18           "[C]arelessness is not compatible with a finding of diligence and offers no reason for

19   a grant of relief." *Johnson v. Mammoth Properties, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). No

20   diligence exists where a party inexplicably waits several months to request leave to amend

21   after it obtains relevant information. *See Blandino*, 2024 WL 5056178, at *4. A Plaintiff fails

22   to carry his burden of showing good cause when his motion fails to identify when he obtained

23   the information giving rise to the amendment and a description of any good faith attempts

24   to timely amend. *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019).

25           Here, Plaintiff makes no effort to establish his diligence or provide any reason why

26   the deadline could not have been reasonably met. (ECF No. 65). Plaintiff seeks to amend his

complaint to add new claims against new County Defendants, namely library employees Thanh Ngyuen, Jamie Hemingway, Kristen Ryan, and Washoe County Security Administrator Ben West. (ECF No. 65-1 at p. 4). Plaintiff provides no timeline for when he received the information he believes gives rise to the proposed amendment. *Id.* The exhibits attached to the instant Motion either involve recordings or correspondence created by Plaintiff, or based upon information and belief, records produced in a public records request in Fall 2024—none of which contain bates numbers from documents produced during discovery, though many have also been produced by County Defendants. *See* (ECF Nos. 65-1, 66–71) Plaintiff's own exhibits, his exhibits filed in this case on other papers, and his YouTube videos show that he had this information for several months prior to the deadline to amend. *See* Exs. 1–4; (ECF No. 67 and video identified as Ex. 30 to ECF No. 65-1, at 00:13:44-00:14:00).

Against Nguyen, Plaintiff seeks to add her as the previously identified "Doe" [1] defendant, resting on claims that she assaulted him and denied him access to the library. (ECF No. 65-1 at pp. 4, 6–8). On January 1, 2025, Plaintiff posted a video[2] on his YouTube channel going through "public records" that he received and discussing Nguyen. Ex. 1 at pp. 1, 3–5. Specifically, Plaintiff identifies Nguyen as the "Jane Doe librarian" referenced in his complaint, and discusses amending his complaint to add her as a defendant in this case. *Id.* at pp. 3–4; *see also* (ECF No. 2 at p. 4) (naming "Library Employee Doe #1"). On January 8, 2025, Plaintiff filed an exhibit in this case—the same document he discussed on YouTube—that identifies Nguyen as the individual involved in an incident with Plaintiff on

---

[1] "Doe" pleading is not permitted in federal court. *Avila v. Doe*, Case No. 2:16-cv-GMN-GWF, 2017 WL 448313 at *2–3 (D. Nev. Feb. 1, 2017) ("[P]leading fictitious or doe defendants is improper in federal court.").

[2] Plaintiff's video titled "5 Shocking Things I Learned Suing Government Employees," is available at https://www.youtube.com/watch?v=bGL1dfTPiWg (last visited Apr. 2, 2025).

or about June 15, 2024. (ECF No. 43-2 at pp. 25–27). Moreover, Nguyen was specifically identified in County Defendants' list of witnesses and in documents disclosed to Plaintiff in December 2024 and January 2025. *See* Ex. 3 (identifying proposed defendant Nguyen at p. 3 and disclosed incident reports at p. 4) Having obtained this information at least by January 1, 2025, and having received disclosures involving Nguyen and specifically identifying her, Plaintiff was not diligent in seeking to amend his complaint to add claims against Nguyen.

Against Hemingway, the library's Public Information Officer, Plaintiff seeks to add claims that she "restricted media access," "granted KUNR media access while excluding Plaintiff," that she violated the First Amendment, and that she excluded him from the library. (ECF No. 65-1 at pp. 4–5, 7–8). In Plaintiff's January 1, 2025, YouTube video, he identifies Hemingway's involvement with him and claims "she gets to censor us." Ex. 1 at p. 6. Likewise, in Plaintiff's January 8, 2025, filing, he provided emails involving Hemingway and her report against Plaintiff. (ECF No. 43-2 at pp. 6–15, 27). Likewise, Plaintiff filed other exhibits in this case on January 21, 2025, containing emails involving Hemingway. (ECF No. 54-2 at pp. 2–8). Plaintiff's previous exhibits also include KUNR news stories showing their access to drag story hour library events. (ECF No. 43-3 at pp. 11–15). Moreover, even if the emails included in Plaintiff's proposed exhibits were not provided in a Fall 2024 public records request, they were produced by County Defendants during discovery in January 2025, and with a February 11, 2025 Response to Plaintiff's Request for Production. Ex. 3 (identifying proposed defendant Hemingway at p. 3 and disclosed incident reports at p. 4); Ex. 4 (identifying email correspondence at pp. 15–20, social media policy at pp. 4–10, library policies at pp. 11–14, and Plaintiff's social media conduct at pp. 21–41). Thus, Plaintiff was not diligent in seeking to amend and add claims against Hemingway.

Against Weinert, Plaintiff seeks to add claims arising out of her involvement with "event coordination" for the library. (ECF No. 65-1 at p. 4, 7–9). Again, Plaintiff's previously filed exhibits on January 8, 2025, and January 21, 2025, identify Weinert, her involvement

with Plaintiff, and her involvement with event coordination for the library's drag story hour. (ECF Nos. 43-2 at pp. 2–15, 54-2 at pp. 2–3, and 54-3 at pp. 2–3). Plaintiff had information regarding Weinert months prior to the deadline to amend and was not diligent in seeking to add claims against her.

Against Ryan, Plaintiff seeks to add claims against her because she "imposed suspensions" that temporary excluded Plaintiff from the library. (ECF No. 65-1 at p. 4, 7). Notably, Plaintiff's own exhibit to the instant Motion, the June 20, 2024 video he personally filmed, shows Ryan providing Plaintiff with notice of his suspension, Plaintiff asking for her name, her response stating "my name is Kristen… Kristen Ryan," and Plaintiff's response that she will be named in a lawsuit and that he intends to sue. (ECF No. 67 and video identified as exhibit 30 to ECF No. 65-1, at 00:13:44-00:14:00). Further, proposed defendant Ryan's involvement with Plaintiff is identified in Plaintiff's January 8, 2025, exhibits (ECF No. 43-2 at pp. 6–16, 24–25, 31–32) and in his January 1, 2025 YouTube video (Ex. 1 at p. 2). Based on Plaintiff's video exhibit, he had the relevant information to add Ryan as a defendant in this case months prior to filing his Complaint, and nine (9) months prior to the deadline to amend. *See* (ECF No. 67 and video identified as exhibit 30 to ECF No. 65-1, at 00:13:44-00:14:00). Plaintiff was not diligent in seeking an amendment as to Ryan.

Against West, Plaintiff seeks to add claims based on West's "supported access restrictions" in his role as the County Security Administrator. (ECF No. 65-1 at pp. 4, 8). On December 14, 2024, Plaintiff posted a YouTube video[3] with correspondence from West to Plaintiff regarding Plaintiff's library suspension. Ex. 2 The letter, dated December 4, 2024, was sent to Plaintiff and apparently received thereafter. *Id.* Plaintiff obtained this information in early December of 2024, but waited over four (4) months to seek an amendment to add

---

[3] Plaintiff's video titled "Library Gets Sued for Discrimination," is available at https://www.youtube.com/watch?v=y0P6b_wBUdc (last visited Apr. 2, 2025).

West as a defendant in this case. *See id.* Plaintiff was once again not diligent in seeking to add claims against West.

Plaintiff's proposed amendment also seeks to add nine (9) new claims against existing defendants: Count IV Fourteenth Amendment Equal Protection; Count VI Conspiracy; County VII Conspiracy; County VII Nevada Constitution free speech; Count IX NRS 379.040 public access to libraries; Count XI Intentional Infliction of Emotional Distress; Count XII Defamation; Count XIII Negligent Supervision; and Count XIV Nevada's Open Meeting Law. *Compare* (ECF No. 2 at pp. 6–8) *with* (ECF No. 65-1 at pp. 7–9). Each of these claims and underlying allegations are based on information that Plaintiff possessed well before the deadline to amend. The new claims address Plaintiff's exclusion from the library, circumstances in which—as Plaintiff's own exhibits to this Motion and other exhibits filed in this case demonstrate—Plaintiff was personally involved and/or filmed. Plaintiff simply was not diligent in seeking to amend and add these claims before the deadline.

Concerningly, Plaintiff claims to support the Motion with reference to a non-existent Court Order. (ECF No. 65 at p.3) ("On March 13, 2025, the Court granted Defendant's Motion for a More Definite Statement under \*\*FRCP 12(e)\*\*."). County Defendants are unaware of any such motion or corresponding order filed in this case. County Defendants presume that Plaintiff did not adequately scrutinize a Chat GPT-drafted motion and thus filed the instant motion relying on nonexistent legal authority.[4] The non-existent court order cited in the Motion does not establish good cause.

---

[4] County Defendants remind Plaintiff that he, like any other party or attorney, is subject to Rule 11 and is prohibited from filing papers with legal contentions not warranted by existing law or factual contentions that lack evidentiary support. *See* FRCP 11(b). *Pro se* litigants may be subject to sanctions for filing documents with false citations created by generative artificial intelligence ("A.I.") platforms. *See Kruse v. Karlen*, 692 S.W.3d 43, 48 (Mo. Ct. App. 2024), *reh'g and/or transfer denied* (Apr. 9, 2024) (sanctioning *pro se* litigant with a $10,000 fine). Attempts to persuade the Court and opposing parties with "non-existed precedent generated by ChatGPT" are an "'abuse of the adversary system.'" *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (quoting *Mata v. Avianca, Inc.*, 678 F.Supp. 3d 443, 461 (S.D.N.Y. 2023)).

More importantly, Plaintiff fails to address the deadline to amend and why he neglected to timely pursue amendment. *See* (ECF No. 65). Plaintiff claims that his evidence includes "materials that were not available at the time of the original filing." *Id.* at p. 3. He does not address the material that was available *before* he filed the complaint, such as the video of Ryan identifying herself. He likewise does not address his failure to seek amendment promptly after allegedly receiving the information. *See* (ECF No. 65 at p. 3). Moreover, his arguments of "clarification of issues" and "no prejudice to defendants" do not address or excuse his lack of diligence, and therefore, Plaintiff failed to meet his burden to show good cause for the amendment.

Because Plaintiff was not diligent in seeking amendment, the Court's inquiry should end and the Motion should be denied. *Miles*, 2025 WL 785328, at *1. Plaintiff's *pro se* status does not absolve him of adhering to the rules and deadlines of this Court. *Pattison*, 2022 WL 1506412, at *3. Plaintiff's dilatory conduct is far from diligent, and the Motion does not establish good cause to amend. Therefore, the Court should deny the Motion.

### ii.    Even if Good Cause Was Present, There is No Excusable Neglect.

"The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *D.S.*, 2023 WL 5748720, at *2. The moving party bears the burden of showing excusable neglect. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (affirming finding of no excusable neglect based upon the movant's failure to provide a sufficient showing). "Prejudice may be established in a variety of ways, such as where a motion to amend is made after the cutoff date for such motions, or when discovery has already closed or is about to close." *Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Additionally, where a movant fails to address the "reason for delay," the

1  Court is within its discretion in finding that the movant's neglect was not excusable. *Branch*

2  *Banking & Trust Co.*, 871 F.3d at 765.

3      Here, Plaintiff did not meet his burden of showing excusable neglect. *See* (ECF No.

4  65). He does not address his reason for the delay between obtaining the "material" giving

5  rise to his amendment and actually filing the instant motion. *See id.*; *Branch Banking & Trust*

6  *Co.*, 871 F.3d at 765. Without information as to precisely when he received the information

7  in the Motion, Plaintiff cannot show excusable neglect. As set forth above, Plaintiff had this

8  information several months prior to the deadline to amend. Moreover, the docket in this case

9  reflects that Plaintiff lacked any impediment in filing documents between January and the

10  March 11 deadline, as his filings during that time are numerous. There appears to be no

11  reason for the delay that would give rise to excusable neglect.

12      The length of the delay is both substantial and leads to prejudice toward County

13  Defendants. Plaintiff had relevant information to bring his proposed claims as early as

14  January 2025, and against West specifically in December 2024. There are only two months

15  left in the discovery. (ECF No. 31 at p. 2). Plaintiff seeks to add nine new claims and four

16  new County Defendants on which County Defendants have not conducted any discovery.

17  Moreover, prejudice itself can be established merely by Plaintiff's failure to pursue an

18  amendment before the deadline. *Lyon*, 308 F.R.D. at 214.

19      Additionally, County Defendants can only speculate as to Plaintiff's lack of good faith

20  in seeking amendment. "[E]vidence bearing on frivolousness … will often be highly

21  probative of purpose." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.

22  1990 (en banc). Plaintiff previously asserted his intent to pursue his claims in the "court of

23  public opinion." (ECF No. 64-3 at p. 1) (emph. removed). Ribar has used this case to garner

24  attention and create content for his YouTube Channel. *See* Ex. 1; (ECF No. 64-6). Moreover,

25  the proposed amendments do not actually appear to be viable claims against the proposed

26  //

defendants.[5] The circumstances therefore suggest bad faith in Plaintiff's pursuit of the amendment, and in pursuing this case in general.

Plaintiff's neglect was not excusable, and thus the motion should be denied. Even if Plaintiff could establish good cause, which he does not, he did not meet his burden to establish excusable neglect. Plaintiff substantially delayed bringing the Motion without reasonable explanation, prejudiced County Defendants by not bringing it before the deadline and appears to be acting in bad faith by pursuing frivolous claims and by exploiting this matter on social media. Denial is appropriate.

**B.    EVEN IF PLAINTIFF WAS ACTING IN GOOD FAITH AND MAINTAINED EXCUSABLE NEGLECT, HIS REQUEST TO AMEND SHOULD BE DENIED BASED ON RULE 15.**

Plaintiff erroneously applies the more lenient Rule 15 standard to his request to amend. (ECF No. 65 at p. 2). Here, Plaintiff has failed to show a sufficient basis for obtaining relief under Rule 16(b), thus the Court should not proceed to an examination for amendment under Rule 15(a). *Miles*, 2025 WL 785328, at *1. Nonetheless, if this Court determines Plaintiff has shown a valid basis for amendment under Rule 16(b), Plaintiff's request should still be denied under Rule 15(a) interpretation.

//

---

[5] For example, there is no "conspiracy" claim under Section 1983, and instead each defendant must have directly violated the plaintiff's constitutional right. *Katzman v. Los Angeles Cnty. Metro. Transportation Auth.*, 72 F. Supp. 3d 1091, 1107 (N.D. Cal. 2014). Likewise, a "class-of-one" does not state a claim for violation of a plaintiff's Equal Protection rights. *Id.* at 1108. There is no private right of action for alleged violations of Nev. Rev. Stat. 379.040 requiring libraries to be generally open to the public. A negligent supervision claim against government defendants is barred by discretionary act immunity, Nev. Rev. Stat. 41.032. *Paulos v. FCH1, LLC*, 136 Nev. 18, 26, 456 P.3d 589, 596 (2020). Actions based on alleged violations of Nevada's Open Meeting Law are barred after 120 days. Nev. Rev. Stat. 241.037(3)(a). Defamation cannot be based on a statement that is true, substantially true, an opinion, hyperbole, exaggeration, or generalization. *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 715, 57 P.3d 82, 88 (2002). Lastly, an intentional infliction of emotional distress claim cannot be based on "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Candalore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992).

1    When a movant has established a sufficient basis for obtaining relief from the deadline

2    to amend pursuant to Rule 16(b), courts then examine whether amendment is proper under

3    the standards outlined in Rule 15(a). *Miles*, 2025 WL 785328, at *1. Rule 15(a) provides that

4    "[t]he court should freely give leave [to amend] when justice so requires," and there is a

5    strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757

6    (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with

7    "extreme liberality." *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1051 (9th Cir.

8    2003) (per curiam). However, a court may deny leave to amend under Rule 15(a) if: (1) the

9    request is made in bad faith; (2) it was cause undue delay; (3) it will cause undue prejudice

10   to the opposing party; (4) plaintiff repeatedly failed to cure deficiencies; or (5) the amendment

11   would be futile. *See id*. at 1052.

12   As set forth below, even if the court were to proceed under Rule 15(a), the Motion for

13   Leave should be denied.

14        **i.**    **Plaintiff's Attempt to Amend His Complaint Highlights Bad Faith and Undue Delay.**

15

16   Plaintiff has been transparent in his intentions to use this case and disseminate

17   personally-recorded information relating to this case for social media content, to harass, to

18   create environments that cause doxxing, and to antagonize individuals who he believes are

19   part of a corrupt government system. Moreover, the amendment's futility, set forth in detail

20   below, further suggests a lack of good faith in Plaintiff's pursuit. Plaintiff's attempt to amend

21   his Complaint past the deadline does not "clarify" his existing claims, but instead clarifies

22   the nature of overarching mission– to use this court as a platform for his political grievances

23   against the Washoe County Library.

24   With only two (2) months left in discovery, Plaintiff seeks to amend his Complaint to

25   add additional County defendants and to add nine (9) new claims. Plaintiff possessed some

26   of the relevant information to amend his Complaint when he filed his original Complaint,

some in December 2024 after receiving correspondence from Ben West, and information for other claims as early as January 2025. Exs. 1–4; (ECF No. 67 and video identified as Ex. 30 to ECF No. 65-1, at 00:13:44-00:14:00). Yet, he failed to either include those claims in his Complaint, and then failed to pursue amendment within a reasonable time of receiving the remaining information. Plaintiff has yet to provide a reason for this late filing and has failed to show any excusable neglect for the untimeliness of this request to amend. These new parties and new claims were widely available to Plaintiff prior to filing this instant request to amend and Plaintiff has failed to act diligently with this request, has failed to cooperate with County Counsel on meet and confer issues, and has remained steadfast in his attempts to disseminate litigation materials and information to his already-emboldened YouTube fanbase. This demonstrates bad faith in pursuing the instant Motion.

In evaluating undue delay, the Court examines "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.") *In re Newport Corp. S'holder Litig.*, 507 P.3d 182 (Nev. 2022) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). The undue delay factor weighs in favor of the opposing party where  facts were available to plaintiff or already within a prior pleading, but plaintiff failed to initially include their desired claim. *McCart-Pollak v. On Demand Direct Response LLC*, No. 2:20-cv-01624-GMN-WCF, 2023 WL 1879683, at *3 (D. Nev. Feb. 9, 2023), *reconsideration denied*, 2023 WL 7683317 (D. Nev. Apr. 20, 2023); *see also Tindle v. City of Daly City*, No. 13-cv-02449, 2016 WL 3198619, at *2 (N.D. Cal. June 9, 2016)("The basis for all the additional claims and facts Plaintiffs seek to add by way of amendment had been known to them since before the filing of the May 2023 complaint … This fact weighs strongly against granting leave to amend now.").

The newly proposed claims in Plaintiff's amendment are completely based upon facts and theories known to Plaintiff when the original Complaint was filed, or that were within Plaintiff's possession in at least December 2024 and January 2025. Exs. 1–4; (ECF No. 67

and video identified as Ex. 30 to ECF No. 65-1, at 00:13:44-00:14:00). Plaintiff's failure to act diligently in the filing of his amended Complaint should not be imputed to County Defendants. Undue delay is present here given Plaintiff has sat on these previously recognized claims for months, refusing to amend his Complaint in a timely manner, and ultimately subjecting County Defendants to respond to the same arguments raised in bad faith. Awarding Plaintiff for a costly and time-consuming fishing expedition would run afoul of judicial economy and reward Plaintiff for a bad faith filing.

Plaintiff's presumed bad faith and his undue delay favor denying leave to amend.

### ii.    Allowing Plaintiff to Amend His Complaint Would Unfairly Prejudice the Opposing Parties.

Not all of the abovementioned factors carry equal weight when analyzing amendment under Rule 15(a). The party opposing the amendment bears the burden of showing why leave should not be permitted under Rule 15(a). *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022). *D.S. v. Clark Cnty. Sch. Dist.*, No. 2:22-CV-00246-JCM-NJK, 2023 WL 5748720, at *3 (D. Nev. May 22, 2023).

Here, allowing Plaintiff to amend his Complaint past the deadline, and to further his vindictive goals and harassment, masquerading as an attempt at 'government transparency,' would amount to unfair prejudice for County Defendants. In December of 2024, Plaintiff had the opportunity to amend his Complaint to add at least one (1) additional County defendant and bring his newly proposed claims. He did not do so. In January of 2025, Plaintiff had the opportunity to amend his Complaint to add the rest of his newly proposed County defendants and similarly bring his newly proposed claims. He did not do so. Plaintiff had ample opportunity to amend his Complaint in a timely manner, allowing County Defendants to adequately respond and prepare an opposition. However, Plaintiff waited until March 24, 2025, to file his amended Complaint, thirteen (13) days after the deadline had passed, inexplicably and inexcusably letting the deadline elapse by nearly two weeks.

1    Proper denial of the request to amend would be warranted under Rule 16(b) and should

2    likewise be denied under Rule 15(a).

3         If Plaintiff is granted leave to amend his Complaint, these discovery issues and

4    unnecessary battles between County Counsel and Plaintiff will continue. Plaintiff has made

5    it clear that he is unwilling to appropriately meet and confer with County Counsel in the

6    event he is unable to record the conversation and later post it online for his viewers.

7    Additional leave to amend his Complaint will further prejudice County Defendants into

8    responding to nearly identical claims with nearly identical facts, circumstances, and theories.

9    While "'the cost of defending against a new claim is not the type of prejudice recognized as

10   being sufficient to deny leave to amend' particularly when the case remains in its early

11   stages." (quoting *PlayUp, Inc. v. Mintas*, 2022 WL 1525449, at *2 (D. Nev. May 13, 2022))

12   (*Fox v. Kovacs*, No. 2:24-CV-00047-CDS-NJK, 2025 WL 847847, at *2 (D. Nev. Jan. 17,

13   2025), County Defendants here argue the prejudice extends beyond merely cost of response.

14        Here, deeper prejudice lies in the impact this request to amend will have upon County

15   Defendants themselves. Named County Defendants in this suit have already experienced

16   significant harassment, public doxxing, and emotional pain dealing with the fallout of this

17   litigation and the continued broadcast of its contents on Plaintiff's public YouTube channel.

18   Allowing leave to amend this Complaint would further prejudice County Defendants

19   personally, giving way for additional personal attacks and continued trauma in dealing with

20   Plaintiff and his social media schemes. *See, e.g.* (ECF No 64) Cost aside, defending against

21   these new and factually similar claims would prejudice County Defendants in being forced

22   to litigate against kindred claims and in support of defendants who could have been added

23   nearly four (4) months ago.

24       **iii.**      **Amendment Here is Futile.**

25        Additionally, leave to amend may be denied if amendment would be futile. *Wild Horse*

26   *Educ. V. U.S. Dep't of Interior*, No. 3:23-cv-00372-LRH-CLB, 2024 WL 2060272, at *8 (D.

1   Nev. May 8, 2024). "Ordinarily, courts will defer consideration of challenges to the merits

2   of a proposed amended pleading until after leave to amend is granted and the amended

3   pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-

4   GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations

5   omitted). However, "[f]utility of amendment can, by itself, justify the denial of a motion for

6   leave to amend." *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021).

7       An amendment is futile only if no set of facts can be proved under the amendment

8   that would constitute a valid claim or defense. *See Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209,

9   214 (9th Cir. 1988). The test to determine the legal sufficiency of the amended complaint is

10  the same test under Rule 12(b)(6). *Id.* A claim must include more than a "formulaic recitation

11  of the elements of a cause of action, and must contain factual allegations sufficient to "raise

12  a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

13  (2007).

14      Here, Plaintiff's proposed amendments to his original complaint fail to supplement

15  or otherwise restore the flaws present in his original filing. He also seeks to add new

16  defendants to the following existing claims: Count I violation of the First Amendment;

17  Count II, violation of the Fourth Amendment; Count III, violation of the Fourteenth

18  Amendment; Count V, Monell Liability. *Compare* (ECF No. 2 at pp. 6–8) *with* (ECF No. 65-

19  1 at pp. 7–9). Plaintiff also seeks to add nine (9) new claims against existing and new

20  defendants: Count IV Fourteenth Amendment Equal Protection; Count VI Conspiracy;

21  County VII Conspiracy; Count VII Nevada Constitution free speech; Count IX NRS 379.040

22  public access to libraries; Count XI Intentional Infliction of Emotional Distress; Count XII

23  Defamation; Count XIII Negligent Supervision; and Count XIV Nevada's Open Meeting

24  Law. *Compare* (ECF No. 2 at pp. 6–8) *with* (ECF No. 65-1 at pp. 7–9).

25  //

26  //

1

2

       (a)    **Amendments to Count I, Violation of the First Amendment are Futile.**

3

       To state any viable claim under Section 1983, there must be personal participation of each defendant in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Because vicarious liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, *through the officials own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)(emphases added). Liability cannot be premised on a theory that the constitutional violation was a "team effort." *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996).

       Here, Plaintiff seeks to amend his complaint with a First Amendment Claim against "All Defendants," based on allegedly blocking him from library social media and excluding him from libraries. (ECF No. 65-1 at p. 7). Plaintiff does not allege facts that would plausibly suggest a constitutional violation. Blocking a person from social media, and excluding them from the library, is constitutionally permissible depending on the circumstances. *See e.g. Grant-Davis v. Db. Of Trustees of Charleston Cty. Pub. Libr.*, No. 2:15-cv-2676-PMD-MGB, 2017 WL 9360875, at *19 (D.S.C. May 24, 2017)(dismissing First Amendment claim where plaintiff was excluded from library for violating rules prohibiting "loud, unreasonable, and or disturbing actions" and "[t]hreatening behavior toward another person, either verbally or physically"); *Scheffler v. Chitwood*, No. 6:23-CV-1634-JSS-DCI, 2024 WL 4591246, at *5 (M.D. Fla. Oct. 28, 2024)(finding that account-based restrictions preventing spam, scams, and fraud through Facebook pages was content neutral). Even assuming *arguendo* the allegations could arise to a constitutional violation, Plaintiff does not allege who was personally involved in any alleged First Amendment violation. Thus, the proposed amendment is futile.

//

//

-16-

1

2

(b)    **Amendments to Count II, Violation of the Fourth Amendment are Futile.**

3    The Fourth Amendment protects individuals "against unreasonable searches and

4 seizures." *U.S. Const. Amend. IV*. To prove an excessive force claim, an individual must show

5 that the force purposefully or knowingly used against the detainee was objectively

6 unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S.Ct. 2466, 2473. Objective

7 reasonableness depends on the "facts and circumstances of each particular case." *Id.* (citing

8 *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

9    Plaintiff seeks to add a Fourth Amendment claim against Nyugen for allegedly

10 "assaut[ing]" him. (ECF No. 65-1 at p. 7). His proposed exhibits include a video of the

11 incident, wherein Plaintiff understands the building was closed to the public, there was a

12 ticketed event for children, and Plaintiff attempted to push his way in the building while

13 proposed defendant Nguyen attempted to hold the door shut and tell Plaintiff the library was

14 not open. (Ex. 29 to ECF No. 67 at 01:06:30-01:09:30). Taking this into account, Plaintiff

15 does not state a plausible claim for a Fourth Amendment violation. Proposed defendant

16 Nguyen's action of shutting a door to a closed building after Plaintiff physically demanded

17 entry is not objectively reasonable. Therefore, the proposed amendment is futile as to this

18 claim.

19

20

(c)    **Amendments to Count III, Violation of the Fourteenth Amendment Due Process Clause are Futile.**

21    A procedural due process claim has two distinct elements: "(1) a deprivation of a

22 constitutionally protected liberty or property interest, and (2) a denial of adequate procedural

23 protections." *Brewster v. Bd. of Education of the Lynwood Unified School Dist.,* 149 F.3d 971, 982

24 (9th Cir. 1998). Although not well established, "a protected interest in accessing public

25 libraries has been recognized by some courts." *Upton v. Cnty. of San Bernardino*, 2024 WL

26 3914652, at *9 (C.D. Cal. July 3, 2024) citing *Doyle v. Clark Cnty. Pub. Libr.*, No. C-3-07-

1    0003., 2007 WL 2407051, at *5 (S.D. Ohio Aug. 20, 2007). That right is not absolute and

2    "can be lost for engaging in conduct inconsistent with the purpose of public libraries." *Doyle*,

3    2007 WL 2407051, at *5.

4    As the Supreme Court has observed, "[d]ue process is flexible and calls for such

5    procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S.

6    319, 334 (1976) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). At a minimum, due

7    process generally requires that parties whose rights will be affected are given notice of the

8    charge and an opportunity to be heard. *Goss v. Lopez*, 419 U.S. 565, 579 (1975).

9    Here, Plaintiff seeks to amend his complaint to add a due process claim against

10   proposed defendant Ryan, the library, Defendant Scott, Defendant McKenzie, and

11   Defendant Bowen with a blatantly false allegation that they "imposed suspensions without

12   notice or hearing, and "falsified records." (ECF No. 65-1 at pp. 7–8). His own proposed

13   exhibit shows proposed defendant Ryan providing Plaintiff with verbal and written notice of

14   his library suspension, the basis for his suspension, how he may appeal the decision, and

15   Ribar providing his position. *See* (video identified as exhibit 30 to ECF No. 65-1, at 00:12:45-

16   00:13:40). His proposed exhibits also include correspondence between Plaintiff and Washoe

17   County representatives regarding the Plaintiff's appeal, and Plaintiff's position. (ECF No.

18   69-8 at pp. 5–11); (ECF No. 70 at pp. 6–13); (ECF No. 70-2 at pp. 6–16). Another proposed

19   exhibit contains the hearing before the Library Board of Trustees during which Plaintiff's

20   appeal of the suspension was heard for over 90 minutes. *See* (video identified as Ex. 31 to

21   ECF No. 65-1, at 01:21:54-02:53:26).

22   Plaintiff's exhibits show both that amended to his Procedural Due Process Claim is

23   futile, and that he essentially seeks to include allegations that are contrary to his own

24   evidentiary support.

25   //

26   //

-18-

1

2

    **(d)    The Count IV Equal Protection Claim Based on a Class of One is Futile.**

3

A "class-of-one" does not state a claim for violation of a plaintiff's Equal Protection

4 rights. *Katzman v. Los Angeles Cnty. Metro. Transportation Auth.*, 72 F. Supp. 3d 1091, 1108

5 (N.D. Cal. 2014). Here, Plaintiff seeks to add an Equal Protection Claim, alleging

6 "Defendants selectively enforced policies against Plaintiff while favoring" drag queen story

7 hour supporters. (ECF No. 65-1 at p. 8). In addition to lacking sufficient allegations of any

8 defendants' involvement, Plaintiff's proposed amendment is futile because a "class of one"

9 Equal Protection Claim is not legally viable.

10

    **(e)    The Counts VI and VII Conspiracy Claims Do Not Exist.**

11

"Conspiracy itself is not a constitutional tort" under Section 1983. *Katzman*, 72 F.

12 Supp. 3d at 1107. Here, Plaintiff seeks to add two claims for conspiracy based constitutional

13 violations. There are no such claims warranted by law. Therefore, amendment as to Counts

14 Vi and VII is futile.

15

    **(f)    The NRS 379.040, "Public Access to Libraries" Claim Fails.**

16

In Nevada, Libraries and their reading rooms must remain free and accessible to the

17 public, *subject to such reasonable regulations as the trustees of the library may adopt*. Nev. Rev. Stat.

18 379.040 (emph. added). Under Nevada law, whether a private cause of action can be implied

19 is a question of legislative intent. *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 958–59,

20 194 P.3d 96, 100–01 (2008).

21

Plaintiff seeks to add a claim for violation of Nev. Rev. Stat. 379.040, alleging

22 "Defendants denied Plaintiff library access." (ECF No. 65-1 at p. 8). As an initial matter,

23 Plaintiff does not plausibly allege that a private right of action exists for such violations.

24 Additionally, even if it did, Plaintiff does not state a plausible claim because public access is

25 subject to the library's regulations. (ECF No. 65-1 at p. 8); Nev. Rev. Stat. 379.040. Plaintiff's

26 exclusion was based on violating those regulations, and therefore no County Defendants'

conduct offends Nev. Rev. Stat. 379.040. *See* (video identified as Ex. 31 to ECF No. 65-1, at 01:21:54-02:53:26). Amendment as to this claim is futile.

**(g)  Amendments to Count X, Assault and Battery to Add Nguyen are Futile.**

In Nevada, no action may be brought against a public employee or political subdivision "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty…whether or not the discretion involved is abused." Nev. Rev. Stat. 41.032(2). "Nevada jurisprudence provides a two-part test for determining whether a discretionary-function immunity under NRS 41.032 applies to shield a defendant from liability." *Clark Cnty. Sch. Dist. v. Payo*, 133 Nev. 626, 631 (2017). "Under the two-part test, a government defendant is not liable for an allegedly negligent decision if the decision (1) involves an 'element of individual judgment or choice,' and (2) is 'based on considerations of social, economic, or political policy.'" *Id.* at 631–32 (citations omitted).

Discretionary function immunity can be applied to claims involving use of force. An officer's warrantless arrest of an individual was a discretionary act for which the officer was immune. *Carey v. Nev. Gaming Control Bd.*, 279 F.3d 873, 878 (9th Cir. 2002). A decision to restrain an individual was protected by discretionary immunity. *Barnard v. LVMPD*, 2010 WL 11575609, 2:03-cv-01524-RCJ-LRL (D. Nev. Jan. 26, 2010). In *Barnard*, the Court found that the decision to restrain an individual was susceptible to policy analysis "because Officers must balance the invasion of the individual's rights with concerns for public safety and effective law enforcement." *Id.* at *6.

Here, Plaintiff seeks to add an "assault and battery" claim against proposed defendant Nguyen. (ECF No. 65-1 at p. 9). He fails to include any plausible allegations that would support such a claim. Moreover, he includes proposed exhibits showing the alleged altercations. *See* (video identified as Ex. 29 to ECF No. 67 at 01:06:30-01:09:30). This demonstrations there were was an element of choice, and the decision on how to address

1    Plaintiff attempting to trespass into a closed building was subject to policy considerations of

2    public safety. Therefore, discretionary immunity would bar this claim and amendment

3    thereto is futile.

4          (h)      **The County XI Intentional Infliction of Emotional Distress**

5                              **Proposed Amendment is Futile.**

6          An intentional infliction of emotional distress ("IIED") claim cannot be based on

7    "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."

8    *Candalore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992). It instead requires

9    "extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional

10   distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually

11   suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d

12   571 (Nev. 1998).

13         Here, Plaintiff seeks to add an IIED claim against "All Defendants" simply alleging

14   their "extreme conduct… caused severe emotional distress." He includes no plausible

15   allegations supporting any conduct that could be considered extreme or outrageous, that any

16   conduct was intended to caused him emotional distress or was with reckless disregard for

17   causing the same, or any allegations regarding what kind of emotional distress he actually

18   suffered. He attempts to state a claim with a vague bare recitation of IIED elements, which

19   is insufficient. Therefore, amendment as to the IIED claim is futile.

20         (i)      **The County XII Defamation Proposed Amendment is Futile.**

21         Defamation cannot be based on a statement that is true, substantially true, an opinion,

22   hyperbole, exaggeration, or generalization. *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706,

23   715, 57 P.3d 82, 88 (2002). Defamation requires that there be "(1) a false and defamatory

24   statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third

25   person; (3) fault..; and (4) actual or presumed damages." *Id.* 118 Nev. at 706, 57 P.3d at 90.

26         Plaintiff seeks to add a defamation claim against "All Defendants," alleging they

1    "falsely accused Plaintiff of misconduct." (ECF No. 65-1 at p. 9). He cites his proposed

2    exhibit 24, which appears to be an AI transcript of the suspension appeal hearing before the

3    Library Board of Trustees, during which Defendant McKenzie and Defendant Bowen spoke

4    regarding their experience with Plaintiff. *See* (ECF No. 70-3); *see also* video identified as Ex.

5    31 to ECF No. 65-1. There are no allegations concerning any other defendant. Additionally,

6    Plaintiff attached proposed video exhibits regarding the subject matter, showing that

7    Defendant McKenzie and Defendant Bowen's statements were not false, and were otherwise

8    opinions or substantially true. *See* (video identified as Exs. 28–29 to ECF No. 65-1).

9    Therefore, the proposed defamation claim is not viable and amendment is futile.

10          **(j)       The Count XII Negligence/Negligent Supervision Claim is Barred
                        by Discretionary Immunity.**

11

12          In Nevada, a negligent supervision claim against government defendants is barred by

13    discretionary act immunity, Nev. Rev. Stat. 41.032. *Paulos v. FCH1, LLC*, 136 Nev. 18, 26,

14    456 P.3d 589, 596 (2020); *see also Neal-Lomax v. Las Vegas Metro Police Dep't*, 574 F.Supp. 2d

15    1170, 1192 (D. Nev. 2008)("Because Nevada looks to federal case law to determine the scope

16    of discretionary immunity, and because federal case law consistently holds training and

17    supervision are acts entitled to such immunity, [Defendant] is entitled to discretionary

18    immunity.").

19          Here, Plaintiff's Count XIII seeks to add a claim for "Negligence/Negligent

20    Supervision" against the library, Washoe County, and Defendant Cole claiming

21    "Defendants negligently supervised staff, leading to false reporting." Amendment to add a

22    negligent supervision claim is futile because it is barred by discretionary immunity. *Neal-*

23    *Lomax*, 574 F.Supp. 2d at 1192. Construing Plaintiff's allegation broadly, to the extent he

24    also claims Defendant Cole was negligent for reporting Plaintiff to law enforcement, that

25    claim would also be barred by discretionary immunity. The decision to call law enforcement

26    //

1    necessarily involves individual judgment, and considerations of social and political policy.

2    Therefore, amendment to this claim is futile.

3       **(k)  The County XIV Nevada Open Meeting Law Claim is Time-Barred**

4       Actions arising from violations of Nevada's Open Meeting Law are barred after 120

5    days from the alleged violation. Nev. Rev. Stat. 241.037(3)(a). Here, Plaintiff confusingly

6    claims all "Defendants falsified [Library Board of Trustees] minutes." (ECF NO. 65-1 at p.

7    9). Specifically, he claims "On April 17, 2024, Plaintiff's LBOT comments were falsified in

8    minutes, misrepresenting his stance." *Id.* at p. 6, ¶25. Plaintiff sought leave to add an open

9    meeting law claim in March 2025, well after the 120-day limitation. As such, it is time-

10    barred. Amendment for this claim is futile.

11       In sum, the additions of new named defendants and new claims, all of which were

12    additions previously known to Plaintiff prior to the March 11, 2025, deadline, are futile

13    amendments. They do not state viable claims for relief. Moreover, Plaintiff was apprised of

14    these "new" defendants months prior to the deadline, and the facts and circumstances

15    surrounding these "new" claims were similarly existing months prior to the amendment

16    deadline. The merit afforded to these proposed amendments is lacking in that Plaintiff knew

17    or should have known of these new defendants, failed to lodge new claims not previously

18    plead against existing defendants at the proper time, and relies on the same facts and

19    circumstances in these claims to garner leave to amend. The request for leave to amend

20    should be denied.

21      **C.  JOINDER TO AND INCORPORATION OF DEFENDANT BUILD OUR CENTER,**

22        **INC.'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT.**

23       The County Defendants hereby join Defendant Build Our Center, Inc's previously

24    filed Opposition to Motion for Leave to File Amended Complaint (ECF No. 74). The

25    County Defendants hereby adopt the legal arguments set forth in said motion as though fully

26    set forth herein for all the reasons stated therein in addition to the arguments set forth above.

1

**III.    CONCLUSION**

2

The Court should deny the Motion based on lack of good cause. Ribar's failure to

3

establish good cause or maintain any diligence in pursuing the instant Motion after the

4

deadline warrants denial. The Court's inquiry should end based upon lack of good cause.

5

Even if good cause was present here, Ribar does not establish excusable neglect given the

6

length of delay was substantial and without reason, the delay prejudices County Defendants,

7

and Ribar presumably lacks good faith in pursuing the amendment. Moreover, the

8

amendment is not otherwise appropriate under Rule 15. The Motion should be denied.

9

Dated this 7th day of April, 2025.

10

11

By ___/s/ Lindsay Liddell_____
LINDSAY LIDDELL
Deputy District Attorney
ANDREW COBI BURNETT
Deputy District Attorney

12

13

ATTORNEYS FOR WASHOE COUNTY
DEFENDANTS

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## **CERTIFICATE OF SERVICE**

2      Pursuant to FRCP 5, I certify that I am an employee of the Office of the District

3 Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the

4 within action.  I certify that on this date, I deposited for mailing in the U.S. Mails, with

5 postage fully prepaid, a true and correct copy of the foregoing document in an envelope

6 addressed to the following:

7 DREW RIBAR
3480 PERSHING LANE
8 WASHOE VALLEY. NV 89704

9      I certify that on this date, the foregoing was electronically filed with the United States

10 District Court.  Electronic service of the foregoing document shall be made in accordance

11 with the Master Service List as follows:

12 DREW RIBAR

13 ALISON R. KERTIS, ESQ.

14      Dated this 7th day of April, 2025.

15                                    /s/ S. Haldeman
                                    S. Haldeman
16

17

18

19

20

21

22

23

24

25

26

<u>EXHIBIT INDEX</u>

EXHIBIT 1      Plaintiff's YouTube screenshots               6 pages

EXHIBIT 2      Letter from Ben West                          1 page

EXHIBIT 3      Washoe County Defendants' First              4 pages
               Supplemental Disclosures

EXHIBIT 4      Washoe County Defendants' Responses          41 pages
               to Request for Production

<u>EXHIBIT INDEX</u>