UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA – NORTHERN DIVISION

DREW J. RIBAR,

Plaintiff, Pro Se,

v.

WASHOE COUNTY, NEVADA, et al.,

Defendants.

Case No. 3:24-cv-00526-ART-CSD

PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE OPPOSITION AND CONSOLIDATED OPPOSITION TO DEFENDANTS' OPPOSITIONS TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

(ECF Nos. 74, 76)

Plaintiff Drew J. Ribar, proceeding pro se, respectfully moves for leave to file a late opposition to Defendant Build Our Center's (BOC) Opposition (ECF No. 74, filed April 2, 2025) due to excusable neglect and submits this Consolidated Opposition to BOC's Opposition and Washoe County Defendants' Opposition (ECF No. 76, filed April 7, 2025) to Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 65, filed March 24, 2025). The FAC seeks to add six defendants (Thanh Nguyen, Jamie Hemingway, Kristen Ryan, Ben West, Angeline Peterson, Christopher Daniels) and nine claims (Counts IV–XIV: equal protection, conspiracy, Nevada free speech, NRS 379.040, intentional infliction of emotional distress, defamation, negligent supervision, open meeting law) to clarify existing claims (Counts I–III: First Amendment viewpoint discrimination, Fourth Amendment detention, Fourteenth

PLEADING TITLE - 1

Amendment due process). The FAC, supported by over 3,000 public records (10,000+ pages) and discovery (Ex. 1–32, ECF Nos. 68–71), positions the case for summary judgment, promoting judicial economy and saving Defendants' resources. The Motion, filed 13 days after the March 11, 2025, amendment deadline (ECF No. 31), was delayed by a March 19, 2025, motor vehicle accident causing whiplash and shoulder injuries (ECF No. 77, granted ECF No. 80). This Motion and Opposition are based on the following Memorandum of Points and Authorities, the pleadings and papers on file, FRCP 16(b), FRCP 15(a), Local Rule 26-3, Local Rule 7-2, FRCP 1, and Exhibits A–B (ECF No. 77).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION AND PROCEDURAL TIMELINE**

Plaintiff, a pro se litigant managing three concurrent federal civil rights lawsuits involving 15,000+ total pages over months of cross-referencing, seeks leave to file a First Amended Complaint (FAC, ECF No. 65-1) to clarify Counts I–III (First Amendment viewpoint discrimination, Fourth Amendment detention, Fourteenth Amendment due process) and add Counts IV–XIV (equal protection, conspiracy, Nevada free speech, NRS 379.040, intentional infliction of emotional distress, defamation, negligent supervision, open meeting law) against new defendants Thanh Nguyen, Jamie Hemingway, Kristen Ryan, Ben West, Angeline Peterson, and Christopher Daniels. The FAC, based on 10,000+ pages of public records and discovery (Ex. 1–32), enables summary judgment, saving judicial and party resources by resolving disputes on evidence (e.g., Ex. 15, 24, 29–30, 43-2, 54-2; Ex. 2 to ECF No. 65-2). Key dates:

- March 11, 2025: Amendment deadline (ECF No. 31).

PLEADING TITLE - 2

- March 19, 2025: Plaintiff's motor vehicle accident caused whiplash and shoulder injuries, disrupting document review (ECF No. 77, granted ECF No. 80).
- March 24, 2025: Plaintiff filed ECF No. 65, delayed by accident.
- April 2, 2025: BOC filed opposition (ECF No. 74; response due April 16, 2025, Local Rule 7-2(b)).
- April 7, 2025: Washoe County filed opposition (ECF No. 76; response due April 22, 2025, FRCP 6(a)(1)(C)).
- April 22, 2025: Plaintiff files this consolidated opposition, with replies due April 29, 2025 (Local Rule 7-2(c)).

Plaintiff seeks leave to file a late opposition to ECF No. 74 due to excusable neglect and consolidates responses to both oppositions. Defendants argue lack of good cause, excusable neglect, bad faith, undue delay, prejudice, and futility. Plaintiff demonstrates diligence, excusable neglect, and compliance with FRCP 15(a)'s liberal amendment policy, supported by BOC's partial non-opposition (ECF No. 74, not contesting Counts I–III or Nguyen, Hemingway, Ryan, West, implying agreement on core claims), warranting leave to file the FAC.

**II. MOTION FOR LEAVE TO FILE LATE OPPOSITION TO ECF NO. 74**

Plaintiff requests leave to file a late opposition to ECF No. 74, due April 16, 2025. No prior opposition was filed due to a mistaken belief (accident-related confusion and CM/ECF oversight) and pro se constraints. The delay is excusable under Local Rule 26-3 and Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (balancing prejudice, delay, reason, good faith):

- Reason for Delay: Plaintiff's March 19, 2025, accident (ECF No. 77, Ex. A–B) caused whiplash and shoulder injuries, resulting in severe pain limiting prolonged computer use

PLEADING TITLE - 3

and delaying review of ECF No. 74. Managing three lawsuits with 15,000+ pages over months of cross-referencing caused oversight (Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

- Minimal Delay: The 6-day delay past April 16, 2025 (filing April 22, 2025), is negligible, with discovery open until June 9, 2025 (ECF No. 31).
- No Prejudice: Defendants face no prejudice, as discovery remains open, and FAC evidence (Ex. 1–32, 43-2, 54-2) overlaps prior disclosures (Ex. 3–4 to ECF No. 76; ECF Nos. 43, 54), minimizing burdens (D.S. v. Clark Cnty. Sch. Dist., 2023 WL 5748720, at *3 (D. Nev. May 22, 2023)).
- Good Faith: Plaintiff's diligent review, accident, and pro se status demonstrate good faith. Plaintiff timely files this opposition to ECF No. 76 and addresses ECF No. 74 concurrently.

The Court should grant leave, promoting a merits-based resolution (Erickson).

### III. LEGAL ANALYSIS

**A. Plaintiff Satisfies FRCP 16(b)'s Good Cause Standard**

Good cause exists when deadlines cannot be met despite diligence (D.S., at *2). Plaintiff demonstrates diligence:

- Extensive Document Review for Summary Judgment: Managing three lawsuits involving 15,000+ pages over months of cross-referencing, Plaintiff reviewed 10,000+ pages for this case from Fall 2024 and discovery in December 2024–February 2025 (Ex. 3–4 to ECF No. 76; Ex. 2 to ECF No. 65-2; Ex. 54-2). This identified new defendants and claims, including Nguyen's assault (Ex. 29, ECF No. 70, Attach. 8, Video 3, T/S 1:09:11), Hemingway's media restrictions (Ex. 18, ECF No. 69, Attach. 7, EXH093-

PLEADING TITLE - 4

EXH142), Ryan's suspension notice (Ex. 30, ECF No. 70, Attach. 9, Video 4, T/S 0:13:44), West's access restrictions (Ex. 2 to ECF No. 76), and BOC's coordination with Washoe County (Ex. 2 to ECF No. 65-2, pp. 10–12; Ex. 54-2, emails). The FAC consolidates these for summary judgment, reducing disputes and costs (Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

- Newly Discovered Evidence: Claims were not actionable until January–February 2025, as Plaintiff verified facts (e.g., Ex. 24, LBOT hearing, ECF No. 70, Attach. 3, EXH190-EXH277; Ex. 29–30; Ex. 54-2). Partial knowledge (e.g., Daniels' role, ECF No. 43-2; Peterson's emails, ECF No. 54-2; Nguyen's name, Ex. 1 to ECF No. 76) required discovery confirmation (Ex. 3–4 to ECF No. 76) to meet Iqbal/Twombly standards (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts find good cause for new facts near deadlines (Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

- Pro Se Constraints and Accident: Plaintiff's pro se status, three-lawsuit caseload, and March 19, 2025, accident (ECF No. 77, Ex. A–B) justify the 13-day delay (Haines; Erickson).

Rebuttal to Washoe County (ECF No. 76, pp. 3–7): Defendants' non-diligence claim ignores Plaintiff's caseload, document volume, and accident. Their reliance on YouTube (Ex. 1–2) and filings (ECF Nos. 43, 54) mischaracterizes partial knowledge as actionable claims, requiring discovery verification (Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087–88 (9th Cir. 2002)).

Rebuttal to BOC (ECF No. 74, pp. 2–6): BOC's claim that YouTube videos (since September 2024) and ECF Nos. 43, 51, 54 show prior knowledge overlooks the need for

PLEADING TITLE - 5

discovery verification (e.g., Ex. 2 to ECF No. 65-2; Ex. 54-2). Plaintiff's accident and caseload negate non-diligence (Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294–95 (9th Cir. 2000)).

**B. Plaintiff Demonstrates Excusable Neglect Under Local Rule 26-3**

Excusable neglect balances prejudice, delay length, reason, and good faith (Pioneer, 507 U.S. at 395; Branch Banking & Tr. Co. v. D.M.S.I., LLC, 871 F.3d 751, 765 (9th Cir. 2017)). Plaintiff satisfies all factors:

- Reason for Delay: The March 19, 2025, accident (ECF No. 77) and three-lawsuit caseload with 15,000+ pages delayed ECF No. 65 and the ECF No. 74 response (Pioneer).

- Minimal Delay: The 13-day delay for ECF No. 65 (March 11 to March 24, 2025) and 6-day delay for ECF No. 74 (April 16 to April 22, 2025) are negligible, with discovery open until June 9, 2025 (ECF No. 31).

- No Prejudice: The FAC's evidence (Ex. 1–32, 43-2, 54-2) enables summary judgment, minimizing discovery. Defendants' prior disclosures (Ex. 3–4 to ECF No. 76; ECF Nos. 43, 54) overlap new claims, and discovery remains open (D.S., at *3). Non-litigation prejudice (e.g., "doxxing") is irrelevant (Lyon v. U.S. Immigration & Customs Enforcement, 308 F.R.D. 203, 214 (N.D. Cal. 2015)).

- Good Faith: Plaintiff's YouTube videos are protected speech (Packingham v. North Carolina, 582 U.S. 98 (2017); Fields v. City of Philadelphia, 862 F.3d 353 (3d Cir. 2017)). The typo (ECF No. 65, p. 3) is a pro se error (Haines). Plaintiff's review and summary judgment intent show good faith, not a "fishing expedition" (ECF No. 74, p. 7).

PLEADING TITLE - 6

Rebuttal to Washoe County (ECF No. 76, pp. 8–9): Defendants' prejudice claim (discovery burden) is speculative, as the FAC streamlines claims. Their "doxxing" allegations lack evidence (Lyon).

Rebuttal to BOC (ECF No. 74, p. 7): BOC's bad faith claim ("vexatious litigation") is baseless, as Plaintiff's lawsuits align with First Amendment advocacy (Ex. 27–32). The accident and caseload negate intent (Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

**C. Amendment is Proper Under FRCP 15(a)**

FRCP 15(a) favors amendment absent bad faith, undue delay, prejudice, or futility (Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). Plaintiff satisfies this standard:

- No Bad Faith: Plaintiff's YouTube activity is journalistic speech (Ex. 27–32, Fields), not harassment. The FAC's claims are supported by evidence (e.g., Ex. 15, viewpoint discrimination; Ex. 29, assault; Ex. 30, suspension notice; Ex. 2 to ECF No. 65-2, BOC coordination), not frivolous. The typo (ECF No. 65, p. 3) is mitigated (Haines). The FAC's summary judgment focus aligns with FRCP 1.

- No Undue Delay: The 13-day delay was reasonable given the accident, three-lawsuit caseload, and 15,000+ page review over months. Unlike McCart-Pollak v. On Demand Direct Response LLC, 2023 WL 1879683 (D. Nev. Feb. 9, 2023) (years-long delay), Plaintiff filed promptly after verifying claims (Iqbal; Twombly).

- No Prejudice: The FAC's summary judgment potential reduces discovery costs. Defendants' prior disclosures (Ex. 3–4 to ECF No. 76; ECF Nos. 43-2, 54-2) overlap new

PLEADING TITLE - 7

claims, and discovery remains open (D.S.). Non-litigation prejudice (e.g., "doxxing") is irrelevant (Lyon).

- No Futility: Defendants' futility arguments are premature (GMAC Mortgage LLC v. Nevada Ass'n Servs., Inc., 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018)):

    - Washoe County (ECF No. 76, p. 10, n.5):

        - Conspiracy (Counts VI–VII): Coordinated exclusion (Ex. 15, social media blocking; Ex. 29, assault) supports claims (Katzman v. Los Angeles Cnty. Metro. Transp. Auth., 72 F. Supp. 3d 1091, 1107 (N.D. Cal. 2014)).

        - Equal Protection (Count IV): Unequal media access (Ex. 18, KUNR vs. Plaintiff) is viable (Katzman, at 1108).

        - NRS 379.040 (Count IX): Injunctive relief for access violations is viable (Kreimer v. Bureau of Police, 958 F.2d 1242 (3d Cir. 1992); City of Sparks v. Sparks Mun. Court, 129 Nev. 348, 302 P.3d 1118, 1124 (2013)).

        - NRS 241.037 (Count XIV): Ongoing harms (Ex. 24, 30) may toll or relate back (FRCP 15(c)).

        - Negligent Supervision (Count XIII): Immunity is fact-dependent (Paulos v. FCH1, LLC, 136 Nev. 18, 456 P.3d 589, 596 (2020)).

        - Defamation (Count XII): False assault claims (Ex. 29, T/S 1:09:11) are actionable (Pegasus v. Reno Newspapers, Inc., 118 Nev. 706, 57 P.3d 82, 88 (2002)).

        - Intentional Infliction of Emotional Distress (Count XI): Exclusion and assault (Ex. 29) exceed "petty oppressions" (Candalore v. Clark Cnty. Sanitation Dist., 975 F.2d 588, 591 (9th Cir. 1992)).

PLEADING TITLE - 8

- Nevada Free Speech (Count VIII): Viewpoint restrictions (Ex. 15, 29) violate Nevada Constitution Article 1, Section 9.
- BOC (ECF No. 74, p. 8): BOC's claim that the FAC fails to state a claim (Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011)) is speculative. Evidence of BOC's coordination (Ex. 2 to ECF No. 65-2, pp. 10–12; Ex. 54-2, emails) supports conspiracy (Count VI, Katzman, at 1107) and IIED (Count XI, Candalore, at 591). Peterson and Daniels are proper, as emails (Ex. 54-2) and event roles (Ex. 43-2) suggest involvement, warranting discovery (Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018)). Daniels' non-board status does not preclude liability, as event participation (Ex. 43-2) suggests agency.

Rebuttal to Washoe County (ECF No. 76, pp. 9–14): No bad faith (YouTube is speech), no undue delay (13 days justified), no prejudice (open discovery), and no futility (claims viable).

Rebuttal to BOC (ECF No. 74, pp. 7–8): BOC's futility claim ignores evidence (Ex. 2, 54-2). Peterson and Daniels' roles require discovery. BOC's fee request is baseless, as Blanchard v. Bergeron, 489 U.S. 87, 94 (1989), and Voice v. Stormans Inc., 757 F.3d 1015, 1017 (9th Cir. 2014), address § 1988, not sanctions. Fees require bad faith or frivolousness (Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975) (courts' limited sanction authority)), absent here given evidence (Ex. 1–32) and BOC's partial non-opposition.

**D. Defendants' Mischaracterizations Are Baseless**

PLEADING TITLE - 9

- Non-Existent Court Order: The typo (ECF No. 65, p. 3) is a pro se error, not AI-generated falsehoods. The FAC's evidence (Ex. 1–32) complies with FRCP 11 (Haines). Washoe County's sanction warning (ECF No. 76, p. 7, n.4) is baseless. Plaintiff's use of research tools (Lexis, Grok) for formatting, not drafting, is standard (RFA 55).

- YouTube Activity: Plaintiff's videos (Ex. 1–2 to ECF No. 76) are protected speech (Fields; Packingham). Washoe County (ECF No. 76, p. 9) and BOC's (ECF No. 74, p. 7) "doxxing" and "conspiracy" claims are speculative and irrelevant to amendment (Lyon).

- Doe Pleading: Nguyen's identification (ECF No. 65-1, p. 4) moots Washoe County (ECF No. 76, p. 4, n.1) and BOC objections (Avila v. Doe, 2017 WL 448313 (D. Nev. Feb. 1, 2017)).

- Delay Tactics: Defendants' oppositions delay substantive claims (e.g., viewpoint discrimination, Ex. 15, 29; due process, Ex. 19–20, 24, 30; assault, Ex. 29; detention, Ex. 26, 32; BOC coordination, Ex. 2 to ECF No. 65-2), prolonging litigation via procedural objections (e.g., ECF No. 64). The FAC encourages resolution via summary judgment or settlement, aligning with FRCP 1.

- Attorneys' Fees (BOC, ECF No. 74, p. 8): BOC's request is premature and unsupported. Plaintiff's delay is excusable, not dilatory. Blanchard and Voice apply to § 1988, not sanctions. Fees require bad faith or frivolousness (Christiansburg, at 421; Roadway Express, at 767; Alyeska Pipeline, at 247), absent here, as Plaintiff's claims are supported by evidence (Ex. 1–32) and BOC's partial non-opposition (ECF No. 74) acknowledges some claim viability.

**IV. CONCLUSION**

PLEADING TITLE - 10

Plaintiff respectfully requests that the Court grant leave to file this late opposition to ECF No. 74, as the delay is excusable due to the March 19, 2025, accident and Plaintiff's pro se caseload managing three lawsuits with 15,000+ pages over months of cross-referencing. Plaintiff demonstrates good cause and excusable neglect under FRCP 16(b) and Local Rule 26-3, having diligently reviewed 10,000+ pages for this case. The FAC, crafted to facilitate summary judgment, satisfies FRCP 15(a)'s liberal amendment policy, with no bad faith, undue delay, prejudice, or futility. By clarifying claims and leveraging verified evidence (Ex. 1–32), the FAC saves judicial and party resources, countering Defendants' delay tactics and promoting a just, speedy resolution under FRCP 1. BOC's partial non-opposition (ECF No. 74), not contesting Counts I–III or defendants Nguyen, Hemingway, Ryan, and West, further supports the FAC's merit. Accordingly, Plaintiff requests that the Court grant leave to file this late opposition to ECF No. 74, grant Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 65), overrule Defendants' Oppositions (ECF Nos. 74, 76), and deny BOC's request for attorneys' fees.

**DATED: April 22, 2025**

**Respectfully submitted,**

**/s/ Drew J. Ribar**

DREW J. RIBAR

Plaintiff, Pro Se

3480 Pershing Lane

Washoe Valley, NV 89704

const2audit@gmail.com (mailto:const2audit@gmail.com)

(775) 223-7899

PLEADING TITLE - 11

Certificate of Service:

I certify that on April 22, 2025, I served this document via email and U.S. mail to:

- Lindsay L. Liddell, lliddell@da.washoecounty.gov

- Andrew Cobi Burnett, cburnett@da.washoecounty.gov

- Jerry Carter, jcarter@sierracrestlaw.com

- Alison G. Kertis, akertis@sierracrestlaw.com

/s/ Drew J. Ribar

PLEADING TITLE - 12