# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**DREW J. RIBAR,**

Plaintiff,

v.

**WASHOE COUNTY, NV, et al.,**

Defendants.

**Case No.: 3:24-cv-00526-ART-CSD**

**PLAINTIFF'S MOTION TO WITHDRAW AND AMEND ADMISSIONS, EXTEND DISCOVERY DEADLINES, AND FOR PROTECTIVE ORDER UNDER FRCP 36(b), 6(b)(1)(B), AND 26(c)**

Pursuant to Federal Rules of Civil Procedure 36(b), 6(b)(1)(B), and 26(c) and Local Rules 7-2 and 26-4, Plaintiff Drew J. Ribar, pro se, moves to: (1) withdraw deemed admissions to Defendant Washoe County's First Set of Requests for Admission (ECF No. [pending], served 02/27/2025), (2) deem filed Plaintiff's Responses to Requests for Admission (Exhibit E, 04/20/2025) and Interrogatories (Exhibit F, 04/22/2025), (3) extend the deadline for Responses to Requests for Production (ECF No. [pending], served 03/04/2025) to 05/15/2025, and (4) issue a protective order quashing RFP No. 28 (AI chat logs) as privileged and unduly burdensome.

PLEADING TITLE - 1

This motion, supplementing Plaintiff's April 22, 2025, filing, is supported by excusable neglect due to injuries sustained on 03/19/2025 (Exhibits A–C), managing four lawsuits (Exhibit F, Interrogatory 7), and voluminous RFPs, as detailed in Plaintiff's Declaration and Exhibits A–F, with Exhibits 14–15, 19–20, 28–32 (ECF Nos. 68–71) pending submission.

MEMORANDUM OF POINTS AND AUTHORITIES

1. LEGAL STANDARD

FRCP 36(a)(3) deems requests admitted if unanswered within 30 days. FRCP 36(b) permits withdrawal if it promotes merits-based resolution and does not prejudice Defendants. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). FRCP 6(b)(1)(B) allows extensions for excusable neglect, considering prejudice, delay length, reason, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). FRCP 26(c) authorizes protective orders for privileged or burdensome discovery. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003). Pro se litigants receive procedural leniency. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2. FACTUAL BACKGROUND

On 02/27/2025, Defendants served 59 RAFs, due 04/01/2025. On 03/04/2025, Defendants served 20 Interrogatories and 39 RFPs, due 04/07/2025. On 03/19/2025, Plaintiff was rear-ended by a semi-truck, sustaining whiplash and shoulder injuries requiring emergency care (Exhibit A, 03/20/2025), X-ray referral (Exhibit B, 03/2025), and chiropractic treatment (Exhibit C, 04/02–

PLEADING TITLE - 2

16/2025). These limited computer use for drafting responses and managing terabytes of RFP data. Plaintiff manages four lawsuits: this case, *Ribar v. Carson City* (3:24-cv-103), *Ribar v. NV Legislative Counsel Bureau* (3:25-cv-90), and *Ribar v. Nevada DMV* (24-trt-62-1b), requiring a 463-page FAC with 10,000+ pages of records (ECF No. 65; Exhibit F, Interrogatory 7). RFP No. 28 seeks estimated 300-500 pages of privileged AI chat logs, irrelevant and burdensome (FRCP 26(b)(1)). Plaintiff filed a Motion for Extension on 04/08/2025 (ECF No. 77, granted ECF No. 80), communicated delays (Exhibit D, 04/15/2025), and filed RAF and Interrogatory responses (Exhibits E–F, 04/22/2025). Defendants accepted late Interrogatory/RFP responses but not RAF relief, questioning injuries (Exhibit D), rebutted by Exhibits A–C. Discovery is stayed for BOC (ECF No. 56), pending Plaintiff's Motion to Lift Stay (ECF No. 61).

3. EXCUSABLE NEGLECT AND GOOD CAUSE

Plaintiff's 22-day RAF delay and 16-day Interrogatory/RFP delay were due to:

- **Injuries**: Whiplash and shoulder pain (03/19/2025) required emergency care (Exhibit A), X-rays (Exhibit B), and chiropractic visits (Exhibit C, 04/02–16/2025), limiting computer use (*Pioneer*, 507 U.S. at 395; *Ahanchian*, 624 F.3d at 1259).
- **Litigation Demands**: Four lawsuits, including 10,000+ pages of records, diverted time (Exhibit F, Interrogatory 7; *Haines*, 404 U.S. at 520).
- **RFP Burden**: RFPs demand terabytes, with RFP No. 28 seeking 300-500 pages of privileged AI logs (*Zubulake*, 217 F.R.D. at 316).

Defendants' skepticism (Exhibit D) about social media (RAFs 1–6) and AI use (RAF 56) is misplaced, as posts are auto-edited/posted whereas litigation even with the help of AI requires

PLEADING TITLE - 3

extensive review and computer time, impaired by injuries (Exhibits A–C). Plaintiff's April 8 motion (ECF No. 77), April 15 emails (Exhibit D), and responses (Exhibits E–F) show good faith (*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

4. WITHDRAWAL PROMOTES MERITS-BASED RESOLUTION

Withdrawal of RAF admissions (Exhibit E) preserves First, Fourth, and Fourteenth Amendment claims:

- RAF 7 (2024 suspension notice): Denied, no notice given (Exhibit 30 [pending], T/S 0:12:39; *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

- RAF 27 (trespass): Denied, Plaintiff complied with Scott's order (Exhibit 28 [pending], T/S 1:22:55; *Nieves v. Bartlett*, 587 U.S. 391 (2019)).

- RAF 59 (2023 suspension): Denied, no notice given (Exhibit 28 [pending]; *United States v. James Daniel Good Real Prop.*, 510 U.S. 43 (1993)).

Upholding admissions would bar valid claims, contrary to *Conlon*, 474 F.3d at 622, and undermine Plaintiff's FAC (ECF No. 65).

5. NO PREJUDICE TO DEFENDANTS

Defendants face no prejudice, as discovery continues (ECF No. 31, deadline 06/09/2025), no trial is set, and Plaintiff filed RAF and Interrogatory responses (Exhibits E–F) with partial RFP responses, requesting a 05/15/2025, extension. Defendants' acceptance of late responses (Exhibit D) and minimal delay support relief (*Bateman*, 231 F.3d at 1223–24).

6. PROTECTIVE ORDER FOR RFP NO. 28

PLEADING TITLE - 4

RFP No. 28 seeks 190–350 pages of AI chat logs, reflecting pro se legal research and strategy (Exhibit E, RAF 56; Exhibit F, Interrogatory 20), protected as work-product (*Wiley v. Calcagni*, 2010 WL 2977795, at *3 (D. Conn. 2010); *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)). The logs are irrelevant (FRCP 26(b)(1)), and production is burdensome, exacerbated by injuries (Exhibits A–C; *Zubulake*, 217 F.R.D. at 316). Plaintiff requests RFP No. 28 be quashed or limited via in camera review (*Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981)).

7. RESPONSE TO DEFENDANTS' CLAIMS

Washoe County's opposition to the FAC (ECF No. 76) alleges bad faith and futility, echoing BOC's prior claims (ECF No. 74, non-opposition). Plaintiff's auditing is protected speech (*Fordyce v. City of Seattle*, 55 F.3d 436 (9th Cir. 1995)), and delays were due to injuries and litigation demands (Exhibits A–C, F), not vexatiousness (*Haines*, 404 U.S. at 520).

8. CONCLUSION

The Court should grant this motion, withdraw deemed admissions, deem Exhibits E–F timely, extend RFP deadlines to 05/15/2025, and quash RFP No. 28, promoting a merits-based resolution without prejudice (*Pioneer*, 507 U.S. at 395; *Conlon*, 474 F.3d at 616).

Dated: April 23, 2025

Respectfully submitted,

/s/ Drew J. Ribar

Drew J. Ribar, Pro Se

PLEADING TITLE - 5

3480 Pershing Ln

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com

CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I served this MOTION via CM/ECF or U.S. mail to:

Lindsay L. Liddell

Deputy District Attorney

One South Sierra Street

Reno, NV 89501

lliddell@da.washoecounty.gov


Alison Gansert Kertis

Sierra Crest Business Law Group

6770 South McCarran Blvd, First Floor

Reno, NV 89509

akertis@sierracrestlaw.com


/s/ Drew J. Ribar

Drew J. Ribar, Pro Se




PLEADING TITLE - 6