LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
ANDREW COBI BURNETT
Deputy District Attorney
Nevada State Bar Number 16505
One South Sierra Street
Reno, NV 89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DREW RIBAR,

    Plaintiff,

vs.

WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE #1; JENNIFER COLE; DEPUTY C. ROTHKIN (BADGE #5696); DEPUTY R. SAPIDA (BADGE #4663; SGT. GEORGE GOMEZ (BADGE #4066); AND JOHN/JANE DOES 1+10,

    Defendants.\

Case No. 3:24-CV-00526-ART-CSD

**MOTION REGARDING DISCOVERY DISPUTE – RECORDING DEPOSITIONS**

    Washoe County, Washoe County Library System, Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy Rothkin, Deputy Sapida, and Sgt. Gomez ("Washoe County Defendants") through counsel, Lindsay L. Liddell, Deputy District Attorney, hereby file their Motion for Protective Order Restricting Publication of Discovery Materials. This

//

-1-

1  Motion is based on FRCP 26(c), the pleadings and papers on file, and the following
2  Memorandum of Points and Authorities.

3  **MEMORANDUM OF POINTS AND AUTHORITIES**

4  **I.  INTRODUCTION**

5  This Motion seeks to address deposition recording following the Court's Order
6  regarding the County Defendants' Motion for Protective Order. (ECF No. 64); (ECF No.
7  89). Prior to the Court's Order, County Defendants did not oppose audio or video recording
8  of depositions, but sought a protective order preventing Plaintiff from publishing or using the
9  recordings for any nonlitigation purposes. The Court found that there were specific threats
10 of harm warranted a protective order, but declined to indefinitely exercise jurisdiction on the
11 issue. Plaintiff, on the other hand, continued to express his intent to publish deposition
12 recordings on YouTube and other social media once the case concludes.

13 A protective order is warranted to prohibit audio or video deposition recordings in
14 this case. Recording should be limited to stenographic means by a certified court reporter to
15 prevent misuse of the recordings and protect County Defendants and defense counsels from
16 threats of harassment, embarrassment and oppression that would arise upon Plaintiff's
17 misuse. There is good cause to prohibit deposition recording other than by stenographic
18 means in this case. The Court should preclude Plaintiff or any other person from recording
19 audio, recording video or photographing depositions.

20 **II.  MEET AND CONFER**

21 Undersigned counsel attempted to meet-and-confer in good faith, but Plaintiff
22 declined to engage in a telephonic meet and confer. Ex. 1 at ¶¶2–4. On May 1, 2025,
23 undersigned counsel emailed Plaintiff requesting to meet and confer via telephone regarding
24 deposition recording, explaining that the rules and Court's Standing Order do not permit
25 meet and confers via email, and provided Plaintiff with case law supporting County
26 Defendants' position on prohibiting recording. *Id.* at ¶2. On May 5, 2025, Plaintiff

1  acknowledged the request, but stated he wished to discuss the matter via email, stated he
2  would not "disseminate deposition recordings during litigation," but stated that his "intent
3  to record depositions audiovisually under FRCP 30(b)(3) is for post-litigation publication as
4  permitted by the Court…" *Id.* at ¶3. Based on this communication, County Defendants
5  presumed Plaintiff declined to conduct a telephonic meet and confer, and clarified to Plaintiff
6  that the Court did not *permit* deposition video publication. *Id.* at ¶4. The parties are unable
7  to reach an agreement on this issue, and thus County Defendants file the instant motion.

**III.   LEGAL ANALYSIS**

    **A.   VIDEO AND AUDIO RECORDINGS OF DEPOSITIONS ARE INAPPROPRIATE IN THIS CASE.**

The Court has broad discretion over discovery and "substantial latitude to fashion protective orders." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). County Defendants incorporate their Motion for Protective Order as though fully set forth herein. (ECF Nos. 64, 72, 75). This Court already found there are particularized threats of harm to the County Defendants if Plaintiff published depositions recordings. *See* (ECF No. 89) Understandably, the Court did not wish to continue exercising jurisdiction over the Protective Order upon conclusion of the case. *See id.* But, this leaves County Defendants and defense counsel exposed to threats of harm upon conclusion of the case based on Plaintiff's unambiguous assertions that he intends to publish deposition video onto his YouTube channel.

The most effective and just way to fully protect County Defendants from further threats of harassment, humiliation, and oppression is to prohibit the audio or video recordings of depositions. Under Rule 30, a deposition *may* be recorded by "audio, audiovisual [video], or stenographic means" by a person certified under Rule 28. FRCP 30(b)(3)(A); FRCP 30(b)(5). "Courts possess wide discretion in determining the manner for

//

1  taking depositions…" *Swenson v. Geico Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020) *objection
2  overruled*, 2:19-cv-01639-JSM-NJK, 2020 WL 8871311 (D. Nev. Aug. 26, 2020).

3        Courts have prohibited videotaping depositions when a party "demonstrates a real
4  risk" that another party "will use the videotape for purposes unrelated to the resolution of
5  this litigation…"*AFT Michigan v. Project Veritas*, CV 17-13292, 2023 WL 2890152, at *5 (E.D.
6  Mich. Apr. 10, 2023); *see also BioConvergence LLC v. Attariwala*, 1:19-cv-1745-SEB-MG, 2022
7  WL 6603560, at *3 (S.D. Ind. Sept. 12, 2022)(prohibiting party from "recording (audio,
8  visual, or otherwise) the deposition or taking photos by any means whatsoever during the
9  duration of the deposition"); *Willis v. CLECO Corp.*, 09-CV-2103, 2021 WL 13253345, at *2
10 (issuing *sua sponte* order prohibiting video depositions absent court order when deposition
11 video was posted by third parties and bloggers and commentators responses regarding the
12 deponents included "lying whore bitch," and "Nazi"). "District of Nevada judges liberally
13 permit video depositions *unless it appears that the video was requested to intimidate a witness*…"
14 *Clark v. Thomas*, 2:09-CV-02272-JAD, 2014 WL 2612275, at *2 (D. Nev. June 11,
15 2014)(emph. added). "Videotaped depositions… are not intended to provide 'a vehicle for
16 generating contact for broadcast or other media.'" *Stern v. Cosby*, 529 F.Supp.2d 417, 422–23
17 (S.D.N.Y. 2007)(citations omitted).

18       Here, any potential positive use of audio or video deposition recordings is outweighed
19 by the potential for abuse. County Defendants were not opposed to videotaping deposition
20 if Plaintiff could be indefinitely prohibited from abusing recordings by posting them to social
21 media. At the outset of the case, Plaintiff responded to a comment on one of his YouTube
22 videos about this case that he was "Looking forward to recording depositions…" (ECF No.
23 64-6 at p. 22). Plaintiff since stated multiple times that he intends to publish deposition
24 footage on his YouTube channel, which contains edited videos with inflammatory and
25 misleading captions and titles. (ECF No. 64-3 at p.3); (ECF No. 72 at p. 6)(declaring under
26 oath that Plaintiff will not post discovery until the case resolves); Ex. 1 at ¶3. Plaintiff

reiterated his intent on May 5, 2025, via email stating, "My intent to record depositions audiovisually under FRCP 30(b)(3) is for post litigation publication as a journalist, as permitted by the Court…" Ex. 1 at ¶3.

Based on the Court's Order and Plaintiff's statements, there is a clear and specific threat that audio or video deposition recordings will be posted on YouTube and subject County Defendants and defense counsels to harassment upon the conclusion of this case. *See id.*; (ECF Nos. 64-5, 64-6, 64-7, 64-8, 64-9, 64-10). Limiting deposition recording to stenographic means will ensure accuracy in recording, while protecting the parties from harassment that will likely occur at the conclusion of this case if the Court does not prohibit video and audio recording.

**IV.   CONCLUSION**

The Court should issue a protective order prohibiting audio or video recordings of depositions in this case, including by Plaintiff, a certified court reporter, or any other person. Based on Plaintiff's statements that he intends to use deposition video for purposes other than litigating this case, and based on the particularized threats of harm already recognized by this Court, there is good cause to issue such an order. Depositions in this case should be limited to recording by stenographic means.

Dated this 5th day of May, 2025.

By   /s/ Lindsay L. Liddell
LINDSAY L. LIDDELL
Deputy District Attorney
ANDREW COBI BURNETT
Deputy District Attorney

ATTORNEYS FOR WASHOE COUNTY DEFENDANTS

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

DREW RIBAR

ALISON R. KERTIS, ESQ.

Dated this 5th day of May, 2025.

           /s/ S. Haldeman
           S. Haldeman

## EXHIBIT INDEX

EXHIBIT 1	Declaration of Lindsay L. Liddell	1 page

## EXHIBIT INDEX