UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**DREW RIBAR**,
Plaintiff, Pro Se,
v.
**WASHOE COUNTY, NEVADA, et al.**,
Defendants.

**Case No. 3:24-cv-00526-ART-CSD**

**PLAINTIFF'S REVISED RESPONSE TO DEFENDANTS' MOTION REGARDING DISCOVERY DISPUTE – RECORDING DEPOSITIONS**

(ECF No. 90)

## I. INTRODUCTION

Defendants' motion (ECF No. 90) to prohibit audiovisual recording of depositions lacks legal merit and should be denied. Plaintiff, a pro se journalist, seeks to record depositions in accordance with Fed. R. Civ. P. 30(b)(3)(A) personally using a static camera on a tripod. The purpose is post-litigation publication consistent with the protective order already in place (ECF No. 89). Defendants fail to meet their burden under Rule 26(c) to demonstrate specific harm and instead offer speculative and contradictory arguments aimed at suppressing Plaintiff's First Amendment rights and interfering with the public interest in judicial transparency.

## II. LEGAL STANDARD

PLEADING TITLE - 1

Under **Fed. R. Civ. P. 30(b)(3)(A)**, a party may record a deposition by audiovisual means, provided they serve prior written notice. The **burden rests with the opposing party** to obtain a protective order under **Fed. R. Civ. P. 26(c)** by showing "good cause" through specific facts, not speculative harm. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

## III. ARGUMENT

### A. Defendants Have Not Shown Good Cause Under Rule 26(c)

Defendants offer no specific evidence of harm. Plaintiff has no history of abuse and is compliant with the protective order. Their reliance on *AFT Michigan v. Project Veritas* is misplaced, as that case involved deceptive tactics not present here.

### B. Privacy and Confidentiality Concerns Are Already Addressed

The existing **protective order (ECF No. 89)** includes redaction provisions and confidentiality safeguards. Courts require protective orders to be narrowly tailored and not infringe First Amendment rights. *Palmieri v. State of N.Y.*, 779 F.2d 861, 866 (2d Cir. 1985); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).

### C. Plaintiff's Proposed Recording Method Is Reasonable and Non-Disruptive

Plaintiff will use a **tripod-mounted camera** in a fixed position, which complies with **Fed. R. Civ. P. 30(b)(5)** and will not distract or intimidate deponents. Courts routinely accept such practices in pro se and journalistic contexts.

### D. First Amendment and Public Interest Weigh in Favor of Recording

PLEADING TITLE - 2

As a journalist, Plaintiff's right to publish deposition footage post-litigation is protected. See *Fordyce v. Seattle*, 55 F.3d 436 (9th Cir. 1995); *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022); *Lozman v. City of Riviera Beach*, 585 U.S. 115 (2018). The public interest in accountability justifies audiovisual documentation. See also *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Supreme Court's reasoning in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), further underscores that government-imposed restrictions must be rooted in history and tradition. No such precedent exists to ban audiovisual recording of discovery.

Defendants' ally, **Build Our Center**, routinely records its events and notifies attendees—yet seeks to deny Plaintiff the same rights. This contradiction further weakens their argument.

**E. Defendants' Obstruction and Delay Weigh Against Their Position**

Plaintiff served notice on April 28, 2025, of his intent to record depositions. Defendants waited until May 3, 2025, to object, despite ongoing written and telephonic communications. They have also insisted on **telephonic-only meet-and-confers** despite Plaintiff's documented medical conditions and fears that defense counsel will misrepresent Plaintiff's statements (having emails of the meet and confers ensures there is no misrepresentation). This violates the spirit of **Fed. R. Civ. P. 37(a)(1)** and undermines meaningful cooperation. See *Swenson v. Geico Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020); *Haines v. Kerner*, 404 U.S. 519 (1972).

**IV. CLARIFICATION REGARDING MEET-AND-CONFER REQUIREMENTS**

Plaintiff further requests that the Court confirm parties may satisfy the **Rule 37 meet-and-confer requirement** via **email, recorded Zoom, or similar documented means**, especially where

PLEADING TITLE - 3

health accommodations are warranted or where real-time verbal communication is impracticable. This would avoid further disputes while maintaining transparency and compliance.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests the Court:

1. **Deny Defendants' motion** to prohibit audiovisual recording of depositions (ECF No. 90);
2. **Confirm Plaintiff's right** under Fed. R. Civ. P. 30(b)(3)(A) to personally record depositions by video, using a tripod-mounted camera;
3. **Clarify that post-litigation publication** of deposition recordings is permissible under the current protective order;
4. **Authorize documented meet-and-confers** via email, Zoom, or other flexible means to satisfy Rule 37 obligations, particularly in light of Plaintiff's pro se status and medical limitations;
5. **Award any further relief** the Court deems just and proper.

Plaintiff further affirms that he will comply with all court-imposed conditions regarding redactions, confidentiality, or technical procedures.

## VI. CONCLUSION

Defendants have failed to demonstrate any legitimate legal or factual basis to block audiovisual recording. Their motion is part of a broader effort to obstruct discovery and suppress Plaintiff's

PLEADING TITLE - 4

press rights. The Court should deny the motion and affirm Plaintiff's procedural and constitutional rights.

**DATED:** May 8, 2025

Respectfully submitted,

**/s/ Drew Ribar**

DREW RIBAR, Pro Se

3480 Pershing Ln.

Washoe Valley, NV 89704

Const2Audit@gmail.com

775-223-7899

PLEADING TITLE - 5