LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
ANDREW COBI BURNETT
Deputy District Attorney
Nevada State Bar Number 16505
One South Sierra Street
Reno, NV  89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DREW RIBAR,<br><br>        Plaintiff,<br><br>    vs.<br><br>WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; JEFF SCOTT; STACY MCKENZIE; JONNICA BOWEN; LIBRARY EMPLOYEE DOE #1; JENNIFER COLE; DEPUTY C. ROTHKIN (BADGE #5696); DEPUTY R. SAPIDA (BADGE #4663; SGT. GEORGE GOMEZ (BADGE #4066); AND JOHN/JANE DOES 1+10,<br><br>        Defendants.\ | Case No.  3:24-CV-00526-ART-CSD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW AND AMEND ADMISSIONS, EXTEND DISCOVERY DEADLINES, AND FOR PROTECTIVE ORDER UNDER FRCP 36(b), 6(b)(1)(B), AND 26(c)**<br><br>**(ECF No. 87)** |

Washoe County, Washoe County Library System, Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy Rothkin, Deputy Sapida, and Sgt. Gomez ("County Defendants") through counsel, Lindsay L. Liddell, Deputy District Attorney, hereby file their Opposition to Plaintiff's Motion to Withdraw and Amend Admissions, Extend Discovery Deadlines, and for Protective Order Under FRCP 36(b), 6(b)(1)(B), and 26(c) (ECF No. 87) ("Opposition"). This Opposition is based on the following Memorandum of Points and Authorities, and the pleadings and papers on file.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed the instant motion seeking to withdraw deemed admissions to Defendant Washoe County's First Set of Requests for Admission; deem Plaintiff's responses to requests for admission and interrogatories as filed; extend the deadline for responses to requests for production to May 15, 2025; and issue a protective order quashing Request for Production No. 28 regarding Plaintiff's AI chat logs. The latter was withdrawn (ECF No. 93), but the admission withdrawal and extension remain at issue. Plaintiff claims excusable neglect due to alleged injuries sustained on March 19, 2025, in a rear-end collision and expresses difficulty in managing his four current lawsuits.

While Defendants are certainly sympathetic to Plaintiff's alleged injuries, the totality of the circumstances do not show good cause nor excusable neglect to retroactively extend deadlines or permit Rule 36 admission withdrawals. Moreover, as set forth below, withdrawing the admissions would not preserve the merits and would prejudice County Defendants as this case nears the close of discovery. The Motion should be denied, except as to the stipulated withdrawals set forth in footnote 2 below.

### II. MEET AND CONFER

Pursuant to Local Rules IA 1-3(f) and Rule 1-1(b)(2), parties must first meet and confer to try to resolve a discovery dispute *in person, videoconference, or telephone*. Plaintiff made no effort to confer via telephone, nor even via email, regarding the proposed May 15th extension or the request for production. Via email, Plaintiff requested to withdraw automatic admissions and to extend deadlines until April 23, 2025. County Defendants' counsel explained that admissions can only be withdrawn by the Court, would not stipulate to a retroactive extension, but would not move to compel responses before April 23.

### III. LEGAL ANALYSIS
#### A. THE MOTION SHOULD BE DENIED BASED ON PREJUDICE AND LACK OF GOOD CAUSE.

|   |   |
|---|---|
| 1 | Under Federal Rule of Civil Procedure 36(b), a matter admitted is conclusively established absent court intervention. Rule 36(b) allows withdrawal or amendment of admissions only when the withdrawal would promote the presentation of the merits of the action and would not prejudice the requesting party. This rule "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). When analyzing for prejudice to the requesting party, "district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id*. at 623; *see also Sonoda v. Cabrera,* 255 F.3d 1035, 1039–40 (9th Cir.2001). |

Under Federal Rule of Civil Procedure 36(b), a matter admitted is conclusively established absent court intervention. Rule 36(b) allows withdrawal or amendment of admissions only when the withdrawal would promote the presentation of the merits of the action and would not prejudice the requesting party. This rule "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). When analyzing for prejudice to the requesting party, "district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id*. at 623; *see also Sonoda v. Cabrera,* 255 F.3d 1035, 1039–40 (9th Cir.2001).

Here, Plaintiff's matters were deemed admitted due to his failure to timely respond by the April 1, 2025[1] deadline. According to Plaintiff's now stricken responses, proposed denials include[2] requests to admit that the library has rules governing conduct (such rules were produced), that the suspension appeal included due process (Plaintiff knows he received notice and three levels of appeal), that Washoe County has a social media policy (the policy was produced), that Plaintiff was trespassed during a 2024 library event based on his conduct (demonstrated in Plaintiff's video(s)), that Plaintiff was aware non-event areas of the library were closed (demonstrated in Plaintiff's video(s)), the parking lot was cordoned off during the event (demonstrated in Plaintiff's video(s)), that Plaintiff's video shows him obstructing the library door with his foot, that at a library in November 2024, deputies detained him pursuant to NRS 171.123, and that he was also suspended from the library in 2023 (acknowledged in Request 7 response, and documentation regarding the 2023 suspension was produced). There is no good faith factual basis to deny these requests, which are based on records produced in discovery and serve only to eliminate needless factual issues. Moreover, the proposed denials are deficient, lacking substantive response or explanation

---

[1] The Requests for Admission were served on February 27, 2025, with responses due by April 1, 2025.
[2] County Defendants do not oppose withdrawing automatic admissions regarding request numbers 7, numbers 7, 57, and 58. Request 7 sought to verify a copy of Plaintiff's library suspension notification and erroneously included a 2024 date, which he denied. because the document was his *2023* library suspension.

required by Rule 36. Allowing Plaintiff to withdraw or amend these already-admitted matters would disrupt the procedural framework established by the Federal Rules of Civil Procedure.

Allowing Plaintiff to withdraw or amend these matters would severely prejudice Defendants by requiring additional discovery on basic facts already demonstrated through records exchanged in discovery. The Requests for Admission warned Plaintiff that failure to timely respond would result in automatic admissions. Ex. 1. Amending discovery responses a few weeks before the close of discovery significantly alters the litigation timeline at an advanced stage. Like the facts in *Conlon*, for well over a month, Defendants have relied on these admissions in formulating their defense strategy, with no indication that Plaintiff intended to file a motion to not only withdraw his admissions, but to further amend them, extend the discovery deadline, and seek a protective order. Permitting Plaintiff to proceed with withdrawing or amending his matters would not only necessitate additional discovery, delay resolution, and not preserve merits, but require Defendants to expend more time in defending this case, wasting judicial resources and heightening attorney workload.

Additionally, good cause does not exist to permit withdrawals. Plaintiff states that on March 19, 2025, he was involved in a rear-end collision, sustaining injuries which required emergency care. Plaintiff cites to his difficulty in managing his current caseload – four separate lawsuits he has chosen to pursue against Carson City, the Nevada Legislative Counsel Bureau, and the Nevada DMV. Plaintiff mentions the impairment he has suffered due to this collision has resulted in an inability to manage this caseload and an overall hardship in his review process and computer time, ultimately affecting his response(s) to Defendants' discovery. To reiterate, Defendants have sympathy for any alleged injuries Plaintiff may have suffered from an unfortunate rear-end collision. However, Defendants contest the notion that this accident impaired Plaintiff enough for him to entirely miss two separate discovery deadlines, while he was thereafter able to file multiple other documents (including his voluminous Motion for Leave to Amend), post daily and continuous YouTube and Facebook videos, attend and provide comment at in-person public meetings.

1    Plaintiff's hardships post-accident thus appear to be overstated. Plaintiff's alleged
2 accident occurred on March 19, 2025, yet Plaintiff failed to seek medical intervention until
3 April 24, 2025, over a month after the alleged accident and almost a month after both
4 discovery deadlines had passed. Further, Plaintiff provided in-person public comment at a
5 Washoe County Library Board of Trustees meeting on March 19, 2025,[3] on information and
6 belief, after the accident.[4] walking to and from the podium to speak. While Plaintiff's alleged
7 injuries may have physically impacted him, it is unclear how these circumstances have
8 prevented timely responses but permitted him to engage in all of the above-described conduct.
9 The Rules require parties to manage their cases efficiently, and Plaintiff's failure to do so
10 should not be excused. *See* F.R.C.P. 16. Plaintiff's motion does not demonstrate good cause
11 or excusable neglect, instead it bypasses Plaintiff's lack of urgency and diligence in not only
12 seeking potential medical intervention for his alleged injuries, but in timely responding to
13 Defendants' outstanding discovery requests. The totality of the circumstances show there is
14 no good cause or excusable neglect to permit withdrawals and otherwise retroactively extend
15 discovery response deadlines.

### IV. CONCLUSION

The Court should deny Plaintiff's Motion based on a lack of excusable neglect and good cause. Plaintiff's failure to timely respond to Defendants' discovery, alleged injury and *pro se* status aside, is unjustifiable based on the totality of circumstances.

Dated this 8th day of May 2025.

By /s/ Lindsay Liddell
LINDSAY LIDDELL
Deputy District Attorney
ANDREW COBI BURNETT
Deputy District Attorney
ATTORNEYS FOR WASHOE COUNTY
DEFENDANTS

---

[3] *See* https://www.youtube.com/watch?v=fs-3RCd0vas&t=7134s at 1:58:40 – 2:01:00.
[4] March 19, 2025, was the date of the alleged vehicle accident in question. At the latest hearing in this matter on April 28, 2025, on information and belief, Plaintiff mentioned the accident occurred on his way to a Washoe County Library Board of Trustees Meeting.

-5-

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON R. KERTIS, ESQ.

Dated this 8th day of May, 2025.

/s/ S. Haldeman
S. Haldeman

## EXHIBIT INDEX

EXHIBIT 1    Washoe County's Requests For Admission To Plaintiff    2 pages

## EXHIBIT INDEX