UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW J. RIBAR, <br><br>  Plaintiff, <br> v. <br> WASHOE COUNTY, et al., <br><br>  Defendants. | Case No. 3:24-cv-00526-ART-CSD <br><br> ORDER GRANTING MOTION TO AMEND COMPLAINT <br><br> (ECF Nos. 37, 54, 60, 65, 81, 99) |

*Pro se* Plaintiff Drew Ribar ("Ribar") sues the Washoe County Library system and Build Our Center ("BOC") alleging various constitutional and state law violations. Ribar seeks to file an amended complaint thirteen days after the scheduling order's deadline to add claims and parties. (ECF No. 65.)

**I.  BACKGROUND**

Ribar, a self-described journalist, claims that the Washoe County Library System and Reno's Build Our Center ("BOC") LGBTQ+ Center violated his constitutional rights by preventing him from entering a Drag Story Hour for children while permitting another journalist to attend. (ECF No. 2.) Ribar also claims that the library suspended him without sufficient due process and that BOC conspired with the library to violate Ribar's rights. (*See id.*) Ribar has proceeded through discovery with Washoe County. (*See* ECF Nos. 31, 103.) Magistrate Judge Denney stayed discovery against BOC pending resolution of its motion to dismiss Ribar's complaint. (ECF No. 56 at 2.)

Ribar moved to file an amended complaint adding parties and claims thirteen days after the scheduling order's deadline to do so. (ECF No. 65.) At the time Ribar filed his motion, discovery between Ribar and Washoe County Defendants was still open. (*See* ECF No. 31.) BOC and Washoe County Defendants opposed his motion. (ECF Nos. 74, 76.)

## II. STANDARD OF REVIEW

When a district court has already filed a pretrial scheduling order setting a deadline to amend pleadings, motions to amend filed after that deadline are considered under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16(b) a litigant must show good cause for not amending the complaint before the scheduling order's deadline. *Coleman*, 232 F.3d at 1294. Good cause depends on the "diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Local Rule 26-3 also requires that the movant show excusable neglect to extend a deadline after its expiration.

If the party seeking amendment shows good cause to modify the scheduling order, then Rule 15's liberal amendment policy applies. *Id.* at 608. Under Rule 15, the courts may grant leave to amend freely, taking into account "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint." *EEOC v. Bay Club Fairbanks Ranch, LLC*, 475 F. Supp. 3d 1099, 1102 (S.D. Cal. 2020) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

## III. ANALYSIS

Defendants argue that Ribar was not diligent because he had access to the information that he seeks to add in his complaint, namely the identities of various library and Build Our Center employees and volunteers, for several weeks before filing his amended complaint. (ECF Nos. 74, 76.) Ribar responds that his delay came about from verifying facts, proceedings in other *pro se* litigation, and being in a car accident that took place nine days after the discovery deadline. (ECF No. 65 at 3.)

In light of Ribar's *pro se* status, delay of under two weeks, and attempts to verify the facts in his complaint, the Court finds that Ribar's request to modify

2

1  the scheduling order shows reasonable diligence. *See Robinson v. Heritage
2  Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2010 WL 396307, at *1 (D. Ariz. Feb.
3  1, 2010) (finding reasonable diligence when counsel filed to amend scheduling
4  order and complaint filed by *pro se* litigant 15 days after expiration of deadline).
5  For the same reasons, the Court finds that Ribar's delay constitutes excusable
6  neglect under Local Rule 26-3.

7  The Court next applies Rule 15's liberal amendment policy to "freely give
8  leave when justice so requires." *See Bay Club Fairnbanks*, 475 F. Supp. 3d at
9  1102 (considering (1) bad faith, (2) undue delay, (3) prejudice to the opposing
10 party, (4) futility of amendment, and (5) whether the plaintiff has previously
11 amended the complaint). The Court lacks a basis at this time to find that Ribar's
12 amendments are in bad faith or that the 13-day delay was undue. At the time
13 Ribar moved to amend, discovery was still ongoing, so the Court finds little
14 prejudice to Defendants. While BOC argues that leave to amend would be futile
15 because Ribar's amended complaint still fails to state a claim, (ECF No. 74 at 8),
16 the Court declines to make that holding without further briefing in a motion to
17 dismiss or motion or judgment on the pleadings. Finally, this would be the first
18 time Ribar amends his complaint. Accordingly, the Court finds that under Rule
19 15, Ribar may amend his complaint.

20 **IV. CONCLUSION**

21 The Court grants Ribar's motion to amend his complaint. (ECF No. 65.)

22 The First Amended Complaint (ECF No. 65-1) is now the operative
23 complaint.

24 The Court denies BOC's motion to dismiss (ECF No. 37) and Ribar's motion
25 to file a surreply as moot (ECF No. 54). *See Ramirez v. Cnty. of San Bernardino*,
26 806 F.3d 1002, 1008 (9th Cir. 2015) (amended complaint supersedes the
27 previous complaint, rendering any motions to dismiss that complaint moot).

28

1    The Court denies Ribar's motions to file late replies to BOC's Motion to
2 Dismiss and BOC's Opposition to Ribar's Motion to Amend as moot. (ECF Nos.
3 54, 81.)
4    The stay on discovery against Defendant BOC remains in effect. (*See* ECF
5 No. 56 at 2.) BOC may file responsive pleading within twenty-one days of entry of
6 this order.
7    The Court denies Washoe County Defendants' motion for summary
8 judgment as moot. (ECF No. 99.) Judge Denney will address whether additional
9 discovery against Washoe County Defendants is needed.
10   The Court grants Ribar's motion for judicial notice of video evidence. (ECF
11 No. 60.)

13   DATED: August 7, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4