1  LINDSAY LIDDELL
   Deputy District Attorney
2  Nevada State Bar Number 14079
   ANDREW COBI BURNETT
3  Deputy District Attorney
   Nevada State Bar Number 16505
4  One South Sierra Street
   Reno, NV  89501
5  lliddell@da.washoecounty.gov
   cburnett@da.washoecounty.gov
6  (775) 337-5700
   ATTORNEYS FOR WASHOE COUNTY
7  DEFENDANTS

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

DREW RIBAR,

            Plaintiff,                    Case No.  3:24-CV-00526-ART-CLB

       vs.                                **WCLS's MOTION TO DISMISS**

WASHOE COUNTY, et al.                     **(ECF No. 65-1)**

            Defendants.
_____/

     The Washoe County Library System ("WCLS" or "Library") hereby moves to dismiss Plaintiff's First Amended Complaint (ECF No. 65-1).[1] This motion is based on FRCP 12(b)(6), the following Memorandum of Points and Authorities and all pleadings and papers on file.

//

//

//

//

_____

[1] This Motion is filed on behalf of the above-named Defendant, WCLS. The other Washoe County defendants who have appeared in this case will separately move to the dismiss the Amended Complaint.

**Memorandum of Points and Authorities**

**I.  INTRODUCTION**

In his sprawling Amended Complaint, Plaintiff Drew Ribar ("Ribar") attempts to sue WCLS, which is not a suable entity as a matter of law. WCLS therefore moves to dismiss the claims against it with prejudice.  Ribar fails to state a claim upon which relief can be granted against WCLS because it is not a separate political subdivision with capacity to be sued. This Court should dismiss WCLS with prejudice.

**II. ANALYSIS AND DISCUSSION**

**A.  Legal Standard.**

To withstand Rule 12(b)(6), a complaint must contain enough facts to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must consist of "more than labels and conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009). When a complaint contains facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557. Further, when allegations do not establish "all material elements necessary to sustain recovery under some viable legal theory," dismissal is appropriate. *Stevo Design, Inc. v. SBR Marketing Ltd.*, 2013 WL 308996, at *4 (D. Nev. Jan. 25, 2013) (quoting *Twombly*, 550 U.S. at 562). The Court need not accept as true allegations that contradict documents attached to the complaint or incorporated by reference. *In re Giliad Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**B.  Ribar's Claims against WCLS Fail as a Matter of Law.**

The Library, as a department of Washoe County, should be dismissed with prejudice because it is not a political subdivision of the State of Nevada subject to suit. A department of a county is not a suable entity because it is not political subdivision of the State of Nevada. *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996). "In the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be

sued." *Id.* at 819; *see also Schneider v. Elko County Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998) (dismissing suit against a county sheriff's department for lack of capacity to be sued). County departments are "immune from suit," and not a suable entities. *Wayment*, 912 P.2d at 820.

Here, the Court should dismiss WCLS with prejudice from this case. WLCS is a department of Washoe County, and is not its own separate political subdivision of the State of Nevada. Ribar attempts to state a First Amendment claim (Count I), a Due Process claim (Count III), an Equal Protection Clause claim (Count IV), a *Monell* claim (County V), two Conspiracy claims (Count VI and Count VII), a Nevada Constitutional claim (County VIII), a "Public Library Access" claim (Count IX), an Intentional Infliction of Emotional Distress claim (Count XI), a Defamation claim (Count XII), a Negligence/Negligent Supervision claim (Count XIII), and an Open Meeting Law claim (Count XIV) against the Library. (ECF No. 56-1 at pp. 7–9) These claims against WCLS fail because WCLS cannot be sued in its department name. *Wayment*, 912 P.2d at 819. Therefore, this Court should dismiss the claims against WCLS with prejudice.

**C. Ribar Fails to State an Open Meeting Law Claim in Count XIV.**

Actions arising from violations of Nevada's Open Meeting Law are barred after 120 days from the alleged violation. NRS 241.037(3)(a). Here, Ribar claims "On April 17, 2024, Plaintiff's LBOT comments were falsified in minutes, misrepresenting his stance." *Id.* at p. 6, ¶25. Assuming arguendo this Court even has jurisdiction over open meeting law actions and Ribar appropriately named the public body (the Library Board of Trustees) as a defendant, his ability to bring the claim expired on August 15, 2024. He filed his original Complaint on November 20, 2024. (ECF No. 2). His Amended Complaint became the operative pleading on August 7, 2025. *See* (ECF No. 107). Even if this new open meeting law claim somehow related back to the original Complaint, it would be time-barred because it was filed well after the limitations expiration of August 15, 2024. Ribar's Open Meeting Law claim, Count XIV, is entirely time-bared, and therefore amendment would be futile.

In addition to dismissing WCLS with prejudice, this Court should dismiss Count XIV with prejudice because it is time barred.

## III.  CONCLUSION

The Court should dismiss WCLS from this action with prejudice. Additionally, the court should dismiss Count XIV, the Open Meeting Law claim, with prejudice because it is time-barred regardless of whether Ribar named the appropriate defendant.

Dated this 12th day of August, 2025.

By ____/s/ Lindsay Liddell_____
LINDSAY LIDDELL
Deputy District Attorney
ANDREW COBI BURNETT
Deputy District Attorney

ATTORNEYS FOR WASHOE COUNTY
DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

DREW RIBAR

ALISON R. KERTIS, ESQ.

Dated this 12th day of August, 2025.

/s/ S. Haldeman
S. Haldeman