**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**DREW J. RIBAR,** Pro Se Plaintiff,
v.
**WASHOE COUNTY, et al.,** Defendants.

Case No. 3:24-cv-00526-ART-CLB

---

# PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Drew J. Ribar respectfully moves under Fed. R. Civ. P. 65, Local Rule 65-1, and applicable First Amendment precedent for a Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Defendants Washoe County, the Washoe County Library Board of Trustees ("LBOT"), their members, employees, and agents from further interfering with Plaintiff's right to speak and participate during public comment periods at LBOT meetings.

## I. INTRODUCTION

Defendants have engaged in an escalating pattern of retaliation and viewpoint discrimination against Plaintiff at LBOT meetings. Most recently, on **September 17, 2025** and **October 1, 2025**, Plaintiff was denied his full public comment rights when the Board prematurely adjourned his remarks and permitted hostile audience members to drown out his protected expression (a moment of silence for Charlie Kirk). On October 1, video evidence further revealed a County employee (Catherine Salim) coordinating with known disruptors ("German filmmakers") who repeatedly targeted Plaintiff during his remarks.

Without immediate injunctive relief, Plaintiff faces continuing irreparable harm to his First Amendment rights as both a political candidate and journalist.

## II. LEGAL STANDARD

A TRO/PI may issue where the movant demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm absent relief; (3) the balance of equities favors the movant; and (4) the public interest supports relief. *Winter v. NRDC, 555 U.S. 7, 20 (2008).* In First Amendment cases, irreparable harm is presumed. *Elrod v. Burns, 427 U.S. 347, 373 (1976).*

## III. ARGUMENT

### A. Likelihood of Success on the Merits

1. **Viewpoint Discrimination & Heckler's Veto:** Defendants silenced Plaintiff's protected speech based on its viewpoint while permitting hostile audience noise to override it. This constitutes an unconstitutional "heckler's veto." *Norse v. City of Santa Cruz*, 629 F.3d 966, 976 (9th Cir. 2010); *Meinecke v. City of Seattle*, 108 F.4th 1294, 1301–02 (9th Cir. 2024).*
2. **Symbolic Speech Protection:** Plaintiff's requested moment of silence is expressive conduct protected by the First Amendment. *Texas v. Johnson*, 491 U.S. 397, 404 (1989).*
3. **State Actor Coordination:** County employee Catherine Salim's coordination with hecklers renders their actions attributable to the state. *Brentwood Acad. v. TSSAA*, 531 U.S. 288, 296 (2001).*

4. **Nevada Claims:** Qualified immunity is unavailable for state constitutional claims. *Mack v. Williams*, 138 Nev. Adv. Op. 86, 522 P.3d 434 (2022).*

**B. Irreparable Harm**

The suppression of Plaintiff's speech during ongoing public meetings constitutes irreparable harm. *Elrod, 427 U.S. at 373.* Plaintiff's candidacy and journalism have already been chilled by repeated violations.

**C. Balance of Equities**

The balance favors Plaintiff. Defendants need only enforce neutral rules (removing disruptors, refraining from adjourning lawful comment). Plaintiff faces ongoing silencing.

**D. Public Interest**

The public has a strong interest in open, viewpoint-neutral government meetings. *Rosenberger v. Rector*, 515 U.S. 819, 828 (1995).*

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Issue a TRO enjoining Defendants from:

   a. Cutting off Plaintiff's remarks during his allotted public comment absent actual disruption by Plaintiff himself;

   b. Allowing hostile audience reactions (clapping, shouting, noise) to override Plaintiff's comments without removing or silencing disruptors;

   c. Permitting County employees or affiliates to coordinate disruptions targeting Plaintiff;

2. Require Defendants to:

   a. Preserve and produce all video/audio recordings and transcripts of the September 17 and October 1, 2025 LBOT meetings;

   b. Identify and disclose the "German filmmakers" and any communications with County employees;

3. Set the matter for a Preliminary Injunction hearing within 14 days.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court grant this Motion and issue the proposed TRO and schedule a hearing on a preliminary injunction.

Dated: October 2, 2025

Respectfully submitted,

/s/ Drew J. Ribar
Pro Se Plaintiff

3480 Pershing Ln. Washoe Valley NV 89704

Const2Audit@gmail.com

775-223-7899

# Declaration of Drew J. Ribar in Support of TRO

I, Drew J. Ribar, declare as follows:

1. I am the Plaintiff in this case, proceeding pro se.
2. On September 17, 2025, during my allotted three minutes of public comment at the LBOT meeting, Vice Chair Lea Moser prematurely adjourned the meeting while I discussed the "banned list" I was on and requested a moment of silence for Charlie Kirk. Audience members, including "German filmmakers," were allowed to interject during my remarks without intervention.
3. On October 1, 2025, during my remaining 29 seconds of public comment, I again requested a moment of silence. Masked audience members clapped and made noise throughout, preventing my expression. The Board and its attorney took no action to maintain order or stop the disruption.
4. My video of the October 1 meeting shows Washoe County employee Catherine Salim engaging with the German filmmakers prior to the meeting and passing them a note during the meeting. Shortly after their interaction, the filmmakers sat next to me, as they had on September 17, and participated in the disruption.
5. These incidents are part of an ongoing pattern of retaliation, collusion, and suppression of my speech as a political candidate and journalist. My business revenues have declined from $4M annually to less than $1M, reflecting over $5M in cumulative damages, due in part to these actions.
6. Unless the Court intervenes, I will continue to suffer irreparable harm through repeated silencing of my speech at public meetings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 2, 2025, at Washoe Valley, Nevada.

/s/ Drew J. Ribar

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**DREW J. RIBAR,** Plaintiff,
v.
**WASHOE COUNTY, et al.,** Defendants.

Case No. 3:24-cv-00526-ART-CLB

---

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Pending a hearing on Plaintiff's motion for preliminary injunction, IT IS HEREBY ORDERED that:

1. Defendants, including the Washoe County Library Board of Trustees, its members, employees, agents, and counsel, are enjoined from:

   a. Interrupting or prematurely terminating Plaintiff's public comment absent actual disruption by Plaintiff himself;

   b. Permitting hostile audience reactions (clapping, noise, or interjections) to silence Plaintiff's public comment without removing or silencing disruptors;

   c. Allowing County employees or affiliates to coordinate with or facilitate disruptions targeting Plaintiff.

2. Defendants shall:

   a. Preserve and produce all video/audio recordings and transcripts of the September 17 and October 1, 2025 LBOT meetings;

   b. Identify and disclose the "German filmmakers" and any communications between them and County employees.

3. This TRO shall remain in effect for 14 days or until the Court holds a hearing on Plaintiff’s motion for preliminary injunction, whichever occurs first.

SO ORDERED.

Dated: _____________, 2025

United States District Judge

# Certificate of Service

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**DREW J. RIBAR,** Pro Se Plaintiff,
v.
**WASHOE COUNTY, et al.,** Defendants.

Case No. 3:24-cv-00526-ART-CLB

---

## CERTIFICATE OF SERVICE

I, Drew J. Ribar, hereby certify that on October 2, 2025, I caused a true and correct copy of the following documents to be filed with the Court using the CM/ECF system and served by electronic mail:

- Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction;
- Declaration of Drew J. Ribar in Support of TRO;
- [Proposed] Temporary Restraining Order.

Service was made on the following counsel and parties of record:

- **Lindsay Liddell, Deputy District Attorney** – LLiddell@da.washoecounty.gov
- **Cobi Burnett, Deputy District Attorney** – CBurnett@da.washoecounty.gov
- **Herb Kaplan, Deputy District Attorney (LBOT Counsel)** – HKaplan@da.washoecounty.gov
- **Chris Hicks, Washoe County District Attorney** – chicks@da.washoecounty.gov
- **Alison Kertis, Esq., Sierra Crest Business Law Group** – akertis@sierracrestlaw.com

- **Jerry Carter, Esq., Sierra Crest Business Law Group** – jcarter@sierracrestlaw.com

Courtesy copies were also provided via email to the following oversight recipients.

- **Washoe County Library Board of Trustees** – LBOT@washoecounty.us

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 2, 2025.

Respectfully submitted,

/s/ Drew J. Ribar

Drew J. Ribar

Pro Se Plaintiff

3480 Pershing Lane

Washoe Valley, NV 89704

Const2Audit@gmail.com

(775) 223-7899