```
LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
COBI BURNETT
Deputy District Attorney
Nevada State Bar Number 16505
One South Sierra Street
Reno, NV  89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700
ATTORNEYS FOR WASHOE COUNTY
DEFENDANTS
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DREW RIBAR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WASHOE COUNTY, et al.<br><br>　　　　Defendants.<br>_____/ | Case No.  3:24-CV-00526-ART-CSD<br><br>**REPLY IN SUPPORT OF<br>COUNTY DEFENDANTS' MOTION<br>TO STAY DISCOVERY**<br><br>**(ECF No. 132)** |

Defendants, Washoe County, Washoe County Library System ("Library"), Jeff Scott ("Director Scott"), Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin" (Rothgeb), Deputy Sapida, and Sgt. Gomez (the original "County Defendants") by and through counsel, hereby file their Reply in Support of County Defendants' Motion to Stay Discovery (ECF No. 132).

## Memorandum of Points and Authorities

### I. INTRODUCTION

County Defendants moved to stay discovery pending resolution of their respective Motions to Dismiss Plaintiff Drew Ribar ("Ribar")'s First Amended Complaint ("FAC"). *See* (ECF No. 65-1); (ECF Nos. 105, 107, 109, 111). In allowing Ribar to amend his Complaint, the Court ordered that the stay against Defendant Build Our Center will remain

-1-

in effect, and that "Judge Denney will address whether additional discovery against Washoe County Defendants is needed." (ECF No. 104 at p. 4). The instant Motion to Stay demonstrates that a discovery stay is appropriate because the motions to dismiss are meritorious, potentially dispositive of all claims against County Defendants, and that no additional discovery is needed to rule on those motions. (ECF No. 132).

The Opposition confirms that a stay is warranted. Ribar fails to address most bases upon which County Defendants seek dismissal. He also erroneously and irrelevantly attempts to use Nevada's Anti SLAPP statutes to argue against a stay here. Moreover, he confirms that the discovery he wishes to pursue is for matters that either post-date the FAC's claims or that he has already had ample opportunity to pursue when discovery was previously opened.

The Court should stay discovery as to the County Defendants. Ribar's claims against them are unlikely to survive the respective Rule 12(b)(6) challenges. The motions to dismiss present purely legal questions that can be resolved on the face of the FAC, its incorporated exhibits, and documents subject to judicial notice. No additional discovery is needed to determine whether Ribar stated plausible claims for relief against County Defendants. A stay of discovery is appropriate while the Court resolves the threshold dispositive motions.

## II. LEGAL ARGUMENT

### i. The Court has Broad Power to Stay Discovery.

As an initial matter, Ribar obfuscates the standards applicable to the requested stay. *See* (ECF No. 144 at p. 3). The Court may stay discovery with a preliminary peek of the dispositive motion that looks to (1) whether additional discovery is needed to rule on the motion, and (2) whether the motion is dispositive of the entire case or on the issue on which discovery is sought. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). "Such a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

County Defendants' Motion to Stay is not based on any authority or reliance on Nevada's Anti-SLAPP statutes. *See* (ECF No. 132). County Defendants have not filed an Anti-SLAPP motion. The instant Motion asks the Court to invoke its inherent authority to stay discovery, which exists independent of any Anti-SLAPP statute. *See Tradebay,* 278 F.R.D. at 603.

**ii. A Stay is Appropriate for Each of the County Defendants.**

The Motion to Stay addresses the respective motions to dismiss for purposes of a discovery stay. *See* (ECF No. 132). Ribar argues that a stay is inappropriate because qualified immunity does not apply to state constitutional claims, mistakenly arguing that qualified immunity is County Defendants' "central argument" or "primary defense." It is not. In fact, County Defendants do not seek dismissal of the state constitutional claims based on qualified immunity. The motions to dismiss show that dismissal of the state constitutional claims are appropriate for several other reasons, including failure to state a facially plausible claim, and that state-level discretionary act immunity otherwise precludes the claims. Moreover, the Opposition does not address the many other arguments supporting dismissal of claims against County Defendants.

The Motion to Stay is tied to four Motions to Dismiss, which are each dispositive of all claims against the respective moving defendant. WCLS is not a suable entity, Plaintiff has even agreed to this point, and there is absolutely no discovery needed to decide on this unopposed motion. *See* (ECFs Nos. 105, 113). The remaining County Defendants' motions rely on the many exhibits to the FAC, which Ribar created and filed to support his claims. *See* (ECFs Nos. 107, 109, 111). The FAC itself does not state any plausible claim, and the exhibits thereto confirm that no plausible claim can be stated on any amendment. *See id.* Moreover, matters involving statutory immunity defenses are legal issues that are resolvable on the pleadings without discovery.

//

//

    **iii. Ribar's Intent to Conduct Discovery Outside the Scope of this Case or as to Claims Against Defendant Build Our Center Further Demonstrates the Need for a Stay.**

County Defendants have already exchanged discovery with Ribar as to the incidences underlying his claims. Any further discovery regarding these incidences is duplicative, cumulative, and not proportional to the needs of this case. County Defendants should not be forced to expend additional taxpayer funded resources on this type of discovery, especially where there are meritorious and potentially dispositive motions pending for the current claims against them.

Ribar's declaration in support of his Oppositions shows that he desires to conduct discovery on after-the-fact incidents or brand-new theories outside his FAC, particularly involving recent accusations from the September 2025 private Pride event's alleged "banned list," and regarding self-proclaimed "German filmmakers" who appeared at Library Board of Trustees meetings in September 2025 and October 2025. *See* (ECF No. 144 at p. 6). This potential discovery is neither relevant to the FAC nor proportional to the needs of the case. *See* FRCP 26(b)(1). Moreover, this proposed discovery is not at all necessary to resolve the issues set forth in the motions to dismiss. Ribar's desire to go on a fishing expedition further supports the need for a stay, as County Defendants will otherwise be inundated with discovery and discovery disputes while the Court works through its caseload to resolve the dispositive motions.

Additionally, Ribar appears to desire to circumvent the discovery stay as to Defendant Build Our Center, Inc. ("BOC"). *See* (ECF No. 104 at p. 4); *see also* (ECF No. 144 at p. 6). The Court stayed discovery on those claims, and Ribar may not pursue discovery from any party or non-party while that stay remains effective. *See id.* Ribar further demonstrates the need for a stay as to County Defendants, because his improper discovery topics will inevitably give rise to discovery disputes that will consume County Defendants' and this Court's resources.

//

Ribar's Opposition confirms that a discovery stay is necessary. A brief pause pending resolution of the dispositive motions imposes no meaningful prejudice, particularly where Ribar's claimed "harm" relates to reputational injury and not from any delay in discovery in this case.

**III. CONCLUSION**

A discovery stay as to County Defendants is appropriate to secure the just, speedy, and inexpensive determination of this action. *See* FRCP 1. The motions to dismiss are meritorious and present purely legal questions that, if granted, will dispose of all claims against County Defendants. Each motion turns on sufficiency of the FAC and application of law, not on factual disputes requiring further development. No discovery is needed to resolve the motions to dismiss. Ribar fails to show that any discovery is needed to resolve those options and instead demonstrates his intent to seek impermissible discovery outside the scope of the instant litigation or on matters already stayed. A stay of discovery is both appropriate and necessary to protect County Defendants from having to expend more resources on Ribar's baseless claims.

Dated this 7th day of October, 2025.

By   /s/ Lindsay L. Liddell
LINDSAY L. LIDDELL
Deputy District Attorney
COBI BURNETT
Deputy District Attorney

ATTORNEYS FOR WASHOE COUNTY DEFENDANTS

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON R. KERTIS, ESQ.

Dated this 7th day of October, 2025.

                    /s/ S. Haldeman
                    S. Haldeman