UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA – RENO DIVISION

**DREW J. RIBAR,** Plaintiff, Pro Se,
v.
**WASHOE COUNTY, NEVADA, et al.,** Defendants.

Case No. 3:24-cv-00526-ART-CSD

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL E-SERVICE**

*(In Response to ECF No. 147)*

## I. INTRODUCTION

Defendant Build Our Center, Inc. ("BOC") admits that it has unilaterally refused to accept any litigation-related communication by email from Plaintiff. BOC's Opposition (ECF 147) attempts to justify this by labeling prior communications "vexatious" and claiming a need to "protect staff." Those assertions are unfounded and irrelevant to the management of this federal case.

It was agreed during the initial Case Management Conference that the parties would communicate by email. Defense counsel specifically requested that no telephone or in-person communication be recorded, and Plaintiff agreed on the condition that written email correspondence be used to ensure an accurate and verifiable record of all communications. This arrangement was made in good faith to maintain professionalism, transparency, and accountability throughout the litigation process.

This dispute is not about personal contact; it is about ensuring that a pro se litigant can comply with procedural obligations—such as meet-and-confer requirements—without unreasonable cost

PLEADING TITLE - 1

or delay. Requiring all case correspondence to occur only through U.S. Mail in 2025 is inconsistent with the **"just, speedy, and inexpensive determination"** required by *Fed. R. Civ. P. 1* and with the duty of cooperation imposed by *Fed. R. Civ. P. 16(f)(1)(C)* and *LR 26-6(c)*.

## II. ARGUMENT

**A. Refusal to Accept Email Communication Frustrates the Federal Rules and Prejudices Case Management.**

Federal practice assumes reasonable use of electronic communication between parties. All counsel of record already receive filings and court orders through CM/ECF under *Fed. R. Civ. P. 5(b)(2)(E)* and *LR IC 4-1(b)*. Yet BOC's counsel demands that Plaintiff use postal mail for every correspondence—an approach that adds 5–10 days of delay to every meet-and-confer, deadline clarification, or scheduling exchange. That delay materially interferes with Plaintiff's ability to satisfy time-sensitive obligations under *Rules 26, 33, 34, 37,* and *56*.

Courts have held that parties must engage in "good-faith, meaningful, and timely communication" to satisfy discovery and motion-practice obligations. *Hernandez v. Best Buy Stores, L.P.*, 2014 WL 5454505, at *2 (D. Nev. Oct. 24, 2014)*. A mail-only policy defeats that requirement and undermines judicial efficiency.

**B. No Protective Order or Court Authority Permits This Restriction.**

PLEADING TITLE - 2

BOC's opposition cites no statute, rule, or order authorizing its refusal to communicate electronically. A private letter from counsel cannot override the Federal Rules. If BOC genuinely believed Plaintiff's communications were abusive, the proper remedy was to seek a protective order under *Fed. R. Civ. P. 26(c)*—which it did not. Instead, it imposed a unilateral communication ban that serves no legitimate purpose other than obstruction.

Courts consistently disapprove such tactics. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (courts possess inherent power to manage proceedings and prevent abuse); *Hernandez*, supra. This Court should do likewise.

**C. Limited E-Service Will Protect All Parties and Advance Efficiency.**

Plaintiff does not seek unlimited or informal contact. The request is limited to case-related communications—such as scheduling, discovery, and required meet-and-confers—through each counsel's professional email addresses already registered with CM/ECF. Electronic communication ensures a clear written record, immediate delivery, and equal access for all parties.

Continuing to restrict email contact solely for Plaintiff, while all other parties exchange information electronically, is discriminatory, prejudicial, and contrary to the cooperative spirit mandated by *Fed. R. Civ. P. 1* and *16*.

**III. CONCLUSION**

PLEADING TITLE - 3

For these reasons, Plaintiff respectfully requests that the Court **grant the Motion to Compel E-Service (ECF No. 131)** and order counsel for Defendant Build Our Center, Inc. to accept and respond to case-related communications from Plaintiff via email, limited to litigation matters in this action.

Dated: October 6, 2025

Respectfully submitted,

/s/ Drew J. Ribar

**DREW J. RIBAR** | Plaintiff, Pro Se

3480 Pershing Lane

Washoe Valley, NV 89704

(775) 223-7899 const2audit@gmail.com

PLEADING TITLE - 4

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL E-SERVICE (ECF No. 131)**

Upon consideration of Plaintiff Drew J. Ribar's Motion to Compel E-Service (ECF No. 131), Defendant's response (ECF 147), and Plaintiff's reply, and good cause appearing:

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel E-Service is **GRANTED.**

Counsel for Defendant Build Our Center, Inc. shall accept and respond to Plaintiff's case-related communications by email for all informal matters relating to this action, including scheduling, discovery, and meet-and-confer obligations.

IT IS SO ORDERED.

DATED: _____

**HON. CRAIG S. DENNEY**

UNITED STATES MAGISTRATE JUDGE

PLEADING TITLE - 5

**CERTIFICATE OF SERVICE**

I certify that on October 6, 2025, I caused the foregoing document entitled **"PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL E-SERVICE (ECF No. 131)"** to be filed by email with the Clerk of the Court for the United States District Court, District of Nevada (Reno Division), for electronic filing and service upon all counsel of record via the Court's CM/ECF system in accordance with Local Rules IC 4-1(b) and LR 5-1.

Dated: October 6, 2025

/s/ Drew J. Ribar

**DREW J. RIBAR** | Plaintiff Pro Se