**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**DREW J. RIBAR**, Plaintiff, Pro Se,

v.

**WASHOE COUNTY, et al.,** Defendants.

Case No. 3:24-cv-00526-ART-CSD

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE**

(ECF No. 136)

## I. INTRODUCTION

Defendant Build Our Center's ("BOC") opposition (ECF 148) fails to address the central issue: its Motion for Temporary Restraining Order (ECF 130) and the County's Joinder (ECF 140) rest entirely on false factual declarations and fabricated evidence. Allowing these filings to remain on the record perpetuates a fraud upon this Court and undermines the integrity of these proceedings.

## II. ARGUMENT

**A. Rule 12(f) and the Court's Inherent Power Permit Striking False Filings.**

Courts may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

PLEADING TITLE - 1

P. 12(f); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The use of knowingly false declarations meets that standard and constitutes abuse of the judicial process.

**B. Plaintiff's Evidence Irrefutably Refutes Defendants' Claims.**

Verified GPS logs and sworn declarations (ECF 141 Exs. 4–6) demonstrate Plaintiff was not present at the alleged locations on the dates described by declarants Guadalupe Garcia and Jeri Scott. Despite being placed on notice by Plaintiff's Rule 11 Safe Harbor letters (Sept. 11 and Oct. 6, 2025), counsel Kertis and Liddell continued relying on these falsehoods in subsequent filings (ECF 145, 147), in violation of Fed. R. Civ. P. 11(b)(3).

**C. Anti-SLAPP and First Amendment Context Strengthen the Basis for Striking.**

These false filings were intended to chill Plaintiff's protected speech and press activity related to public meetings, falling squarely within Nevada's Anti-SLAPP protections, NRS 41.660. When a pleading is both demonstrably false and intended to silence protected activity, dismissal and sanctions are proper. *Abrams v. Sanson*, 136 Nev. 83 (2020).

**III. CONCLUSION**

Plaintiff respectfully requests that the Court:

1. Strike ECF 130 and 140 from the docket;
2. Refer counsel Alison Gansert Kertis and Deputy District Attorney Lindsay Liddell to the State Bar of Nevada under LR IA 11-7(a); and
3. Grant such further relief as the Court deems just and proper.

PLEADING TITLE - 2

Dated: October 6, 2025

/s/ Drew J. Ribar

**DREW J. RIBAR**

Plaintiff, Pro Se

3480 Pershing Lane

Washoe Valley, NV 89704

(775) 223-7899 | const2audit@gmail.com

PLEADING TITLE - 3

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE (ECF No. 136)**

Upon consideration of Plaintiff Drew J. Ribar's Motion to Strike (ECF No. 136), Defendant's response, and Plaintiff's reply, and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike is **GRANTED**.

The Court STRIKES Defendant Build Our Center, Inc.'s Motion for Temporary Restraining Order (ECF No. 130) and the County Defendants' Joinder (ECF No. 140) as unsupported by competent evidence.

IT IS FURTHER ORDERED that counsel Alison Gansert Kertis and Deputy District Attorney Lindsay Liddell are REFERRED to the State Bar of Nevada for disciplinary review under Local Rule IA 11-7(a).

IT IS SO ORDERED.

DATED: _____

UNITED STATES MAGISTRATE JUDGE CRAIG S. DENNEY

PLEADING TITLE - 4

## CERTIFICATE OF SERVICE

I certify that on October 6, 2025, I caused the foregoing document to be filed by email with the Clerk of the Court for the United States District Court, District of Nevada (Reno Division), for electronic filing and service upon all counsel of record via the Court's CM/ECF system in accordance with Local Rules IC 4-1(b) and LR 5-1.

Dated: October 6, 2025

/s/ Drew J. Ribar

**DREW J. RIBAR** | Plaintiff Pro Se