UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW J. RIBAR,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WASHOE COUNTY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:24-cv-00526-ART-CSD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND MOTION TO EXPEDITE HEARING<br>(ECF Nos. 151, 152, 153) |

*Pro se* Plaintiff Drew Ribar brings this action against Defendants Washoe County, Washoe County Library System ("WCLS"), and Build Our Center ("BOC"), alleging various constitutional and state law violations. Ribar, a self-described journalist, claims that the WCLS and BOC violated his constitutional rights by preventing him from entering a Drag Story Hour for children while permitting another journalist to attend. (ECF No. 65-1.) Ribar also claims that the library suspended him without sufficient due process and that BOC conspired with the library to violate Ribar's rights. (*See id.*)

Before the Court are Plaintiff's motions for a temporary restraining order ("TRO"), a preliminary injunction, and an expedited hearing. (ECF Nos. 151, 153.)[1] Plaintiff's requests arise from recent events occurring at Washoe County Library Board of Trustees ("LBOT") meetings, where Plaintiff claims that he was denied his "full public comment rights" when LBOT "prematurely adjourned" his comments and allowed "hostile audience members," identified as "German filmmakers," to interrupt him. (ECF No. 151.) In his motions, Plaintiff asks the

---

[1] Plaintiff's motions for a preliminary injunction and temporary restraining order are filed separately as ECF Nos. 151 and 152 because of the differing relief sought. These filings are identical and for ease this order will refer to ECF No. 151.

1

1  Court for an order enjoining Washoe County and LBOT from "cutting off"
2  Plaintiff's remarks; allowing "hostile audience reactions" to interrupt Plaintiff;
3  and "permitting County employees or affiliates to coordinate disruptions targeting
4  Plaintiff." (ECF No. 151.) Additionally, Plaintiff requests that the Court require
5  Washoe County and LBOT to preserve and produce all recordings and transcripts
6  from recent LBOT meetings; "identify and disclose the 'German filmmakers'" and
7  their communications with Washoe County employees; and hold a hearing about
8  the requested TRO and preliminary injunction within 14 days. (*Id.*)

## I.  Legal Standard

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A district court may only grant preliminary relief where there is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). This relationship is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Pac. Radiation Oncology, LLC*, 810 F.3d at 636. "Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied." *Iden v. Stark*, No. 3:22-CV-00121-

2

1  MMD-CLB, 2022 WL 18231858, at *3 (D. Nev. Nov. 3, 2022), *report and*
2  *recommendation adopted*, 2023 WL 158670 (D. Nev. Jan. 11, 2023); see also
3  *Harris v. Gittere*, No. 3:22-CV-00042-ART-CSD, 2024 WL 4278489, at *2 (D. Nev.
4  Sept. 24, 2024), *reconsideration denied,* 2025 WL 467596 (D. Nev. Feb. 11, 2025).

## II.   ANALYSIS

Plaintiff's request for a temporary restraining order and preliminary injunction prohibiting Washoe County and LBOT from preventing Plaintiff from speaking at LBOT meetings is not sufficiently connected to the underlying relief he seeks, as it does not grant "'relief of the same character as that which may be granted finally.'" *Pacific Radiation Oncology*, 810 F.3d at 636 (quoting *De Beers*, 325 U.S. at 220). Plaintiff's lawsuit against Washoe County, WCLS, and BOC claims that his constitutional rights were violated when he was excluded from a library event and subsequently suspended. Plaintiff's motions are based upon new allegations of recent misconduct unrelated to those claims. (ECF Nos. 65-1, 151.) As such, Plaintiff has failed to show a sufficient nexus between the allegations complained of in Plaintiff's motions and the allegations contained in the complaint.

Plaintiff is also reminded that he must comply with all local rules, including Local Rule 7-4, which addresses emergency motions. Accordingly, Plaintiff's motions are denied without prejudice.

## III.   CONCLUSION

It is therefore ordered that Plaintiff's motions for a temporary restraining order, preliminary injunction and emergency hearing (ECF Nos. 151, 152, 153) are DENIED without prejudice.

DATED: October 6, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4