**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**DREW J. RIBAR**,
       Plaintiff,
v.
**WASHOE COUNTY, et al.**,
       Defendants.

Case No. 3:24-cv-00526-ART-CSD

**NOTICE OF FILING BAR COMPLAINT**

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on **October 29, 2025**, Plaintiff **Drew J. Ribar**, appearing pro se, submitted a **formal written complaint** to the **Nevada State Bar – Office of Bar Counsel** regarding the professional conduct of the following attorneys:

- **Lindsay L. Liddell**, Deputy District Attorney, Washoe County
- **Alison R. Kertis**, Counsel for Defendant Burnett (Sierra Crest Law)

This complaint arises from the same factual record underlying Plaintiff's pending **Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927**, currently before this Court.

A true and correct copy of the bar complaint (excluding attachments) is attached as **Exhibit A** to this Notice.

The complaint concerns, among other things:

- The submission of **false affidavits** in support of a motion for protective order;

PLEADING TITLE - 1

- **Failure to withdraw** or correct the falsehoods after receiving Safe Harbor notices;
- The use of **internal government email** to misrepresent Plaintiff's communications;
- The use of **prosecutorial power** to propose retaliatory plea terms in a related criminal case;
- Violations of the **Nevada Rules of Professional Conduct**, including NRPC 3.3, 4.4, and 8.4.

This filing is intended to provide full notice to the Court and opposing parties of the formal disciplinary complaint now pending with the Nevada State Bar.

DATED: October 29, 2025

Respectfully submitted,

/s/ Drew J. Ribar

**Drew J. Ribar**, Pro Se

3480 Pershing Ln., Washoe Valley, NV 89704

(775) 223-7899 | Const2Audit@gmail.com

PLEADING TITLE - 2

**EXHIBIT A**

**COMPLAINT TO NEVADA STATE BAR**

Submitted October 29, 2025

By: **Drew J. Ribar**, Complainant

**Respondent Attorneys:**

- **Lindsay L. Liddell**, Deputy District Attorney, Washoe County
- **Alison R. Kertis**, Sierra Crest Law Group

**Subject of Complaint:**

Formal Bar Complaint for professional misconduct based on violations of the **Nevada Rules of Professional Conduct**, including:

- NRPC 3.3 – Candor Toward the Tribunal
- NRPC 4.4 – Use of Means with No Substantial Purpose
- NRPC 8.4 – Misconduct Involving Dishonesty or Retaliation

The complaint arises out of their conduct in **Ribar v. Washoe County, et al., Case No. 3:24-cv-00526-ART-CSD (D. Nev.)** and is supported by documentary evidence submitted as Exhibits A through O in Plaintiff's Rule 11 Motion.

A copy of the full complaint (without attachments) follows this cover sheet.

PLEADING TITLE - 3

**Complainant:**
Drew J. Ribar
3480 Pershing Ln.
Washoe Valley, NV 89704
const2audit@gmail.com
(775) 223-7899

**Respondents:**

1. **Lindsay L. Liddell**
   Deputy District Attorney
   Washoe County District Attorney's Office
   1 S. Sierra Street, Reno, NV 89501
2. **Alison R. Kertis**
   Sierra Crest Business Law Group
   6770 S. McCarran Blvd, Reno, NV 89509

**Complaint Date:** October 29, 2025
**Related Case:** *Ribar v. Washoe County, et al.*, Case No. 3:24-cv-00526-ART-CSD (U.S. District Court, District of Nevada)

# FORMAL GRIEVANCE AND REQUEST FOR INVESTIGATION

Pursuant to Nevada Supreme Court Rule 99, I respectfully submit this formal complaint for disciplinary investigation of attorneys **Lindsay L. Liddell** and **Alison R. Kertis**, for violations of the **Nevada Rules of Professional Conduct (NRPC)** and their duties as officers of the court.

# I. INTRODUCTION

This complaint arises from conduct by two licensed attorneys who:

- Knowingly submitted **false affidavits** in federal court;

- Maintained and defended those falsehoods **after being served with irrefutable evidence** disproving their claims;
- Participated in **extrajudicial retaliation** through internal communications and **misuse of prosecutorial authority** to chill lawful civil litigation and protected speech.

This misconduct occurred both **within judicial proceedings** and **externally**, undermining the integrity of the justice system and violating the foundational rules of professional conduct.

---

## II. NATURE OF THE MISCONDUCT

### A. False Statements to a Tribunal (NRPC 3.3 and 8.4)

Respondents submitted and later defended **false affidavits** (ECF No. 130 in *Ribar v. Washoe County*) claiming I was "stalking," "lurking," or otherwise threatening attorneys or witnesses.

Those statements were knowingly or recklessly false:

- My **Google GPS location data** (Exhibits L & M) proves I was not present at the times and places alleged.
- **Safe Harbor Notices** under Rule 11 were served in advance (Exhibits C, D, F), giving Respondents ample opportunity to withdraw the statements, yet they refused.
- **Respondent Kertis** refused to retract or correct the record even after direct notice and objective evidence.

- **Respondent Liddell** formally adopted the claims through ECF 140 and maintained them despite knowing their falsity.

**Violations:**

- NRPC 3.3(a)(1) – False statement of material fact to a tribunal
- NRPC 3.3(a)(3) – Failure to correct false statements
- NRPC 8.4(c) – Conduct involving dishonesty
- NRPC 8.4(d) – Conduct prejudicial to the administration of justice

---

### B. Misuse of Prosecutorial Power to Retaliate (NRPC 8.4)

Respondent Liddell's colleague, **Deputy District Attorney Amos Stege**, conditioned a criminal plea deal for **Stewart Handte** on restrictions that would prevent Mr. Handte from:

- Contacting me; or
- Promoting or referencing my **§1983 civil rights lawsuit**.

(See **Exhibit N**)

This is a **clear abuse of state authority**—using the power of criminal prosecution to retaliate against protected civil litigation and journalism.

**Violations:**

- NRPC 8.4(c) – Misuse of legal authority and dishonesty

- NRPC 8.4(d) – Improper purpose undermining justice

---

### C. Extrajudicial Misrepresentation and Intimidation (NRPC 4.4, 8.4)

Respondent Liddell authored an internal Washoe County email (Exhibit K), falsely claiming that I posed an "escalating" risk and encouraging invocation of "workplace violence protocols." This was based solely on my **legal communications** and public advocacy.

Additionally, **Exhibit O** shows **DDA Stege**, from the same office, **aggressively and intentionally moved toward me** in a courthouse elevator, physically invading my space and pushing my hand and phone, caught on video. This occurred **in the presence of a Washoe County deputy**, and supports the existence of **a pattern of intimidation and retaliation** extending beyond courtroom filings.

**Violations:**

- NRPC 4.4(a) – Conduct with no substantial legal purpose that burdens or embarrasses
- NRPC 8.4(c) – Misrepresentation and deceit
- NRPC 8.4(d) – Retaliatory abuse of process

---

## III. SUPPORTING EVIDENCE

This misconduct is documented in the federal case *Ribar v. Washoe County*, Case No. 3:24-cv-00526. I have filed a **Rule 11 Sanctions Motion** (October 28, 2025) containing Exhibits A through O, each referenced by index.

- **Exhibits A & B:** False affidavits forming the basis of the TRO
- **Exhibits C–H:** Rule 11 Safe Harbor Notices showing knowledge and opportunity to cure
- **Exhibits L & M:** GPS metadata refuting stalking narrative
- **Exhibit K:** Internal Liddell email showing retaliatory misuse of "workplace violence" policy
- **Exhibit N:** Prosecutorial plea deal restricting civil rights speech
- **Exhibit O:** Video of DDA Stege's assaultive courthouse conduct

Each of these documents supports my allegation that Respondents **knowingly misled the Court**, abused their authority, and engaged in unethical retaliation against a civil litigant.

## IV. REQUEST FOR DISCIPLINARY ACTION

Pursuant to **Nevada Supreme Court Rule 99**, I respectfully request that the Office of Bar Counsel:

1. **Initiate formal disciplinary investigations** against Attorneys Lindsay L. Liddell and Alison R. Kertis;
2. Review the filings and evidence in federal court (Case No. 3:24-cv-00526), particularly Plaintiff's Rule 11 Sanctions Motion and the 15 exhibits attached;

3. **Impose appropriate sanctions** for violations of NRPC 3.3, 4.4, and 8.4, including but not limited to reprimand, suspension, or disbarment.

I am available to provide certified documents, sworn declarations, metadata validation of GPS and video evidence, and other factual records upon request.

---

**Respectfully submitted,**
**Dated:** October 29, 2025

**/s/ Drew J. Ribar**
Drew J. Ribar
Pro Se Litigant
Email: const2audit@gmail.com
Phone: (775) 223-7899

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

I, **Drew J. Ribar**, hereby certify that on **October 29, 2025**, I served the foregoing:

- **NOTICE OF FILING BAR COMPLAINT**
- **Exhibit A – Bar Complaint Cover Sheet and Formal Complaint**

by emailing a true and correct copy to the Court and counsel using the Court's email-based filing system and the email addresses of counsel, as follows:

**Filed via Email to Court:**

reno_public_docketing@nvd.uscourts.gov

**Served on Counsel of Record:**

- Lindsay L. Liddell – lliddell@da.washoecounty.gov
- Alison R. Kertis – akertis@sierracrestlaw.com
- Andrew Cobi Burnett – cburnett@da.washoecounty.gov

**Courtesy Copies (CC):**

- Chris Hicks, Washoe County DA – chicks@da.washoecounty.gov
- Amos Stege astege@da.washoecounty.gov
- Nevada Commission on Ethics – ncoe@ethics.nv.gov

Executed this 29th day of October, 2025.

PLEADING TITLE - 4

Respectfully submitted,

/s/ Drew J. Ribar

**Drew J. Ribar, Pro Se**

PLEADING TITLE - 5