1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DREW J. RIBAR,

                      Plaintiff,

    v.

WASHOE COUNTY, et al.,

                     Defendants.

Case No. 3:24-cv-00526-ART-CSD

ORDER

9
10
11
12
13

     *Pro se* Plaintiff Drew Ribar sued Defendants Washoe County, Washoe County Library System ("Library"), Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin," Deputy Sagida, and Sgt. Gomez ("County Defendants"), as well as Build Our Center ("BOC"), alleging various constitutional and state law violations. (ECF No. 65-1.)

14
15
16
17
18
19
20
21

     On September 18, 2025, BOC filed a non-emergency motion for a temporary restraining order ("TRO"). (ECF No. 130.) Plaintiff responded to the TRO (ECF No. 135), and BOC replied. (ECF No. 145.) In the days following BOC's TRO filing, Plaintiff filed a motion to compel service by email (ECF No. 131), and County Defendants filed a motion to stay discovery pending the outcome of their respective motions to dismiss. (ECF No. 132.) Magistrate Judge Denney held a hearing and denied Plaintiff's motion to compel service and granted County Defendants' motion to stay discovery. (ECF No. 165.)

22
23
24
25
26
27

     Before the Court is County Defendants' motion for an emergency temporary restraining order ("TRO") (ECF No. 172), which requests relief similar to BOC's prior motion for TRO (ECF No. 130). Defendants have alleged "escalating harassment, intimidation" and "menacing and inappropriate behavior" that is causing "substantial mental harm." (ECF No. 172.) The Court has scheduled a hearing regarding this motion for Monday, November 3, 2025, at 10:00 a.m. (ECF

28

No. 173.) While Plaintiff has not had the opportunity to respond to the emergency TRO, because of the serious threats to personal safety that Defendants have alleged, this order grants limited relief pending the resolution of the emergency TRO and BOC's TRO. (ECF Nos. 172, 130.) Regarding the events and allegations respecting the Library and Library staff, the Court will address these concerns at the hearing.

## I.    LEGAL STANDARD

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

## II.    DISCUSSION

District courts have inherent power to "issue an injunction against litigants who harass their opponents." *Yates v. Belli Deli*, No. C 07-01405 WHA, 2007 WL 231892, at *3 (N.D. Cal. Aug. 13, 2007) (citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990)). Courts, particularly, have the power to issue an injunction over conduct directly related to a lawsuit. *Beyond Blond Prods., LLC v. Heldman*, No. CV205581DSFGJSX, 2022 WL 2784404, at *4 (C.D. Cal. June 17, 2022). *See also United Artists Corp. v. United Artist Studios LLC*, No. CV 19-828-MWF (MAAX), 2019 WL 6917918, at *6 (C.D. Cal. Oct. 17, 2019); *Myart v. Taylor*, No. SA 5:16-CV-736-DAE, 2016 WL 5376227, at *4 (W.D. Tex. Sept. 26, 2016). Here, the conduct at issue in the emergency TRO is directly related to the lawsuit, as many of the harassing communications reference this litigation and the pleadings filed therein. (ECF No. 172.)

2

The Court next considers whether Plaintiff can be restrained from future harassing conduct and communications. "The First Amendment generally prevents the government from proscribing speech," however, courts have "made a distinction between communication and harassment." *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382 (1992); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005). Courts "do have the power to enjoin harassing communication," and have rejected arguments that the First Amendment allows a person to make harassing or threatening communications. *Test Masters*, 428 F.3d at 580; *see also United States v. Osinger,* 753 F.3d 939, 945 (9th Cir. 2014).

Because the Court has determined that it can restrain Plaintiff from harassing conduct and communications, it next considers whether County Defendants and BOC have met their burden on the four prongs needed for a temporary restraining order. As this order is related to Plaintiff's harassing conduct, the four prongs refer to the likelihood of success on the merits of showing harassment, instead of the merits of the underlying lawsuit. Under Nevada law, a person is guilty of harassment where the person "knowingly threatens to do any act intended to substantially harm the person threatened with respect to their mental health or safety." NRS 200.571(1)(a)(4).

County Defendants have shown that they have a strong likelihood of success of proving harassment by Plaintiff. According to County Defendants, Plaintiff has engaged in a pattern of continued and escalating harassment related to the commencement of this lawsuit. (ECF No. 172.) County Defendants have specifically alleged that Plaintiff has shown up uninvited to defense counsel's place of work, submitted frivolous public records requests, and yelled at counsel for County Defendants. (*Id.*) Additionally, County Defendants allege that Plaintiff has commenced a social media campaign, consisting of numerous harassing comments and videos he has posted to his YouTube channel, repeatedly accusing

1    defense counsel of lying in this litigation. (*Id.*)

2        County Defendants have also shown that they are "likely to suffer irreparable

3    harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Plaintiff's

4    harassing behavior has seemingly intensified as litigation has progressed, and

5    County Defendants have experienced resultant consequences. (ECF No. 172.) In

6    particular, Plaintiff's behavior has interfered with defense counsel's work in this

7    litigation, required her to seek mental healthcare, and resulted in her

8    experiencing high blood pressure and being prescribed medication to treat

9    anxiety. (*Id.*)

10        BOC and its defense counsel have similarly shown a strong likelihood of

11    success on the merits and irreparable harm. Plaintiff has shown up uninvited to

12    the workplaces of BOC defendants and defense counsel, submitted frivolous

13    records requests, and shouted at BOC's defense counsel after a recent hearing.

14    (ECF Nos. 130, 172.) Plaintiff has also repeatedly accused BOC's defense counsel

15    of lying in social media comments and YouTube videos. (ECF No. 172.) BOC's

16    defense counsel has experienced high levels of emotional distress, resulting in

17    her warning family members and her children's daycare about Plaintiff's conduct

18    and purchasing an upgraded home security system. (ECF No. 130.)

19        The Court must also "balance the competing claims of injury and [] consider

20    the effect on each party of the granting or withholding of the requested relief."

21    *Winter*, 555 U.S. at 24. A narrowly tailored order prohibiting Plaintiff from

22    engaging in harassing behavior pending a decision on the emergency TRO would

23    not impose significant hardship on Plaintiff. It does not prevent the parties from

24    litigating the case, and does not prohibit Plaintiff from expressing his views so

25    long as he does so in a manner that does not constitute personal harassment of

26    Defendants and defense counsel.

27        Finally, an injunction would be in the public interest because it will help

28

4

ensure the fair administration of justice, as Defendants and their counsel will be able to participate in the lawsuit without harassment from Plaintiff. Thus, because Defendants have made a showing on all four prongs required for a TRO, Defendants' request for an order enjoining Plaintiff from harassing Defendants and their counsel is granted.

## III.    CONCLUSION

It is therefore ordered that pending resolution of County Defendants' TRO (ECF No. 172) and BOC's TRO (ECF No. 130), Plaintiff is temporarily restrained from:

1. Physically approaching any employee of County Defendants, BOC, and their defense counsel, except when attending in-person hearings for this instant case, and this case alone;

2. Physically entering the parking lot for County Defendants' or BOC's defense counsel;

3. Submitting public records requests directly to County Defendants, BOC, and their defense counsel; and

4. Posting content on social media about this case, including information, photos or videos of any defendant, or any witness.

It is further ordered that Plaintiff remove any reference to Deputy District Attorney Lindsay Liddell, or Attorney Allison Kertis, and any iteration thereof, from any social media account that he controls.

It is further ordered that Plaintiff shall not use any other person, directly or indirectly, to perform any of the conduct described above.

1

2       DATED: October 30, 2025

3

4       _____

5       ANNE R. TRAUM
        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28