UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**DREW J. RIBAR**,
Plaintiff,
v.
**WASHOE COUNTY, et al.,**
Defendants.

**Case No. 3:24-cv-00526-ART-CSD**

# EMERGENCY NOTICE OF EVIDENTIARY IMPAIRMENT AND REQUEST TO MODIFY OR LIFT TEMPORARY RESTRAINING ORDER (ECF No. 176)

COMES NOW Plaintiff **Drew J. Ribar**, appearing pro se, and respectfully submits this Emergency Notice to inform the Court that compliance with the Temporary Restraining Order (TRO), entered on October 27, 2025 (ECF No. 176), is causing ongoing and severe prejudice by destroying or impairing access to Plaintiff's evidentiary record. Plaintiff respectfully requests immediate modification or dissolution of the TRO as it applies to video or online content that constitutes material evidence in this case.

## I. INTRODUCTION

Plaintiff has been diligently working to comply with the TRO's directives, including removal of "any content on social media about this case" or mentioning defense counsel or witnesses. However, a significant portion of the content subject to deletion is **directly referenced as**

PLEADING TITLE - 1

exhibits in Plaintiff's First Amended Complaint (ECF No. 65-1)** and in his filings related to this TRO and Rule 11 sanctions.

This has created a conflict where **complying with the TRO impairs Plaintiff's constitutional right to present evidence**, violates procedural protections under the Federal Rules, and places the Court in the position of being unable to verify or evaluate the factual record.

## II. LEGAL BASIS FOR RELIEF

**A. Violation of Due Process (Fifth & Fourteenth Amendments)**

Plaintiff has a constitutional right to present relevant evidence in support of his claims. *Washington v. Texas*, 388 U.S. 14 (1967).

**B. Unintended Spoliation of Evidence (Fed. R. Civ. P. 37(e))**

Plaintiff is being forced to delete or hide **electronically stored information (ESI)** — including critical YouTube videos, screenshots, and posts — that have already been referenced in pleadings and served on opposing counsel. This creates a **self-spoliation crisis** that prejudices Plaintiff's position.

**C. TRO Is Vague and Overbroad (Fed. R. Civ. P. 65(d))**

PLEADING TITLE - 2

The TRO lacks specificity in its directives, failing to identify which speech constitutes prohibited conduct. As written, it encompasses tens of thousands of potential records and has caused the unintended consequence of suppressing lawful evidence.

**D. All Judicial Orders Must Yield to Evidence Preservation**

*United States v. Nixon*, 418 U.S. 683 (1974): The judiciary must give priority to the availability of relevant evidence.

*Hurd v. Williams*, 755 F.3d 306, 313 (5th Cir. 2014): Injunctive relief must be narrowly tailored to avoid unnecessary harm to lawful activity.

## III. SPECIFIC PREJUDICE IDENTIFIED

- **Exhibit O** (Video of DDA Stege encounter) was deleted or hidden from YouTube under the TRO, impairing Plaintiff's ability to disprove claims of "menacing" or "shouting."
- **Exhibits from ECF No. 65-1**: Multiple referenced videos regarding government meetings, LBOT actions, and library incidents are now inaccessible.
- The Court is now unable to **review, verify, or authenticate** key evidence that is the subject of Plaintiff's First Amendment and §1983 claims.

## IV. REQUEST FOR RELIEF

PLEADING TITLE - 3

Plaintiff respectfully requests that the Court **modify or dissolve** the TRO (ECF No. 176) to prevent further destruction of evidence and allow Plaintiff to defend himself fully.

Specifically, Plaintiff requests the following relief:

1. **Immediate stay** of the TRO's removal requirement **only as to any online content (video/posts/screenshots) referenced in ECF No. 65-1 (FAC), ECF No. 176 (TRO Opposition), or other court exhibits.**
2. **Leave to submit archived video copies** of deleted or hidden exhibits **under seal** to preserve the evidentiary record.
3. **Judicial notice** of the original existence of the referenced video evidence for purposes of ruling on pending motions.
4. In the alternative, **dissolve the TRO in its entirety** on grounds of overbreadth, vagueness, and irreparable harm to Plaintiff's constitutional and procedural rights.

Respectfully submitted,

/s/ **Drew J. Ribar**
Drew J. Ribar, Pro Se
3480 Pershing Ln.
Washoe Valley, NV 89704
Const2Audit@gmail.com
(775) 223-7899

Dated: **November 1, 2025**

PLEADING TITLE - 4

# [PROPOSED ORDER]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**DREW J. RIBAR**,
Plaintiff,
v.
**WASHOE COUNTY, et al.**,
Defendants.

**Case No. 3:24-cv-00526-ART-CSD**

## [PROPOSED] ORDER MODIFYING TRO (ECF No. 176) TO PRESERVE EVIDENTIARY RECORD

The Court, having reviewed Plaintiff's **Emergency Notice of Evidentiary Impairment** and good cause appearing, hereby ORDERS:

1. The Court **stays enforcement** of the TRO (ECF No. 176) **only as to video, audio, and online content specifically cited as exhibits** in Plaintiff's filed pleadings, including but not limited to ECF No. 65-1 and ECF No. 176.
2. Plaintiff is granted **leave to file under seal** archived versions of any such videos or content that has been deleted or hidden pursuant to the TRO.
3. The Court **takes judicial notice** of the fact that Plaintiff's referenced exhibits were posted and available prior to October 27, 2025.
4. In the alternative, the Court may consider **dissolving the TRO** in its entirety should it find the Order is overbroad or in violation of constitutional or procedural protections.

PLEADING TITLE - 5

IT IS SO ORDERED.

DATED: _____, 2025

**ANNE R. TRAUM**
United States District Judge

# CERTIFICATE OF SERVICE

I hereby certify that on **November 1, 2025**, I caused the foregoing:

- **Emergency Notice of Evidentiary Impairment**
- **Proposed Order**

to be served on all parties via electronic mail to:

- **Reno Public Docketing** – reno_public_docketing@nvd.uscourts.gov
- **Counsel for Defendants:**
    - Lindsay Liddell – lliddell@da.washoecounty.gov
    - Alison Kertis – akertis@sierracrestlaw.com

Executed on this date:

November 1, 2025

**/s/ Drew J. Ribar**
Drew J. Ribar, Pro Se

PLEADING TITLE - 7