UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**DREW J. RIBAR**,

   Plaintiff,

v.

**WASHOE COUNTY, et al.**,

   Defendants.

Case No.: 3:24-cv-00526-ART-CSD

# PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION AND SPECIFIC FINDINGS

## ON CONSTITUTIONAL AND PROCEDURAL DEFECTS IN TRO RULING

**[Hearing Held November 3, 2025]**

**COMES NOW**, Plaintiff Drew J. Ribar, appearing pro se, and respectfully submits this Emergency Motion for Clarification and Specific Findings pursuant to **Fed. R. Civ. P. 52(a)**,

PLEADING TITLE - 1

**Rule 59(e)**, **the Court's inherent power**, and to preserve the record for interlocutory appeal under **28 U.S.C. § 1292(a)(1)**.

This Motion follows the in-person hearing held November 3, 2025, concerning the Temporary Restraining Order ("TRO") entered October 30, 2025 (ECF No. 176), and before the anticipated issuance of a revised written order. Plaintiff seeks specific findings of fact and conclusions of law on six material constitutional and procedural defects raised during the hearing and not resolved on the record.

## I. RULE 11(c)(2) SAFE HARBOR VIOLATION – PROCEDURAL DEFECT

The defense sought sanctions-like relief in their Emergency Motion for TRO (ECF No. 172) without providing the **mandatory 21-day Safe Harbor notice** under **Fed. R. Civ. P. 11(c)(2)**. Plaintiff raised this objection at the hearing and supported it with **Exhibit Y** (October 24, 2025), demonstrating no notice was ever provided.

In **Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001)**, the Ninth Circuit held:

"Failure to comply with the safe harbor provision precludes the imposition of sanctions."

Here, the TRO forced Plaintiff to delete and refrain from publishing content—sanctions in substance, if not in name.

**Request for Clarification**:

PLEADING TITLE - 2

- Did the Court find that the defense complied with Rule 11(c)(2)?
- If not, on what authority can the Court maintain sanctions-based relief in direct violation of Rule 11 and Ninth Circuit precedent?

## II. DUE PROCESS VIOLATION – UNEQUAL ACCESS TO HEARING TOOLS

At the November 3, 2025 hearing:

- Plaintiff was compelled to appear **in person** and **denied all access to digital devices**.
- Plaintiff could not access over **40,000 pages** of evidence, video exhibits (e.g., YouTube links), GPS metadata, or legal research during argument.
- In contrast, both defense attorneys—Ms. Lindsay Liddell and Ms. Alison Kertis—appeared **remotely** and had **full digital access** to legal materials, exhibits, notes, and court filings.

This constitutes a material **Due Process** violation, as Plaintiff was prevented from presenting rebuttal evidence and visual exhibits central to this matter.

**Request for Clarification**:

- What legal standard did the Court apply in determining the hearing was fair under the **Fifth and Fourteenth Amendments**?

PLEADING TITLE - 3

- On what basis was Plaintiff denied access to the same digital evidence tools available to defense counsel?

---

## III. FIRST AMENDMENT – PRIOR RESTRAINT ON POLITICAL SPEECH

The TRO restricts Plaintiff's right to:

- Publish or post criticism of public officials.
- Share video evidence and commentary related to pending litigation.
- File or publicize government complaints, bar complaints, or speech involving public figures.
- Going into public buildings during business hours and submitting public records requests infringing on his right to gather information about government.
- Restricting him from certain places or not being near certain people

There has been no finding of **unprotected speech** (e.g., true threats, incitement, or defamation under **New York Times v. Sullivan**, 376 U.S. 254 (1964)).

In **Near v. Minnesota, 283 U.S. 697 (1931)**, the Supreme Court held that prior restraints on speech are "the most serious and the least tolerable infringement on First Amendment rights."

**Request for Clarification**:

- What specific factual finding of unprotected speech justifies the continued restriction?
- What standard of law authorizes prior restraint in this context against a citizen-journalist?

PLEADING TITLE - 4

## IV. EVIDENTIARY OMISSION – FAILURE TO CONSIDER PLAINTIFF'S EXHIBITS

The Court accepted the defense's TRO request without presenting **sworn evidence**, while Plaintiff's exhibits—including:

- The **GPS data** refuting stalking claims,
- The **video of DDA Stege's conduct**,
- And **other YouTube-linked materials**—

were **unavailable** due to in-court digital restrictions and were **not considered on the record**.

Further, Plaintiff's exhibits were only set to "private," not deleted—a fact the Court did not acknowledge.

**Request for Clarification**:

- What evidence supported the factual findings underlying the TRO?
- Was the Court aware that Plaintiff's videos were made private—not deleted—and thus could not be referenced in court?

## V. OBSTRUCTION OF PRO SE ARGUMENT

PLEADING TITLE - 5

Unlike defense counsel, Plaintiff was interrupted throughout the hearing and not permitted to complete his prepared argument. Key topics—including:

- The Pride timeline,
- Anti-SLAPP implications,
- The escalation after DDA Stege's elevator conduct,

were never reached, while opposing attorneys were allowed uninterrupted presentations.

**Request for Clarification**:

- Does the Court find that Plaintiff was afforded **equal opportunity** to present his argument, in full, consistent with due process and pro se standards?

## VI. APPEARANCE OF BIAS – JUDICIAL COMMENTS AND CREDIBILITY PREFERENCES

During the hearing, the Court **praised defense counsel** as being "so brave" for taking the case and "dealing with this." No similar acknowledgment was offered to Plaintiff—who is litigating pro se, at personal cost, under significant legal pressure.

Under **28 U.S.C. § 455(a)**, a judge must disqualify herself if her impartiality **"might reasonably be questioned."** See also **Liteky v. United States, 510 U.S. 540 (1994)**.

PLEADING TITLE - 6

While isolated remarks may not require recusal, they warrant **clarification** if they create the **appearance of judicial favoritism**, especially in hearings restricting First Amendment rights.

**Request for Clarification**:

- Does the Court find that its comments regarding the defense attorneys' bravery created a perception of partiality?

## VII. FAILURE TO ADDRESS PLAINTIFF'S ANTI-SLAPP FILINGS

Plaintiff filed a **Notice of Reservation of Anti-SLAPP Rights** (Oct 30, 2025), citing **NRS 41.660** and relevant First Amendment petitioning rights. This legal reservation changes the **evidentiary burden** and protects Plaintiff's:

- Complaints to public bodies,
- Bar complaints,
- Investigative speech about public officials.

To date, the Court has not acknowledged or ruled on the Anti-SLAPP issue.

**Request for Clarification**:

- Does the Court recognize that Plaintiff's speech falls within the scope of Nevada's anti-SLAPP protection?
- If not, what factual or legal basis supports denial or omission?

PLEADING TITLE - 7

## VIII. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Enter **specific written findings** on each of the above issues;
2. Confirm whether the **amended order** will address these constitutional and procedural defects;
3. Preserve the record for appellate review under **28 U.S.C. § 1292(a)(1)**.

Respectfully submitted this 3rd day of November, 2025.

**/s/ Drew J. Ribar**

Drew J. Ribar, Pro Se

3480 Pershing Ln.

Washoe Valley, NV 89704

Email: Const2Audit@gmail.com

Phone: (775) 223-7899

PLEADING TITLE - 8

**CERTIFICATE OF SERVICE**

I certify that on **November 3, 2025**, I submitted the foregoing Motion and attached Declaration via email to the Clerk of the Court and served a copy by email upon:

- **Andrew Cobi Burnett** – cburnett@da.washoecounty.gov

    Washoe County District Attorney's Office

- **Lindsay L. Liddell** – lliddell@da.washoecounty.gov

    Washoe County District Attorney's Office

- **Allison R. Kertis** – akertis@sierracrestlaw.com

    Sierra Crest Business Law Group (Counsel for Build Our Center)

/s/ Drew J. Ribar

Drew J. Ribar, Pro Se

PLEADING TITLE - 9

**DECLARATION OF DREW J. RIBAR**

I, Drew J. Ribar, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that:

1. I appeared in person at the November 3, 2025, hearing regarding the TRO.
2. I was denied access to all digital devices and materials—including over 40,000 pages of discovery, YouTube-linked video exhibits, GPS data, and legal research.
3. Defense counsel, Ms. Liddell and Ms. Kertis, appeared via video conference and had full digital access throughout the hearing.
4. I was not allowed to present my argument uninterrupted, while both attorneys for the defense were permitted to do so.
5. The Court commented that defense counsel were "so brave" for "dealing with this," while making no acknowledgment of my good-faith effort as a pro se litigant.
6. The YouTube-linked exhibits I referenced were made "private," not deleted, and were inaccessible during the hearing due to the digital restrictions imposed on me.
7. I respectfully assert these disparities impacted the fairness of the proceeding.

Executed this 3rd day of November, 2025.

**/s/ Drew J. Ribar**

Drew J. Ribar, Pro Se

PLEADING TITLE - 10