UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**DREW J. RIBAR**,

Plaintiff,

v.

**WASHOE COUNTY, et al.,**

Defendants.

Case No. 3:24-cv-00526-ART-CSD

**PLAINTIFF'S SUPPLEMENTAL NOTICE OF FILING:**

**MEDIA ARTICLE CONTAINING MISREPRESENTATIONS ABOUT THIS COURT'S ORDER (ECF NO. 186)**

COMES NOW Plaintiff, Drew J. Ribar, pro se, and submits this Supplemental Notice of Filing pursuant to Local Rule 7-2(g), to preserve the record regarding an extrajudicial publication that misrepresents the facts, procedural history, and legal conclusions of this Court in relation to the Amended Temporary Restraining Order entered November 5, 2025 (ECF No. 186).

Attached hereto as Exhibit A is a November 9, 2025 editorial authored by "Kristen and Bob" (Bob Conrad, *This Is Reno*), titled **"First Amendment v. harassment"**, which purports to

PLEADING TITLE - 1

summarize this litigation and the Court's ruling. This editorial misstates several key elements, including but not limited to:

- That this Court "effectively ruled [Plaintiff] is harassing people," despite no evidentiary hearing, no findings under **Brandenburg v. Ohio**, 395 U.S. 444 (1969), **Virginia v. Black**, 538 U.S. 343 (2003), or related First Amendment exceptions;
- That the Plaintiff is the "aggressor," despite multiple filings showing Plaintiff was denied the opportunity to present evidence (see ECF Nos. 176, 185);
- That the Court made factual determinations based on "dopey" videos, though the Order (ECF No. 186) references no authenticated evidence produced by Defendants;
- That Plaintiff is attacking members of the LGBTQ+ community, a claim unsupported by the record and used to inject prejudicial narrative into an ongoing federal civil rights case.

These extrajudicial statements are submitted not as evidence of the truth of their contents, but to preserve the record of potential **judicial bias**, **extrajudicial influence**, and public mischaracterizations that may impact future proceedings or appeal under **28 U.S.C. § 1292(a)(1)** and **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)**.

**ATTACHMENT:**

**Exhibit A** – November 9, 2025 *This Is Reno* Editorial (PDF)

Respectfully submitted,

This 11th day of November, 2025.

PLEADING TITLE - 2

/s/ Drew J. Ribar

**Drew J. Ribar, Pro Se**

3480 Pershing Ln.

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com

PLEADING TITLE - 3

**EXHIBIT A**

**Media Article Filed for Record Preservation Only**

**Subject:** November 9, 2025 *ThisIsReno* Editorial – "First Amendment v. harassment"

**Author:** Kristen and Bob (Bob Conrad)

**Submitted By:** Drew J. Ribar, Plaintiff (Pro Se)

**Purpose of Filing:**

- To preserve a record of extrajudicial misrepresentation of ongoing proceedings;
- To support forthcoming motions regarding judicial bias, First Amendment retaliation, and defamation/libel risks affecting Plaintiff's public image and right to fair trial.

**Attachment:** Full PDF of article (file: "2025-11-09 Gmail - 2nd Bob Conrad article LIBELOUS.pdf")

PLEADING TITLE - 4

 Gmail                                                                                               Const2Audit <const2audit@gmail.com>

**2nd Bob Conrad article**

Paul D. White <whitepauld@gmail.com>                                                                                      Mon, Nov 10, 2025 at 6:06 PM
To: Const2Audit <const2audit@gmail.com>

# Editorial: First Amendment v. harassment

 By: **ThisIsReno**   Date: November 9, 2025



Self-proclaimed First Amendment auditor, political candidate and journalist — who actually runs a towing operation — Drew Ribar successfully got himself 86'ed from libraries. After a court order on Wednesday, he is now temporarily barred from other properties and people.

A federal judge effectively ruled he is harassing people thanks to his constant publishing of videos of many of his dopey encounters with people he believes are out to get him. He adopts the posture of a

chronic victim of government abuse and people who don't like and respect him, a group appearing to grow in number by the day.

It's easy to be the victor when victimhood — perceived or otherwise — is the cloak one wears.

Except, federal judge Anne Traum pointed out what was obvious to everyone else: Ribar is the aggressor. He filed a lawsuit against Washoe County for getting trespassed from libraries, and he added several defendants he believes are conspiring against him. When he records himself giving public comment at local meetings, he often muses about adding more people to his lawsuits, threatening those he claims have wronged him.

It's true much of what he is doing — videotaping in government buildings, for example — is a First Amendment protected activity. So-called auditors, who exploded on the scene thanks to pandemic-era boredom, often are in the right, and they often are mistreated by government bullies and bureaucrats who don't understand basic media law.

They are in that sense doing the world a favor by rightfully asserting their rights to film police and others in public even when the lessons are somewhat painful. Traum rightfully also noted that there's a distinction between outright harassment and the First Amendment.

That's where people like Ribar fail hard. In his zeal to attack members of Reno's LGBTQ+ community — he derisively and erroneously refers to people who are transgender as "transsexuals" — he, despite assertions that he is sticking up for the rights of people under the thumb of government tyrants, is also manifesting his personal brand of bigotry — again, while wearing the cloak of victimhood.

Blinded by that, he crossed the line from so-called journalistic activity to harassment, Traum determined.



Ribar claims he's a journalist. We've met some dirtbags in this business, but most journalists at least attempt to weigh sides of stories — or they portray issues with facts as the basis — and most do not seek to make themselves the object of their own reporting. This is something people like Ribar appear incapable of doing in favor of instead driving innuendo and conflict while putting himself at the center of attention.

What's unfortunate is that his actions, and those of others with zero education in journalism, can have the unintended effect of blunting the First Amendment at the expense of the very people modeling to uphold

it. They instead pounce on the unsuspecting and uneducated to garner reactions that then feed algorithmic rage-bait online.

In today's internet culture, confrontation and the victim narrative, regardless of whether it contains any truth, are rewarded. Certain local politicians adopt this posture as well and have openly called news reporting, by people like us, harassment; ergo, they are victims and get a social win from their protestations.

Unlike local electeds, however, Ribar likely generates revenue from the YouTube channel where he publishes his "gotcha" videos with commercial breaks every few minutes.

Citizen oversight is essential, but bad-faith "auditing" corrodes public trust and turns civic spaces — libraries, city halls, even sidewalks — into arenas of intimidation.

*—Kristen and Bob*

# CERTIFICATE OF SERVICE

I hereby certify that on this **11th day of November, 2025**, I submitted the foregoing:

**SUPPLEMENTAL NOTICE OF FILING: MEDIA ARTICLE CONTAINING MISREPRESENTATIONS ABOUT THIS COURT'S ORDER (ECF NO. 186)**

along with **Exhibit A** (ThisIsReno article dated November 9, 2025), to the Clerk of the United States District Court for the District of Nevada via email to:

📧 **Reno Docketing:**

**Reno_Docketing@nvd.uscourts.gov**

I further certify that a true and correct copy of the same was served via email upon the following counsel of record:

📧 **Andrew Cobi Burnett** – cburnett@da.washoecounty.gov

📧 **Lindsay L. Liddell** – lliddell@da.washoecounty.gov

📧 **Alison R. Kertis** – akertis@sierracrestlaw.com

Executed this 11th day of November, 2025.

Respectfully submitted,

/s/ Drew J. Ribar

**Drew J. Ribar, Pro Se**

3480 Pershing Ln.

PLEADING TITLE - 5

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com

PLEADING TITLE - 6