UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**DREW J. RIBAR**,

    Plaintiff,

v.

**WASHOE COUNTY, et al.**,

    Defendants.

**Case No.: 3:24-cv-00526-ART-CSD**

**PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF AMENDED TEMPORARY RESTRAINING ORDER (ECF NO. 186) AND MOTION TO STAY ENFORCEMENT PENDING APPEAL**

*(Fed. R. Civ. P. 59(e), 52(b), 62(c); 28 U.S.C. § 1292(a)(1))*

**COMES NOW** Plaintiff, **Drew J. Ribar**, appearing *pro se*, and hereby respectfully moves this Court under **Fed. R. Civ. P. 59(e), 52(b), 62(c)**, and the Court's inherent authority to **reconsider**

PLEADING TITLE - 1

and vacate the Amended Temporary Restraining Order entered on **November 5, 2025** (ECF No. 186), and to **stay its enforcement pending interlocutory appeal** to the Ninth Circuit pursuant to **28 U.S.C. § 1292(a)(1)**.

This motion is timely filed within 28 days of entry of the order, and is supported by constitutional defects, procedural violations, and judicial conduct giving rise to an appearance of bias.

# I. THE AMENDED TRO IS A PRIOR RESTRAINT WITHOUT EVIDENTIARY SUPPORT

The TRO imposes **sweeping content and conduct restrictions** without any evidentiary finding that Plaintiff engaged in unprotected speech such as **true threats**, **incitement**, or **defamation**.

**Near v. Minnesota**, 283 U.S. 697, 713 (1931): "The fact that the liberty of the press may be abused…does not make any less necessary the immunity from previous restraints."

**Brandenburg v. Ohio**, 395 U.S. 444, 447 (1969): Speech may not be punished unless it is *"directed to inciting or producing imminent lawless action and is likely to produce such action."*

**Nebraska Press Ass'n v. Stuart**, 427 U.S. 539, 559 (1976): Prior restraints are "the most serious and least tolerable infringement" of First Amendment rights.

The TRO is thus unconstitutional on its face and was entered **without sworn affidavits or live testimony** proving any imminent threat.

PLEADING TITLE - 2

## II. THE VIDEO LOG REQUIREMENT IS COMPELLED SPEECH AND PUNITIVE DISCOVERY

The TRO compels Plaintiff to compile a video log across **multiple platforms** between September 1 and November 13, 2025, identifying **date, platform, and links** for each video that references two named defense attorneys.

This amounts to:

- Over **5,982** videos to review (per Opus Clips platform analytics);
- Over **31.5 hours** of projected work (based on 55 links found in 4.5 hours of review);
- A task **wholly one-sided**—Plaintiff must produce all videos; Defendants produced *no* video evidence.
- Punitive Action against Plaintiff

This violates:

**Wooley v. Maynard**, 430 U.S. 705, 714 (1977): The state may not **compel individuals to speak or compile content** against their will.

**Fed. R. Civ. P. 26(c)(1)**: Discovery must be proportional; compelled disclosure must not impose undue burden or require one party to build the other's case.

This "video log" is **disguised punishment**, not relief.

PLEADING TITLE - 3

# III. THE COURT IGNORED REQUIRED PROCEDURAL PROTECTIONS

### A. Rule 11(c)(2) Violation – No Safe Harbor Notice

Defendants sought sanctions-like relief (conduct bans and compelled speech) **without serving the mandatory 21-day Rule 11 notice**. This Court has no authority to impose such relief absent strict compliance.

**Radcliffe v. Rainbow Constr. Co.**, 254 F.3d 772, 789 (9th Cir. 2001): Sanctions are **precluded** without Rule 11(c)(2) compliance.

Plaintiff served a valid Safe Harbor Notice on October 24, 2025 (see Exhibit Y). The TRO issued just 12 days later.

### B. Nevada Anti-SLAPP (NRS 41.660) – Burden Shift Ignored

Plaintiff invoked Nevada's Anti-SLAPP law, which applies in federal court. The Court **did not apply the burden-shifting framework**.

PLEADING TITLE - 4

**Delucchi v. Songer**, 396 P.3d 826 (Nev. 2017): Anti-SLAPP shifts burden to the movant to **show by clear and convincing evidence** that the speech is unprotected.

**Nev. Rev. Stat. § 41.660(3)**: Discovery must be **stayed** and burden must be met by defendant.

The Court failed to apply the statute, creating **reversible error**.

# IV. PLAINTIFF WAS DENIED DUE PROCESS AT THE NOVEMBER 3 HEARING

| Issue | Plaintiff (Pro Se) | Defendants (Attorneys) |
|---|---|---|
| Access | In-person, **no digital devices** | Remote appearance with **full access** |
| Argument | Repeatedly interrupted | Spoke uninterrupted |
| Evidence | Not allowed to show exhibits | No evidence required |
| Treatment | Dismissive tone | Praised as "so brave" |

This imbalance violates:

**Mathews v. Eldridge**, 424 U.S. 319 (1976): Due process requires **meaningful opportunity** to present evidence.

**Goldberg v. Kelly**, 397 U.S. 254 (1970): The hearing must be **fair, not just formal**.

**Haines v. Kerner**, 404 U.S. 519 (1972): Pro se litigants are **entitled to leniency** in process.

PLEADING TITLE - 5

# V. APPEARANCE OF BIAS UNDER 28 U.S.C. § 455(a)

The Court's conduct and language has created a **record of apparent judicial partiality**:

- Described defense counsel as **"so brave"**—in a case involving a political NGO—suggesting favoritism;
- Referred to Plaintiff multiple times as a **"self-proclaimed journalist"**—a derogatory term without evidentiary basis;
- **Directed defense counsel** to "submit an injunction" *during the hearing*—an impermissible judicial coaching moment;
- Failed to acknowledge the Plaintiff's over 4.5 hours of compliance work or thousands of pages of filed exhibits after examining over 40,000 pages of public records relating to this case

**Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868, 884 (2009): Recusal required when **probability of actual bias is constitutionally intolerable**.

**Liteky v. U.S.**, 510 U.S. 540, 555 (1994): Recusal required when judicial statements suggest "deep-seated favoritism or antagonism."

# VI. MOTION TO STAY ENFORCEMENT PENDING APPEAL (Fed. R. Civ. P. 62(c))

PLEADING TITLE - 6

Plaintiff seeks a stay pending interlocutory appeal under **28 U.S.C. § 1292(a)(1)**. All factors favor a stay under **Nken v. Holder**, 556 U.S. 418, 434 (2009):

1. **Likelihood of Success**: TRO violates First Amendment, Rule 11, Anti-SLAPP, and due process.
2. **Irreparable Harm**: Compelled speech, loss of liberty, suppression of protected activity.
3. **Balance of Equities**: Defense has produced *no* evidence of harm or danger.
4. **Public Interest**: Protecting due process and free speech benefits the public and judiciary.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. GRANT reconsideration under Fed. R. Civ. P. 59(e) and 52(b);
2. VACATE the Amended TRO (ECF No. 186);
3. STAY enforcement of the TRO pending appeal;
4. CLARIFY the record on:
    - Rule 11(c)(2) compliance;
    - Anti-SLAPP burden shift (NRS 41.660);
    - Appearance of judicial bias under § 455(a);
    - Unaddressed motions (ECF Nos. 169, 170);
5. ORDER an evidentiary hearing on disputed facts;
6. GRANT such other relief as the Court deems just and proper.

PLEADING TITLE - 7

**Respectfully submitted this 10th day of November, 2025.**

/s/ **Drew J. Ribar**

**Drew J. Ribar**, Pro Se

3480 Pershing Ln.

Washoe Valley, NV 89704

(775) 223-7899

Const2Audit@gmail.com

PLEADING TITLE - 8

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2025, I served this Motion via email and NEF to:

- Andrew Cobi Burnett – cburnett@da.washoecounty.gov
- Lindsay L. Liddell – lliddell@da.washoecounty.gov
- Alison R. Kertis – akertis@sierracrestlaw.com

/s/ **Drew J. Ribar**

**Drew J. Ribar**, Pro Se

PLEADING TITLE - 9

**DECLARATION OF DREW J. RIBAR**

*(Pursuant to 28 U.S.C. § 1746)*

I, Drew J. Ribar, declare under penalty of perjury:

1. I am the Plaintiff in this action.
2. I have posted 5,982 videos from September 1 to November 10, 2025.
3. I spent 4.5 hours reviewing one platform and located only 55 links.
4. Full compliance would require over 474 hours and impair my ability to earn a living or file motions.
5. I was denied digital access at the November 3, 2025 hearing while defense counsel appeared remotely.
6. The Court referred to defense attorneys as "so brave," showing favoritism.
7. I invoked Nevada's Anti-SLAPP law and requested a Rule 11 hearing—neither were addressed.

Executed this 10th day of November, 2025.

/s/ **Drew J. Ribar**

**Drew J. Ribar**, Pro Se

PLEADING TITLE - 10