```
LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
COBI BURNETT
Deputy District Attorney
Nevada State Bar Number 16505
One South Sierra Street
Reno, NV  89501
lliddell@da.washoecounty.gov
cburnett@da,washoecounty.gov
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY
```

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

|  |  |
|---|---|
| DREW RIBAR,<br><br>        Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY, et al.<br><br>        Defendants._____/ | Case No.  3:24-CV-00526-ART-CSD<br><br>**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR COURT INTERVENTION IN MEET-AND-CONFER PROCESS PURSUANT TO FED. R. CIV. P. 16(f) AND LOCAL RULE 7-4**<br><br>**(ECF 169)** |

Defendants Washoe County, Washoe County Library System ("Library"), Jeff Scott ("Director Scott"), Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin" (Rothgeb), Deputy Sapida, and Sgt. Gomez (the original "County Defendants") by and through counsel, hereby file this opposition in response to Plaintiff Drew Ribar ("Ribar")'s *Motion for Court Intervention in Meet-and-Confer Process Pursuant to Fed. R. Civ. P. 16(f) and Local Rule 7-4*, filed October 27, 2025 (ECF 169). This Opposition is based upon the following Memorandum of Points and Authorities and all pleadings and papers on file.

//

//

//

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Though not styled as a motion for reconsideration, the instant Motion asks this Court to reconsider its prior Order prohibiting the parties from recording meet and confers. *See* (ECF No. 89 at p. 2 lns. 9–11). Here, Ribar continues to accuse undersigned counsel of lying in pleadings and requests the Court (1) direct parties to meet-and-confer solely via email exchange until the underlying "factual dispute" is resolved; (2) require undersigned counsel to provide detailed responses to Ribar's requests for specificity regarding events and interactions leading to County Defendants' request for a temporary restraining order ("TRO"); and (3) award Ribar his costs and "fees" for bringing the instant motion.

The Court should deny the Motion. The parties have already briefed the issue of how the parties are to engage in meet and confers, and the Court issued a corresponding minute order. Ribar's motion essentially asks the Court to micro-manage the parties' conferral process, all based on Ribar's demands to record a meet-and-confer telephone call despite the Court's prior prohibition. (ECF No. 89 at p. 2 lns. 9–11). The record clearly shows: (1) Ribar was offered a telephonic meet and confer at a set date and time by undersigned counsel, which he conditioned on recording contrary to the Court's directive; (2) counsel identified the basis and scope of the anticipated renewed TRO consistent with prior filings; and (3) Ribar now seeks relief tantamount to reconsideration of the Court's prior meet-and-confer directive, an ask which neither Federal Rule of Civil Procedure 16(f) nor Local Rule 7-4 authorize. Moreover, the proposed County Defendant motion referenced in the instant Motion has since been filed and granted (ECF Nos. 172, 176, 186), thus mooting Ribar's relief request for detail meet and confer communications concerning that motion. Lastly, there is no appropriate basis for sanctions, and Ribar's request for the same should be denied.

//
//
//

## II. BACKGROUND

In March 2025, the parties in this case litigated whether Ribar was permitted to record meet and confer calls. *See* (ECF No. 64 at pp. 3–4); (ECF No. 72 at p. 4 lns. 20–25); (ECF No. 75 at pp. 2–3). County Defendants explained that recording is inappropriate as it would likely be published on Mr. Ribar's social media, would amount to or incite harassment, would chill participation in frank discussion of the issues, and is an otherwise inappropriate unilateral condition on discovery that is neither supported by the Rules nor by law. *See* (ECF No. 64 at pp. 3–4). Ribar opposed this point, erroneously claiming he was legally permitted to record these calls with "one-party consent," and that "written confirmations suffice." (ECF No. 72 at p. 4 lns. 20–25). On April 28, 2025, following a hearing, the Court issued a Minute Order addressing this point, stating: "The Court will not order or allow the parties to record their meet and confers absent a dispute." ECF No. 89 at p. 2 lns. 9–11).

Now, Ribar filed this Motion asserting that undersigned counsel "threatened" an emergency TRO concerning "harassing, menacing, and intimidating" conduct, while allegedly refusing any "documented" conferral. Ribar seeks an order compelling exclusive written conferral and requiring a detailed factual proffer before any renewed TRO filing, plus fees. Nonetheless, County Defendants subsequently filed their Emergency Motion for Temporary Restraining Order Against Harassment, which the Court heard, and granted relief accordingly. *See* (ECF Nos. 172, 176, 186). In respect to the requested relief in the instant Motion demanding details of that motion, that request is moot. *Id.*

Next, Ribar demands that the Court order meet and confer processes to proceed exclusively through email. Ribar erroneously claims that this Court's existing Order on point "explicitly permits recordings 'absent a dispute.'" *See* (ECF No. 169 at p. 2 lns. 23–25); (ECF No. 89 at p. 2 lns. 9–11). The plain language of that Minute Order does not "explicitly permit[] recordings." *See id.* Ribar then incorrectly relies on that assertion to insist on his recording of any telephonic or videoconference calls, or that he be permitted to meet and confer via email.

1    The emails attached as exhibits to Ribar's motion show undersigned counsel's willingness to engage in a meet-and-confer call with him, evidenced by a request for a LR 7-4 meet and confer and proposed a telephone conference. *See* (ECF No. 169 at pp. 15, 18, 19, 22. In those emails, undersigned counsel reminded Ribar that the Court had previously prohibited recording meet-and-confers and that undersigned counsel still does not consent to a recording of the call in violation of that order. *Id.* Counsel offered Ribar a specific telephonic time to discuss pending issues. *See* (ECF No. 169 at pp. 15, 19).

Rather than amicably participate in a valid meet-and-confer process, in line with this Court's previous directive, Ribar repeatedly conditioned any non-written email conferral on recording, again in direct violation of this Court's prior conditions. (ECF No. 169 at pp. 16–19, 21–22). Undersigned counsel responded that, given Ribar's insistence on recording contrary to the Court's order and undersigned counsel's lack of consent, she would proceed with the motion for TRO, further noting the existing TRO motion's relief and asking Ribar to provide his self-recorded videos of an alleged interaction to ensure accuracy. *Id.* at p. 22.

Local Rule IA 1-3(f)(2) requires a certifiable sincere effort to resolve disputes between parties when the application of a meet-and-confer is at issue. Local Rule 7-4 outlines the relevant procedure and requirements when filing an emergency motion with the Court. Undersigned counsel fully participated in good faith in pretrial conference conversations with Ribar and fully complied with all relevant local rules pertaining to the filing of an emergency motion.

Plaintiff's motion functions as an improper request to revisit the Court's prior meet-and-confer directive regarding recordings. In its emergency motion for a TRO, undersigned counsel noted the Court has already addressed and prohibited recordings and that re-raising the issue would amount to reconsideration. There is no need for Court intervention at this stage in the proceedings, given the TRO recently enacted against Ribar.

//

//

### III. ARGUMENT

#### a. Ribar's Request for a "Documented" or Recorded Process is an Improper Attempt at Reconsideration of This Court's Prior Ruling, and the Court Should Reaffirm Its Prior Directive Regarding Meet and Confers.

In this Court, "Motions for reconsideration are disfavored." LR 59-1(b) "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citations and internal quot. omitted). "A Motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005). FRCP 59(e) "permits a district court to reconsider and amend a previous order," however it is "…to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

"[A] party may not present new evidence in a motion for reconsideration merely to bolster previously-submitted arguments that the Court already considered and found uncompelling." *Doe v. Lombardo*, 3:24-CV-00065-MMD-CSD, 2025 WL 1019397, at *3 (D. Nev. Apr. 4, 2025). "[A] motion for reconsideration may not be based on arguments or evidence that could have been raised previously." *Parsons v. Colt's Mfg. Co., LLC*, 2:19-cv-01189-APG-EJY, 2020 WL 4059685, at *2 (D. Nev. July 20, 2020).

Here, Undersigned counsel expressly referenced the Court's order prohibiting recordings and explained there is no basis to re-litigate the issue. Ribar's instant motion hinges on the contention that ECF No. 89 "explicitly permits" recordings "absent a dispute," which is not contained in this Court's Minute Order. (ECF No. 89 at p. 2 lns. 9–11). Ribar's request that this Court now compel exclusive written conferrals or recorded conversations of potential meet and confers effectively seeks reconsideration of the Court's prior directive and should be denied.

//

The concerns previously presented by Ribar's recording meet and confers are now exacerbated by Ribar's recent harassment and defamation of counsel. *See* (ECF No. 172). He has thus far distorted written communications related to this case to perpetuate online and in-person character assassinations of counsels, including repeatedly referring to undersigned counsel as "Lying Lindsay,"[1] asking the Nevada Attorney General and acting U.S. Attorney to investigate or prosecute counsels, spamming District Attorney's Office social media with comments about undersigned counsel "lying," among other things. *See* (ECF No. 172 at pp. 11–14). Allowing Ribar to record any calls with counsel will only provide him with more content to use for his social media, to distort, and to harass and defame counsels.

To the extent this Court wishes to entertain an Order that meet and confer exchanges be conducted via email, County Defendants would not oppose. However, County Defendants strongly oppose allowing Ribar to record any telephone or video calls. The existing Minute Order should be reiterated to prohibit Ribar from recording any meet-and-confer calls or meetings.

  **b.**  **Relief Requested as to the Meet and Confer for the TRO Motion is Moot, Ribar Has Not Shown a Failure by County Defendants to Participate in Good Faith Under FRCP 16(f) or LR 7-4, and There is No Requirement to Provide the Granular Detail Ribar Demands.**

Ribar seeks relief regarding a meet-and-confer related to a now-filed Emergency Motion for Temporary Restraining Order Against Harassment. (ECF No. 172). The Court heard the Motion, issued an Order, held a hearing where Ribar was present and heard, and then issued an Amended Order. (ECF Nos. 176, 186). The relief requested for this issue is now moot.

Nevertheless, Counsel initiated conferral in line with LR 7-4 and identified the intended filing (renewed TRO similar to ECF No. 140, and that County Defendants would add a request that Ribar be prohibited from shouting at counsels). County Defendants

---

[1] *See* https://www.youtube.com/watch?v=b8eRrVVR738 (last visited Nov. 12, 2025).

proposed a specific telephonic conferral time consistent with the Court's instruction prohibiting recordings. Ribar refused a non-recorded call and conditioned participation on recording, notwithstanding the Court's prior directive. (ECF No. 169 at pp. 16–19, 21–22). This record reflects County Defendants' willingness to meet and confer in good faith and Ribar's inappropriate insistence on a conferral format the Court has disallowed.

Ribar's motion also asks to require undersigned counsel to serve a granular point-by-point factual narrative as a precondition to filing. However, neither FRCP 16(f) nor LR 7-4 authorizes the Court to mandate a single meet and confer format in perpetuity or to require an adversary's pre-filing of detailed explanations with evidence. Ribar cites no authority entitling him to this type of procedure, and the relief requested would improperly constrain County Defendants' ability to confer orally and to bring motions supported as required by the Federal and local rules. Moreover, this request is particularly disingenuous as the facts at issue are Ribar's conduct, which he likely recorded and for which he otherwise has personal knowledge.

Overall, this Court should deny this portion of Ribar's Motion as moot.

### c. Ribar's Request for a Judicial Declaration That He "Participated in Good Faith" and For Fees Should be Denied.

Ribar asks the Court to declare he acted in good faith under FRCP 16(f) and to award him fees and costs for bringing this motion. This request is contradicted by the record itself. The underlying rule cited, Rule 16, also does not address meet and confers prior to filing emergency motions for restraining orders, and instead addresses pretrial conferences, discovery disclosures, and case management issues. The record shows Ribar has refused to participate in a non-recorded format, whether that be in person, over videoconference, or through telephonic meeting, in accordance with the Court's prohibition, thereby directly precipitating the exact impasse he seeks relief from. Under these circumstances, there is no basis to deem Ribar per se compliant or to shift fees. FRCP 16(f) is not a vehicle for sanctions regarding a meet and confer for an emergency TRO Motion, nor to obtain an advisory "good

faith" finding, nor to penalize an opposing party that has continuously attempted to confer within the Court's parameters. The Court should deny Ribar's request for sanctions in its entirety.

## IV. CONCLUSION

County Defendants respectfully request that this Court deny Plaintiff's instant motion for Court intervention in the meet-and-confer process. The Court should reaffirm that the parties must meet and confer consistent with the Court's prior directive prohibiting recordings and proceed under the applicable Federal Rules and LR 7-4 and LR IA 1-3(f)(2) without the extraordinary, one-sided constraints Plaintiff seeks. Recording meet and confer telephone or video calls is inappropriate in any case, but particularly here where a party is engaging in an active harassment and defamation campaign against counsels.

Dated this 13th day of November, 2025.

By    /s/  Lindsay L. Liddell
LINDSAY L. LIDDELL
Deputy District Attorney
COBI BURNETT
Deputy District Attorney

ATTORNEYS FOR
COUNTY DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON R. KERTIS, ESQ.

Dated this 13th day of November, 2025.

                                                /s/ S. Haldeman
                                                   S. Haldeman