1  LINDSAY L. LIDDELL
   Deputy District Attorney
2  Nevada State Bar Number 14079
   COBI BURNETT
3  Deputy District Attorney
   Nevada State Bar Number 16505
4  One South Sierra Street
   Reno, NV 89501
5  lliddell@da.washoecounty.gov
   cburnett@da.washoecounty.gov
6  (775) 337-5700
   ATTORNEYS FOR WASHOE COUNTY
7  DEFENDANTS

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

10                        * * *

11  DREW RIBAR,                          Case No.  3:24-CV-00526-ART-CSD

12              Plaintiff,               **COUNTY DEFENDANTS'**
                                         **OPPOSITION TO PLAINTIFF'S**
13      vs.                              **MOTION FOR MAXIMUM**
                                         **SANCTIONS AND REFERRAL**
14  WASHOE COUNTY, et al.

15              Defendants.              **(ECF No. 170)**

16  _____/

17          Defendants Washoe County, Washoe County Library System, Jeff Scott, Stacy

18  McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin" (Rothgeb), Deputy Sapida,

19  and Sgt. Gomez (collectively, the original "County Defendants") by and through counsel,

20  hereby file their Opposition to Plaintiff Drew Ribar's ("Ribar") Motion for Maximum

21  Sanctions and Referral Pursuant to Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927 (ECF No.

22  170).

23            **MEMORANDUM OF POINTS AND AUTHORITIES**

24  **I.    INTRODUCTION**

25          Ribar's Motion for Sanctions is another collateral attack on Defendants' efforts to

26  obtain basic protections from his ongoing harassment. He asks the Court to impose Rule 11

27  and Section 1927 sanctions against County Defendants and its counsel, to strike the motions

                                    -1-

for restraining order, award him monetary relief, and to refer counsel to the State Bar. *See* (ECF No. 170). The Motion is based on Ribar's argument that Build Our Center ("BOC") included a "false affidavit" in its motion, the restraining order motions were filed for an improper purpose, and County Defendants' counsel's attorney-client privilege email created a "false narrative."

The Motion should be denied in its entirety. Procedurally, Ribar did not serve the instant Motion 21 days before filing, as required by Rule 11. He also seeks sanctions based on conduct outside of this litigation (undersigned counsel's attorney-client privileged email), and based on filings that this Court has already found to be meritorious. Far from "vexatious" or "frivolous," County Defendants sought relief from Ribar's ongoing harassment so that counsel can proceed with this case on the merits. The instant Motion is simply another misuse of motion practice that should not be condoned by this Court.

In addition to denying the instant Motion, County Defendants respectfully request that the Court remind Ribar that "his status as *pro se* litigant does not give him a blank check to clutter the docket." *See Christensen v. Findlay ARN, LLC*, No. 3:24-CV-00371-ART-CLB, 2025 WL 1666572, at *1 (D. Nev. June 12, 2025).

## II.   LEGAL ARGUMENT

### i.   Ribar Did Not Comply with the Rule 11 Safe Harbor Provision, and Denial is Appropriate on that Basis.

Rule 11's safe harbor provision "requires the moving party to *serve the motion* under Federal Rule of Civil Procedure 5, but not to file the motion or present it to the court 'if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.'" *Goodwin v. AT&T*, No. 2:23-CV-01950-GMN-DJA, 2025 WL 1094863, at *2 (D. Nev. Apr. 11, 2025), *reconsideration denied*, No. 2:23-CV-01950-GMN-DJA, 2025 WL 1615789 (D. Nev. June 5, 2025), *appeal dismissed sub nom. Goodwin v. AT&T Inc.*, No. 25-3774, 2025 WL 2642647 (9th Cir. July 18, 2025) (emph. added) (citing FRCP 11).

Here, Ribar did not satisfy Rule 11's safe harbor provision prior to filing the instant Motion. He emailed and filed a document titled "Safe-Habor Notice," but that document is simply a standalone "notice" describing his intent to file a motion. *See* (ECF No. 155). Ribar did not serve the instant Motion twenty-one days before filing it as required by Rule 11. Thus, the Rule 11 portion of his Motion is procedurally barred. The Court should deny the Rule 11 portion of Ribar's Motion based on his failure to comply with the plain language of Rule 11's safe harbor requirement.

ii.     **The Motion Should be Denied Because the Filings Were Meritorious, and Ribar Otherwise Seeks Sanctions for Conduct Outside of this Court.**

"An award of sanctions under 28 U.S.C. § 1927 requires a finding of recklessness." *Humphries v. Button*, No. 2:21-CV-01412-ART-EJY, 2024 WL 624240, at *2 (D. Nev. Feb. 13, 2024) Additionally, Rule 11 does not apply to conduct outside of court filings. *See NS Int'l Textiles v. Jade Textile, Inc.*, Case No. CV 17-5405-DMG (KSx), 2018 WL 5099478, at *2 (C.D. Cal. June 12, 2018).

Here, Ribar argues that Defendants' Motion for Restraining Order, undersigned counsel's attorney-client privileged email, and an interaction with a prosecutor unrelated to this case warrants sanctions. *See* (ECF No. 170). Ribar's Motion is premised on some kind of narrative that defense counsel is harassing *him*, which is irreconcilable with this Court's existing Orders, and the Court's record of the parties' and counsel's respective conduct. The Court already adjudicated Defendants' Motions for Restraining Order, and found them to be meritorious. *See* (ECF Nos. 176, 186). While Ribar engages in disputes over semantics, nothing in County Defendants' Motion lacked basis in law or fact, or was filed for any improper purpose. No sanctions against defense counsel are warranted, because the motions were far from reckless and not for any purpose other than to ensure counsel could fairly participate in this case.

Next, Ribar cannot viably seek or receive sanctions for alleged conduct outside of filings and papers in this case. Undersigned counsel's attorney-client privileged email cannot

serve as a basis for sanctions because it is not any filing in this case and does not multiple proceedings in this case. An email containing counsel's candid assessment of issues and recommendations to clients based on that assessment cannot form the basis of any sanction to an opposing party. Ribar's other erroneous and exaggerated assertion that a prosecutor engaged in "physical aggression" and included Ribar in negotiating probation terms for an unrelated case has absolutely no relation to this case. Ribar asks for sanctions against undersigned civil counsel based on conduct in a criminal case where he has some kind of friendly relationship with the Defendant. This is nonsensical, and serves only to inappropriately consume County Defendants' counsel's resources in having to oppose such an assertion. Conduct of a prosecutor in another case, and undersigned counsel's attorney-client privileged email do not and cannot form the basis of sanctions in this case.

In short, Ribar's motion fails on the merits against County Defendants. The Restraining Order Motions were well supported by evidence and affirmed by this Court. Ribar's quarrels with characterizations in those motions and his focus on an attorney-client privilege email outside of court fall far beyond the scope of Rule 11 or Section 1927 sanctions. The Motion should be denied on the merits.

### iii.    Ribar's Attorney-Client Privileged Exhibit Should Be Stricken, and He Should be Ordered to Destroy All Copies of the Privileged Correspondence.

Ribar attaches as an exhibit to this Motion a confidential attorney-client email sent from undersigned counsel to clients. (ECF No. 170 at pp. 70–71). He previously attached the same copy as exhibits to other filings in this case, and has distributed it numerous times on social media and to a local political blog. *See* (ECF Nos. 141 at p. 63, 142 at p. 63, 143 at p. 63) (reflecting an email from undersigned counsel with the subject line "*confidential attorney-client privileged* Ribar lawsuit."); (ECF No. 160 at pp. 5–8); (ECF No. 166 at pp. 5–6); (ECF No. 172-1 at ¶9, ¶15); (ECF No. 172-12 at p. 2); (ECF No. 172-13 at pp. 1–4, 5–6, 10). This is highly inappropriate and should be stricken.

//

There is no indication that attorney-client privilege was duly waived,[1] and Ribar's possession of this privileged communication is extremely problematic. Ribar subsequently refused to disclose how he obtained this confidential information. Ribar's refusal further supports that the privilege was not duly waived, and that the email remains subject to attorney-client privilege. The attorney-client privileged communication does not serve any basis for sanctions or the referrals requested against defense counsel. Instead, it reflects Ribar's continued inappropriate behavior throughout this case.

County Defendants respectfully request that, unless Ribar can demonstrate that attorney-client privilege was waived by a client with authority to waive the privilege, the exhibits and other filings displaying the confidential communication should be stricken. Ribar should be further ordered to destroy any and all copies of the confidential communication in his possession, custody, or control.

## III.    CONCLUSION

The Court should deny Ribar's Motion "for Maximum Sanctions" because it is procedurally defective, legally unsupported, and factually backwards. The Motion's Rule 11 sanction request is procedurally defective and must be denied on that basis alone. As for the County Defendants' motions for restraining order, the Court already found that they are meritorious and issued two orders based on a well-developed factual record. The Motion is also based on large part of out-of-court privileged communication not directed to Ribar and

---

[1] The Washoe County Library's primary attorney forwarded undersigned counsel's privileged email to the Library Board of Trustees ("LBOT"), conveying the same legal advice to the LBOT and maintaining its attorney-client privilege. It is unclear whether Ribar unlawfully snapped the photograph of the email without permission, or whether it was provided to him without proper authorization. In the event a single LBOT member photographed the email attached as an exhibit to Ribar's Motion (ECF Nos. 141, 142, 143 at p. 63) and sent it to Ribar or otherwise forwarded it to him, this did not waive attorney-client privilege. *Galli v. Pittsburg Unified Sch. Dist.*, No. C 09-3375-JSW-JL, 2010 WL 4315768, at *4 (N.D. Cal. Oct. 26, 2010). "The power to waive the privilege rests with the Board, and the actions of an individual Board member alone cannot waive the privilege." *Id.* Moreover, a board member who unilaterally discloses attorney-client privileged information acts contrary to their fiduciary duties and does not waive the privilege. *Id.*

out-of-court conduct entirely unrelated to this case. Ribar does not demonstrate any Rule 11 violation or the reckless and vexatious multiplication of proceedings that Section 1927 requires. The Motion should be denied, and Ribar should be reminded that he is not permitted to clog this Court's docket with collateral attacks on existing filings and otherwise baseless filings.

Lastly, the Court should strike Ribar's exhibit of attorney-client privileged communication, strike the same record from his other filings, and order Ribar to destroy any copies of such communication still in his possession, custody, or control, including any copies displayed on any of his social media accounts (YouTube, Facebook, Twitter "X," etc.).

Dated this 13th day of November, 2025.

By    /s/ Lindsay L. Liddell
LINDSAY L. LIDDELL
Deputy District Attorney
COBI BURNETT
Deputy District Attorney

ATTORNEYS FOR WASHOE COUNTY
DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704


I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON R. KERTIS, ESQ.

Dated this 13th day of November, 2025.

/s/ S. Haldeman
S. Haldeman