Alison R. Kertis, Esq. (NSB 13875)
akertis@sierracrestlaw.com
SIERRA CREST BUSINESS LAW GROUP
6770 S. McCarran Blvd., Reno, Nevada 89509
(775) 448-6070, Facsimile: (775) 473-8292
*Counsel for Defendant BUILD OUR CENTER*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DREW RIBAR,<br><br>                    Plaintiff,<br><br>        v.<br><br>WASHOE COUNTY; WASHOE COUNTY LIBRARY SYSTEM; JEFF SCOTT; THANH NGUYEN; JAMIE HEMINGWAY; BEATE WEINERT; STACY MCKENZIE; JONNICA BOWEN; BEN WEST; BUILD OUR CENTER, INC.; STACEY SPAIN; ANGELINE PETERSON; CHRISTOPHER DANIELS; DEPUTIES ROTHKIN, SAPIDA, GOMEZ; KRISTEN RYAN, JENNIFER COLE; and JOHN/JANE DOES 1-10;<br><br>                    Defendants. | Case No. 3:24-cv-00526<br><br><br>**DEFENDANT<br>BUILD OUR CENTER'S<br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR MAXIMUM<br>SANCTIONS [ECF 170]** |

Defendant BUILD OUR CENTER INC., by and through its undersigned counsel, hereby files his opposition to Plaintiff's *Motion for Maximum Sanctions and Referral Pursuant to Fed. R. Civ. P. 11© and 28 U.S.C. § 1927* that was filed in the above-captioned proceeding on October 28, 2025 [ECF 170].

This Opposition is made and based upon all pleadings and records on file herein, the *Declaration of Alison R. Kertis, Esq.* which is attached hereto as **Exhibit 1** together with every other exhibit attached hereto (each of which is incorporated herein by this reference), as well as the points and authorities set forth directly below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

Doubling down on his vexatious litigation and scorched-earth tactics, Mr. Ribar has filed yet another motion with this Court, this time requesting "maximum sanctions" on defense counsel DDA Linsday Liddell, Esq. and the

undersigned, Alison Kertis, Esq.

Presumably, Mr. Ribar's most recent frivolous motion stems from the series of events that led Defendant Build Our Center ("BOC") and the Washoe County Defendants to file their respective motions for a restraining order against Mr. Ribar as a result of his alarming behavior that spiraled (and continues to spiral) out of control.

## II. **LEGAL ARGUMENT**

### a. **Mr. Ribar's Motion is Procedurally Defective and Must Be Denied Outright.**

As a preliminary matter, Mr. Ribar's Motion should be denied because Mr. Ribar failed to comply with the procedural requirements of FRCP 11(c). Rule 11(c) unequivocally requires that a motion for sanctions "must be served under Rule 5" in order to trigger the twenty-one-day safe-harbor period. Mr. Ribar did not serve his motion in accordance with Rule 5. This failure is fatal. A sanctions motion that is not properly served is procedurally defective and cannot be considered.

The Ninth Circuit has repeatedly emphasized that strict compliance with the safe-harbor provision is an absolute prerequisite to any award of Rule 11 sanctions. *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005); *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788 (9th Cir. 2001); *Barber v. Miller*, 146 F.3d 707 (9th Cir.1998). In *Barber*, the court held that informal warnings (even explicit threats to seek Rule 11 sanctions) did not satisfy Rule 11's strict service requirement. Only formal service of the sanctions motion triggers the twenty-one-day period in which the opposing party must withdraw or correct the challenged filing. As the court explained, "[it] is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." *Id.* at 710.

/ / /

Accordingly, Mr. Ribar's various email threats referencing potential Rule 11 sanctions do not constitute proper service under FRCP Rules 5 and 11(c). Because he failed to serve the Motion as the Rules require, the Motion is procedurally defective and should be denied in its entirety on this basis alone.

### b. Build Our Center's Motion [ECF 130] Was Brought in Good Faith and Only After Reasonable and Competent Inquiry.

The Ninth Circuit applies an objective standard of reasonableness to determine whether Rule 11 has been violated and evaluates whether a reasonable and competent inquiry was conducted before filing. *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002); *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), aff'd 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).

Here, Build Our Center's Motion [ECF 130] was brought in good faith and primarily out of a legitimate concern for the safety of BOC and undersigned counsel and her staff. [Dec-Kertis, Ex. 1 at ¶ 5.] During the period in which Mr. Ribar was sending a barrage of emails, engaging in unwanted in-person interactions with BOC board members, staff, and volunteers, and posting hostile content about them on his YouTube channel, Sierra Crest Business Law Group staff independently observed Mr. Ribar on the firm's property despite him having no lawful reason to be there. [Dec-Kertis, Ex. 1 at ¶ 6.] These sightings were made by two staff members who did not speak to one another beforehand and were independently corroborated. [Dec-Kertis, Ex. 1 at ¶ 7.] After being notified, undersigned counsel spoke individually with each witness to confirm the circumstances and was satisfied that the reports were credible and consistent. [Dec-Kertis, Ex. 1 at ¶ 8.] In light of these observations, and in combination with Mr. Ribar's other escalating conduct—including his pattern of following BOC volunteers, members, and employees at their workplaces and in public—BOC reasonably concluded that the matter needed to be brought to the Court's

attention to protect the safety of all involved. [Dec-Kertis, Ex. 1 at ¶ 9.] The Motion was not filed lightly. [Dec-Kertis, Ex. 1 at ¶ 9.] Undersigned counsel expressly warned Mr. Ribar that such a motion would be necessary if his conduct continued to escalate. [Dec-Kertis, Ex. 1 at ¶ 11.] Unfortunately, it did, and BOC was forced to file its Motion [ECF 130].

Further, what is particularly noteworthy about Mr. Ribar's Motion is that it appears to have been filed in direct response to BOC's request that he cease contacting its employees, board members, and volunteers at their workplaces (a reasonable request), as well as BOC's Motion for Court Intervention [ECF 130]. Those filings were prompted by Mr. Ribar's escalating and concerning conduct in September, 2025. Although Mr. Ribar now alleges that BOC is "retaliating" against him, the sequence of events reflected in the record suggests the opposite. His threats of Rule 11 sanctions began immediately after BOC sent its cease-and-desist correspondence and BOC's notice to Mr. Ribar that BOC would seek Rule 11 sanctions against him if he pursued filing a second amended complaint, which counsel believed had no evidentiary support, was frivolous, and intended purely to continue his harassment campaign against Build Our Center.[1] See Counsel Kertis' September 10, 2025, (10:17 a.m.) emails to Plaintiff Riber, one sent at 10:17 a.m. and the other sent at 4:26 p.m.. as well as Counsel Kertis'

---

[1] Mr. Ribar has filed a Motion for Leave to File a Second Amended Complaint [ECF 167. When Mr. Ribar notified the undersigned counsel of his intent to amend his complaint, undersigned counsel requested Mr. Ribar elaborate on what he believed his causes of action were, including his damages. Based on his resulting response, and the fact that there were no viable causes of action to include in an amended Complaint, undersigned counsel warned Mr. Ribar that filing an amended complaint was in violation of Rule 11(b) which requires that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions [must be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law … [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." See September 8, 2025 (10:29 a.m.) and September 9, 2025 (7:44 a.m.) email correspondence between Counsel Kertis and Plaintiff Ribar, true and correct copies of which are attached hereto in **Exhibit 2**.

September 11, 2025, email to Plaintiff Ribar at 7:48 a.m. and his to her that same date (at 8:20 a.m.), true and correct copies of which are attached hereto in **Exhibit 3**.

### III. **CONCLUSION**

Ultimately, the Court should reject Mr. Ribar's Motion outright because he has failed to comply with Rule 11(c)'s strict safe-harbor requirement which mandates service of the motion before filing. That procedural defect alone warrants denial. Even if the Court were to look past this fatal deficiency, the Motion should still be denied because Mr. Ribar's conduct was sufficiently alarming and concerning that, after a reasonable inquiry, undersigned counsel was fully satisfied that BOC's Motion [ECF 130] and the evidence supporting it was well-founded and justified.

DATED November 14, 2025.    SIERRA CREST BUSINESS LAW GROUP

By: _____
Alison R. Kertis, Esq. (NSB 38???)
akertis@sierracrestlaw.com
Jerry C. Carter, Esq. (NSB 5905)
jcarter@sierracrestlaw.com
6770 S. McCarran Blvd., Reno, NV 89509
(775) 448-6070, Fax: (775) 473-8292
*Counsel for Defendant Build Our Center*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the SIERRA CREST BUSINESS LAW GROUP who, on the below-written date, caused a true copy of the foregoing to be transmitted via email and also to be filed using the above-entitled Court's electronic filing (CM/ECF) system which will automatically e-serve the same) on the person(s) and/or entity(ies) set forth directly below:

**Drew Ribar**
480 Pershing Lane, Washoe Valley, NV 89704
(775) 223-7899
const2audit@gmail.com
*Plaintiff in propria persona*

**Lindsay L. Liddell** (SBN 14079)
**Andrew Cobi Burnett** (SBN 16505)
DEPUTY DISTRICT ATTORNEYS
One South Sierra Street Reno, NV 89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700
*Counsel for Plaintiffs Washoe County and its Library System, Jeff Scott, Stacy Mckenzie, Jonnica Bowen, Jennifer Cole; Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez*

DATED: November 14, 2025.

_____
                an employee of the
        SIERRA CREST BUSINESS LAW GROUP

## INDEX OF EXHIBITS

To

DEFENDANT BUILD OUR CENTER'S OPPOSITION TO
PLAINTIFF'S MOTION FOR MAXIMUM SANCTIONS [ECF 170]

re

*Ribar vs. Washoe County, et alia*
*(Case No. 3:24-cv-00526)*

| Exhibit No. | Exhibit Description | Pages (+ Cover) |
|---|---|---|
| 1. | Declaration of Alison R. Kertis, Esq. | 3 |
| 2. | September 8-9, 2025, Emails | 5 |
| 3. | September 10-11, 2025, Emails | 10 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |