CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: cmariam@grsm.com
         rwise@grsm.com
*Attorneys for Build Our Center Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREW RIBAR,<br><br>                    Plaintiff<br><br>vs.<br><br>WASHOE COUNTY, et al.,<br>                    Defendants. | CASE NO. 3:24-cv-00526-ART-CSD<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [DOC. NO. 167]** |

Defendant Build Our Center Inc. ("BOC"), by and through its undersigned counsel, respectfully, pursuant to Fed. R. Civ. P. 15 and Local Rule ("LR") 15-1, oppose Plaintiff's Leave to File a Second Amended Complaint ("Motion") [Doc. No. 167] as futile ("Response"). This Response is based on the Motion and any opposition or reply thereto, the attached Memorandum of Points and Authorities, and any oral argument the Court may require.

DATED November 17, 2025          **GORDON REES SCULLY MANSUKHANI, LLP**

                                                */s/ Rachel L. Wise*
                                                CRAIG J. MARIAM, ESQ.
                                                Nevada Bar No. 10926
                                                RACHEL L. WISE, ESQ.
                                                Nevada Bar No. 12303
                                                300 S. 4th Street, Suite 1550
                                                Las Vegas, NV 89101
                                                ***Attorneys for Defendant Build Our Center Inc.***

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

-1-

**Table of Contents**

I.     INTRODUCTION .................................................................................................... 4

II.    FACTS AND PROCEDURAL POSTURE .............................................................. 4

  A.   Procedural Posture .............................................................................................. 4

  B.   Plaintiff's SAC ................................................................................................... 5

III.   LEGAL STANDARD............................................................................................. 7

  A.   Motion for Leave Standard ................................................................................. 7

  B.   Plaintiff's Proposed Amendments Fail Under the Motion to Dismiss Standard ................ 7

  C.   Standard Applied to Pro Se Pleadings and Motions ........................................... 7

IV.    PLAINTIFF'S PROPOSED SAC IS PROCEDURALLY DEFICIENT ........................... 8

  A.   Plaintiff's Naked and Formulaic Allegations are Not Entitled to a Presumption of Truth. 8

  B.   Plaintiff's Motion and SAC are Deficient Under Local Rule 15-1 .................... 9

V.     PLAINTIFF'S SAC AND ANY SUBSEQUENT AMENDMENT IS FUTILE................. 10

  A.   Plaintiff's 42 USC § 1985(3) Allegation Does Not Set Forth a Claim for Which Relief
       May be Granted.................................................................................................. 11

  B.   Plaintiff Has Not (Because he Cannot) Overcome the Presumption that Private Conduct
       Does Not Constitute Government Action Under any of His Constitution-based Claims......... 13

  C.   Plaintiff has Not Alleged Any Facts to Show that BOC is a State Actor as a Threshold
       Pleading Requirement ....................................................................................... 13

    1.   Plaintiff Cannot Satisfy the State Compulsion Test ..................................... 14

    2.   Plaintiff Cannot Show BOC is a State Actor Under the Joint Action Test.................. 14

    3.   Plaintiff Cannot Satisfy the Threshold Requirement Under the Nexus Test ................ 15

    4.   Plaintiff Does Not, Because He Cannot, Allege Facts Sufficient to Meet the Public
         Function Test .............................................................................................. 16

  D.   Plaintiff's First Amendment Claims Fails for Numerous Reasons.................... 18

VI.    CONCLUSION...................................................................................................... 20

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

**Table of Authorities**

**Cases**

*Allen v. United States*, 964 F. Supp. 2d 1239, 1253 (D. Nev. 2013) ..................................... 10, 19

*Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 119 S. Ct. 977, 985 (1999) ........................................ 14

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) .......................................................... 8, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................. 8

*Bey v. Nevada Power Co.,* 222CV01661CDSVCF, 2023 WL 3505349, at *1 (D. Nev. May 17, 2023) .................................................................................................... 9

*Bray v. Alexandria Women's Health Clinic,* 113 S. Ct. 753, 764 (1993) ................................ 12

*Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997) .............................. 9

*Burton v. Wilmington Parking Authority,* 81 S.Ct. 856, 862 (1961) ..................................... 16

*CD Programs Ltd. v. Leighton, et al.,* 833 F.2d 183, 188 (9th Cir. 1987)............................... 11

*Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) .................... 8

*Civil Rights Cases,* 3 S. Ct. 18, 21 (1883) ................................................................ 14

*Counterman v. Colorado,* 143 S. Ct. 2106, 2113-14 (2023) ........................................... 19, 20

*Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)...................................... 9

*Frimmel v. Williams,* 215CV00092GMNCWH, 2016 WL 3511184, at *3 (D. Nev. June 27, 2016) ................................................................................................... 18

*George v. Pac.-CSC Work Furlough,* 91 F.3d 1227, 1229 (9th Cir. 1996) .............................. 15

*Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) ......................................................... 8

*Gorenc v. Salt River Project Agr. Imp. & Power Dist.,* 87-2902, 1989 WL 18887 (9th Cir. 1989) ................................................................................................... 16

*Griffith v. Breckenridge*, 91 S. Ct. 1790, 1794 (1971)................................................... 12

*Houston Cmty. Coll. Sys. v. Wilson,* 142 S. Ct. 1253, 1255 (2022) ..................................... 20

*Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) .............................................. 8

*Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) ........................................... 9

*Koala v. Khosla*, 931 F.3d 887, 899 (9th Cir. 2019)...................................................... 21

*Kroessler v. CVS Health Corp.,* 977 F.3d 803, 815 (9th Cir. 2020)...................................... 11

*Lansing v. City of Memphis,* 202 F.3d 821, 828–29 (6th Cir. 2000) ..................................... 18

*Lee v. Katz,* 276 F.3d 550, 554–55 (9th Cir. 2002).................................................... 17, 18

*Lugar v. Edmondson Oil Co., Inc.,* 102 S. Ct. 2744, 2754 (1982) ....................................... 14

*Middleton v. Parrish Snead Franklin Simpson, PLC*, 216CV01217APGGWF, 2017 WL 774912, at *2 (D. Nev. Feb. 27, 2017) ........................................................................... 9

*Neitze v. Williams,* 109 S.Ct. 1827 n.9 (1989)............................................................ 9

*O'Handley v. Weber,* 62 F.4th 1145, 1157 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 2715 (2024)16

*Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819 (1995). ................. 20

*Royal Canin U. S. A., Inc. v. Wullschleger,* 145 S. Ct. 41, 52 (2025) ................................ 10

*Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir. 1985)............................................ 12, 13

*Sullivan v. Benedetti,* 3:09-CV-0264-HDM-RAM, 2013 WL 4442399, at *3 (D. Nev. Aug. 14, 2013) ................................................................................................... 11

*Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999)......................... 14

*United Brotherhood of Carpenters & Joiners v. Scott,* 103 S.Ct. 3352 (1983) ...................... 12, 13

*United States v. 3 Parcels in La Plata Cnty., Colo.,* 919 F. Supp. 1449, 1457 (D. Nev. 1995) ... 11

*Vieth v. Jubelirer,* 124 S. Ct. 1769, 1782 (2004) ....................................................................... 13

*Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 956 (9th Cir. 2008) ............................. 17

**Statutes**

42 U.S.C. § 1983 .............................................................................................................. 6, 7, 14

42 U.S.C. § 1985(3) ............................................................................................. 5, 6, 11, 12, 13

Fed. R. Civ. P. ("Rule") 8 ................................................................................................... 8

Local Rule 15-1 ................................................................................................................ 10, 11

NRS 379.120 ........................................................................................................................ 18

Rule 8(a) ......................................................................................................................... 10, 20

**Other Authorities**

Suspension of Library Privileges,
    https://www.washoecountylibrary.us/about/policies/english/suspension.php .......................... 18

Washoe Cnty. Ord. § 80.460 .................................................................................................. 18

**Constitutional Provisions**

First Amendment ................................................................................................................ passim

Fourteenth Amendment ....................................................................................................... passim

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

<u>**MEMORANDUM OF POINTS AND AUTHORITY**</u>

## I.    INTRODUCTION

This is Plaintiff's third attempt to plead viable claims against Build Our Center Inc. ("BOC"). In federal court, much like in America's favorite pastime, there are only so many strikes before Plaintiff is out. Plaintiff cannot comply with the procedural rules that he quotes in his Motion for Leave to File a Second Amended Complaint ("Motion"), nonetheless set forth any claims against BOC for which relief may be granted. This Court is not required to consider any of the allegations or exhibits Plaintiff attempts to incorporate by reference, and to do so would be a violation of well-settled law. Nor is the Court required to indulge in unwarranted inferences unsupported by factual allegations.

Plaintiff has not pled any facts that overcome the presumption that BOC is ***not*** a state actor, nor can he plead that he is a part of a class that 42 USC § 1985(3) was enacted to protect. Plaintiff's First Amendment claims additionally fail because his own allegations show that the type of speech at issue (threats) is not protected. Plaintiff has not demonstrated a *prima facie* case for his Free Press Clause claim because there are no facts explaining *what* disfavored speech or viewpoint of Plaintiff's resulted in *what official* government action.

The federal courts are not required to entertain repeated amendments by *pro se* plaintiffs when it is clear that doing so will not cure the deficiencies of the prior pleadings. As further set forth below, Plaintiff's Motion should be denied.

## II.    FACTS AND PROCEDURAL POSTURE

**A.    <u>Procedural Posture</u>**

This is Plaintiff's third attempt to allege claims against BOC for which relief may be granted. Plaintiff's initial and First Amended Complaint ("FAC"), much like his proposed Second Amended Complaint ("SAC"), set forth allegations under 42 U.S.C. §§ 1983, 1985(3), as

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

well as the First and Fourteenth Amendment. [Doc. No. 2], [Doc. No. 65-1]. In Plaintiff's initial complaint, he alleged that BOC, among other defendants, violated his First Amendment and due process rights under 42 U.S.C. § 1983. [Doc. No. 2]. BOC filed its motion to dismiss on December 30, 2024, arguing that Plaintiff's constitutional tort claims fail. [Doc. No. 37]. The Court denied BOC's motion to dismiss as moot due to Plaintiff's FAC. [Doc. No. 104].

Plaintiff's FAC contends that BOC, among other defendants, violated his First Amendment and due process rights under 42 U.S.C. § 1983, and entered into a conspiracy to violate his rights under 42 U.S.C. § 1985(3). [Doc. No. 65-1]. BOC filed a motion to dismiss arguing that Plaintiff's allegations were deficient. [Doc. No. 126]. Before this Court could rule on BOC's motion to dismiss the FAC, Plaintiff filed the current Motion. [Doc. No. 167]. Plaintiff's SAC does not cure the defects in the FAC and any amendment would be futile.

**B.    <u>Plaintiff's SAC</u>**

In the SAC, Plaintiff's factual allegations are replete with references that "Paragraphs 25-28 remain" without anything more. [Doc. No. 167-1, at ¶ A; *see also*, Doc. No. 167.1, at ¶¶ B, C, D, E]. Plaintiff does not include any exhibits in his SAC but instead incorporates them by reference. [Doc. No. 167-1, at ¶ 24]. When the threadbare recitals and mere conclusory statements are removed from the SAC, only the following few factual allegations remain:

- "Plaintiff Drew J. Ribar . . . operat[es] 'Auditing Reno 911' and [is] an ongoing candidate for Nevada Assembly District 40." [Doc. No. 167-1, at ¶ 1].

- "Plaintiff is a citizen of the United States, a resident of Washoe Valley, Washoe County, Nevada, proceeding **pro se**. He operates multiple online platforms under 'Auditing Reno 911,' documenting government activities as an independent journalist, and is an ongoing candidate for Nevada Assembly District 40." [Doc. No. 167-1, at ¶ 7].

- **"Defendant City of Reno** ('City'): Political subdivision responsible for RPD; sponsored Pride 2025." [Doc. No. 167-1, at ¶ 19].

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

- "**Defendant Lea Moser** (Washoe County Library Trustee, ind/off): . . . [interrupted] Plaintiff's public comment" and adjourned an unknown event. [Doc. No. 167-1, at ¶ 22].

Out of 12 claims for relief, Plaintiff sets forth three claims against Build Our Center: (1) Violation of 42 U.S.C. § 1983 - First Amendment (first claim), (2) Violation of 42 U.S.C. § 1983 – Fourteenth Amendment (fourth claim), and (3) Conspiracy to Violate Civil Rights (42 U.S.C. §§ 1983 & 1985(3)) (six claim). [Doc. No. 167-1]. Plaintiff's first claim states, in its entirety:

> **COUNT I: Violation of 42 U.S.C. § 1983 – First Amendment (Retaliation, Viewpoint Discrimination, Public Forum Access, Freedom of the Press) (Against All Defendants)** 41. Plaintiff re-alleges paragraphs 1-40. 42. Defendants violated Plaintiff's clearly established First Amendment rights. Key violations include: retaliatory assaults, trespass orders, suspension, and social media blocks by County Defendants and BOC motivated by Plaintiff's protected speech (Exhibits 15, 26, 27, 28, 30); viewpoint discrimination by County Defendants, BOC, and City Defendants denying access to public forums (Exhibits 25, 27, 30, 31, 32); censorship of public comments by County Defendants Moser and Silver (Exhibits 34, 35, 36).

[Doc. No. 167-1]. Plaintiff's fourth claim alleges:

> **COUNT IV: Violation of 42 U.S.C. § 1983 – Fourteenth Amendment (Equal Protection) (Against All Defendants)** 47. Plaintiff re-alleges paragraphs 1-40. 48. Defendants intentionally treated Plaintiff differently from similarly situated individuals based on his viewpoint, political affiliation, and status as a critical journalist, lacking any rational basis (Exhibits 3, 27, 29, 30, 31).

[Doc. No. 167-1]. Plaintiff's sixth claim contends:

> **COUNT VI: Conspiracy to Violate Civil Rights (42 U.S.C. §§ 1983 & 1985(3)) (Against Defendants Washoe County, Scott, McKenzie, Bowen, Ryan, Hemingway, Weinert, BOC, Spain, Ratliff, City of Reno, Jenkins, Pleich, Moser, Silver)** 52. Plaintiff re-alleges paragraphs 1-40. 53. The Defendants engaged in an agreement and acted in concert to deprive Plaintiff of his constitutional rights, motivated by discriminatory animus against Plaintiff due to his political viewpoints, critical speech, and journalistic activities (Exhibits 1-14, 25-36).

[Doc. No. 167-1].

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

### III.    LEGAL STANDARD

**A.    Motion for Leave Standard**

"[L]eave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990). "A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Id.,* 902 F.2d at 1387. A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011).

**B.    Plaintiff's Proposed Amendments Fail Under the Motion to Dismiss Standard**

Fed. R. Civ. P. ("Rule") 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff is required to set forth factual and plausible allegations stating a claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (A complaint must "contain sufficient factual matter" to state a claim for relief "that is plausible on its face."). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. Instead, the factual must contain facts from which the court can draw a reasonable inference "that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**C.    Standard Applied to Pro Se Pleadings and Motions**

Although pro se pleadings receive the benefit of liberal, this benefit is not absolute. *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (*pro se* parties are still "bound by the rules of procedure"); *Bey v. Nevada Power Co.,* 222CV01661CDSVCF, 2023 WL 3505349, at *1 (D. Nev. May 17, 2023) ("pro se litigants are not excused from following the rules simply because

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

they are proceeding in pro se."). "[T]he liberal pleading standard … applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 109 S.Ct. 1827 n.9 (1989). Further, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) and "courts are not required to indulge in unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is insufficient and "facts that are merely consistent with a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 129 S.Ct. at 1949. A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014).

### IV.    PLAINTIFF'S PROPOSED SAC IS PROCEDURALLY DEFICIENT

**A.    Plaintiff's Naked and Formulaic Allegations are Not Entitled to a Presumption of Truth**

Plaintiff's SAC is replete with allegations, that are "nothing more than a formulaic recitation of the elements" which "are conclusory and not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Middleton v. Parrish Snead Franklin Simpson, PLC*, 216CV01217APGGWF, 2017 WL 774912, at *2 (D. Nev. Feb. 27, 2017) ("A plaintiff cannot simply offer broad allegations against all of the defendants lumped together, but instead must give each defendant fair notice of the factual allegations asserted against them individually."). More, Plaintiff has not met the heightened standard for constitutional tort claims that requires him to "state in their complaint nonconclusory allegations setting forth evidence of unlawful intent." *Allen v. United States*, 964

F. Supp. 2d 1239, 1253 (D. Nev. 2013) (heightened standard applies to intent-based constitutional claims).

Plaintiff's conclusory allegations cannot meet the heightened pleading standard referenced in *Allen*. Plaintiff alleges, among other threadbare contentions, that all Defendants are censoring Plaintiff's public comments (Doc. No. 167-1, at ¶ 2), are politically motivated (Doc. No. 167-1, at ¶ 2), engaged in retaliatory conduct (Doc. No. 167-1, at ¶ 2), or "conspire[ed]" to exclude Plaintiff (Doc. No. 167-1, at ¶ 2), are formulaic recitation of his constitutional claims and do not include any tangible facts that this Court may address to infer the plausibility of a claim. Plaintiff's sole factual allegations address Plaintiff's domicile and purported occupation, Reno's sponsorship of Pride 2025, and that one of the defendants interrupted Plaintiff during a board of trustees meeting. [Doc. No. 167-1, at ¶¶ 1, 7, 8, 19, 22]. These claims do not specify *what* BOC did to afford fair notice of claims under Rule 8(a). And, these conclusions are not enough to support Plaintiff's 42 U.S.C. §§ 1983, 1985(3), First and Fourteenth Amendment claims, requiring denial of Plaintiff's Motion. Plaintiff's SAC does not cure the defects in the FAC, and for that reason alone, denial is proper.

**B.    Plaintiff's Motion and SAC are Deficient Under Local Rule 15-1**

Plaintiff cites to the LR 15-1 standard in his SAC but still fails to comply with its requirements. [Doc. No. 167-1, at Cover Sheet]. With the exception of the filing date, when a plaintiff files an amended complaint, the new pleading replaces the previous pleading. *Royal Canin U. S. A., Inc. v. Wullschleger,* 145 S. Ct. 41, 52 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The original pleading no longer performs any function in the case.") (internal quotation marks and citations omitted); *Associated Aviation Underwriters, Inc. v. Vegas Jet, L.L.C.,* 106 F. Supp. 2d 1051, 1054 (D. Nev. 2000) ("In Nevada, an amended complaint generally supersedes the original complaint and renders it nugatory.").

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Congruent with this rule, the Local Rules of this District require the moving party to "attach the proposed amended pleading to a motion seeking leave of the court" which is "complete in and of itself without reference to the superseded pleading . . ." LR 15-1(a); *Sullivan v. Benedetti,* 3:09-CV-0264-HDM-RAM, 2013 WL 4432399, at *3 (D. Nev. Aug. 14, 2013) ("The court will not refer to a prior pleading once it has been amended."). The failure to attach a complete, proposed amended pleading is sufficient for the court to deny a party's motion to amend his claim. *United States v. 3 Parcels in La Plata Cnty., Colo.,* 919 F. Supp. 1449, 1457 (D. Nev. 1995).

After almost a year after initiating this action two separate complaints, Plaintiff is still unable to conform the rules of this Court. Plaintiff's SAC is incomplete because it references the superseded pleadings and exhibits instead of setting forth short and plain statements of the claims showing that he is entitled to relief. These prior pleadings cannot be considered. After this third failed attempt, judicial efficiency is served by denying Plaintiff's motion for leave to amend with prejudice.

## V.     PLAINTIFF'S SAC AND ANY SUBSEQUENT AMENDMENT IS FUTILE

Plaintiff's "repeated failure to cure deficiencies by previous amendments" is sufficient to show that any future amendment is futile. *Kroessler v. CVS Health Corp.,* 977 F.3d 803, 815 (9th Cir. 2020) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.") (internal quotation marks omitted). "[F]utile amendments should not be permitted." *CD Programs Ltd. v. Leighton, et al.,* 833 F.2d 183, 188 (9th Cir. 1987).

Nothing in Plaintiff's SAC cures the deficiencies under his previous complaints: Plaintiff is not a protected class intended under 42 USC § 1985(3), he has not set forth any allegations to overcome the presumption that BOC was *not* a State actor, nor can he, as under any of the four tests, BOC is *not* a State actor. Finally, "stalking" and "harassment" are not forms of protected speech under the First Amendment. As further set forth below, any amendment to Plaintiff's

claims is futile. Because Plaintiff cannot state a claim for which relief may be granted, denial of his Motion is proper.

**A.     Plaintiff's 42 USC § 1985(3) Allegation Does Not Set Forth a Claim for Which Relief May be Granted**

42 USC § 1985(3)—the ku klux klan act of 1871— applies to conspiracies motivated by a "class-based, invidiously discriminatory animus." *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir. 1985). The Ninth Circuit narrowly extends section 1985(3) beyond racial disparity only when a plaintiff can show that he is part of a class created that was created by some governmental determination that class members "require and warrant special federal assistance in protecting their civil rights." *Schultz.* 759 F.2d at 718. The Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel. *Bray v. Alexandria Women's Health Clinic,* 113 S. Ct. 753, 764 (1993) (identifying only involuntary servitude and interstate travel under the Thirteenth Amendment as rights section 1985(3) aims to protect). Political, non-racial conspiracies do not trigger 1985(3) protections. *Griffith v. Breckenridge*, 91 S. Ct. 1790, 1794 (1971) (upholding the lower court's decision not to extend 1985(3) protections to a "lawless political brawl.").

In *United Brotherhood of Carpenters & Joiners v. Scott,* 103 S.Ct. 3352 (1983), the United States Supreme Court held that section 1985(3) does not reach conspiracies motivated by economic or commercial, but non-racial animus. The Court also indicated that section 1985(3) probably did not extend to wholly political, non-racial conspiracies. Since *United Brotherhood,* there has not been a governmental determination that an individual political viewpoint is part of a protected class under section 1985(3). Quite the opposite. In *Schultz,* the Ninth Circuit held that a roving coalition of state representatives who sought to prevent appointment of certain appointees did not constitute a protected class under section 1985(3). *Id,* 759 F.2d at 718.

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

When the Supreme Court holds that the viewpoints of a group of roaming state representatives are not protected under section 1985(3), then there is no support for Plaintiff's contention that his solitary, political viewpoints warrant section 1985(3) protections. Further, and unlike the plaintiffs in *United Brotherhood* and *Schultz*, Plaintiff's allegations are based on his independent political viewpoints, wholly untethered to any group or class of people. Plaintiff has not even identified *what* his political viewpoints are, depriving any inference of a class to which Plaintiff could belong. Moreover, even if Plaintiff's SAC identified what "journalistic activities" he means, the individual occupation as a journalist, and its related activities, are fundamentally commercial enterprises excluded under section 1985(3) as stated in *United Brotherhood.*

Plaintiff must, at the very least, allege that the discrimination was aimed at him *because* of his participation in a protected class. Plaintiff, instead, contends that he cannot conduct his "journalistic activities" (or express his unknown viewpoints) and thus, he has become a victim of "invidiously discriminatory animus" equal to racially-motived hate-crimes. [Doc. No. 167-1, at ¶ 52]. The law does not support Plaintiff's equivalence of these injuries. *Vieth v. Jubelirer,* 124 S. Ct. 1769, 1782 (2004) ("a person's politics is rarely as readily discernible—and *never* as permanently discernible—as a person's race."). Unlike a person's race, "[p]olitical affiliation is not an immutable characteristic," and thus, such affiliations or viewpoints are not generally afforded special protection under the law. *Id*.

In short, there is no law that supports Plaintiff's sixth claim for relief under section 1985(3), and he has not pled any facts to establish *prima facie* support for this allegation. At most, Plaintiff contends a that he is the victim of lawless political restrictions, which is not protected by 42 U.S.C. § 1985(3). For these reasons, dismissal of this claim against BOC is proper.

Gordon Rees Scully Mansukhani LLP
300 S. 4ᵗʰ Street, Suite 1550
Las Vegas, Nevada 89101

**B.    Plaintiff Has Not (Because he Cannot) Overcome the Presumption that Private Conduct Does Not Constitute Government Action Under any of His Constitution-based Claims**

Plaintiff allegations cannot overcome the presumption that BOC's conduct does ***not*** constitute government action. *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999) ("When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action."). When addressing section 1983, the United States Supreme Corut noted that "[a]ction by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'" *Lugar v. Edmondson Oil Co., Inc.,* 102 S. Ct. 2744, 2754 (1982). Further, under the First Amendment and regardless of the alleged constitutional violation, a plaintiff must first allege sufficient facts to overcome the presumption that private conduct is not attributable to the government before he may proceed with a constitutional claim. *See S.O.C., Inc.*, 117 Nev. 403; *Cummings v. Charter Hosp. of Las Vegas Inc.*, 111 Nev. 639 (1995); *Mooney v. State*, 134 Nev. 529, 534, 429 P.3d 953, 959 (Nev. App. 2018).

It is unclear what alleged conduct BOC engaged in that rises to the level of governmental action. Plaintiff's SAC itself does not identify or articulate any such facts, likely because they do not exist. Plaintiff's SAC has not alleged any facts to overcome the presumption that BOC was ***not*** a state actor.

**C.    Plaintiff has Not Alleged Any Facts to Show that BOC is a State Actor as a Threshold Pleading Requirement**

Plaintiff's 42 U.S.C. § 1983, First and Fourteenth Amendment claims fail because BOC is not a state actor, nor can Plaintiff plausibly allege as much. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 119 S. Ct. 977, 985 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks omitted); *George v. Pac.-CSC*

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

*Work Furlough,* 91 F.3d 1227, 1229 (9th Cir. 1996) ("the First Amendment protects individuals only against government, not private, infringements upon free speech rights."); *Civil Rights Cases,* 3 S. Ct. 18, 21 (1883) (the Fourteenth Amendment "does not authorize Congress to create a code of municipal law for the regulation of private rights; but to provide modes of redress against the operation of State laws . . .").

As such, "[i]ndividuals bringing actions against private parties for infringement of their constitutional rights, therefore, must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough,* 91 F.3d 1227, 1229 (9th Cir. 1996). Demonstrating state action is ***a necessary threshold*** which Plaintiff must cross for his allegations to survive a motion to dismiss. *Id.* (emphasis added). The United States Supreme Court has articulated four distinct approaches to the state action question: state compulsion, joint action, nexus, and public function. *Id.* Plaintiff's first, fourth, and sixth claims for relief should be dismissed as to BOC because the FAC contains no factual allegations of state action or First Amendment violations by BOC.

### 1. Plaintiff Cannot Satisfy the State Compulsion Test

"Under the state compulsion approach, a private entity acts as the state when some state law or custom requires a certain course of action." *George,* 91 F.3d at 1232 (Nothing in [the plaintiff's] complaint suggests that state law or custom forced Pacific to discharge him."). Nothing in Plaintiff's SAC suggests that state laws or customs forced any government entity to cause BOC to censor Plaintiff's speech, block him from *someone's* social media account, or restrict his access to the library.

### 2. Plaintiff Cannot Show BOC is a State Actor Under the Joint Action Test

The joint action inquiry focuses on whether the government actor has "so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

joint participant in the challenged activity, which on that account, cannot be considered to have been so 'purely private' as to fall without the scope of the Fourteenth Amendment." *Burton v. Wilmington Parking Authority,* 81 S.Ct. 856, 862 (1961). There is absolutely no allegation that any of the government entities referenced in the SAC are so interdependent with BOC that they cannot have acted independently. Quite the opposite: According to Plaintiff's own allegations, Washoe County operated independently to deprive Plaintiff of his access to public libraries but does not contend that BOC was involved in this action. [Doc. No. 167-1, ¶¶ 46, 62]. Further, Plaintiff contends that other government actors had the ability to ratify or deny any decision by the City of Reno or Washoe County made in "coordination with BOC." [Doc. No. 167-1, ¶ 46]. Because Reno and Washoe County have the ability to override any decision purportedly made by BOC, they cannot be interdependent with BOC.

3.      Plaintiff Cannot Satisfy the Threshold Requirement Under the Nexus Test

The nexus test inquiry asks "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so the action of the latter may be fairly treated as that of the state itself." *Gorenc v. Salt River Project Agr. Imp. & Power Dist.,* 87-2902, 1989 WL 18887 (9th Cir. 1989) (requires a showing of "pervasive entwinement of public institutions and public officials in [the private actor's] composition and workings."). In applying the nexus test, courts look to factors "such as whether the private organization relies on public funding, whether it is composed mainly of public officials, and whether those public officials dominate decision making of the organization." *O'Handley v. Weber,* 62 F.4th 1145, 1157 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 2715 (2024) (internal quotation marks omitted).

Plaintiff alleged that BOC is a private non-profit 501(c)(3) and nothing more. [Doc. No. 167-1, ¶ 16]. Plaintiff did not contend that BOC is composed of government officials or that it relies on funding form Washoe County or the State. Plaintiff's SAC is wholly devoid of any

allegations that would private entwinement of public institutions and public officials into BOC's

composition and workings. Nor has Plaintiff alleged that any government entity attempted to

coerce BOC's actions (or even what BOC's actions actually were). Plaintiff has not set forth any

nexus that would indicate BOC is a state actor under this test.

4.    <u>Plaintiff Does Not, Because He Cannot, Allege Facts Sufficient to Meet the Public Function Test</u>

Under the public function test, "when private individuals or groups are endowed by the

State with powers or functions governmental in nature, they become agencies or

instrumentalities of the State and subject to its constitutional limitations." *Lee v. Katz,* 276 F.3d

550, 554–55 (9th Cir. 2002). The function at issue "must be both traditionally and exclusively

governmental." *Id*., 276 F.3d at 555. The public function "test is difficult to meet," with a lean

list of "very few" recognized public functions, including "running elections," "operating a

company town, and not much else." *Prager Univ. v. Google LLC,* 951 F.3d 991, 998 (9th Cir.

2020) (internal citations and quotations omitted). It is unclear what particular public function that

Plaintiff alleges BOC performed in this instance. Although Plaintiff states BOC controlled forum

access [Doc. No. 167-1, ¶ 16], Plaintiff does not specify what the forum was. Based on

Plaintiff's allegations, the public function could be anything from preventing Plaintiff's access to

(a) a public festival on a public street, (b) the library system, or (c) the Library Board of Trustees

meetings. [Doc. No. 167-1, ¶ 2].

First, Plaintiff contends that BOC somehow restricted his access to Pride 2025. [Doc. No.

167-1, §§ 16-18]. But Pride Parades are not traditional exercises of a State's exclusive

prerogative. *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 956 (9th Cir. 2008) ("running

festivals is not a traditional municipal function."). Further, it is well settled that event organizers

who receive non-exclusive powers over a traditional public forum do not become State actors

Gordon Rees Scully Mansukhani LLP<br>300 S. 4th Street, Suite 1550<br>Las Vegas, Nevada 89101

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

when the State maintains the ultimate power to regulate activities in the forum. *Lee,* 276 F.3d at 556 agreeing with *Lansing v. City of Memphis,* 202 F.3d 821, 828–29 (6th Cir. 2000). Nothing in Plaintiff's SAC provides any facts that would plausibly infer that Pride 2025 was a public forum, that his restriction from attending was a public function, or that BOC participated in any restriction enacted to prevent Plaintiff from participating in Pride 2025. Further, there is no information to derive whether BOC was exercising exclusive powers over a traditional public forum to reach the plausible conclusion that BOC did, in fact, prohibit Plaintiff's participation in Pride 2025.

Second, Plaintiff alleges he is subject to a "system-wide library ban." [Doc. No. 167-1, ¶ 2]. Plaintiff does not allege any facts or instances showing that he was unable to access WCLS or its internet. *Frimmel v. Williams,* 215CV00092GMNCWH, 2016 WL 3511184, at *3 (D. Nev. June 27, 2016) ("Petitioner's argument lacks merit, as he fails to allege specific facts or instances showing that he was unable to access materials or assistance from ESP's law library."). For example, Plaintiff does reference his interaction or subsequent appeal of a library ban (if any), nonetheless when such ban was purportedly enacted. He does not address WCLS's right to enact a ban under ordinances and library policies but simply concludes that such a ban exists and is, thus, unconstitutional. Washoe Cnty. Ord. § 80.460 ("All county library facilities are exempt from the facility use policy statement enacted pursuant to section 80.450 if the board of trustees of the library has adopted rules governing the use of those facilities."); NRS 379.120.[1] More, Plaintiff concludes that he is banned from accessing "government controlled social media platforms" but does not identify *which* social media platforms or explain what, if any, participation BOC had in such bans. Doc. No. 167-1, ¶ 2]. In sum, Plaintiff's allegations are

---

[1] *See, e.g.,* Suspension of Library Privileges, https://www.washoecountylibrary.us/about/policies/english/suspension.php (outlining actions that will result in a suspension of a patron's privileges to use the county libraries or their computers).

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

insufficient to connect BOC to such library or social-media ban, nonetheless establish a *prima facie* showing that BOC was acting under the color of the law.

Third, it is implausible that BOC restricted Plaintiff's access to the Library Board of Trustees' meetings, rendering this allegation facially invalid. *See, Twombly* (*supra*). Plaintiff does not allege that BOC is a member of the Board of Trustees or worked in concert with the Board of Trustees to restrict Plaintiff's constitutional rights. Nor does Plaintiff address what actions, if any, that BOC took to restrict Plaintiff's access to the Library Board of Trustees' meetings. In short, Plaintiff has not raised a conceivable or plausible claim that BOC was engaged in a public function over a public forum.

**D.    Plaintiff's First Amendment Claims Fails for Numerous Reasons**

Plaintiff does not explain *what* speech is suppressed or *which* viewpoints are being retaliated against. Instead, he simply states that his speech and viewpoints have been characterized as "harassment" and "stalking" by those at whom the speech and actions are directed. [Doc. No. 167-1, ¶ 2]. But, Plaintiff "may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives," and can only survive a dismissal motion if he alleges "discrete acts of police surveillance and intimidation directed solely at silencing them." *Allen,* 964 F. Supp. 2d at 1253.

"True threats of violence, everyone agrees, lie outside the bounds of the First Amendment's protection." *Counterman v. Colorado,* 143 S. Ct. 2106, 2113-14 (2023) (From 1791 to the present, the First Amendment has permitted restrictions upon the content of speech in a few limited areas.) (internal quotation marks omitted). "Whether the speaker is aware of, and intends to convey, the threatening aspect of the message is not part of what makes a statement a threat." *Id.,* 143 S. Ct. at 2114.  The existence of a threat depends not on "the mental state of the author," but on "what the statement conveys" to the person on the other end. *Counterman,* 143 S.

Ct. at 2113-14 ("When the statement is understood as a true threat, all the harms that have long made threats unprotected naturally follow."). The only information Plaintiff provided is that his speech and actions are considered "harassment" and "stalking" to the recipients. According to Plaintiff, the people "on the other end" belief his statements and actions have risen to the level of "stalking" and "harassment." Without any other factual information, as set forth by *Counterman*, Plaintiff has not set forth an allegation that his speech, viewpoints, and actions are protected under the First Amendment.

"Viewpoint discrimination' occurs when the government prohibits 'speech by particular speakers,' thereby suppressing a particular view about a subject." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 970 (9th Cir. 2009) (internal brackets and quotation marks omitted). A viable First Amendment viewpoint discrimination claim requires a plaintiff to demonstrate that government actors, acting under color of state law, targeted "not subject matter, but particular views taken by speakers on a subject" *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819 (1995). Nothing in Plaintiff's allegations outline any viewpoints or other speech that is being suppressed by BOC. There is not a particular view about a particular subject that is allegedly being suppressed. Plaintiff simply argues that suppression about something occurred, and, therefore, BOC is liable. These allegations do not reach the *Iqbal* or *Twombly* standards of plausibility or even the lenient Rule 8(a) federal pleading standards.

A "First Amendment retaliation claim must show that the government took an adverse action in response to his speech that would not have been taken absent the retaliatory motive." *Houston Cmty. Coll. Sys. v. Wilson,* 142 S. Ct. 1253, 1255 (2022) (internal quotation marks omitted). In addition to identifying a protected activity, Plaintiff must also plead a causal connection between a protected activity and the adverse action. Plaintiff has not met these pleading requirements. *Id*., 668 F.3d 1108, 1114–15. Plaintiff alleges, in conclusory fashion, that

-19-

he is a victim of retaliation, but does not allege or provide any facts to assess whether the complained-about actions would have been taken absent retaliatory motive. Nor does Plaintiff contend that the government action will chill his future First Amendment activities. *Id.* Without something more, Plaintiff's contention that he suffered from government retaliation fails to state a claim for which relief may be granted.

To support his Free Press Clause claim, Plaintiff must allege that, through official government action, he was singled out through the government withholding some sort of benefit, such as a subsidy, in response to disfavored speech. *Koala v. Khosla*, 931 F.3d 887, 899 (9th Cir. 2019). Nothing in Plaintiff's allegations set forth official government action or custom, or what benefit BOC is withholding from Plaintiff as a result of disfavored speech. In short, Plaintiff's SAC does not set forth the elements, nonetheless necessary facts, to support his claim that BOC violated the Free Press Clause under the First Amendment.

In brief, nothing in Plaintiff's SAC sets forth any action taken by BOC that infringed on Plaintiff's protected speech or other rights under the First Amendment.

## VI.    CONCLUSION

Plaintiff's proposed SAC is as deficient as his FAC and should not be entertained by this Court.  Like the complaint before it, the proposed SAC does not outline any factual allegations to place BOC on notice of the claims against it or support plausible constitutional-tort claims against BOC. Plaintiff's blatant disregard for local rules and pleading standards are not excluded simply because he elected to proceed in *pro se*, and these procedural failures cannot be excused on the liberal *pro se* standards.

/ / /

/ / /

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

After three attempts to take a swing at even initiating a case against BOC, Plaintiff still cannot state any claim upon which relief may be granted. For these reasons, Plaintiff's Motion should be denied.

DATED November 17, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/  Rachel L. Wise*
CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

*Attorneys for Defendant Build Our Center Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that on this date, I deposited for mailing in the U.S. Postal Service, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY, NV 89704

I also certify that on this date, the foregoing was electronically filed with the United States District Court.  Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Angel Christian*
Angel Christian

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101