LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
COBI BURNETT
Deputy District Attorney
Nevada State Bar Number 16505
One South Sierra Street
Reno, NV  89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY DEFENDANTS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DREW RIBAR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WASHOE COUNTY, et al.<br><br>　　　　Defendants.<br>_____/ | Case No.  3:24-CV-00526-ART-CSD<br><br>**MOTION TO EXCEED PAGE LIMIT REGARDING COUNTY DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 203)** |

Defendants, Washoe County, Washoe County Library System ("Library"), Jeff Scott ("Director Scott"), Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin" (Rothgeb), Deputy Sapida, and Sgt. Gomez (the original "County Defendants") by and through counsel, hereby file their Motion to Exceed Page Limit regarding their Motion for Preliminary Injunction Against Harassment (ECF No. 203). This motion is based upon the following memorandum of points and authorities and the attached declaration of Deputy District Attorney Lindsay Liddell.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Local Rule of Practice for the United States District Court for the District of Nevada LR 7-3(a) provides that motions are limited to 24 pages, excluding exhibits. *See* LR 7-3(b).

-1-

Further, pursuant to LR 7-3(c), a motion to file brief exceeding these pages limits will only be granted on a showing of good cause. This Motion is timely filed before expiration of County Defendants' deadline. *See* (ECF No. 186 at p. 11).

      Here, good cause exists to allow County Defendants to exceed the 24-page limitation for the Motion for Preliminary Injunction, in an amount of eight (8) pages. Given the severity of the issue at hand, including significant mental harm, harassment, and stalking interfering with the fair administration of justice in this case, it is necessary for County Defendants to provide the Court with a full description of the behaviors leading to interference with the fair administration of justice. Ex. 1 at ¶2, ¶¶4–8. Pages incurred outlining Defendant Bowen and Defendant McKenzie's 2024 harassment, doxing, and mental distress are necessary to demonstrate that Plaintiff Drew Ribar's ("Ribar") conduct is intentional, made at least with a reckless disregard for likely consequences. *Id.* at ¶5. More importantly, over seven pages in just the factual background section arise from Ribar's conduct that occurred *after* County Defendants filed their Emergency Motion for Restraining Order (ECF No. 172). In just over two weeks since its filing, Ribar posted over 7 hours of harassing videos about this case, this Court, and defense counsels. *See id.* at ¶4; *see also* (ECF Nos. 203-28, 203-31, 203-32, 203-33, 203-34, 203-35, 203-37). He also appeared at undersigned counsel's workplace to hand out flyers for a "Lying Lindsay Liddell" video. *See* (ECFs No. 203-35, 203-36). It was necessary for County Defendants to provide factual summaries, condensing the hours of video into seven pages, and then to incorporate that into the preliminary injunction analysis. Ex. 1 at ¶6. With the added analysis, Ribar's recent conduct represents at least eight pages that were necessarily added to the Motion. *Id.*

      Additionally, Ribar publicly stated that he intends to appeal, and claims he is currently working on that appeal. *See* (ECF No. 203-37 at 0:02:43–03:20). A thorough record on appeal is extremely important to support this unusual request that the Court exercise its inherent authority to restrain a litigant from harassing opposing parties and

opposing counsel. Ex. 1 at ¶7. Moreover, Ribar is a self-proclaimed First Amendment auditor who believes he is within his constitutional rights for his behavior. *Id.* at ¶8. County Defendants added approximately two pages of additional First Amendment analysis to support its request. *Id.* This was necessary to demonstrate that the requested relief does not offend the First Amendment, and to ensure that any relief ordered is narrowly tailored within the confines of the First Amendment. *Id.*

In sum, good cause exists to permit County Defendants' Motion for Preliminary Injunction (ECF No. 203), to exceed the Court's page limit. Ribar's behavior following the related Emergency Motion for Restraining Order and the Court's Amended Restraining Order made it necessary to expand existing summaries and analysis by at least eight pages. Ex. 1 at ¶4, ¶6. The importance of ensuring any relief fits within the First Amendment also required an additional two pages. County Defendants request an additional eight (8) pages for their Motion for Preliminary Injunction, bringing the total page count to thirty-two (32) pages, before adding the table of contents. *See id.* at ¶3. In the event Ribar requires excess pages to oppose the Motion for Preliminary Injunction, County Defendants would not oppose. *Id.* at ¶9. These additional pages are necessary to adequately present County Defendants' position in for a preliminary injunction to protect defense counsels and ensure the fair administration of justice in this case.

## II. CONCLUSION

Based on the foregoing, County Defendants respectfully request that the Court grant this Motion to Exceed Page Limit, allowing County Defendants an additional eight (8) pages, not including the table of contents or table of authorities, for its Motion for Preliminary Injunction Against Harassment.

Dated this 17th day of November, 2025.

By    /s/ Lindsay L. Liddell   
      LINDSAY L. LIDDELL
      Deputy District Attorney
      ATTORNEYS FOR WASHOE COUNTY
      DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704

I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON R. KERTIS, ESQ.

Dated this 17th day of November, 2025.

                                            /s/ S. Haldeman
                                              S. Haldeman

EXHIBIT INDEX

EXHIBIT 1        Declaration of Lindsay Liddell                              3 pages

EXHIBIT INDEX