LINDSAY LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
COBI BURNETT
Deputy District Attorney
Nevada State Bar Number 16505
One South Sierra Street
Reno, NV 89501
lliddell@da.washoecounty.gov
cburnett@da.washoecounty.gov
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY
DEFENDANTS

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

DREW RIBAR,

        Plaintiff,

vs.

WASHOE COUNTY, NEVADA, et al.

        Defendants.

_____/

Case No.  3:24-CV-00526-ART-CLB

**COUNTY DEFENDANTS'
RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

**(ECF No. 167)**

      Washoe County, Washoe County Library System, Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin" (Rothgeb), Deputy Sapida, and Sgt. Gomez (the original "County Defendants") by and through counsel, hereby file their Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 167) ("Opposition"). This Opposition is based on the following Memorandum of Points and Authorities, the pleadings and papers on file, FRCP 15, FRCP 16(b), and LR 26-3.

//

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Drew Ribar ("Ribar") untimely filed his Motion for Leave to File Second Amended Complaint ("Motion"), essentially seeking to supplement his claims with new defendants based on allegations unrelated to the County Defendants and that occurred well after any events in this case allegedly occurred. (ECF No. 167). The proposed Second Amended Complaint ("SAC") also attempts supplement his pleading by adding new claims against new Library defendants that occurred within the timeline of the First Amended Complaint ("FAC") *See* (ECF No. 65-1); (ECF No. 167-1 at pp. 9–20). The proposed SAC also omits many claims against some existing defendants, which would remove them from this case.  *See* (ECF No. 65-1); (ECF No. 167-1 at pp. 9–20).

County Defendants oppose Ribar's request to supplement his pleading with new claims against new defendants for events that occurred well after the alleged events that occurred in the First Amended Complaint ("FAC"). Rule 15 is not an appropriate vehicle to add new disjointed claims against new defendants. County Defendants also oppose Ribar's request to supplement his pleading to add claims against new defendants that should have been brought in the original Complaint or the FAC. Further, by omitting certain exiting defendants and claims, Ribar acknowledges they are unviable. The omitted defendants and claims should be dismissed now for the sake of judicial economy.

The Court should deny the instant Motion. Ribar's Motion is not supported by good cause or excusable neglect, and supplementing claims and new defendants unrelated to the original claims is improper. The proposed SAC will further delay adjudication in this case, with County Defendants having to file dispositive motions for the third time.[1]

---

[1] Ribar has also expressed desire to file a motion for leave to file a *Third* amended complaint for new events and new defendants in recent Library Board meetings. Ribar should not be permitted to engage in a continuous cycle of amending his complaint in this case to add any newly perceived wrong he experiences, with no underlying connection to the original complaint.

1    Notwithstanding, insofar as Ribar proposed SAC omits existing claims against existing

2    defendants, the Court should consider these omissions as an acknowledgment that the claims

3    are not meritorious and they should be dismissed. Specifically, the Washoe County-related

4    defendants omitted from the proposed SAC are as follows: (1) Washoe County Library

5    System; (2) Ben West; (3) Deputy Rothkin "Rothgeb;" (4) Deputy Sapida; (5) Sergeant

6    Gomez; and (6) Jennifer Cole. The omitted claims are as follows: Count XI, Intentional

7    Infliction of Emotional Distress; Count XIII Negligence/Negligent Supervision; and Count

8    XIV, Open Meeting Law. These claims and defendants should be dismissed from this case,

9    but the Court should deny leave to file the proposed SAC.

10    ## II.    THE PROPOSED SAC

11        The FAC's allegation timeline spans from May 2022 to November 12, 2024. (ECF

12    No. 65-1 at pp. 5–7. It is centered on the Washoe County Library, its events, its social media

13    pages, and its dealings with Ribar. *Id.* The original complaint in this case was filed on

14    November 20, 2024 (ECF No. 2). Ribar moved to amend it in March 2025, which was

15    granted in August 2025. (ECF No. 65); (ECF No. 104). In October 2025, Ribar filed the

16    instant Motion to file an SAC that substantially expand the time and scope of Ribar's

17    allegations, now attempting to assert claims against the City of Reno, Library Board

18    Trustees, and regarding a 2025 Pride event unrelated to the Library, and regarding "ongoing"

19    perceived "violations" at recent Library Board meetings. *See* (ECF No. 167-1 at pp. 14–15).

20        Specifically, he seeks to expand his First Count, a Section 1983 First Amendment

21    claim, from what appeared to be a challenge on access restrictions to now include a

22    retaliation claim, "viewpoint discrimination," and "freedom of the press." *See* (ECF No. 65-

23    1 at p. 7 lns. 14–19); (ECF No. 167-1 at p. 15 lns. 20–27, p. 16 lns. 1–2).

24        In Count II, the Section 1983 Fourth Amendment claim, Ribar seeks to add an

25    entirely new claim against new Reno Police Department defendants based on their acts in

26    trespassing him from the September 2025 Pride event. (ECF No. 167-1 at p. 15 lns. 13–17,

27    p. 16 lns. 4–10). It also seeks to remove the Washoe County Sheriff's Office defendants from

the Fourth Amendment claim, which previously arose from their response to a call for service that Ribar was trespassing in a Library in November 2024. *See id.* (ECF No. 65-1 p. 7 lns. 20–25).

In Count III, a Section 1983 Procedural Due Process claim, Ribar seeks to add two Library Board of Trustee members, to the existing claim alleging he lacked due process when the Library imposed a one-year suspension on Ribar's Library access.[2] (ECF No. 167-1 at p. 16 lns. 12–19).

In Count IV, a Section 1983 Equal Protection claim, Ribar seeks to amend his existing claim that "Defendants selectively enforced policies against Plaintiff while favoring [drag queen story hour] supports," to "Defendants intentionally treated Plaintiff differently from similarly situated individuals based on his viewpoint, political affiliation, and status as a critical journalist, lacking any rational basis." (ECF No. 65-1 at p. 8 lns. 4–8); (ECF No. 167-1 at p. 16 lns. 21–26).

In Count V, the *Monell* claim, Ribar seeks to amend his allegations and add City of Reno as a Defendant. (ECF No. 65-1 at p. 8 lns. 9–12); (ECF No. 167-1 at p. 17 lns. 1–10).

In Count VI of the proposed SAC, Ribar seeks to combine his existing conspiracy claims under 42 U.S.C. Section 1983 and Section 1985, currently alleged as separate counts in the FAC. *See* (ECF No. 65-1 at p. 8 lns. 13–19); (ECF No. 167-1 at p. 17 lns. 11–17). He also seeks to add as defendants the two Library Board Trustees, the City of Reno, City of Reno, City of Reno police officers, and a Build Our Center board member. *See id.* These new defendants appear to arise out of the September 2025 Pride Event and September and October 2025 Library Board meetings.

//

---

[2] There is a pending Motion to Dismiss addressing the due process claim, which demonstrates that the notice and three levels of appeal afforded to and exercised by Ribar sufficiently protected any deprivation of liberty interest resulting from his one-year Library suspension. *See* (ECF No. 111 at pp. 14–17).

In Count VII and Count VIII, Ribar realleges bare Nevada Constitutional claims regarding free speech and right to assemble, now adding two Library Board Trustees and other non-County Defendants. *See* (ECF No. 65-1 at p. 8 lns. 20–23); (ECF No. 167-1 at p. 17 lns. 19–18, p. 18 lns. 1–2). In Count IX, he makes no substantive changes to the assault and battery claim currently alleged against Defendant former Library Director Scott and Defendant Library employee Than Nguyen. (ECF No. 65-1 at p. 9 lns. 1–2); (ECF No. 167-p. 18 lns. 4–8).

In Count X, Ribar seeks to add Library Board members Silver and Moser to a defamation claim, alleging that in April 2024 they approved Board meeting minutes that defamed him. (ECF No. 65-1 at p. 9 lns. 6–7); (ECF No. 167-p. 18 lns. 9–13). In Count X, he makes no substantive changes to his claim of "Violation of NRS 379.040 (Public Library Access)." *See* (ECF No. 65-1 at p. 8 lns. 24–26); (ECF No. 167-p. 18 lns. 15–18).

In Count XII, a new claim, he proposes to add claim duplicative to Count II, this under the Nevada Constitution rather than U.S. Constitution, against County Defendants Scott and Nguyen based on their respective interactions with him. *See* (ECF No. 65-1); (ECF No. 167-p. 18 lns. 20–27). He also intends to pursue this claim against two City of Reno police officers, not for any use of force, but simply because they "trespassed Plaintiff at Pride 2025." *See id.*; *see also* (ECF No. 167-1 at p. 14 lns. 5–9).

Overall, the proposed SAC omits the following Washoe County Defendants: (1) Washoe County Library System; (2) Ben West; (3) Deputy Rothkin "Rothgeb;" (4) Deputy Sapida; (5) Sergeant Gomez; and (6) Jennifer Cole. *See* (ECF No. 65-1); (ECF No. 167-1 at pp. 9–20). The SAC also omits the following claims that are currently alleged in the FAC: Count XI, Intentional Infliction of Emotional Distress; Count XIII Negligence/Negligent Supervision; and Count XIV, Open Meeting Law. *See* (ECF No. 65-1 at p. 9); (ECF No. 167-1 at pp. 9–20).

//

//

### III.    LEGAL ANALYSIS

#### A.    THE COURT SHOULD NOT GRANT LEAVE TO SUPPLEMENT CLAIMS WITH NEW DEFENDANTS ON MATTERS OCCURRING AFTER THE FAC.

"In an amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint." *Sanford v. Eaton*, No. 1:20-CV-00792-BAMPC, 2020 WL 6484099, at *1 (E.D. Cal. Nov. 4, 2020). A supplemental complaint addresses matters occurring after the original complaint is filed. *Id.* (citing Fed. R. Civ. P. 15(d)). **Leave to supplement a pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'"** *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (cit. omitted) (emph. added).

Leave to supplement a complaint should not be granted where it involves a new claim with events that occurred after the filing of the original complaint and with a new defendant. *See Ballesteros v. MERS*, No. 2:13-CV-01598-JCM, 2013 WL 6405040, at *2 (D. Nev. Nov. 25, 2013). "…[D]efendants are not properly joined in a single lawsuit simply because they are all employees of the same state agency, answer to the same supervisors, or are bound by the same laws and regulations." *Shields v. Nevada*, No. 3:24-CV-00216-ART-CLB, 2025 WL 2693970, at *1 (D. Nev. Sept. 22, 2025) (rejecting a "buckshot" style complaint).

Here, the Court should deny Ribar's Motion, which seeks to supplement new and distinct causes of action for events that occurred after he filed his original complaint and against new defendants unrelated to the original complaint. *See* (ECF No. 2); (ECF No. 167-1). The new causes of action arising out of the September 2025 Pride event and recent Library Board meetings are entirely unrelated to the existing allegations and claims. He seeks to include new defendants, like the City of Reno and its police officers, who have absolutely no relation to the FAC. Permitting this supplement is improper, and would unnecessarily extend the duration of this case and expense involved. The Court should deny Ribar leave to supplement his pleading with new allegations, claims, and defendants arising out of the September 2025 Pride event.

1

2

### B.     ON MATTERS OCCURRING WITHIN THE EXISTING FAC TIMELINE, THE COURT SHOULD LIKEWISE DENY LEAVE TO SUPPLEMENT AND TO AMEND.

3

4     When the deadline for amending pleadings under a scheduling order has passed, the

5 Court's analysis must start with Rule 16(b)," whether there is good cause. *Miles v. Johnson*,

6 No. 2:23-cv-00087-GMN-DJA, 2025 WL 785328, at *1 (D. Nev. Mar. 11, 2025). In addition,

7 "[a]ny motion filed beyond the deadline [to amend or join parties] must demonstrate

8 excusable neglect" in the District of Nevada. *Hodges v. Baker*, No. 3:20-cv-00489-RFB-CSD,

9 2022 WL 21781633, at *3 (D. Nev. Feb. 28, 2022); *see also* LR 26-3. A party's *pro se* status

10 "does not relieve him of the duty to follow procedural rules and deadlines," and the *pro se*'s

11 untimely motion to amend should be denied absent good cause for the delay. *Pattison v.*

12 *Sandoval*, No. 3:20-cv-00287-MMD-CSD, 2022 WL 1506412, at *3 (D. Nev. May 12, 2022)

13 (overruling objection to Magistrate Judge's denial of untimely motion for leave to amend).

14     "The excusable neglect analysis is guided by factors that include (1) the danger of

15 prejudice to the opposing party; (2) the length of the delay and its potential impact on the

16 proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

17 *D.S.*, 2023 WL 5748720, at *2. The moving party bears the burden of showing excusable

18 neglect. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (affirming

19 finding of no excusable neglect with the movant's failure to provide a sufficient showing).

20     When a movant has established a sufficient basis for obtaining relief from the deadline

21 to amend pursuant to Rule 16(b), courts then examine whether amendment is proper under

22 the standards outlined in Rule 15(a). *Miles*, 2025 WL 785328, at *1. Rule 15(a) provides that

23 "[t]he court should freely give leave [to amend] when justice so requires." *Bowles v. Reade*,

24 198 F.3d 752, 757 (9th Cir. 1999). However, a court may deny leave to amend under Rule

25 15(a) if: (1) the request is made in bad faith; (2) it was cause undue delay; (3) it will cause

26 undue prejudice to the opposing party; (4) plaintiff repeatedly failed to cure deficiencies; or

27 (5) the amendment would be futile. *See id*. at 1052.

*//*

Here, the deadline to amend pleadings passed on March 11, 2025. (ECF No. 31 at p. 3). As set forth below, neither good cause nor excusable neglect exist to permit the SAC, and therefore the Motion should be denied.

### i. There is No Excusable Neglect nor Good Cause for Ribar's Delayed Filing.

Where a movant fails to address the "reason for delay," the Court is within its discretion in finding that the movant's neglect was not excusable. *Branch Banking & Trust Co.*, 871 F.3d at 765.

Here, Ribar provides no explanation as to why he is seeking an amendment and supplement eight months after the deadline to amend lapsed. *See* (ECF No. 167); (ECF No. 31 at p. 3). His failure to do so demonstrates that his Motion is not supported by excusable neglect. Because Ribar was not diligent in seeking amendment, the Court's inquiry should end and the Motion should be denied. *Miles*, 2025 WL 785328, at *1. Ribar's *pro se* status does not absolve him of adhering to the rules and deadlines of this Court. *Pattison*, 2022 WL 1506412, at *3. His dilatory conduct is far from diligent, and the Motion does not establish good cause to amend. As such, the Motion should be denied on that basis.

### ii. Ribar's Request is in Bad Faith.

"[E]vidence bearing on frivolousness … will often be highly probative of purpose." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990 (en banc). Additionally, Ribar previously asserted his intent to pursue his claims in the "court of public opinion." (ECF No. 64-3 at p. 1) (emph. removed).

Here, Ribar appears to be seeking leave to amend in bad faith. Each of the new SAC claims and underlying allegations against the existing County Defendants are based on information that Plaintiff possessed well before the deadline to amend. Despite Motions to Dismiss being filed identifying the appropriate pleading standard and the issues in Ribar's claims, he does not provide substantive change to his existing claims. His other behavior in the context of this litigation (*see* ECF Nos. 130, 172), further suggests that this Motion is a

bad faith attempt to weaponize the Court because he is angry that he could not antagonize attendees at a private LGBT Pride event and further connect it to this case and County Defendants. Based on Ribar's apparent bad faith, the Court should deny leave to amend.

### iii.    The SAC Would Create Undue Delay.

In evaluating undue delay, the Court examines "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *In re Newport Corp. S'holder Litig.*, 507 P.3d 182 (Nev. 2022) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). The undue delay factor weighs in favor of the opposing party where facts were available to plaintiff or already within a prior pleading, but plaintiff failed to initially include their desired claim. *McCart-Pollak v. On Demand Direct Response LLC*, No. 2:20-cv-01624-GMN-WCF, 2023 WL 1879683, at *3 (D. Nev. Feb. 9, 2023), *reconsideration denied*, 2023 WL 7683317 (D. Nev. Apr. 20, 2023); *see also Tindle v. City of Daly City*, No. 13-cv-02449, 2016 WL 3198619, at *2 (N.D. Cal. June 9, 2016) ("The basis for all the additional claims and facts Plaintiffs seek to add by way of amendment had been known to them since before the filing of the May 2023 complaint … This fact weighs strongly against granting leave to amend now.").

Here, the length of the delay is both substantial and prejudices County Defendants. The parties have already conducted discovery. Plaintiff was later allowed to amend his complaint, and County Defendants filed motions to dismiss. The SAC would restart the clock on the Court's processing subsequent motions to dismiss and a subsequent motion to stay discovery. It will extend the duration of this case, and cause County Defendants to expend even more resources defending this case, in conflict with FRCP 1.

### iv.    County Defendants Will be Prejudiced.

"Prejudice may be established in a variety of ways, such as where a motion to amend is made after the cutoff date for such motions, or when discovery has already closed or is about to close." *Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Allowing a plaintiff to amend to alter the theory of or acts underlying its case at

a late stage of the litigation is impermissible, because the threat of continued litigation and additional discovery would cause undue prejudice. *Ascon Properties Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).

Here, County Defendants will be prejudiced by the continued delay and elongation of the instant case. The parties are well past the deadline to amend. County Defendants already participated in discovery, and already expended resources to file a motion to summary judgment. Notwithstanding, Plaintiff was permitted to file an untimely amended pleading. Thereafter, County Defendants expended more resources to brief and file dispositive motions on Ribar's new expansive FAC. Those motions have been fully briefed, and are presumably in this Court's processing queue. If Ribar is allowed to amend again, and add entirely new parties, only slightly altering language in most existing claims against County Defendants, County Defendants will be substantially prejudiced by the delay in justice. This factor weighs against granting leave to amend.

> **v.     The SAC Would be Futile.**

Leave to amend may be denied if amendment would be futile. *Wild Horse Educ. V. U.S. Dep't of Interior*, No. 3:23-cv-00372-LRH-CLB, 2024 WL 2060272, at *8 (D. Nev. May 8, 2024). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021).

//

//

//

//

//

Amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *See Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). The test to determine the legal sufficiency of the amended complaint is the same test under Rule 12(b)(6). *Id.* A claim must include more than a "formulaic recitation of the elements of a cause of action," and must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, County Defendants' Motions to Dismiss demonstrate that leave to amend is futile. *See* (ECF Nos. 105, 107, 109, 111). The proposed SAC does not restore the flaws present in his current operative pleading. *See id.* Therefore, this factor weighs against granting leave to amend.

In sum, the Court should deny Ribar leave to amend for a second time. The deadline to amend has long passed. Ribar provides no explanation for his delay in pursuing amended existing claims against existing County Defendants. He neither shows good cause nor excusable neglect. Moreover, his amendments would be futile. The Court should deny Ribar's Motion for leave to amend.

## C. THE COURT SHOULD NONETHELESS DISMISS THE OMITTED DEFENDANTS AND CLAIMS, AS RIBAR'S MOTION DEMONSTRATES THAT HE IS EFFECTIVELY ABANDONING THOSE CLAIMS.

The proposed SAC makes several changes, including removing several existing defendants and several existing claims. *See* (ECF No. 65-1); (ECF No. 167-1 at pp. 9–20). Of those affecting Washoe County, its departments, and its employees, Ribar proposes to remove the following defendants currently identified in his FAC:

- Washoe County Library System ("WCLS");

- Ben West, Washoe County's Security Administrator;

- Deputy Rothkin "Rothgeb," Washoe County Sheriff's Office;

- Deputy Sapida, Washoe County Sheriff's Office;

- Sergeant Gomez, Washoe County Sheriff's Office; and

- Jennifer Cole, Librarian for South Valleys Library.

By omitting these defendants, Ribar demonstrates that he does not intend to pursue claims against them. The aforementioned defendants currently have three respective motions to dismiss pending. (ECF Nos. 105, 107, 109). Opposing WCLS, Ribar acknowledged his claims against it were not viable. (ECF No. 113). In other Oppositions, he did not address many of the claims against those defendants. *See* (ECF Nos. 114, 115, 119, 123, 124). Now, he is seeking to remove them entirely from this case. Dismissing these defendants would resolve three dispositive motions, and conserve judicial resources in processing those motions. While the Court should not grant Ribar leave to amend and implement the SAC, it should dismiss the aforementioned defendants from this case.

Next, the proposed SAC omits the following claims: Count XI, Intentional Infliction of Emotional Distress; Count XIII Negligence/Negligent Supervision; and Count XIV, Open Meeting Law. *See* (ECF No. 65-1 at p. 9) (ECF No. 167-1 at pp. 9–20). This indicates that Ribar does not have any good faith intention of pursuing these claims. Outside the aforementioned defendants, the IIED claim (Count XI) and negligence claim (Count XIII) are the subjects of other Library Defendants' Motion to Dismiss (ECF No. 111). Dismissing these claims will likewise conserve judicial resources while processing that motion. In addition to dismissing the aforementioned defendants, the Court should dismiss Count XI, Count XIII, and Count XIV from the FAC.

## IV.  CONCLUSION

The Court should deny the Motion based on lack of good cause, and because he cannot properly supplement new unrelated claims against new unrelated defendants. Ribar's failure to establish good cause or maintain any diligence in pursuing the instant Motion after the deadline warrants denial. The Court's inquiry should end based upon lack of good cause. Even if good cause was present here, Ribar does not establish excusable neglect given the length of delay was substantial and without reason, the delay prejudices County Defendants, and Ribar presumably lacks good faith in pursuing the amendment. Notwithstanding, the Court should find that in omitting certain defendants and claims from the proposed SAC,

Ribar demonstrated he has no good faith intent to pursue those claims or any claim against those defendants. They should be dismissed from this case.

Dated this 17th day of November 2025.

By     /s/ Lindsay Liddell    
LINDSAY LIDDELL
Deputy District Attorney
ANDREW COBI BURNETT
Deputy District Attorney

ATTORNEYS FOR WASHOE COUNTY
DEFENDANTS

## **<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action.  I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY. NV 89704


I certify that on this date, the foregoing was electronically filed with the United States District Court.  Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ALISON R. KERTIS, ESQ.

Dated this 17th day of November, 2025.

_____/s/ S. Haldeman_____
S. Haldeman
