1  CRAIG J. MARIAM, ESQ.
   Nevada Bar No. 10926
2  RACHEL L. WISE, ESQ.
   Nevada Bar No. 12303
3  **GORDON REES SCULLY MANSUKHANI, LLP**
4  300 S. 4th Street, Suite 1550
   Las Vegas, NV 89101
5  Telephone: (702) 577-9300
6  Facsimile: (702) 255-2858
   Email: cmariam@grsm.com
7         rwise@grsm.com
8  *Attorneys for Build Our Center Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREW RIBAR,<br><br>                   Plaintiff<br><br>vs.<br><br>WASHOE COUNTY, et al.,<br><br>                   Defendants. | CASE NO. 3:24-cv-00526-ART-CSD<br><br>**JOINDER TO COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE VIDEO LOG COMPLIANCE [DOC. NO. 209]** |

Defendant Build Our Center Inc. ("BOC"), by and through its undersigned counsel, respectfully files a joinder to Defendants Washoe County, Washoe County Library System ("Library"), Jeff Scott ("Director Scott"), Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin" (Rothgeb), Deputy Sapida, and Sgt. Gomez (collectively, the "County Defendants") Response to Plaintiff's Motion for Extension of Time to Complete Video Log Compliance (ECF No. 209) ("Joinder").[1]

This Joinder is based on the pleadings and papers filed in this action, the attached Memorandum of Points and Authorities, and any oral argument the Honorable Court may

---

[1] While there is no local rule specifically providing for joinders in motion practice, the courts in this district have considered and ruled on joinders to motions. *See e.g., Johnson v. Nguyen*, 2015 U.S. Dist. LEXIS 39488, *1-2 (D. Nev. Mar. 27, 2015); *Peterson v. Miranda*, 2015 U.S. Dist. LEXIS 42198, *2, 10 (D. Nev. Mar. 27, 2015).

1   require.

3   DATED November 24, 2025         **GORDON REES SCULLY MANSUKHANI, LLP**

    <u>*/s/Rachel Wise*</u>
    CRAIG J. MARIAM, ESQ.
    Nevada Bar No. 10926
    RACHEL L. WISE, ESQ.
    300 S. 4th Street, Suite 1550
    Las Vegas, NV 89101
    *Attorneys for Defendant Build Our Center*

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Build Our Center, Inc. ("BOC") hereby joins and incorporates by reference the arguments, points, and authorities set forth in the County Defendants' Response to Plaintiff's Motion for Extension of Time to Complete Video Log Compliance (ECF No. 209) as those arguments equally apply to BOC. Under the TRO, as amended, Plaintiff is required to produce video logs referencing Ms. Kertis, counsel for BOC. (ECF No. 186).

BOC additionally notes that judicial efficiency will be served if Plaintiff is required to provide his video log disclosures on a two-week rolling basis. This Court has broad latitude to "to control discovery matters." *Am. Fed'n of Gov't Employees, AFL-CIO v. Trump,* 155 F.4th 1082, 1093 (9th Cir. 2025). Similarly, the Court is entitled to control its own docket and adherence to the orders that it issues. *Hoffman v. Screen Actors Guild-Producers Pension Plan,* 851 Fed. Appx. 693, 696 (9th Cir. 2021) ("the district court has broad latitude to control its docket"); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991) (the district court's implied powers control its sanction abilities).

Arising from this inherent power, BOC submits that a rolling video log disclosure would be beneficial to the parties and the court for two reasons: First, intermittent disclosure of the video logs will afford BOC and County Defendants the opportunity to promptly review them. Otherwise, BOC and County Defendants may be inundated with dozens of hours of footage and afforded very little time to address any defects in the disclosures. Many of Plaintiff's videos are several hours long, and even a short list of ten videos would require multiple days to review thoroughly. **Exhibit A**, at ¶4. As of Plaintiff's latest video log disclosure on November 13, 2025, there are approximately 88 video links identified. **Ex. A**, at ¶3. Without a rolling disclosure, BOC will have no choice but to review dozens of hours of footage within a short amount of time to determine what portions involve Ms. Kertis (or Ms. Wise, as Plaintiff's newest videos appear to address here) or are relevant to BOC's case. Timely access to Plaintiff's videos will provide BOC a reasonable opportunity to review the content and address any deficiencies in a timely manner.

Second, a rolling disclosure system will facilitate the Court's control over compliance with its order. Similarly, this will allow BOC to timely raise issues with the Court as they arise. Without rolling disclosures, BOC will suffer prejudice in adjudicating its pending motion for preliminary injunction. For the reasons set forth above, BOC respectfully requests that the Honorable Court order Plaintiff to provide disclosures on a rolling basis.

DATED November 24, 2025

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/Rachel Wise*
CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
*Attorneys for Defendant Build Our Cent*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on this date, I deposited for mailing in the U.S. Postal Service, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY, NV 89704

I also certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/Angel Christian*
Angel Christian