**DREW J. RIBAR** 3480 Pershing Lane Washoe Valley, Nevada 89704 Telephone: (775) 223-7899 Email: Const2Audit@gmail.com *Plaintiff, Pro Se*

UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

**DREW J. RIBAR,** Plaintiff,

v.

WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; et al., Defendants.

Case No. 3:24-cv-00526-ART-CSD

**PLAINTIFF'S MOTION TO STRIKE SHAM AFFIDAVITS AND DECLARATIONS ATTACHED TO DEFENDANTS' MOTIONS FOR PRELIMINARY INJUNCTION (ECF 203 & 207)**

**(ORAL ARGUMENT REQUESTED)**

**I. INTRODUCTION**

Plaintiff Drew J. Ribar respectfully moves this Court, pursuant to its inherent authority to manage its docket and prevent fraud, and the "Sham Affidavit" doctrine recognized by the Ninth Circuit, to **STRIKE** the following declarations submitted by Defendants in support of their Motions for Preliminary Injunction (ECF Nos. 203 and 207):

1. **Declaration of Jeri Scott** (Sierra Crest Business Law Group employee) [ECF 207-24]

PLEADING TITLE - 1

2. **Declaration of Guadalupe Garcia** (Sierra Crest Business Law Group employee) [ECF 207-25]

3. **Declaration of Dr. Allen Ratliff** (Build Our Center Board Member) [ECF 207-3]

These declarations constitute **sham affidavits** because they contain factual assertions regarding Plaintiff's physical location and conduct that are objectively disproven by incontrovertible evidence, including GPS location data and continuous video records.

Defendants are attempting to secure the extraordinary remedy of a preliminary injunction—a prior restraint on speech—based on perjury. Allowing these materially false statements to remain on the docket scandalizes the record, prejudices the administration of justice, and constitutes a fraud on the Court. They must be stricken.

II. LEGAL STANDARD

**A. The Court's Inherent Authority to Strike Fraudulent Filings** Federal courts possess the inherent power to strike filings that are abusive, baseless, or constitute a fraud on the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This power extends to striking declarations that are submitted in bad faith to mislead the tribunal. *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).

**B. The "Sham Affidavit" Doctrine and Contradictory Evidence** The Ninth Circuit holds that a declaration may be disregarded or stricken as a "sham" when it flatly contradicts the record. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

PLEADING TITLE - 2

Furthermore, the Supreme Court has established that when a party's story is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). In *Scott*, the Court held that video evidence trumps contradictory sworn testimony. Here, both video and GPS evidence refute the Defendants' affidavits.

**III. ARGUMENT**

**A. The Garcia and Scott Declarations are Objectively False** Declarants Jeri Scott and Guadalupe Garcia swear under penalty of perjury that Plaintiff "showed up" at the Sierra Crest Business Law Group office on September 15 and 16, 2025, and engaged in "stalking" behavior such as "circling" and "glaring."

- **Contradictory Evidence:** Plaintiff has submitted Google Maps Timeline GPS data (Exhibit A to Plaintiff's Opposition to ECF 203) which definitively proves that Plaintiff's device was miles away from the Sierra Crest office at the times alleged.

- **These declarations are not peripheral**: They are central to Defendants' request for extraordinary injunctive relief. Without them, Defendants cannot establish the irreparable harm required under *Winter v. NRDC*, 555 U.S. 7 (2008). See *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("a party cannot create an issue of fact by a declaration that contradicts prior testimony or indisputable record evidence").

- **Conclusion:** It is physically impossible for Plaintiff to have been "circling" an office while simultaneously being miles away. These affidavits are factually impossible and constitute a fabrication designed to manufacture a claim of "stalking" where none exists.

PLEADING TITLE - 3

Under *Scott v. Harris*, these "blatantly contradicted" stories must be rejected and the declarations stricken.

**B. The Ratliff Declaration Omitted Material Facts to Mislead the Court** Dr. Allen Ratliff declares that Plaintiff "trespassed" at a "private event" and "harassed" him, attempting to paint Plaintiff as a danger.

- **Contradictory Evidence:** Plaintiff has submitted video evidence (Exhibit 4 to ECF 207) establishing that the event was held on **Virginia Street**—a public thoroughfare—barricaded by City of Reno Police. The video further shows Plaintiff complying with all police orders and engaging in calm, journalistic inquiry.

- **Conclusion:** Dr. Ratliff's characterization of a public street as a "private event" and his omission of the police's acquiescence to Plaintiff's presence render his declaration misleading. A declaration that omits material facts to create a false impression of danger is a sham. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).

**C. Failure to Strike Invites Future Abuse** If these declarations are not stricken, Defendants will continue to use them to justify further restraints on Plaintiff's liberty. The Court must signal that obtaining injunctive relief through perjury is unacceptable. Striking these documents is the necessary remedy to purge the record of fraud.

**IV. CONCLUSION**

Defendants are not entitled to a Preliminary Injunction based on demonstrably false testimony. The declarations of Jeri Scott, Guadalupe Garcia, and Allen Ratliff are impeached by objective science (GPS) and objective record (video).

PLEADING TITLE - 4

Plaintiff respectfully requests that these declarations be **STRICKEN** from the record and disregarded for all purposes in ruling on ECF Nos. 203 and 207.

**DATED:** November 26, 2025

Respectfully submitted,

*/s/ Drew J. Ribar*

**DREW J. RIBAR** Plaintiff, Pro Se

PLEADING TITLE - 5

UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

**DREW J. RIBAR,** Plaintiff,

v.

WASHOE COUNTY, NEVADA; WASHOE COUNTY LIBRARY SYSTEM; BUILD OUR CENTER, INC.; CITY OF RENO, et al., Defendants.

Case No. 3:24-cv-00526-ART-CSD

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE SHAM AFFIDAVITS**

Before the Court is Plaintiff's **Motion to Strike Sham Affidavits and Declarations Attached to Defendants' Motions for Preliminary Injunction (ECF 203 & 207)**.

Having considered the Motion, the objective evidence submitted by Plaintiff (including GPS data and video footage), and the applicable law, the Court finds that the declarations of **Jeri Scott**, **Guadalupe Garcia**, and **Allen Ratliff** are contradicted by the objective record such that no reasonable fact-finder could believe them. *See Scott v. Harris*, 550 U.S. 372 (2007).

The Court further finds that the submission of these declarations constitutes an abuse of the judicial process.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike is **GRANTED**.

**IT IS FURTHER ORDERED** that:

PLEADING TITLE - 6

1. The **Declaration of Jeri Scott** (ECF 207-24);

2. The **Declaration of Guadalupe Garcia** (ECF 207-25); and

3. The **Declaration of Allen Ratliff** (ECF 207-3)

are hereby **STRICKEN** from the record. The Court shall not consider these declarations or any arguments relying upon them in ruling on the Defendants' Motions for Preliminary Injunction (ECF Nos. 203 and 207).

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2025.

**UNITED STATES DISTRICT JUDGE**

PLEADING TITLE - 7

**CERTIFICATE OF SERVICE**

I certify that on this **26th day of November, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE SHAM AFFIDAVITS AND DECLARATIONS** and **[PROPOSED] ORDER** to be served via email and the Court's CM/ECF electronic filing system upon all counsel of record, including:

- **Lindsay L. Liddell** – Washoe County District Attorney's Office
- **Andrew C. Burnett** – Washoe County District Attorney's Office
- **Alison R. Kertis** – Sierra Crest Business Law Group
- **Michael Large** – Washoe County District Attorney's Office
- **Rachel L. Wise** – Gordon Rees Scully Mansukhani, LLP

/s/ Drew J. Ribar

**DREW J. RIBAR** Plaintiff, Pro Se

PLEADING TITLE - 8