CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: cmariam@grsm.com
        rwise@grsm.com
*Attorneys for Build Our Center Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREW RIBAR,<br><br>             Plaintiff<br><br>vs.<br><br>WASHOE COUNTY, et al.,<br><br>             Defendants. | CASE NO. 3:24-cv-00526-ART-CSD<br><br>**BOC'S RESPONSE TO PLAINTIFF'S EMERGENCY NOTICE OF EVIDENTIARY IMPAIRMENT AND REQUEST TO MODIFY OR LIFT TEMPORARY RESTRAINING ORDER [DOC. NO. 182]** |

Defendant Build Our Center Inc. ("BOC"), by and through its undersigned counsel, respectfully oppose Response to Plaintiff's Emergency Notice of Evidentiary Impairment and Request to Modify or Lift Temporary Restraining Order [DOC. NO. 182] ("Response"). This Response is based on the Motion and any opposition or reply thereto, the attached Memorandum of Points and Authorities, and any oral argument the Court may require.

DATED November 26, 2025          **GORDON REES SCULLY MANSUKHANI, LLP**

                                 */s/Rachel L. Wise*
                                 CRAIG J. MARIAM, ESQ.
                                 Nevada Bar No. 10926
                                 RACHEL L. WISE, ESQ.
                                 300 S. 4th Street, Suite 1550
                                 Las Vegas, NV 89101
                                 ***Attorneys for Defendant Build Our Center***

-1-

**Table of Contents**

I. INTRODUCTION ........................................................................................................... 3

II. PROCEDURAL POSTURE ......................................................................................... 4

   A. The Current Motion [ECF No. 182] and Plaintiff's Previous Related Motions [ECF Nos. 180, 184, 188] ................................................................................................................ 4

   B. Plaintiff's Vexatious Litigation, Generally ........................................................... 6

III. LEGAL STANDARD .................................................................................................. 7

   A. Pro Se Motion Practice Standards.......................................................................... 7

   B. Standard for Sanctions ........................................................................................... 7

IV. PLAINTIFF'S MOTION IS IN BAD FAITH AND SANCTIONS ARE WARRANTED 9

   A. Plaintiff's Factual Contentions Do Not Have Evidentiary Support and are Made to Harass the Litigants ............................................................................................................ 9

   B. Plaintiff's Legal Arguments are Not Warranted, are Brought in Bad Faith, and Rely on Hallucinated Case Law ............................................................................................. 10

   C. Plaintiff's Motion Practice is Based on Improper Purpose............................... 14

V. CONCLUSION............................................................................................................ 15

**Table of Authorities**

**Cases**

*Amerson v. Las Vegas Coll.,* 2:24-CV-01589-RFB-EJY, 2025 WL 1786387 (D. Nev. June 27, 2025) .................................................................................................................................. 9

*Bey v. Nevada Power Co.,* 222CV01661CDSVCF, 2023 WL 3505349 (D. Nev. May 17, 2023). 8

*Burch v. HCA Healthcare, Inc.,* 2:25-CV-01408-JAD-MDC, 2025 WL 2772572 (D. Nev. Sept. 26, 2025) ............................................................................................................................ 12, 13

*Fan v. Jiang,* 3:21-CV-00458-MMD-CSD, 2025 WL 1734994 (D. Nev. June 23, 2025) ............. 9

*Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995) .............................................................................. 8

*Hurd v. Williams,* 755 F.2d 306 (3d Cir. 1985) .......................................................................... 12

*Johnson v. Dunn,* 792 F. Supp. 3d 1241 (N.D. Ala. 2025) ........................................................... 12

*Mata v. Avianca, Inc.,* 678 F. Supp. 3d 443 (S.D.N.Y. 2023) ...................................................... 13

*New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298 (9th Cir. 1989) (referring to 28 U.S.C. § 1927) ......................................................................................................................................... 9

*Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429 (9th Cir. 1992) .................. 8

*States v. Osinger,* 753 F.3d 939 (9th Cir. 2014) ......................................................................... 14

*Tellis v. Donat,* 3:10-CV-00387-LRH, 2013 WL 323432 (D. Nev. Jan. 28, 2013) ................ 5, 12

*Townsend v. Holman Consulting Corp.,* 929 F.2d 1358 (9th Cir.1990) ........................................ 9

*United States v. Nixon*, 418 U.S. 683 (1974) .............................................................................. 11

*Wages v. Internal Revenue Serv.*, 915 F.2d 1230 (9th Cir. 1990) ................................................. 9

*Washington v. Texas,* 388 U.S. 14, 87 S. Ct. 1920 (1967) .......................................................... 13

**Statutes**

28 U.S.C. § 1292 ............................................................................................................................ 5

28 U.S.C. § 1927 ....................................................................................................... 5, 9, 10, 11

Rule 11 ................................................................................................................................. passim

Rule 37 ......................................................................................................................................... 11

Rule 65 ..................................................................................................................................... 6, 14

**Other Authorities**

LR 7-2(g) ....................................................................................................................................... 7

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

**MEMORANDUM OF POINTS AND AUTHORITY**

## I.   INTRODUCTION

This Court ordered Plaintiff to "remove any reference to Deputy District Attorney Lindsay Liddell, or Attorney Allison Kertis, and any iteration thereof, from any social media account that he controls." [ECF No. 176]. Six days later, this Court ordered Plaintiff to "***preserve all live videos that he broadcasts*** on any of his social media channels, referencing this instant litigation, from November 5, 2025, until December 3, 2025." [ECF No. 186] (emphasis added). In response, Plaintiff contends that he is

> ***being forced to delete or hide*** electronically stored information (ESI) — including critical YouTube videos, screenshots, and posts — that have already been referenced in pleadings and served on opposing counsel.

ECF No. 182 (emphasis added). Nothing in the TRO [ECF No. 176] or the Amended TRO [ECF No. 186] instructs or allows Plaintiff to delete evidence directly related to this litigation. There is no factual or legal reason why Plaintiff would delete evidence directly relevant to this case.

Plaintiff's Motion relies on not only irrelevant legal authorities, but also at least one hallucinated case: *Hurd v. Williams*, 755 F.3d 306, 313 (5th Cir. 2014). The hallucinated case exemplifies that Plaintiff's Motion is brought for improper purpose and to vex or annoy the litigants and the Court.

Plaintiff's practice of filing duplicate and frivolous motions must be curtailed. The current Motion is no different: It is just another iteration of baseless arguments as to why Plaintiff is not required to comply with a Court Order (which he is already ignoring anyway). Plaintiff has repeatedly drowned party's and the Court in his repetitious and illegitimate motion practice impeding on the administration of justice and Rule 1. Plaintiff's only goal is to increase litigation costs and harass the parties in this matter. Such egregious misconduct should not be tolerated.

Plaintiff's unilateral decision to delete relevant evidence must be stopped immediately. Plaintiff should be required to identify each and every video or other piece of evidence that he has deleted or otherwise corrupted. Further, sanctions should be issued against Plaintiff due to his blatant disregard of the Court's Order. Plaintiff should be admonished for his reliance on hallucinated case law and pay BOC's attorneys' fees for being required to respond to such a frivolous motion. Further, Plaintiff should also be required to show cause further sanctions should not be issued.

## II.   PROCEDURAL POSTURE

**A.   The Current Motion [ECF No. 182] and Plaintiff's Previous Related Motions [ECF Nos. 180, 184, 188]**

This is the fourth motion directly addressing the Amended TRO, not including each of Plaintiff's TRO-based arguments embedded into other responses addressing to motions filed by BOC or Washoe County. [ECF No. 182]. In addition to the current Motion, Plaintiff also filed a motion to dissolve the Amended TRO [ECF No. 180], an emergency motion for clarification [ECF No. 184], and an emergency motion for reconsideration [ECF No. 188].[1] Each of the motions present "nothing more than pseudo-legal gibberish that did not make any coherent argument," which Plaintiff repeats within each filing. *Tellis v. Donat,* 3:10-CV-00387-LRH, 2013 WL 323432, at *2 (D. Nev. Jan. 28, 2013).

In ECF No. 180, Plaintiff asks the Court to dissolve the, at that time, TRO [ECF No. 176] he argued that Nevada's anti-SLAPP procedural statutes applied to the federal court (they do not) and presented "prior restraint of speech" arguments. Plaintiff's motion for clarification about the

---

[1] None of the referenced motions are brought in good faith, and instead, are brought for the improper purpose to harass and annoy the defendants as well as the Court. 28 U.S.C. § 1927. Each frivolous and duplicative filing needlessly increases the cost of litigation, which is the antithesis of Rule 1, which states that the purpose of the rules of civil procedure is to be construed to secure "the just, speedy, and inexpensive determination of every action and proceeding." *Id.*

-4-

1  Amended TRO [ECF No. 184] addresses the same arguments as his motion for reconsideration
2  of the Amended TRO [ECF No. 188] and overlaps the same, meritless arguments from ECF No.
3  180. Specifically, Plaintiff argues that a stay is proper under 28 U.S.C. § 1292 (it is not); that the
4  Court somehow violated the safe-harbor requirements under Rule 11 (which do not extend to the
5  Court); that the Amended TRO is a prior restraint on his freedom of speech, even citing to the
6  same cases (it is not); and judicial bias (there was none). [ECF Nos. 180, 184, 188]. Plaintiff also
7
8  tries to revive his anti-SLAPP arguments under ECF No. 180 in ECF No. 184. [ECF Nos. 180,
9  184].

10  On November 26, 2025, the day before all offices are closed due to the holiday, Plaintiff
11  sent a demand for immediate access to his own videos despite already filing his response to the
12  motion that addresses these videos.[2] **Exhibit B**. Even more egregious, Plaintiff is trying to access
13  an email link that is not even meant for him, despite already having a link to the videos. Ex. B.
14  And there is no "upcoming hearing" on the docket despite Plaintiff's claim otherwise. **Exhibit C.**
15  In similar (vexatious) fashion, Plaintiff's current Motion regurgitates the same rhetoric
16  such as the Amended TRO is unconstitutional and an immediate stay is required. [ECF No. 182].
17  The notably variations under ECF No. 182 to Plaintiff's argument are, however, concerning. For
18  example, Plaintiff contends that he is voluntarily deleting critical evidence without any rational
19  explanation or basis. [ECF No. 182]. Plaintiff also argues that the TRO violates his First
20  Amendment rights (it does not), his Fifth Amendment rights (which do not apply in this context),
21  his Fourteenth Amendment Rights, without addressing whether the TRO violates notions of
22  equal protection or whether procedural or substantive due process issues are what have been
23  violated. [ECF No. 182]. Plaintiff further contends that the TRO is vague and overbroad under

---

[2] Plaintiff sent the Email at 3:48 p.m. Gordon Rees Scully Mansukhani, LLP closes its offices for staff at 3:00 p.m. the day before a holiday. At the time Plaintiff sent his demand, there was not any staff available to assist with his request. **Exhibit A**, at ¶ 4.

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

-5-

Rule 65(d) (it is not) and somehow violates evidentiary preservation duties (it does not; Plaintiff is doing that of his own volition). [ECF No. 182]. Like Plaintiff's previous three filings on this issue, ECF No. 182 is without merit and should be denied. More, sanctions for Plaintiff's disregard of this Court's Order are appropriate to deter Plaintiff from continuing to litigate in bad faith.

**B.     Plaintiff's Vexatious Litigation, Generally**

In the past two days, Plaintiff has filed five different stand-alone motions, each requiring responses from BOC. [ECF Nos. 218, 219, 220, 222, 223].[3] Plaintiff's motion for a preliminary injunction is ninety-eight pages when the exhibits are referenced. [ECF No. 219]. But Plaintiff already filed a motion for preliminary injunction [EFC No. 152] and leave to file a second amended complaint [ECF No. 167] seeking similar relief as that addressed in his newest motion [ECF No. 219]. The harassment and annoyance of these rampant filings, especially during a shortened holiday weekend, is aggravated by Plaintiff's numerous supplemental briefs that are filed without leave of court. [ECF Nos. 183, 187]; *see also* LR 7-2(g) ("Supplementation prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause"). Not only are these supplemental briefs a violation of the local rules; they do not include any novel arguments that have not already been addressed in one of Plaintiff's numerous filings before this Court or are otherwise meritorious.

---

[3] These motions are entitled (1) Motion for Evidentiary Hearing [ECF No. 218], (2) Plaintiff's Cross-Motion for Preliminary Injunction to Restore Access to Designated Public Forums (Social Media) [ECF No. 219], (2) Plaintiff's Motion to Strike Sham Affidavits and Declarations Attached to Defendants' Motions for Preliminary Injunction [ECF No. 220], (4) Motion for Evidentiary Hearing on defendants' Motions for Preliminary Injunction and Request to Compel Attendance of Witnesses [ECF No. 222], and (5) Request for Judicial Notice in Support of Opposition to Preliminary Injunction and Cross-Motion [ECF No. 223].

Plaintiff's abuse of the judicial system continues as he is using each opposition to a party's request to exceed page limits in briefs with substantive arguments unrelated to the request for leave. For example, BOC filed a short request for leave to exceed page limits on its own motion for preliminary injunction. [ECF No. 202]. In response, Plaintiff filed a twenty-five-page opposition arguing, among other things, that BOC's "Motion" (presumably the one for leave), is based on false affidavits regarding GPS history, video evidence, and time-stamped records. [ECF No. 213]. But nothing in BOC's leave request talks about any of these items. *Compare* [ECF No. 202] *with* [ECF No. 213]. There is no reason for Plaintiff to address substantive arguments in opposition to a motion for leave. BOC is required to not only respond to Plaintiff's reproduced arguments in his substantive motions and responses, but also in his objections to procedural items such as leave to file an enlarged brief.

### III.   LEGAL STANDARD

**A.   Pro Se Motion Practice Standards**

Although pro se pleadings receive the benefit of liberal, this benefit is not absolute. *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (*pro se* parties are still "bound by the rules of procedure"); *Bey v. Nevada Power Co.,* 222CV01661CDSVCF, 2023 WL 3505349, at *1 (D. Nev. May 17, 2023) ("pro se litigants are not excused from following the rules simply because they are proceeding in pro se.").

**B.   Standard for Sanctions**

Under Rule 11(c)(3), the Court may, on its own initiative, issue an order that Plaintiff show cause why his conduct does not violate the provisions under Rule 11(b).[4] Rule 11(b) explains that by filing a pleading, Plaintiff is certifying that his pleadings are not being filed for

---

[4] BOC intends to file a motion to declare Plaintiff a vexatious litigant and will submit the motion to the Court once it is complete.

-7-

any improper purpose, his arguments are warranted by existing law or by nonfrivolous arguments to modify or establish new law, the factual contentions have evidentiary support or may have such support after discovery, and the denials are warranted on the evidence. *Id.*; *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 439* (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first). Sanctions must be imposed on a signer of a paper if the paper either is filed for an improper purpose or is frivolous. *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). Rule 11 applies to *pro se* litigants like Plaintiff, exposing him to sanctions if he makes legal contentions unwarranted by existing law. *Fan v. Jiang,* 3:21-CV-00458-MMD-CSD, 2025 WL 1734994, at *3 (D. Nev. June 23, 2025) (admonishing a *pro se* litigant for using hallucinated case cites).

Under 28 U.S.C. § 1927 "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*, *Amerson v. Las Vegas Coll.,* 2:24-CV-01589-RFB-EJY, 2025 WL 1786387, at *2 (D. Nev. June 27, 2025). Before issuing sanctions under section 1927, the Court "must develop detailed factual findings regarding unreasonable and vexatious, bad faith conduct by a litigant." *Id.* Litigation "[t]actics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (referring to 28 U.S.C. § 1927) (internal citations omitted). The Ninth Circuit explained that "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* These standards are equally applicable to a *pro se* plaintiff. *Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

### IV. PLAINTIFF'S MOTION IS IN BAD FAITH AND SANCTIONS ARE WARRANTED

Plaintiff's abusive litigation tactics must be curtailed. Neither BOC nor the Court are required to tolerate such abuse. As further addressed below, sanctions are warranted. Specifically, BOC respectfully asks this Honorable Court to admonish Plaintiff against his current course of practice, issue sanctions against Plaintiff in the amount of BOC's attorneys' fees in opposing this motion and issue an order to show cause as to why further sanctions are not warranted.

#### A. Plaintiff's Factual Contentions Do Not Have Evidentiary Support and are Made to Harass the Litigants

Plaintiff's factual contentions do not have evidentiary support and will not have evidentiary support after discovery or further investigation. Rule 11(b)(3); 28 U.S.C. § 1927. Plaintiff contends that the Amended TRO was issued without sworn affidavits but specifically references these affidavits on his own YouTube channel (which he posted after the Amended TRO was entered]. *Compare* [Doc. No. 203-32] *with* [Doc. No. 188].[5] Even more conflicting, Plaintiff also filed a motion to "strike false affidavits" upon which the TRO was based. [ECF No. 180]. Plaintiff's position, that the affidavits do not exist, is not supported by his request that the Court strike the affidavit or his publication of the affidavits on his own YouTube Channel.

Plaintiff's current motion, as further explained below, does not fare any better. [ECF No. 182]. Plaintiff claims that he is being "forced" to delete evidence and this is a violation of the Judiciary's requirement to give priority to relevant evidence. [ECF No. 188]. According to Plaintiff, he has deleted or hidden "Exhibit O (Video of DDA Stege encounter)" and "[m]ultiple referenced videos regarding government meetings, LBOT actions, and library incidents" from ECF No. 65-1. [ECF No. 182]. There is not a single Court Order that requires

---

[5] This duplicity is further discussed in BOC's responses filed as ECF No. 225.

-9-

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Plaintiff to delete evidence. Plaintiff's unilateral decision to delete evidence is not based on the facts.

The plain meaning of the word "remove" is "to change the location, position, station, or residence of." Merriam-Webster, *remove*, < REMOVE Definition & Meaning - Merriam-Webster>. The word "delete," on the other hand, means to "to eliminate especially by blotting out, cutting out, or erasing." Merriam-Webster, *delete*, < DELETE Definition & Meaning - Merriam-Webster >. There is no logical or reasonable way that Plaintiff concluded the Order that he remove references meant he wholly deletes evidence. And absolutely nothing in the cases Plaintiff cited in support of Plaintiff's actions. [ECF No. 182].[6]

It is clear from the plain language of the TRO that the Court ordered Plaintiff to remove online references to litigation counsel, and he inferred, without any basis, that meant he should delete evidence. *Compare* [ECF No. 176] *with* [ECF No. 182]. What is even more bizarre is that Plaintiff is not adhering to the Court's TRO or Amended TRO prohibiting him from disparaging litigation counsel online but contends that he is prejudicially bound to an order that does not exist. *See, e.g.,* [Doc. No. 203-32].

Thus, in addition to the repetitious motion practice and duplicative positions, Plaintiff is now violating his duty to preserve evidence and this Court's Amended TRO. [ECF No. 186]. Because Plaintiff cannot take the position that he was ordered to delete evidence based on actual facts in this case, his Motion violates Rule 11.

**B.    Plaintiff's Legal Arguments are Not Warranted, are Brought in Bad Faith, and Rely on Hallucinated Case Law**

Plaintiff's legal contentions are not warranted by existing law or a nonfrivolous argument to change or modify the law. Rule 11(b)(2); 28 U.S.C. § 1927. For example, Plaintiff previously

---

[6] Plaintiff cited *Hurd* (*infra*), Rule 37(e), and *United States v. Nixon*, 418 U.S. 683 (1974). None of these cases allow Plaintiff to delete evidence.

-10-

argued that anti-SLAPP requires BOC to oppose any such special motion under "clear and convincing evidence." [ECF No. 188]. Not only has this not been the law in Nevada since 2013, but the federal court's rulings also cannot change Nevada's statutory provisions. The very case that Plaintiff cites to support his position—*Delucchi v. Songer,* 133 Nev. 290, 296, 396 P.3d 826, 831 (2017)—is the seminal case explaining that clear and convincing evidence is ***not*** the standard in Nevada and has not been the standard since 2013. [ECF No. 188].

The legal insufficiency of Plaintiff's claims is similarly non-existent in his current Motion. Plaintiff's Motion is replete with incoherent sentence fragments and absolutely no analysis of the law or the facts. [ECF No. 182]; *Tellis,* 2013 WL 323432, at *2 ("Petitioner did not articulate a coherent sentence, much less an underlying federal legal theory . . ."). One of the few sentences Plaintiff manages to cobble together is based on hallucinated case law. [ECF No. 182]. The remaining, actual case law, is wholly irrelevant to Plaintiff's claims.

### 1.      **Plaintiff's Hallucinated Cases Cites Warrant Sanctions**

Plaintiff argues that the case *Hurd v. Williams*, 755 F.3d 306, 313 (5th Cir. 2014) stands for the proposition that "[i]njunctive relief must be narrowly tailored to avoid unnecessary harm to lawful activity." [ECF No. 182]. This case does not exist.

There is no such case in the Fifth Circuit and certainly not from 2014. A search of the name of the case yields a criminal case out of the Third Circuit that was issued in 1985: *Hurd v. Williams,* 755 F.2d 306 (3d Cir. 1985). However, plaintiff cites to page "313" in the *Hurd* case, and the Third Circuit case stops at page 309. *Compare* [ECF No. 182] *with Hurd v. Williams,* 755 F.2d 306 (3d Cir. 1985). Further, nothing in the Third Circuit case references or has anything to do with an injunction. *Id*.

The Court may sanction Plaintiff if he cites nonexistent or misleading case law in the future, whether or not generated or hallucinated by AI. *Burch v. HCA Healthcare, Inc.,* 2:25-CV-

01408-JAD-MDC, 2025 WL 2772572, at *4 (D. Nev. Sept. 26, 2025). Presenting fictitious authorities endangers "the fair administration of justice and the integrity of the judicial system." *Johnson v. Dunn,* 792 F. Supp. 3d 1241, 1246 (N.D. Ala. 2025). As noted in Judge Castel's landmark opinion addressing AI use in court filings:

> the submission of fake opinions creates several ills: The opposing party wastes time and money in exposing the deception. The [c]ourt's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*Mata v. Avianca, Inc.,* 678 F. Supp. 3d 443, 448-49 (S.D.N.Y. 2023). Sanctions for presenting hallucinated (*i.e.*, made up) case cites "may include case-ending sanctions, such as striking plaintiff's complaint." *Burch,* 2025 WL 2772572, at *4.

There is no way for BOC to analyze a legal argument on a page that does not exist. Or to oppose Plaintiff's legal argument about injunctions when it is based on a case that does not reference injunctions. And, as stated by the *Mata* court, it is a waste of the Court and party's times and money to expose Plaintiff's deception. Plaintiff should be admonished against using hallucinated case cites in his abundant briefs submitted to the Court.

**2.  The Fifth Amendment Does Not Apply**

Plaintiff also argues that the Fifth Amendment somehow applies to the TRO and Amended TRO. [ECF No. 182]. He does not argue that he did not receive his Miranda rights or is subjected to double jeopardy in a criminal case. Instead, he contends that because he is voluntarily deleting evidence, he will not be able to present relevant evidence in support of his claim and that violates his constitutional rights. [ECF No. 182]. To support this absurd theory,

-12-

1  Plaintiff cites to *Washington v. Texas,* 388 U.S. 14, 17, 87 S. Ct. 1920, 1922 (1967): A case that
2  has ***nothing*** to do with the Fifth Amendment—the word "Fifth" does not even appear in the text
3  of the decision. That case discussed the prosecutor's duty, in a criminal case, to turn over
4  exculpatory evidence to the defense under the Sixth Amendment. *Id*. Plaintiff is not a criminal
5  defendant or a prosecutor and the rules under criminal and civil procedure are vastly different.
6  
7  Thus, *Texas* has no bearing on this case. If Plaintiff had even read the very case he cited, he
8  would have known that it is inapplicable. This argument is not supported by existing law.
9  Sanctions are proper.

       **3.**      **The Order is Neither Vague Nor Overbroad**

Plaintiff's contention that the TRO and Amended TRO are vague and overbroad, supported by a single citation to Rule 65(d), is not based on any existing law. The Amended TRO prohibits Plaintiff from engaging in a "course of conduct" such as threatening and harassing litigants and their counsel based on Plaintiff's prior conduct. *United States v. Osinger,* 753 F.3d 939, 944 (9th Cir. 2014) ("Thus, the proscribed acts are tethered to the underlying criminal conduct and not to speech"). The Amended TRO has boundaries and is closely fit to the specific vice encountered. *See generally* [ECF Nos. 130, 172].

Among other things, the Amended TRO references how BOC submitted declarations detailing Plaintiff's uninvited appearances at the workplaces of BOC volunteers and broadcasting their personal social media on his YouTube channel. [Doc. Nos. 130, 172]. Even after uninvolved individuals expressed that they felt threatened by Plaintiff, he continued his abusive behavior by saying he would film their license plate. [Doc. No. 172]. When a BOC employee expressed a need to call the policy, Plaintiff threatened that said employee "will see what happens" if the police are called. [Doc. No. 130]. Plaintiff has also thrown unwarranted insults at BOC employees and stalked them to their cars. [Doc. No. 130].

Plaintiff has also targeted counsel at their workplaces and elected to scream at them outside of the courthouse. [Doc. No. 172]. Despite saying he has no knowledge of declarations supporting the TROs, Plaintiff read one on his YouTube channel while insulting counsel's mental health. [Doc. No. 172]. Plaintiff also made a point to tell counsel to make sure they are well protected, implying he intended to harm them. [Doc. No. 172]. In short, and as previously argued in numerous other briefs, the TRO is proper. *See, e.g.,* [ECF Nos. 130, 137, 140, 145, 172, and 225].

## C.   Plaintiff's Motion Practice is Based on Improper Purpose

Plaintiff is filing motions and emailing counsel on the eve of a holiday with only one goal in mind: to harass the litigants and their counsel. Take the email demanding access to his own videos for a hearing that does not exist, for example. **Ex. B.** There is absolutely no reason why this email is submitted with such urgency before a holiday. Plaintiff's duplicative filings, some of which have already been denied by the Court, are not intended to further the claims in the litigation but rather, to needlessly increase the costs of litigation. Plaintiff's reliance on hallucinated and irrelevant law is beyond reckless and is done intentionally to attack the integrity of these proceedings.  Plaintiff is not even complying with the Amended TRO, there is no reason why he would be concerned about fabricated court orders, as set out under his current Motion [ECF No. 182].

This is the embodiment of bad faith: Plaintiff picks and chooses what orders to follow while flooding the court and counsel with frivolous motions and manufactured emergencies. If the rapid-fire motion-practice from the past week is any indication, nothing short of sanctions will stop Plaintiff's improper conduct. In sum, BOC respectfully asks this Honorable Court to admonish Plaintiff against his current course of practice, issue sanctions against Plaintiff in the

-14-

amount of BOC's attorneys' fees in opposing this motion and issue an order to show cause as to why further sanctions are not warranted.

## V. CONCLUSION

Plaintiff should not be allowed to continue with his ongoing abuses of the judicial process. For the reasons stated herein, BOC respectfully requests that this Honorable Court deny Plaintiff's motion and issue the following sanctions, Plaintiff should: (1) Plaintiff should be required to identify each and every video or other piece of evidence that he has deleted or otherwise corrupted, (2) sanctions should issue against Plaintiff due to his blatant disregard of the Court's Order, (3) Plaintiff should be admonished for his reliance on hallucinated case law, (4) Plaintiff should be required to pay BOC's attorneys' fees for being required to respond to such a frivolous motion, and (5) Plaintiff should also be required to show cause further sanctions should not issue. If Plaintiff's frivolous filings are not addressed now, they will continue. And, based on Plaintiff's penchant to flood the docket close to the holidays, BOC anticipates that the same litigation abuses will escalate in December.

DATED November 26, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/Rachel Wise*
CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

*Attorneys for Defendant Build Our Center Inc.*

-15-

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on this date, I deposited for mailing in the U.S. Postal Service, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY, NV 89704

I also certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Rachel L. Wise*
Rachel L. Wise

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Ribar v Washoe County, et al.
USDC NV Case No. 3:24-cv-00526-ART-CSD

EXHIBIT LIST

Exhibit A   Declaration of Rachel Wise in Support of BOC's Response to Plaintiff's Emergency Notice of Evidentiary Impairment and Request to Modify or Lift Temporary Restraining Order

Exhibit B   November 26, 2025 Email from Plaintiff

Exhibit C   Case Docket as of November 26, 2025 at 11:57 a.m.