CRAIG J. MARIAM
Nevada Bar No. 10926
RACHEL L. WISE
Nevada Bar No. 12303
PAULYNA T. GARCIA
Nevada Bar No. 17196
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: cmariam@grsm.com
          rwise@grsm.com
          ptgarcia@grsm.com

*Attorneys for Defendant Build Our Center Inc.*

_Filed _Received _Entered _Served On
Counsel/Parties of Record

**MAY 2 7 2026**

Clerk US District Court
District of Nevada
By:_____ Deputy

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

DREW RIBAR,

          Plaintiff,

    v.

WASHOE COUNTY, et al. ,

          Defendants.

Case No. 3:24-cv-00526-ART-CSD

**BUILD OUR CENTER INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RETROACTIVE EXTENSION OF TIME FOR LEAVE TO FILE REPLY AND OPPOSITION PAPERS, AND FOR EXTENSION OF TIME TO COMPLETE SERVICE**

Defendant Build Our Center Inc. ("BOC"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, respectfully submits its Opposition to Plaintiff Drew Ribar's ("Plaintiff") Motion for Retroactive Extension of Time (Nunc Pro Tunc) for Leave to File Reply and Opposition Papers, and For Extension of Time to Complete Service [ECF Nos. 267, 268, 269] ("Motion"). This Opposition is made and based upon all records and pleadings on

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

file herein, as well as the points and authorities set forth directly below.

Dated May 21, 2026

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ Paulyna T. Garcia*
CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
PAULYNA T. GARCIA
Nevada Bar No. 17196
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

***Attorneys for Defendant Build Our
Center Inc.***

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Gordon Rees Scully Mansukhani LLP
300 S. 4ᵗʰ Street, Suite 1550
Las Vegas, Nevada 89101

## Table of Contents

I.    INTRODUCTION ......................................................................................................... 1

II.   LEGAL STANDARD ................................................................................................... 3

III.  BACKGROUND .......................................................................................................... 3

A.    Relevant Facts ........................................................................................................... 3

B.    Procedural Posture ..................................................................................................... 4

IV.   PLAINTIFF'S IGNORANCE OF THE RULES DOES NOT DEMONSTRATE GOOD
CAUSE OR EXCUSABLE NEGLECT ............................................................................... 5

V.    CONCLUSION ........................................................................................................... 16

**Gordon Rees Scully Mansukhani LLP**
**300 S. 4ᵗʰ Street, Suite 1550**
**Las Vegas, Nevada 89101**

<u>**Table of Authorities**</u>

**Cases**

*Agree v. Reno Police Dep't,* 2026 WL 63085 (D. Nev. Jan. 7, 2026) ..................................... 6, 12

*Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253 (9th Cir. 2010) .................................... 6

*Anderson v. Air West,* 542 F.2d 522 (9th Cir. 1976) ....................................... 8

*Bonham v. Daniels,* 2023 WL 6048807 (D. Nev. Sept. 14, 2023) ........................................ 6

*Borzeka v. Heckler,* 739 F.2d 444 (9th Cir. 1984) ......................................... 5

*Brockmeyer v. May,* 383 F.3d 798 (9th Cir. 2004) ......................................... 5

*Henry v. City of Oakville,* 869 F.2d 1497 (9th Cir. 1989) ............................................. 12

*Hunt v. Denning, et al.,* 2026 WL 1243504 (D. Nev. May 5, 2026) ........................................... 6, 8

*Lemoge v. United States,* 587 F.3d 1188 (9th Cir. 2009) ........................................... 5

*Panliant Fin. Corp. v. ISEE3D, Inc.,* 2015 WL 273578 (D. Nev. Jan. 16, 2015) ................. 3, 5, 14

*Perez v. Seevers,* 869 F.2d 425 (9th Cir.1989) ......................................... 9

*Rosales-Martinez v. Palmer,* 753 F.3d 890 (9th Cir. 2014) ......................................... 9

*Talley v. City of N. Las Vegas,* 2025 WL 1798915 (D. Nev. June 23, 2025) ........................... 5, 14

*Townsel v. Contra Costa Cnty., Cal.,* 820 F.2d 319 (9th Cir.1987) ......................................... 5

**Rules**

Fed. R. Civ. P. 4 .......................................................................................... 3, 5

**Statutes**

Nev. Rev. Stat. § 11.190 .......................................................................................... 9

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff's Motion presents a unique request: an extension of time to serve Stacey Spain and Angeline Peterson after making no attempt to serve them for approximately a year. This is not a situation where a plaintiff diligently attempted service but came up short due to evasive defendants, difficultly locating parties, or complications such as international service. Instead, Plaintiff's Motion seeks an extension of time to serve Stacey Spain and Angeline Peterson after doing nothing at all. What makes Plaintiff's request even more striking is its timing. Plaintiff did not realize his failure to effectuate service and promptly sought relief. Plaintiff did not move for an extension as the service deadline approached or even shortly thereafter. Rather, Plaintiff allowed the deadline to pass, then allowed another six months to lapse, and only addressed the issue once BOC brought it to this Court's attention. This prolonged inaction occurred after Plaintiff had already disregarded this Court's prior order not to add any new defendants. In other words, Plaintiff did not seek relief because he demonstrated diligence; Plaintiff sought relief because his inaction could no longer be ignored.

Plaintiff's conduct does not demonstrate good cause or even excusable neglect; it shows a complete disregard of his duty to effectuate service. Plaintiff was fully aware of his obligation to effectuate service. This is not in dispute; Plaintiff himself has acknowledged that he needed to get defendants served. **Exhibit C** at 23:14 ("Oh hey Stacey, I've gotta get you served…you're on the amended lawsuit…who's gonna be your attorney by the way."). Despite this, Plaintiff failed to take any action and instead, only recently, recognized that he has not served Ms. Spain or Ms. Peterson. [ECF No. 272, 4:1-2] ("I acknowledge I have not yet completed personal service on Stacey Spain or Angeline Peterson in their individual capacities.").

Further, Plaintiff's sole justification for his failure to effectuate service, his alleged medical treatment, is not supported by either Plaintiff's declaration or his supporting exhibit as they both fail to show any medical treatments during the relevant period. And, even if Plaintiff did have medical treatment during the relevant period, Plaintiff has still failed to demonstrate how such medical treatments in any way limited his ability to effectuate service when, during that same time, Plaintiff filed at least 37 documents with this Court, maintained active participation in at least three other cases, and is on video attending the parade where he yelled at Ms. Spain. [ECF Nos. 104 – 186]; Ex. C at 23:14; *Ribar v. State of Nevada, et al.*, Case No.: 3:25-cv-00090-ART-CSD; *A&A Towing, Inc. v. Silverman*, case no.: CV25-00478; and *Ribar v. State of Nevada ex rel. Nevada Department of Corrections et al*, case no.: 3:24-cv-00103-ART-CLB.

None of the remaining considerations support Plaintiff's position. Actual notice, even if present, cannot substitute for proper service of process, particularly where, as here, Plaintiff made no effort to effectuate service. This delay has prejudiced Ms. Spain and Ms. Peterson by excluding them from a case that has already progressed through substantial motion practice. Further, allowing Plaintiff to add two new defendants at this stage, approximately a year and a half after the case was filed, would substantially prejudice all defendants—not just Ms. Spain and Ms. Peterson. The parties have already expended significant time and resources responding to multiple iterations of Plaintiff's complaint and engaging in substantial motion practice. Introducing Ms. Spain and Ms. Peterson now would effectively reset the proceedings, requiring renewed motion practice and re-litigation of issues that have already been addressed. In addition, Plaintiff cannot demonstrate that dismissal would result in prejudice given the repeated deficiencies in his claims and his inability to state a viable cause of action to date.

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

In short, this is not a case of excusable neglect or attempted diligence, it is one of knowing inaction, unsupported justifications, and avoidable prejudice, none of which warrant relief under Rule 4(m).

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. ("Rule") 4(m), if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice or set a deadline for service. Rule 4(m). Upon a showing of good cause for the failure, the court must extend the time for service. Rule 4(m). When a defendant is not timely served, the serving party bears the burden of demonstrating good cause for the delay. Rule 4(m); *Panliant Fin. Corp. v. ISEE3D, Inc.*, 2015 WL 273578, at *2 (D. Nev. Jan. 16, 2015).

## III.    BACKGROUND

### A.    Relevant Facts

In Plaintiff's YouTube video, *Reno Bans Me*, recorded sometime around September of 2025, Plaintiff can be seen yelling at Ms. Spain, "Oh hey Stacey, I've gotta get you served…you're on the amended lawsuit…who's gonna be your attorney by the way." Ex. C at 23:14. Despite acknowledging that he still had to serve Ms. Spain, Plaintiff did not do so. *See* Docket; **Exhibit A; Exhibit B**[1]. Further, in support of Plaintiff's Motion, Plaintiff submitted declarations where he conceded that he failed to serve Ms. Spain and Ms. Peterson. [ECF No. 272, 4:1-2] ("I acknowledge I have not yet completed personal service on Stacey Spain or Angeline Peterson in their individual capacities.").

---

[1] While Exhibit A and Exhibit B were initially submitted in support of BOC's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 265], they are being resubmitted in support of BOC's Opposition to Plaintiff's Motion because they are equally relevant to the issues presently before this Court.

<div style="margin-left">Gordon Rees Scully Mansukhani LLP<br>300 S. 4th Street, Suite 1550<br>Las Vegas, Nevada 89101</div>

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

**B.    Procedural Posture**

On November 20, 2024, Plaintiff initiated this suit by filing a Complaint, asserting claims against Washoe County, Washoe County Library System, Build Our Center Inc., Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy C. Rothkin, Deputy R. Sapida, and Sgt. George Gomez. [ECF No. 2]. On November 27, 2024, Plaintiff filed affidavits of service for each of the above-named defendants showing that service of process had been completed. [ECF Nos. 15-24]. On March 24, 2025, Plaintiff filed a Motion for Leave to File a First Amended Complaint, attaching the First Amended Complaint ("FAC") as the first exhibit. [ECF Nos. 65, 65-1]. On August 7, 2025, this Court granted Plaintiff's Motion for Leave to File a First Amended Complaint and ordered that ECF No. 65-1 be the operative complaint. [ECF No. 104, at 3:21-23]. In Plaintiff's FAC, Plaintiff named Stacey Spain and Angeline Peterson as defendants and asserted claims for relief against both Ms. Spain and Ms. Peterson. [ECF No. 65-1, at 4:21-22]. Pursuant to Rule 4(m), Plaintiff had until November 5, 2025, to serve Ms. Spain and Ms. Peterson with a copy of the summons and complaint. By Plaintiff's own concession, Plaintiff has "not yet completed personal service on Stacey Spain or Angeline Peterson in their individual capacities." [ECF No. 272, ¶ 17]. Plaintiff not only failed to effectuate service on Ms. Spain or Ms. Peterson, but also made no attempt to do so. *See* Docket; Ex. A; Ex. B; Ex. C at 23:14.

On September 2, 2025, BOC filed a motion to dismiss arguing that Plaintiff's allegations failed to state a claim. [ECF No. 126]. On December 29, 2025, this Court granted BOC's motion to dismiss Plaintiff's FAC (the "Order"). [ECF No. 250]. In that same Order, this Court granted Plaintiff leave to amend to file a second amended complaint, but denied Plaintiff's motion for leave to amend to the extent that he wished to add new defendants and new events. [ECF No. 250 at 29:14-17]. On March 1, 2026, Plaintiff filed his SAC as an attachment to a Motion for

Leave to file a SAC, asserting claims against new defendants, Stacey Spain and Angeline Peterson. [ECF No. 259-3].

## IV.    PLAINTIFF'S IGNORANCE OF THE RULES DOES NOT DEMONSTRATE GOOD CAUSE OR EXCUSABLE NEGLECT

A plaintiff who fails to timely effectuate service cannot obtain relief as a matter of course; instead, Rule 4(m) requires a showing of good cause or excusable neglect. A court must extend time for service if a plaintiff shows good cause for failing to provide service, and it may extend time if a plaintiff shows excusable neglect." *Talley v. City of N. Las Vegas*, 2025 WL 1798915, at *3 (D. Nev. June 23, 2025) (citing Rule 4(m); *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)). Where, as here, service was not timely accomplished, the serving party bears the burden of demonstrating good cause for the delay. Rule 4(m); *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Generally, good cause is equated with diligence, which requires more than inadvertence or mistake of counsel. *Panliant Fin. Corp.*, 2015 WL 273578, at *2 (citing *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir.1987)). Good cause may be shown through facts that "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for a failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Talley v. City of N. Las Vegas*, 2025 WL 1798915, at *3 (D. Nev. June 23, 2025) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)).

Where a plaintiff cannot meet the "good cause" standard, the court then determines whether there has been excusable neglect. The Ninth Circuit applies the *Pioneer/Briones* factors in deciding whether excusable neglect has been shown under Rule 4(m). The *Pioneer/Briones* factors require examination of: (1) the danger of prejudice to the opposing party; (2) the length of

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bonham v. Daniels*, 2023 WL 6048807, at *2 (D. Nev. Sept. 14, 2023) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010)).

Here, Plaintiff cannot satisfy either standard. Plaintiff was aware of his duty to effectuate service on Ms. Spain and Ms. Peterson and made zero attempts to serve either one of them, thus foreclosing any possibility of showing good cause or excusable neglect. Moreover, the only excuse Plaintiff offers for his delay is not supported by any evidence and, in fact, is contradicted by his own conduct and statements. While Plaintiff's Motion addresses the "reason for delay" factor under the excusable neglect standard, he does not analyze the good cause standard at all. Conversely, BOC addresses each factor in turn.

**A.   Actual Notice Cannot Replace Service of Process**

Even if Ms. Spain and Ms. Peterson were aware of this lawsuit, that is not enough to replace proper service of process. As this Court has recognized, "[n]either actual notice, nor simply naming the defendant in the complaint is sufficient." *Agree v. Reno Police Dep't*, 2026 WL 63085, at *7 (D. Nev. Jan. 7, 2026). This well-established principle weighs against finding good cause and there is no reason to depart from it in the instant case.

This Court has applied that principle even where defendants plainly had notice of the ongoing case. In *Hunt*, for example, the court dismissed a *pro se* plaintiff's complaint despite the fact that the defendants had actual notice because the court found that "more than an appropriate period has passed and [p]laintiff still failed to effectuate service." *Hunt v. Denning, et al.*, 2026 WL 1243504, at *2 (D. Nev. May 5, 2026). Although the plaintiff previously stated that "service was in progress," the *Hunt* Court found this excuse insufficient, noting that the plaintiff failed to demonstrate how service would eventually be completed. *Id.*

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Plaintiff's failure here is even more pronounced. As in *Hunt*, Plaintiff has had more than sufficient time to effectuate service or to seek an extension of time to effectuate service, yet he has done neither. Plaintiff cannot rely on alleged notice to excuse his inaction. Equally significant, and as in *Hunt*, Plaintiff has failed to demonstrate how service would eventually be completed. Plaintiff relies on his purported medical limitations as the sole explanation for his failure to effectuate service [ECF No. 272, 4:17] (which Plaintiff has failed to support with any evidence, as is detailed in Section IV.C). Yet, Plaintiff also states that those medical limitations are ongoing [ECF No. 272, ¶¶ 8-9]. By Plaintiff's own account, the very circumstances that prevented service continue. Absent any showing that those circumstances have changed, or any alternative plan to effectuate service notwithstanding those circumstances, Plaintiff offers no basis to conclude that service will be completed at any point in the future. Therefore, Plaintiff has failed to demonstrate that an extension would serve any purpose beyond prolonging his noncompliance.

Even if Ms. Spain and Ms. Peterson were aware of this lawsuit, that is not a proper substitute for service of process. Actual notice does not ensure that a defendant understands the full scope of the claims alleged against them, the procedural posture of the case, or even the obligations imposed on them. Nor does it ensure that a defendant is actively monitoring the case or doing so with a litigation strategy geared to protect their own interests. This is particularly relevant here, where Ms. Peterson has stated that she no longer works for BOC (Ex. B, ¶ 2 ("I was a Board Member…")), underscoring that she is unlikely to be tracking the litigation or preparing a defense to the claims asserted against her. Any alleged actual notice cannot cure Plaintiff's fundamental requirement to comply with service of process.

Accordingly, Plaintiff's continued failure to effectuate service combined with his inability to demonstrate how he now plans to effectuate service, does not provide a basis to

depart from the well-established rule that actual notice cannot cure Plaintiff's failure to comply with Rule 4.

## B.    Ms. Spain and Ms. Peterson Would Suffer Prejudice

The second factor of the "good cause" analysis (whether the defendant suffers prejudice) and the first factor of the "excusable neglect" analysis (the danger of prejudice to the opposing party) require this Court to assess the prejudice to the unserved defendants. Under both factors, the unserved defendants would suffer prejudice.

Plaintiff's failure to timely serve (or even attempt to serve) Ms. Spain and Ms. Peterson has already prejudiced the parties; allowing an extension now would only compound that prejudice by disrupting the progress of this litigation. "A presumption of injury results from delay in prosecuting a case, and delay in service is a 'particularly serious failure to prosecute because it affects all the defendant's preparations.'" *Hunt*, 2026 WL at *2 (quoting *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976)). Timely service is critical because it ensures that all defendants can participate in the litigation from the outset and coordinate their defenses. *Anderson*, 542 F.2d at 525. It also promotes judicial economy by allowing the court to manage the case efficiently, avoiding piecemeal litigation, duplicative motion practice, and delays caused by the late introduction of new parties. Allowing Plaintiff an extension would undermine these interests, disrupt the progression of this case, and further prejudice Ms. Spain and Ms. Peterson, as well as all other defendants.

Ms. Spain and Ms. Peterson have been prejudiced in a number of ways. First, they have been deprived of the opportunity to meaningfully participate and defend themselves against claims being alleged against them for approximately a year and a half. During that time, the litigation has progressed and defense strategy has been developed without their involvement. Any strategy that BOC developed throughout that year and a half was tailored to address claims

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Case 3:24-cv-00526-ART-CSD    Document 276    Filed 05/21/26    Page 13 of 21

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

against BOC, not any of their volunteers or employees such as Ms. Spain or Ms. Peterson. As a result, Ms. Spain and Ms. Peterson have been deprived of their opportunity to contribute to the defense strategy in ways that would benefit them.

Second, because Ms. Spain and Ms. Peterson were not timely served and brought into this case, coverage might not be extended to them under the policy. This creates an overwhelming amount of prejudice against them as they may now be forced to defend themselves in this litigation, which would require significant time and resources.

Third, the statute of limitations for any claims against Ms. Spain or Ms. Peterson has run. "Nevada law provides the statute of limitations because, in the absence of a federal provision for § 1983 actions, the analogous state statute of limitations for personal injury claims applies." *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014). The statute of limitations for Plaintiff's First Amendment claims against Ms. Spain and Ms. Peterson is two years. *Id.* (citing *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989); Nev. Rev. Stat. § 11.190(4)(e)). The last date where Plaintiff identifies any conduct by Ms. Spain or Ms. Peterson is July 15, 2023 [ECF No. 259-3, ¶¶ 25-30], meaning that the statute of limitations expired on July 15, 2025. Allowing Plaintiff to extend the service deadline now would allow him to circumvent the statute of limitations and pursue claims against individuals who were never properly brought before this Court within the required timeframe.

Fourth, all pending motions have been made without regard to Ms. Spain or Ms. Peterson, further underscoring the prejudice caused by Plaintiff's failure to timely effectuate service. For example, all of BOC's pending motions, including their motions for a preliminary injunction, sanctions, and dismissal, have been brought only on behalf of BOC and are tailored to BOC. Those motions do not address and were not designed to protect Ms. Spain or Ms. Peterson. As a result, any relief granted from those motions will only benefit BOC, leaving Ms. Spain and

-9-

Case 3:24-cv-00526-ART-CSD   Document 276   Filed 05/21/26   Page 14 of 21

Gordon Rees Scully Mansukhani LLP
300 S. 4ᵗʰ Street, Suite 1550
Las Vegas, Nevada 89101

Ms. Peterson without the benefit of arguments or rulings they might have otherwise had if they had been timely served. Allowing Plaintiff an extension to serve Ms. Spain and Ms. Peterson now means that they will be forced to expend significant time and resources relitigating issues that have been briefed and decided.

The prejudice here is not limited to Ms. Spain and Ms. Peterson; it extends to all parties who have been actively involved throughout the entirety of this litigation. The parties have already expended significant time and resources responding to multiple iterations of Plaintiff's complaint, each of which has failed to state a claim. This litigation has progressed through substantial motion practice without the participation of Ms. Spain and Ms. Peterson. Introducing Ms. Spain and Ms. Peterson now would effectively reset the proceedings, requiring renewed motion practice and re-litigation of issues that have already been addressed. Allowing Plaintiff to proceed would therefore not only prejudice Ms. Spain and Ms. Peterson, but it would prejudice all defendants and also undermine judicial economy by requiring this Court and the parties to revisit issues that should have been resolved (and could have been resolved) with all parties present.

In short, Plaintiff's failure to effectuate service on Ms. Spain and Ms. Peterson has already caused substantial delay, and allowing Plaintiff to add Ms. Spain and Ms. Peterson now would compound the prejudice to not only Ms. Spain and Ms. Peterson, but to all defendants by effectively restarting this case.

**C.     Plaintiff Does Not Have a Justifiable Excuse as Neither His Medical Limitations Nor Does His *Pro Se* Status Excuse His Failure to Timely Effectuate Service**

Similarly, the third factor of both the good cause and excusable neglect test require this Court to determine whether there is a justifiable excuse for the delay. As addressed below,

-10-

Plaintiff's actions have made it clear there is no justifiable excuse for his failure to effectuate service.

Plaintiff's attempt to attribute his approximately year-long delay in serving Ms. Spain and Ms. Peterson to medical limitations is undermined by his own exhibits because they do not show that Plaintiff was undergoing any treatment during the relevant time period. [ECF No. 267, 4:16-19; ECF Nos. 272, 274]. This Court granted Plaintiff's motion for leave to file the FAC and ordered that the FAC be the operative complaint on August 7, 2025. [ECF No. 104, 3:21-23]. Pursuant to Rule 4, Plaintiff had 90 days, until November 5, 2025, to serve Ms. Spain and Ms. Peterson. Yet, Plaintiff's exhibits do not show that he underwent any medical treatment from August 7, 2025, to November 5, 2025. Plaintiff's first medical limitation occurred on March 19, 2025. [ECF No. 272, ¶ 3]. Plaintiff then states that since March 19, 2025, he has "been under continuous active medical treatment…involving multiple providers including interventional pain management, physical therapy, and specialist care." [ECF No. 272, ¶ 4]. Despite this statement, Plaintiff does not provide any more specific dates of medical treatment until March 2, 2026 [ECF No. 272, ¶ 5]. Plaintiff's vague and conclusory assertion falls short of demonstrating both good cause and excusable neglect for his failure to serve Ms. Spain and Ms. Peterson between August 7, 2025, and November 5, 2025.

Even if Plaintiff did have continuous medical treatments since March 19, 2025, Plaintiff's own actions show that such treatment still does not excuse Plaintiff's failure to serve Ms. Spain and Ms. Peterson. The time period during which Plaintiff should have accomplished service on Ms. Spain and Ms. Peterson was from August 7, 2025, to November 5, 2025. During this time period, Plaintiff submitted at least 37 separate filings in this case. [*See* ECF Nos. 104 – 186]. Further, during that same time, Plaintiff was active in at least three other cases: *Ribar v. State of Nevada, et al.,* Case No.: 3:25-cv-00090-ART-CSD; *A&A Towing, Inc. v. Silverman,* Case No.:

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

CV25-00478; and *Ribar v. State of Nevada ex rel. Nevada Department of Corrections et al*, Case No.: 3:24-cv-00103-ART-CLB.

It is difficult to believe that Plaintiff's medical limitations prevented him from arranging service of process on two individuals when, at the same time, Plaintiff was able to prepare and file at least 37 different documents with this Court, and maintained active participation in at least three other cases. Moreover, during that same time period, Plaintiff can also be seen attending a parade and yelling at Ms. Spain that he still needs to serve her. Ex. C at 23:14 ("Oh hey Stacey, I've gotta get you served…you're on the amended lawsuit…who's gonna be your attorney by the way."). In short, Plaintiff's own conduct demonstrates that his medical limitations did not prevent him from effectuating service and therefore do not constitute good cause for his delay.

To the extent Plaintiff alleges that his *pro se* status constitutes good cause [ECF No. 267, 2:20], such argument has been dispelled by this Court on numerous occasions. *Henry v. City of Oakville*, 869 F.2d 1497 (9th Cir. 1989) (*pro se* status does not relieve a plaintiff of the obligation to follow the court rules); *Agree v. Reno Police Dep't*, 2026 WL 63085, at *7 (D. Nev. Jan. 7, 2026) ("While *pro se* litigants are held to less stringent standards than lawyers, *pro se* litigants must still follow the Federal Rules of Civil Procedure."). In *Henry*, Henry argued, *inter alia*, he had good cause for failing to serve a summons within 120 days of filing the complaint because he was proceeding *pro se*. *Henry*, 869 F.2d at 1497. The court rejected this argument, holding that *pro se* status does not constitute good cause. *Id*. In *Agree*, the Court recognized the limitations of plaintiff's pro se status but also took into account the fact that the plaintiff had successfully executed summons for three other defendants. *Agree*, 2026 WL 63085, at *7. Likewise, here, Plaintiff is an experienced *pro se* litigator and has shown that he was aware of his duty to serve the summons and complaint. Ex. C at 23:14. Further, as in *Agree*, Plaintiff has successfully served at least ten other defendants in this case. [ECF Nos. 15-24]. Therefore,

*Gordon Rees Scully Mansukhani LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, Nevada 89101*

-12-

Plaintiff's *pro se* status does not constitute good cause for his failure to serve Ms. Spain and Ms. Peterson.

Accordingly, Plaintiff has failed to provide a justifiable excuse for his failure to serve Ms. Spain and Ms. Peterson. Plaintiff's vague and conclusory allegations of medical limitations are contradicted both by the absence of specific dates and his own conduct. Throughout the time during which Plaintiff should have served Ms. Spain and Ms. Peterson, Plaintiff prepared and filed dozens of documents, maintained active participation in three cases, and even acknowledged, at a parade, the need to serve Ms. Spain. Similarly, Plaintiff's *pro se* status does not constitute good cause, particularly given his awareness of the obligation to serve defendants.

**D.    Plaintiff Would Not Be Severely Prejudiced By The Dismissal of Ms. Spain and Ms. Peterson**

Plaintiff will not be meaningfully prejudiced by the dismissal of Ms. Spain and Ms. Peterson given the repeated deficiencies in his claims. Plaintiff has failed to state a claim against BOC on at least three separate occasions. Each time, Plaintiff's claims have faltered on the same fundamental issue: Plaintiff's inability to overcome the presumption that private parties are not state actors. Given Plaintiff's repeated inability to overcome this presumption, there is no reasonable basis to conclude that he could successfully assert viable claims against Ms. Spain or Ms. Peterson, who are also private individuals. Allowing Plaintiff to add Ms. Spain and Ms. Peterson at this late stage would therefore only serve to prolong this litigation and impose additional burdens on all parties without any meaningful likelihood of advancing viable claims.

**E.    Lengthy Delays Do Not Support a Finding of Excusable Neglect**

Plaintiff's delay in both effectuating service and seeking an extension of time to effectuate service weigh against a finding of excusable neglect. Instead, both the length and circumstances underscore Plaintiff's lack of diligence.

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

-13-

Courts have consistently held that significant and unexplained delays do not support a finding of excusable neglect. *Talley v. City of N. Las Vegas*, 2025 WL 1798915, at *4 (D. Nev. June 23, 2025); *Panliant Fin. Corp. v. ISEE3D, Inc.*, 2015 WL 273578, at *3 (D. Nev. Jan. 16, 2015). In *Talley*, this Court found that a delay exceeding one year despite several indications that a defendant had not been served weighed against finding excusable neglect. *Talley*, 2025 WL 1798915, at *4. Similarly, in *Panliant*, this Court declined to extend time for service where the plaintiff served a defendant a little over six months after the court-ordered deadline and failed to move to extend the court-ordered deadline. *Panliant*, 2015 WL 273578, at *3.

Plaintiff's conduct here is directly comparable to the conduct at issue in *Talley*. Like the plaintiff in *Talley*, Plaintiff allowed a significant amount of time, specifically approximately one year, to pass without effectuating service. Also like *Talley*, Plaintiff allowed such time to pass despite knowing that service had not been completed. In *Talley*, this Court found that such a lengthy period of inaction, despite the plaintiff's knowledge that service had not been completed, weighed against finding excusable neglect, and the same result is warranted here.

Plaintiff's deficiencies are also similar to those in *Panliant*. Like the *Panliant* plaintiff, here, Plaintiff failed to comply with the service deadline and did not seek an extension within that period. However, Plaintiff's lack of diligence here is even more significant. Unlike in *Panliant*, where service was ultimately completed (even though it was late), here, Plaintiff has not effectuated service and, in fact, has failed to even make an attempt at service. Plaintiff compounded his failure to timely serve Ms. Spain and Ms. Peterson by waiting an additional six months after the expiration of his service deadline to seek relief from this Court. And importantly, Plaintiff did not file his motion to extend time for service on his own initiative. Instead, he waited until BOC raised the issue before this Court. Plaintiff's reactive approach underscores Plaintiff's lack of diligence. As in *Panliant*, Plaintiff's failure to timely serve Ms.

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Case 3:24-cv-00526-ART-CSD    Document 276    Filed 05/21/26    Page 19 of 21

Spain and Ms. Peterson, combined with his failure to timely move to extend the service deadline, supports the conclusion that Plaintiff's delay was not the result of excusable neglect.

Taken together, Plaintiff's failure to effectuate service for approximately one year, combined with his delayed request for an extension, weigh against finding excusable neglect.

**F.    Plaintiff's Own Conduct Demonstrates A Lack of Good Faith**

Plaintiff's lack of good faith is demonstrated through his own statements and concessions, which show that his failure to effectuate service was not a mistake, but rather the result of conscious inaction.

Plaintiff understands his duty to effectuate service of process, yet concedes that he failed to do so. Ex. C at 23:14 ("Oh hey Stacey, I've gotta get you served...you're on the amended lawsuit...who's gonna be your attorney by the way."). Despite acknowledging that service has not yet been completed and that he still had to serve Ms. Spain, Plaintiff did not take any steps to comply with the Rules. Further, in support of Plaintiff's Motion for Retroactive Extension of Time, Plaintiff submitted declarations where he conceded that he failed to serve Ms. Spain and Ms. Peterson. [ECF No. 272, 4:1-2] ("I acknowledge I have not yet completed personal service on Stacey Spain or Angeline Peterson in their individual capacities."). Combined, this shows that Plaintiff's failure to serve Ms. Spain and Ms. Peterson was not due to any good cause or excusable neglect, it was a conscious decision not to act. Plaintiff's lack of good faith is further underscored by the fact that he not only failed to effectuate service, but failed to even attempt service. *See* Docket.

Accordingly, Plaintiff's conduct reflects a conscious failure to act, underscoring his lack of diligence and good faith.

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

## V.   CONCLUSION

For the reasons set forth above, Plaintiff has failed to demonstrate either good cause or excusable neglect sufficient to justify an extension of time under Rule 4(m). Plaintiff was aware of his duty to serve the summons and complaint on Ms. Spain and Ms. Peterson, yet made no effort to comply and failed to seek timely relief from this Court. Further, Plaintiff's reliance on unsupported medical limitations and his *pro se* status does not excuse Plaintiff's failure to effectuate service, given that Plaintiff's own conduct demonstrates that he remained heavily involved in this action during the relevant period. Allowing Plaintiff to serve Ms. Spain and Ms. Peterson now would prejudice not only Ms. Spain and Ms. Peterson, but all defendants by disrupting the progress of this litigation, and requiring the parties to revisit issues that have already been extensively litigated.

Dated: May 21, 2026

Respectfully submitted by:

GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ Paulyna T. Garcia*
CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
PAULYNA T. GARCIA
Nevada Bar No. 17196
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

***Attorneys for Defendant Build Our
Center Inc.***

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on this date, I deposited for mailing in the U.S. Postal Service, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

DREW RIBAR
3480 PERSHING LANE
WASHOE VALLEY, NV 89704

I also certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

Dated: May 21, 2026

/s/ Lauren Pacheco

# EXHIBIT A

# (Declaration of Stacey Spain)

CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
PAULYNA T. GARCIA, ESQ.
Nevada Bar No. 17196
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: cmariam@grsm.com
      rwise@grsm.com
      ptgarcia@grsm.com
*Attorneys for Build Our Center Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREW RIBAR,<br>               Plaintiff<br><br>vs.<br><br>WASHOE COUNTY, et al.,<br>               Defendants. | CASE NO. 3:24-cv-00526-ART-CSD<br><br>**DECLARATION OF STACEY SPAIN IN SUPPORT OF DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

I, Stacey Spain, declare as follows:

1.     I am over the age of twenty-one (21) years and competent to testify regarding the matters asserted herein. Except where otherwise stated or obvious from context, I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify competently thereto.

2.     I am the Executive Director of Build Our Center, Inc. a defendant named in a proceeding currently pending before the United States District Court for the District of Nevada, Case No. 3:24-cv-00526-ART-CSD (the "Proceeding").

3.     This declaration is made for and in support of Defendant Build Our Center, Inc.'s

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

-1-

Motion to Dismiss Plaintiff's Second Amended Complaint filed in the Proceeding.

4.      On November 21, 2024, I accepted service of the complaint and summons on behalf of Build Our Center, Inc. (ECF No. 18).

5.      However, I have never been personally served with any complaint and/or summons in this Proceeding.

6.      Christopher Daniels is not and has never been an employee or agent of Build Our Center, Inc.

7.      I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed this 23rd day of April 2026 at Las Vegas, Nevada.

/s/ _____
Stacey Spain

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

-2-

# EXHIBIT B

# (Declaration of Angeline Peterson)

CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
PAULYNA T. GARCIA, ESQ.
Nevada Bar No. 17196
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: cmariam@grsm.com
        rwise@grsm.com
        ptgarcia@grsm.com
*Attorneys for Build Our Center Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREW RIBAR,<br><br>                    Plaintiff<br><br>vs.<br><br>WASHOE COUNTY, et al.,<br>                    Defendants. | CASE NO. 3:24-cv-00526-ART-CSD<br><br>**DECLARATION OF ANGELINE PETERSON IN SUPPORT OF DEFENDANT BUILD OUR CENTER, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

I, Angeline Peterson, declare as follows:

1.    I am over the age of twenty-one (21) years and competent to testify regarding the matters asserted herein. Except where otherwise stated or obvious from context, I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify competently thereto.

2.    At all times relevant, I was a Board Member for Build Our Center, Inc. a defendant named in a proceeding currently pending before the United States District Court for the District of Nevada, Case No. 3:24-cv-00526-ART-CSD (the "Proceeding").

3.    This declaration is made for and in support of Defendant Build Our Center, Inc.'s

-1-

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

Motion to Dismiss Plaintiff's Second Amended Complaint filed in the Proceeding.

4.    I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed this 23rd day of April 2026 at Las Vegas, Nevada.

/s/ *Angeline Peterson*
Angeline Peterson

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

-2-

Case 3:24-cv-00526-ART-CSD    Document 276-3    Filed 05/21/26    Page 1 of 1

# EXHIBIT C

# (*Reno Bans Me* YouTube Video-
# Manually Filed)