UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DREW J. RIBAR,

Plaintiff,

v.

WASHOE COUNTY, et al.,

Defendants.

Case No. 3:24-cv-00526-ART-CSD

ORDER

*Pro se* Plaintiff Drew Ribar sued Defendants Washoe County, Washoe County Library System ("WCLS"), Jeff Scott, Stacy McKenzie, Jonnica Bowen, Jennifer Cole, Deputy "Rothkin," Deputy Sagida, and Sgt. Gomez ("County Defendants"), as well as Reno's Build Our Center ("BOC") LGBTQ+ Center, alleging various constitutional and state law violations. Before the Court now is Mr. Ribar's motion for leave to file his Second Amended Complaint ("SAC") (ECF No. 259), motions to extend time (ECF No. 267; 268), and motion to extend time to complete service on Stacey Spain and Angeline Peterson. (ECF No. 269.) This order also addresses BOC's motion to withdraw its (1) notice of manual filing (ECF No. 277), and (2) opposition to Mr. Ribar's motions to extend (ECF No. 279). (ECF No. 280.)

## I.    BACKGROUND

Mr. Ribar, a self-described journalist, filed this lawsuit, after he attempted to attend and film Drag Queen Story Hours ("DQSH") at various WCLS branches in 2023 and 2024. In December 2025, the Court dismissed Mr. Ribar's First Amended Complaint. (ECF No. 250.) The Court also denied Mr. Ribar's motion for leave to file an amended complaint, to the extent he was seeking to add new parties and additional, unrelated events to his complaint. (*Id.*)

Mr. Ribar's First Amended Complaint ("FAC"), filed in March 2025, named

1

Stacey Spain and Angeline Peterson as defendants in the instant litigation. (ECF No. 65-1.) The Court granted his motion for leave to file his FAC and ordered that the FAC be the operative complaint on August 7, 2025. (ECF No. 104.) However, Mr. Ribar has failed to complete service on either individual, as required by Federal Rule of Civil Procedure 4(m).

Mr. Ribar subsequently moved for leave to file his SAC. (ECF No. 259.) Mr. Ribar once again named Spain and Peterson as defendants and now moves for an extension to complete service on these individuals. (*Id;* ECF No. 269.) BOC opposes his motion. (ECF No. 276.)

**I.      STANDARD OF REVIEW**

Fed. R. Civ. P. 4(m) requires dismissal against defendants who have not been served within 90 days of filing the complaint. Mr. Ribar did not complete service on Stacey Spain or Angeline Peterson within 90 days of filing his FAC.

Federal Rule of Civil Procedure 4(m) offers two avenues of relief for a plaintiff, like Mr. Ribar, who misses the service deadline: The rule mandates an extension of time for plaintiffs who show good cause and authorizes an extension of time even in the absence of good cause where a plaintiff demonstrates excusable neglect. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Thus, a plaintiff can preserve his original filing date for a complaint by satisfying one of two standards: good cause or excusable neglect. *Id.* Good cause is a more demanding standard in that it requires that (1) the defendant received actual notice of the lawsuit, (2) the defendant would suffer no prejudice, and (3) the plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* (*citing Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Excusable neglect can rise to the level of good cause, forcing a mandatory extension of time, if accompanied by the three good cause conditions (actual notice, lack of prejudice to the defendant, and severe prejudice to the

plaintiff). *Lemoge*, 587 F.3d at 1198. Absent those conditions, a court can exercise its discretion to extend the service deadline based on excusable neglect attributable to negligence. *See Lemoge*, 587 F.3d at 1192. To determine when neglect is excusable, courts conduct the equitable analysis specified in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993), "by examining at least four factors: (1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith." *Lemoge*, 587 F.3d at 1192 (internal citation and quotation marks omitted); *Pioneer*, 507 U.S. at 395.

## II.    ANALYSIS

Mr. Ribar argues that the Rule 4(m) deadline should be waived for good cause or excusable neglect because his "documented medical limitations substantially impaired his ability to manage concurrent litigation tasks . . . during the relevant period." (ECF No. 269 at 4.) BOC argues that Mr. Ribar completely disregarded his duty to effectuate service, and that his justification for his failure to effectuate service due to medical treatment fails because he did not have medical treatment during the relevant period and was otherwise actively litigating this case. (ECF No. 276.)

Mr. Ribar has not carried his burden of establishing good cause or excusable neglect. As to good cause, Mr. Ribar has not shown that Spain or Peterson would not be prejudiced by an extension to serve them, and BOC argues that they would be prejudiced because (1) litigation in this case has been ongoing for over a half and year, (2) all of BOC's motions, including previous TRO motions, do not address and were not designed to protect Spain or Peterson, and (3) the statute of limitations has run on Mr. Ribar's claims against Spain and Peterson. (*Id.*) Additionally, Mr. Ribar fails to argue that he would be severely prejudiced if he were not given an extension to serve Spain and Peterson, especially given that

he is already litigating against the organization they are affiliated with, BOC.

Mr. Ribar has also failed to establish excusable neglect. As stated above, Spain and Peterson would be prejudiced by a service deadline extension, especially since Mr. Ribar has let almost a year pass without effectuating service. BOC's exhibits also reveal that Mr. Ribar knew of his duty to effectuate service, as evidenced by a video where he addresses Spain in September 2025, saying "Oh hey Stacey, I've gotta get you served…you're on the amended lawsuit…who's gonna be your attorney by the way." (ECF No. 276-3 at 23:14.)

Mr. Ribar asserts that the reason for the lengthy delay was the result of ongoing medical treatment, however, his declaration and pleadings do not establish that he was seeking ongoing medical treatment during much of the relevant period. (ECF Nos. 269; 272; 274.) Additionally, Mr. Ribar's actions during the relevant period contradict his asserted inability to complete service due to medical treatment, as he submitted over 37 different documents in this case (ECF Nos. 104–186), and attended a parade where he told Spain he needed to serve them. (ECF No. 276-3 at 23:14.) Therefore, the Court finds no excusable neglect because of the danger of prejudice to Defendants, and the delay of almost a year despite Mr. Ribar's knowledge that he needed to effectuate service on Spain and Peterson.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that the Court grants Mr. Ribar's motion for leave to file his Second Amended Complaint. (ECF No. 259.)

The Second Amended Complaint (ECF No. 259-3) is now the operative complaint.

IT IS FURTHER ORDERED that, good cause appearing, the Court grants Mr. Ribar's motion to extend the time to file his reply in support of his motion for leave to file his Second Amended Complaint *nunc pro tunc* and extends the

deadline to May 7, 2026. (ECF No. 267.)

The Court additionally confirms that Mr. Ribar's opposition to BOC's motion to dismiss was filed in a timely manner. (ECF No. 268.)

IT IS FURTHER ORDERED that the Court denies Mr. Ribar's motion for an extension of time to complete personal service on Stacey Spain and Angeline Peterson. (ECF No. 269.)

IT IS FURTHER ORDERED that BOC's motion to withdraw (ECF No. 280) its notice of manual filing (ECF No. 277) and opposition to motions (ECF No. 279) is GRANTED.

DATED: June 5, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5