CRAIG J. MARIAM
Nevada Bar No. 10926
RACHEL L. WISE
Nevada Bar No. 12303
PAULYNA T. GARCIA
Nevada Bar No. 17196
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: cmariam@grsm.com
rwise@grsm.com
ptgarcia@grsm.com
*Attorneys for Defendant Build Our Center Inc.*

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

DREW RIBAR,

Plaintiff,

v.

WASHOE COUNTY, et al. ,

Defendants.

Case No. 3:24-cv-00526-ART-CSD

**DEFENDANT BUILD OUR CENTER INC'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO STAY ALL NON-EMERGENCY PROCEEDINGS**

**[ECF NO. 286]**

Defendant Build Our Center Inc. ("BOC"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, hereby submits this Limited Opposition to *Plaintiff's Motion to Stay All Non-Emergency Proceedings* ("Motion"). [ECF No. 286]. This Limited Opposition is based on the pleadings and papers filed in this action, the attached Memorandum of Points and Authorities, and any oral argument the Honorable Court may require.

DATED June 25, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/Rachel Wise*
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
*Attorneys for Defendant Build Our Center Inc.*

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

**MEMORANDUM OF POINTS AND AUTHORITIES**

BOC does not oppose Plaintiff's request to stay all non-emergency proceedings in this case through September 30, 2026, or in the alternative through December 1, 2026, or in the further alternative extending all pending deadlines by 90 days. [ECF No. 286, at 2:16-21]. BOC also agrees that this Court's Injunction [ECF No. 284] will remain in effect during any stay [ECF No. 286, at 4:4-7]. Emergency matters, dispositive motions currently submitted for decision, and the Court's own scheduling authority are not affected by the requested stay. [ECF No. 286, at 7:19-23]. The Court is entitled to control its own docket. *Hoffman v. Screen Actors Guild-Producers Pension Plan,* 851 Fed. Appx. 693, 696 (9th Cir. 2021).

Notwithstanding, BOC's limited non-opposition to a stay of non-emergency proceedings, BOC places on the record its opposition to the following assertions made in Plaintiff's Motion: (1) that Plaintiff is prosecuting this case in good faith [ECF No. 286, at 3:7-8]; (2) that Plaintiff's medical condition presents a good cause to stay this case or to extend time [ECF No. 286, at 5:7-8]; and (3) that Dr. Burke's June 15, 2026 letter [ECF No. 288, Exhibit A] establishes good cause to stay this case or to extend time. [ECF No. 286, at 5:14-15].

BOC's disputes are supported by Plaintiff's own public conduct. As to the first two points and despite Plaintiff's motor vehicle collision taking place on March 19, 2025, as this Court is aware, Plaintiff's YouTube channel "Auditing Reno 911" includes recent videos in which Plaintiff appears to film and provide commentary on other videos for extended periods, sometimes for more than an hour at a time. Additionally, Plaintiff is actively litigating another matter, directly contradicting his assertion that he is unable to participate in litigation-related activities. In *Ribar v. State of Nevada, et al.*, Case No. 3:25-cv-00090, Plaintiff continues to participate in the case, as evidenced by the fact that his response brief on appeal is currently due on August 10, 2026. This ongoing appellate obligation necessarily requires sustained legal

Gordon Rees Scully Mansukhani LLP
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

work, including drafting and review of legal arguments. The demands of this concurrent proceeding necessarily involve the same types of sustained sitting and computer-based work that Plaintiff claims he is unable to perform in this case. This activity undermines Plaintiff's claim that he is presently unable to participate in litigation-related activities due to functional limitations associated with prolonged sitting and computer-based work. [ECF No. 286, at 5:17-27]. Dr. Burke's letter likewise does not establish good cause.

As to the third point, Dr. Burke states only that Plaintiff's "medical condition may reasonably be expected to cause" the five functional limitations; it does not state that Plaintiff is currently experiencing all or any of those limitations. [ECF No. 288, Exhibit A]. Nor does Dr. Burke establish that Plaintiff is presently unable to participate in litigation. At most, Dr. Burke states that the functional limitations "may" affect Plaintiff's ability to engage in "prolonged litigation related activities." *Id.* Finally, Dr. Burke notes only that Plaintiff remains under active treatment and that additional procedures and recovery periods are merely "anticipated" from procedures that "are being planned and/or scheduled." *Id.* On this record, Plaintiff has not shown that the requested stay or extension are supported by good faith, good cause, or concrete medical limitations.

DATED June 25, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/Rachel Wise*
CRAIG J. MARIAM, ESQ.
Nevada Bar No. 10926
RACHEL L. WISE, ESQ.
Nevada Bar No. 12303
PAULYNA T. GARCIA
Nevada Bar No. 17196
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
*Attorneys for Defendant Build Our Center Inc.*

**Gordon Rees Scully Mansukhani LLP**
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on this date, I deposited for mailing in the U.S. Postal Service, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

*DREW RIBAR*
*3480 PERSHING LANE*
*WASHOE VALLEY, NV 89704*

I also certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

DATED June 25, 2026.

*/s/Rachel Wise*
Employee of GORDON REES SCULLY MANSUKHANI, LLP