Drew J. Ribar, Plaintiff Pro Se
Washoe Valley, Nevada
(775) 223-7899 | Const2Audit@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Drew J. Ribar, Plaintiff, v. Washoe County, Nevada, et al., Defendants.

Case No. 3:24-cv-00526-ART-CSD

**DECLARATION OF DREW J. RIBAR IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE OPPOSITIONS**

I, Drew J. Ribar, declare under penalty of perjury:

1. I am the plaintiff in this case. I make this declaration from personal knowledge except where I identify records or my present recollection.

2. I was injured in a motor-vehicle collision on March 19, 2025. Since then I have received chiropractic, spine, pain-management, and procedural care. Neck, shoulder, hip, and lower-back symptoms have made prolonged sitting, reading, and typing difficult. My symptoms have varied, and some treatments gave relief, but I continued to have recurrent pain.

3. On June 15, 2026, I asked the Court to stay nonemergency proceedings while I received and recovered from planned medical treatment. I understood that I had asked for a pause and assumed the request would protect me while the Court considered it. I did not know the rule that a pending request does not itself suspend a deadline. I should have checked for an order and asked specifically for more time to oppose each new dismissal motion.

4. I do not recall the exact dates I received the motions by mail. I was not closely following this case after submitting the stay request. I first read the Library motion, ECF No. 291, and the June 24 minute order, ECF No. 293, on October 6, 2026. I began addressing the separate WCSO motion, ECF No. 285, during this October review. I did not

make a deliberate decision to concede either motion. I cannot say that mail theft caused the delay.

5. In June and July, my usual tolerance for sitting at my desk to read or type was approximately 20 to 30 minutes before I had to stop and move because of pain in my neck, shoulders, and lower back. Some days I could resume after about an hour. On other days the pain and exhaustion led me to sleep or kept me from resuming that day. I could not reliably sustain the concentrated review of long legal filings that these two motions required.

6. My September 30 and October 28, 2025 treatment notes recorded my reports of pain associated with sitting, driving, typing, and writing. A June 15, 2026 follow-up recorded worsened neck pain. A July 13 lumbar diagnostic block gave me substantial lower-back relief. The August 10 note says that my lower-back pain fell from 7/10 to 0/10 and records excellent improvement from that block. It also records continuing neck and shoulder symptoms and current pain of 7-8/10. I do not claim that my lower-back pain had returned to its earlier level by August 10.

7. I recall a vasovagal reaction at my first Quail Surgical visit on or about December 1, 2025. My appointment calendar lists that visit. I recall a second vasovagal reaction during an August 24, 2026 cervical medial branch block test; that test also appears on the calendar. These are my recollections of what happened, not facts established by the attached Exhibits A-E. I do not claim in this declaration that I lost consciousness during either episode.

8. I underwent a left lower-back radiofrequency ablation at Quail on September 14, 2026. Afterward, pain in that part of my lower back improved. I returned for another cervical test block on September 28, 2026. My appointment calendar lists those dates, and a September 28 Quail intake document bears that date and describes a cervical medial branch block, though it is not among Exhibits A-E. These later procedures did not make me continuously unable to work; my symptoms and stamina varied.

9. During this period, I occasionally appeared in public and made spoken videos, including

some livestreams. Public outings often left me in pain and exhausted afterward. For many short videos I supplied existing footage or a link to AI software that created and posted clips with relatively little typing. Other videos required me to speak. I do not claim that every video was automated, that I stayed home continuously, or that I was unable to do any legal work.

10. I have several legal matters. I worked on an answering brief in Ninth Circuit No. 26-2588, dated and submitted September 11, 2026, using dictation and AI assistance. I devoted limited capacity to that fixed appellate deadline while mistakenly thinking this district case was protected by my stay request. That was my prioritization and mistake; I disclose it because the Court should know what I was able to do.

11. I had owned a microphone for some time, but around early September 2026 I learned to use it effectively with AI drafting tools for legal work. Dictation, breaks, and help organizing files now let me review and prepare these responses. I believe I can continue working on this case with those adjustments and do not seek a new general stay.

12. I have not completed the video log previously ordered in ECF No. 186, despite submitting a partial November 2025 log and receiving a later extension under ECF No. 257. I understand that this is a separate obligation and do not ask the Court to treat it as completed by this motion.

13. I ask the Court to accept the completed oppositions tendered with this motion so the two dismissal motions can be decided after hearing both sides. I understand the Court is not required to excuse my delay merely because I experienced pain or misunderstood the effect of my request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 7, 2026

Signature: /s/ Drew J. Ribar